ATTYADD,LEAD,MULTI-DISTRICT,PROTO,REMAND,STD

# U.S. District Court
# DISTRICT OF ARIZONA (Phoenix Division)
# CIVIL DOCKET FOR CASE #: 2:15-md-02641-DGC

IN RE: Bard IVC Filters Products Liability Litigation
Assigned to: Judge David G Campbell
Case in other court: Ninth Circuit, 16-16163
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/17/2015
Jury Demand: Both
Nature of Suit: 365 Personal Injury: Prod.
Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2018 | 10348 | ORDER. The Court just had a conference call with the parties about reviewing objections in deposition designations. The Court directed the parties to email pdf copies of deposition transcripts to the Court -- for the first 7 depositions -- by 4:00 p.m. on Friday. The Court will try to get rulings to the parties on Monday. To facilitate the Court's review of the remaining 12 or so deposition transcripts, the parties should email the transcripts to the Court by 10:00 a.m. on Tuesday morning. The Court will endeavor to review and rule on those transcripts Tuesday afternoon and evening, thereby avoiding the need to do so during trial, which will be very busy with other matters. Signed by Judge David G Campbell on 3-7-18. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC) (Entered: 03/07/2018) |

1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8

9   IN RE:  Bard IVC Filters Products Liability          No. MDL 15-02641-PHX-DGC
    Litigation,
10  _____

11  Sherr-Una Booker, an individual,                      No. CV-16-00474-PHX-DGC

12         Plaintiff,

13  v.                                                    **ORDER**

14  C. R. Bard, Inc., a New Jersey corporation;
    and Bard Peripheral Vascular, Inc., an
15  Arizona corporation,

16         Defendants.

17

18

19          The parties have submitted a number of deposition excerpts in advance of trial.

20  This order will set forth the Court's ruling on objections contained in those excerpts.  The

21  order will identify objections by the number of the deposition page on which they appear.

22  If more than one objection appears on a page, the order will identify the line on which the

23  objection starts.  Where an objection is sustained, the order will identify the page and

24  lines that should be omitted.

25  A.     Natalie Wong Deposition.

26         1.     Page 23 – overruled.

27         2.     Page 34 – overruled.

28         3.     Page 42 – overruled.

4.      Page 58 – overruled.

5.      Page 63 – overruled.

6.      Page 69 – overruled.

7.      Page 70 – overruled.

8.      Page 71 – overruled.

9.      Page 72 – overruled.

10.     Page 73 – overruled.

11.     Page 74 – overruled.

12.     Page 76:25 to 77:5 – sustained.  A Bard engineer's view of what she would want her doctor to know is not relevant to the question of Bard's duty to disclose, and the probative value of her lay opinion on this subject is substantially outweighed by the danger of unfair prejudice.

13.     Page 78 – overruled.

14.     Page 79 – overruled.

15.     Page 80:1 – overruled.

16.     Page 80:13 – overruled.

17.     Page 83 – overruled.

18.     Page 84 – overruled.

19.     Page 85:21 to 87:15 – sustained.  The witness lacks personal knowledge regarding the statistics she is being asked about.

20.     Page 88:2-11 – sustained.  The question is not evidence, and the witness did not know the answer.

21.     Page 89:8-23 – sustained.  The question is not evidence.

22.     Page 90:18 to 91:1 – sustained.   The witness lacks personal knowledge regarding the statistics she is being asked about.

23.     Page 99:21-22 – sustained.   The witness lacks personal knowledge regarding the statistics she is being asked about.

24.     Page 100 – overruled.

25.    Page 101:12-19 – sustained for reasons stated in the objection.

26.    Page 105:12 to 106:14 – sustained for reasons stated in the objection.

27.    Page 106:23 – overruled.

28.    Page 131 – overruled.

29.    Page 132:12-20 – sustained.  A Bard engineer's view of what she would want her doctor to know is not relevant to the question of Bard's duty to disclose, and the probative value of her lay opinion on this subject is substantially outweighed by the danger of unfair prejudice.

30.    Page 156:10-17 – sustained.  The questions are not evidence.

31.    Page 159:20-24 – sustained.  A Bard engineer's view of what she would want her doctor to know is not relevant to the question of Bard's duty to disclose, and the probative value of her lay opinion on this subject is substantially outweighed by the danger of unfair prejudice.

32.    Page 166:18-23 – sustained.  The questions are not evidence.

33.    Page 177:10-14 – sustained.  The question is not evidence, and the answer is ambiguous.

34.    Page 178:10-17, 178:21 to 179:2 – sustained.  Simply reading the document, and the question is not evidence.

35.    Page 180:25 to 181:3 – sustained.  The question is not evidence, and the answer is ambiguous.

36.    Page 185 – overruled.

37.    Page 201 – overruled.

38.    Page 202 – overruled.

39.    All page 206 objections – overruled.

40.    Page 208 – sustained.  The questions are not evidence.

41.    Page 209 – overruled.

42.    Page 219:17-20, overruled.

43.    Page 219:21 to 220:3 – sustained.  The question is not evidence.

44.     Page 220 – overruled.

45.     Page 231 – overruled.

46.     Pages 232-33 – overruled.

47.     Page 249 – overruled.

48.     Page 251 – overruled.

49.     Page 252 – overruled.

50.     Page 254 – overruled.

51.     Page 257 – overruled.

52:     Page 264 – overruled.

53.     Page 279:3-24 – sustained.   The questions are not answers, and the witness's opinion on what would be a "good idea" is not relevant.

54.     Page 280:19-25 – sustained.  401, 403.

55.     Page 289 – sustained.  Cumulative.

56.     Page 290-91 – sustained.  Cumulative.

B.      Gin Schultz Deposition.

1.      Page 24 – overruled.

2.      Page 72 – overruled.

3.      Page 105 – overruled.

4.      Pages 123-27 – overruled

5.      Pages 130:22-131:7 – sustained.  Rule 602.

6.      Page 147:20 to 149:21 – sustained. Beyond the scope of Plaintiffs' designations.

7.      Page 150 – overruled.

8.      Page 168 – overruled.

9.      Page 210 – overruled.

10.     Page 211 –overruled.

11.     Page 218 – overruled.

12.     Page 280:4-9 – sustained.  602.

13.     Page 281:11-17 – sustained.  602.

14.     Page 284:3 to 285:9 – sustained.  602.

15.     Page 328 – sustained.  There is no testimony designated

16.     Page 363 – overruled.

17.     Page 389 – overruled.

18.     Page 394 – overruled.

19.     Page 395 – overruled.

20.     Page 406 – overruled.

21.     Page 407 – overruled.

22.     Page 410 – overruled.

23.     Page 412 – overruled.

24.     Page 413 – overruled.

25.     Page 415 – overruled.

C.     David Ciavarella Deposition.

1.     Page 86 – overruled.

2.     Page 104 – overruled.

3.     Page 106:9-23 – overruled.

4.     Page 106:24 to 107:11 – sustained.  Hearsay.

5.     Pages 120, 124-25 – sustained.  Foundation.

6.     Page 147 – sustained.  Foundation.

7.     Page 169 – The question is not evidence.

8.     Page 175 – overruled.

9.     Page 206 – overruled.

10.    Page 267:16 – overruled.

11.    Page 267:24 – sustained.  Include entire question.

12.    Page 292-293 – include all of the designations or none of them.

13.    Pages 357-58 – overruled.

14.    Page 366 – overruled.

| | | |
|---|---|---|
| 1 | | 15.    Page 369 – overruled. |
| 2 | | 16.    Page 371:13 to 377:11 – sustained.  Foundation, 602. |
| 3 | D. | Doug Uleman Deposition. |
| 4 | | 1.    Page 58 – overruled. |
| 5 | | 2.    Page 63 – remove lines 13-15. |
| 6 | | 3.    Page 67 – overruled. |
| 7 | | 4.    Page 70 – overruled. |
| 8 | | 5.    Page 166 – remove lines 15-16. |
| 9 | | 6.    Page 325 – overruled. |
| 10 | | 7.    Page 326 – overruled. |
| 11 | | 8.    Page 329:5 – overruled. |
| 12 | | 9.    Page 329:22 – overruled. |
| 13 | | 10.    Page 332-33 – overruled. |
| 14 | E. | Brian Hudson Deposition. |
| 15 | | 1.    Page 47 – overruled. |
| 16 | | 2.    Page 95 – overruled. |
| 17 | | 3.    Page 98 – overruled. |
| 18 | | 4.    Page 116:3 – overruled. |
| 19 | | 5.    Page 116:22 – sustained.  Relevancy. |
| 20 | | 6.    Page 121 – overruled. |
| 21 | | 7.    Page 126 – overruled. |
| 22 | | 8.    Page 132 – overruled. |
| 23 | | 9.    Page 135:2 – overruled. |
| 24 | | 10.    Page 135:14 –overruled. |
| 25 | | 11.    Page 137 – overruled. |
| 26 | | 12.    Page 138 – overruled. |
| 27 | | 13.    Page 145 – overruled. |
| 28 | | 14.    Page 150 – overruled. |

|    |     |                                                          |
|----|-----|----------------------------------------------------------|
| 1  | 15. | Page 151:1 –overruled.                                   |
| 2  | 16. | Page 151:24 – overruled.                                 |
| 3  | 17. | Page 154 – overruled.                                    |
| 4  | 18. | Page 167 –overruled.                                     |
| 5  | 19. | Page 189 – overruled.                                    |
| 6  | 20. | Page 192 – overruled.                                    |
| 7  | 21. | Page 196 – overruled.                                    |
| 8  | 22. | Page 197 – overruled.                                    |
| 9  | 23. | Page 198 – overruled.                                    |
| 10 | 24. | Page 200 – overruled.                                    |
| 11 | 25. | Page 201—overruled.                                      |
| 12 | 26. | Page 202 – overruled.                                    |
| 13 | 27. | Page 203 – overruled.                                    |
| 14 | 28. | Page 204 – overruled.                                    |
| 15 | 29. | Page 208 – overruled.                                    |
| 16 | 30. | Page 210 – overruled.                                    |
| 17 | 31. | Page 213 – overruled.                                    |
| 18 | 32. | Page 232 – overruled.                                    |
| 19 | 33. | Page 233:7 – overruled.                                  |
| 20 | 34. | Page 233:18 to 234:10 – sustained.  Foundation, 602.     |
| 21 | 35. | Page 236 – overruled.                                    |
| 22 | 36. | Page 238 – overruled.                                    |
| 23 | 37. | Page 245 – overruled.                                    |
| 24 | 38. | Page 288:5 – overruled.                                  |
| 25 | 39. | Page 288:18 – overruled.                                 |
| 26 | 40. | Page 290 – overruled.                                    |
| 27 |     |                                                          |
| 28 |     |                                                          |

F.   Janet Hudnall Deposition.

    1.   Page 101 (both) – overruled.

    2.   Page 136 – overruled.

    3.   Page 143 – overruled.

    4.   Page 156 – overruled.

    5.   Page 158 – sustained.  No question designated.

    6.   Page 187 – not clear if Defendants are objecting, but if so, overruled.

    7.   Page 187:10 – overruled.

    8.   Page 187:24 – sustained.  No question designated.

    9.   Page 324 – sustained.  Argumentative.

    10.   Page 340 – sustained.  The question is not evidence.

    11.   Page 358 – overruled.

    12.   Page 377 – overruled.

    13.   Page 378 – sustained.  No question designated.

    14.   Page 380 – overruled.

G.   Daniel Orms Deposition.

    1.   Page 105 – overruled.

    2.   Pages 176-78 – overruled.

    3.   Page 208 – overruled.

    4.   Page 240 – overruled.

    5.   Page 241 – overruled.

    6.   Page 263 – sustained only as to page 264:8-11, relevancy.

    7.   Page 265 – overruled.

    8.   Page 266 – overruled.

    9.   Page 267 – overruled.

    10.   Page 284 – overruled.

11.   Page 285 – overruled.

Dated this 12th day of March, 2018.

_____
David G. Campbell
United States District Judge

- 9 -

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted a second set of deposition excerpts in advance of trial. This order will set forth the Court's ruling on objections contained in these excerpts. The order will identify objections by the number of the deposition page on which they appear (without repeating the word "page" each time). If more than one objection appears on a page, the order will identify the line on which the objection starts. Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.     Robert Cortelezzi.

      1.     Page 61 – overruled.

2.	276 – overruled.

3.	299 – overruled.

4.	308 – overruled.

5.	312 – sustained.  Incomplete question and answer.

6.	314 – sustained.  No question identified.

7.	348 – sustained.  Lack of foundation.

8.	349 – overruled.

9.	351 – overruled.

10.	359 – overruled.

11.	360 – overruled.

12.	368 – overruled.

13.	372 – overruled.

14.	373 – overruled.

15.	374:6 to 375:13, 375:20 to 376:9 – sustained.  Foundation, 602.

16.	381:13 to 304:3 – sustained.  Foundation, 602.

17.	384:15 – overruled.

18.	392 – sustained.  Cumulative.

B.	Gary Cohen.

1.	30:15-18 – sustained.  Hearsay.  But overruled as to lines 19-22.

2.	31 – overruled.

3.	47:11 to 67:17 – sustained.  The Court has already concluded that problems with the Recovery filter are relevant to design of the G2 because the Recovery was the predicate device.  But Bard's general failure to disclose problems with the Recovery is not relevant to design of the G2 and is only marginally relevant, if relevant at all, to Bard's alleged failure to warn claim with respect to the G2.  The danger of unfair prejudice from these questions substantially outweighs any probative value.

4.	68 – overruled.

5.	71:21-23 – sustained.  403.  Rest overruled.

- 2 -

6.      86:18 to 87:6 – sustained.  403.

7.      105 – sustained.  Same reason as item 3 above.

8.      108 – sustained.  Relevancy, 403.

9.      112 – all objections sustained.  Relevancy.

10.     123 – overruled.

11.     128 – sustained.  Same reason as item 3 above.

12.     129:12-22 – sustained.  Same as item 3 above.

13.     137:9-14 – sustained.  Relevancy.

14.     152:5-11 – sustained.  No question designated.  402.

15.     153 – overruled.

16.     154 – all objections sustained.  Confusing (Plaintiffs designate part of a question and no answer), and no foundation for answer Defendants designate.

C.      Marcus D'Ayala.

1.      21:1-7 – sustained.  Leading.

2.      21:9-13 – overruled.

2.5     21:14-19 – sustained.  Leading.

2.75    21:20 – overruled.

3.      23:2-5 – overruled.

4.      23:8-13 – sustained.  Leading.

5.      24:6 – overruled.

6.      24:19 – overruled.

7.      26 – overruled.

8.      27 – overruled.

9.      31:13 – overruled

10.     31:19 – overruled.

11.     33-35 – overruled.  The information is specific to Dr. D'Ayala – Plaintiff's doctor – and he testifies it is information he would have wanted to know.  The evidence is relevant to causation on the failure to warn claim.

12. 36:11 to 37:20 – sustained.  These questions are specific to Dr. D'Ayala's use of Recovery filters, which is not the filter he placed in Plaintiff.  Relevancy.

13. 38 – overruled.

14. 39 – overruled.

15. 40:8-12 – sustained.  Leading.

16. 43:20 to 41:23 – overruled.

17. 44:24 to 45:6 – overruled (no leading objection made in margin).

18. 48 – overruled.

19. 49:6 – overruled.

20. 49:16 – overruled.

21. 50:1 – overruled.

22. 50:11-16 – sustained.  Leading. Otherwise overruled.

23. 51:4 – overruled.

24. 56:13 – overruled.

25. 57:22 – overruled.

26. 58:4 – sustained.  No question designated.

27. 61 – overruled.

28. 62 – overruled.

29. 63 – overruled.

30. 64 – overruled.

31. 66:19 to 67:10 – overruled on 602 and leading grounds (no other objection made).

32. 70 – overruled.

33. 77 – overruled.

34. 92:11 – overruled.

35. 92:23 – overruled.

36. 94 – overruled.

37. 95 – overruled.

38.   96:17 – overruled.

39.   126:3-8 – sustained.  Leading.

D.   Len Decant.

1.   188 – overruled.

2.   247 – overruled.

3.   272 – overruled.

4.   273 – overruled.

5.   287 – overruled.

6.   304 – overruled.

7.   341 – overruled.

8.   404 – overruled.

9.   407 – overruled.

10.   413:8 & 23 – overruled.

11.   414:17 – overruled.

12.   422 – overruled.

13.   423 – overruled.

14.   424 – overruled.

15.   427 – overruled.

16.   428 – overruled.

17.   429 – overruled.

18.   436:3&14 – overruled.

19.   437 – overruled.

20.   442 – overruled.

21.   443 – overruled.

E.   Mary Edwards.

1.   129 – overruled.

2.   130:5-18 – sustained.  Foundation, 602.

3.   134:15 to 135:15 – sustained.  Foundation, 602.

4.    146:16 to 147:1 – sustained.  Foundation, 602.

5.    156:15-24 – sustained.  Foundation, 602.

6.    157 – overruled.

7.    158 – overruled.

8.    276 – overruled.

F.    Chris Ganser.

1.    42 – overruled.

2.    43 – overruled.

3.    45:12-24 – sustained.  Relevancy.

4.    46 – sustained,  No answer designated.

5.    51:1 – overruled.

6.    51:17 – sustained.  No questions designated.

7.    52 – overruled.

8.    55 – All objections overruled.

9.    67:19 to 68:6 – sustained.  Same reason as B.3 above.

10.    68:22 to 69:10 – sustained,  Same reason as B.3 above.

11.    73 – overruled.

12.    76 – relevancy.

13.    78 – overruled.

14.    81 – overruled.

15.    86 – overruled.

16.    94 – overruled.

17.    43:12-22 – sustained.  Relevancy.  Otherwise overruled.

18.    120 – overruled.

19.    121 – overruled.

20.    126 – overruled.

21.    128 – overruled.

22.    133 – overruled.

- 6 -

| | | |
|---|---|---|
| 1 | 23. | 137 – sustained.  No questions designated. |
| 2 | 24. | 140 – overruled. |
| 3 | 25. | 141 – overruled. |
| 4 | 26. | 153 – overruled. |
| 5 | 27. | 155 – overruled. |
| 6 | 28. | 157:8-10 – sustained.  403.  Otherwise overruled. |
| 7 | 29. | 159 – overruled. |
| 8 | 30. | 221 – overruled. |
| 9 | 31. | 222 – overruled. |
| 10 | 32. | 223 – overruled. |
| 11 | 33. | 224 – overruled. |
| 12 | 34. | 237 – overruled. |
| 13 | 35. | 244 – overruled. |
| 14 | 36. | 247 – overruled. |
| 15 | 37. | 251 – sustained,  Relevancy.  The question is not evidence. |
| 16 | 38. | 252 – overruled. |
| 17 | 39. | 254 – overruled. |
| 18 | 40. | 255 – overruled. |
| 19 | 41. | 260 – overruled. |
| 20 | 42. | 277 – overruled. |
| 21 | 43. | 297 – overruled. |
| 22 | 44. | 303-304 – overruled. |
| 23 | 45. | 306 – overruled. |
| 24 | 46. | 307 – overruled. |
| 25 | 47. | 309 – overruled. |
| 26 | 48. | 312 – overruled. |
| 27 | 49. | 313 – overruled. |
| 28 | 50. | 314 – overruled. |

51.   315 – overruled.

52.   322 – overruled.

53.   324 – overruled.

G.   Jason Greer – All objections overruled.

H.   Richard Harvey.

    1.   35 – overruled.

    2.   46:8 & 14 – overruled.

    3.   47 – overruled.

    4.   99 – overruled.

    5.   106:4-8 – sustained.  Speculation, 602.

    6.   109 – overruled.

I.   Robert Ferrara.

    1.   102 – overruled.

    2.   103 – overruled.

    3.   105 – overruled.

    4.   111 – overruled.

    5.   116 – overruled.

    6.   122 – overruled.

    7.   137 – overruled.

    8.   165:21 to 166:3 – sustained.  Foundation, 602.  The question is not evidence, and the answer adds nothing relevant.

    9.   176 – sustained.  Same.

    10.   190:20 to 192:19 – sustained.  Foundation, 602.

    11.   194, 195 – testimony to be withdrawn in light of preceding ruling.

    12.   201 – overruled.

    13.   223 – sustained,  Foundation, 602.

    14.   231:3 & 22 – overruled.

    15.   246:23 to 249:16 – sustained.  Foundation, 602.

Case 2:20-cv-02041-SGC   Document 104-3   Filed 03/14/18   Page 9 of 16

16.  249:17-24 – overruled.

17.  255:11 to 256:18 – sustained.  Relevancy.

18.  259:13 to 261:9 – sustained.  Relevancy.

19.  264 – sustained.  Relevancy.

20.  282 – sustained. Speculation, 602.

21.  283 – overruled.

22.  284 – overruled.

23.  287 – sustained.  No questions designated.

J.  Bill Little.

1.  20 – overruled.

2.  157:1 (And . . .)-4 – sustained,  Speculation, 602.

3.  159:1 – no designation.

4.  159:21 – overruled.

5.  160 – overruled.

6.  165 – overruled.

7.  167 – overruled.

8.  170 – overruled.

K.  John McDermott.

1.  35 – overruled.

2.  83 – overruled.

3.  137 – overruled.

4.  137-142:16 – sustained.  Argumentative and a waste of time.  The parties may play 142:18 to143:6.

5.  143 – overruled.

6.  153 – overruled.

7.  166 – overruled.

8.  164:4 – overruled.

9.  168:11 – sustained.  Argumentative.

10.    194 – overruled.

11.    199 – sustained.  Foundation, 602.

12.    200 – sustained.  Foundation, 602.  Reading document.

13.    201 – sustained.  Same.

14.    228 – overruled.

15.    286 – sustained.  Foundation, 602.

16.    290 – overruled.

17.    296 – overruled.

18.    307 – sustained.  Vague as to product and time.

19.    308 – sustained.  Vague as to product and time.

20.    310 – sustained.  Vague as to time.

Dated this 14th day of March, 2018.


_____
David G. Campbell
United States District Judge

1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    IN RE:  Bard IVC Filters Products Liability          No. MDL 15-02641-PHX-DGC
     Litigation,

10   _____

11   Sherr-Una Booker, an individual,                     No. CV-16-00474-PHX-DGC

12          Plaintiff,

13   v.                                                   **ORDER**

14   C. R. Bard, Inc., a New Jersey corporation;
     and Bard Peripheral Vascular, Inc., an
15   Arizona corporation,

16          Defendants.

17

18   _____

19          The parties have submitted deposition excerpts in advance of trial.  This order will

20   set forth the Court's ruling on objections contained in some of these excerpts.  The order

21   will identify objections by the number of the deposition page on which they appear.  If

22   more than one objection appears on a page, the order will identify the line on which the

23   objection starts.  Where an objection is sustained, the order will identify the page and

24   lines that should be omitted, but if no lines are identified, the objection is sustained with

25   respect to all designated testimony on that page.

26   A.     Dr. Brandon Kang.

27          1.     15 – overruled.

28          2.     31 – overruled.

3.      37 – overruled.

4.      39 – overruled.

5.      42 – overruled.

6.      45:11 – overruled.

7.      45:17 – overruled.

8.      47 – overruled.

9.      50:23 to 53:9 – sustained.  The testimony ventures beyond the treatment of Ms. Booker, and effectively constitutes opinion testimony by Dr. Kang regarding the G2 filter.  Such testimony cannot be used unless disclosed as expert opinion testimony under Rule 26(a)(2).

10.     54:11 – overruled.

11.     54:16 – overruled.

12.     55 – overruled.

13.     56:18 to 57:1 – sustained.  The testimony ventures beyond the treatment of Ms. Booker, and effectively constitutes opinion testimony by Dr. Kang regarding proper disclosures to physicians.  Such testimony cannot be used unless disclosed as expert opinion testimony under Rule 26(a)(2).

14.     59 – overruled.

15.     72 – overruled.

16.     81 – overruled.

17.     100 – overruled.

18.     123 – overruled.

19.     129 – overruled.

20.     135:20 to 137:2 – excluded by Court's ruling on motion in limine.

21.     168 – overruled.  This is not expert opinion.

22.     170:18 to 171:6 – sustained.  The testimony ventures beyond the treatment of Ms. Booker, and effectively constitutes opinion testimony by Dr. Kang

regarding Bard filters.  Such testimony cannot be used unless disclosed as expert opinion testimony under Rule 26(a)(2).

B.     Patrick McDonald.

     1.     171:18 to 174:22 – sustained.  The questioning concerns the FDA warning letter which the Court has largely excluded.  *See* Doc. 10258.  If Plaintiff makes the required showing for topics 3, 7, or 8 of the letter (*id.* at 6), and this testimony relates to those topics, Plaintiff may again raise this deposition testimony with the Court.

     2.     175:20 to 178:3 – sustained.  Foundation, 602.  Also, the witness has no knowledge of the document and the questions are not evidence.  178:4-17 should also be excluded.

     3.     182 – overruled.

     4.     192:4-25, 193:23 to 194:3 – sustained.  The questioning concerns the FDA warning letter which the Court has largely excluded.  *See* Doc. 10258.  If Plaintiff makes the required showing for topics 3, 7, or 8 of the letter (*id.* at 6), and this testimony relates to those topics, Plaintiff may again raise this deposition testimony with the Court.

     5.     194:18 to 195:10 – sustained.  Relevancy.

     6.     201:15 to 202:9 – sustained.  Beyond scope given above rulings.

C.     Carol Vierling.

     1.     37 – overruled.

     2.     78 – overruled.

     3.     87 – overruled.

     4.     88:9 – overruled.

     5.     88:20 – overruled.

     6.     89:4 – overruled.

     7.     97 – overruled.

     8.     98 – overruled.

1        9.      99:8-11 – sustained.  Relevancy.  The question is not evidence.

2        10.     99:22 – overruled.

3        11.     100 – overruled.

4        12.     101:1 – overruled.

5        13.     101:11 – overruled.

6        14.     101:18 – overruled.

7        15.     105 – sustained.  Relevancy.  The question is not evidence.

8        16.     106 – overruled.

9        17.     110:22 to 111:6 – sustained.  403.

10        18.     130 – overruled.

11        19.     139 – overruled.

12        20.     147:3-13 – sustained.  Relevancy.  The questions are not evidence.

13        21.     148 – overruled.

14        22.     156 – overruled.

15        23.     167 – overruled.

16        24.     184 – overruled in light of Bard's withdrawal.

17        25.     186 – overruled.

18        26.     192 – no evidentiary objection stated.

19        27.     197 – overruled.

20        28.     205 – overruled.

21        29.     206 – overruled.

22        30.     213:4 – overruled.

23        31.     2131:20 – overruled.

24    D.   Jack Sullivan.

25        1.     436 – overruled.

26        2.     442 – overruled.

27        3.     443 – overruled.

28        4.     447:1, 8 – overruled.

1      5.      448 – overruled.

2      6.      450 – overruled.

3      7.      457 – overruled.

4      8.      458:13 to 459:23 – sustained.  Foundation, 602.

5      9.      461:17 to 462:1 – sustained.  Foundation, 602.

6      10.     462:15 – overruled.

7      11.     463 – overruled.

8      12.     467 – overruled.

9      13.     484 – overruled.

10     14.     495 – overruled.

11     15.     503 – overruled.

12     16.     522:7-13 – sustained.  403.

13     17.     524 – overruled.

14     18.     524:5 – overruled.

15     19.     525:14 – overruled.

16     20.     527 – overruled.

17  E.    Salil Patel.

18     1.      39 – overruled.

19     Dated this 19th day of March, 2018.

20

21

22

23     _____
                         David G. Campbell
24                 United States District Judge

25

26

27

28

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18

19          The parties have submitted deposition excerpts in advance of trial.  This order will
20   set forth the Court's ruling on objections contained in some of these excerpts.  The order
21   will identify objections by the number of the deposition page on which they appear.  If
22   more than one objection appears on a page, the order will identify the line on which the
23   objection starts.  Where an objection is sustained, the order will identify the page and
24   lines that should be omitted, but if no lines are identified, the objection is sustained with
25   respect to all designated testimony on that page.
26   A.     Bill Altonaga.
27          1.      33 – overruled.
28          2.      47 – sustained.

3.      72 – overruled.

4.      86 – overruled.

5.      87:2 – overruled.

6.      87:18 – overruled.

7.      90 – overruled.

8.      99:23 to 91:6 – sustained.  Cumulative.

9.      136 – overruled.

10.     137 – overruled.

11.     142 – overruled.

12.     155 – sustained.  There is no failure to disclose claim with respect to the
        Recovery filter.

13.     158:13-15 – sustained, argumentative.  Objection overruled for remainder
        of page 158.

14.     159:4-15 – sustained.  403 ("cleared on established safety and
        effectiveness").

15.     166 – overruled.

16.     169:21 to 170:4 – sustained.  The questions are not evidence.  Objection
        otherwise overruled.

17.     170:7 – overruled (although question does not make sense without 169:21
        to 170:4).

18.     171 – overruled.

19.     179:20 – overruled.

20.     180:23 to 181:22 – sustained.  Foundation, 602.

21.     243 – sustained.  There is no failure to disclose claim with respect to the
        Recovery filter.

22.     264:20-23 – sustained.  Foundation, 602.

23.     266:19-22 – sustained.  Foundation, 602.

24.     271:5 to 272:12 – sustained.  Foundation, 602.

1    25.    272:13 to 273:4 – Bard to withdraw in light of above rulings.

2    Dated this 21st day of March, 2018.

3

4

5

6    _____
     David G. Campbell
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
|       Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
|       Defendants. | |

9
10
11
12
13
14
15
16
17
18

19      The parties have submitted deposition excerpts for the Court's review.  This order
20  includes the Court's ruling on objections contained in some of these excerpts.  The order
21  will identify objections by the number of the deposition page on which they appear.  If
22  more than one objection appears on a page, the order will identify the line on which the
23  objection starts.  Where an objection is sustained, the order will identify the page and
24  lines that should be omitted, but if no lines are identified, the objection is sustained with
25  respect to all designated testimony on that page.
26  A.      Dr. John DeFord.
27          1.      20 – overruled.
28          2.      103:17-20 – sustained.  Answer to this question not designated.

3. 106:3-7 – sustained.

4. 117 – overruled.

5. 120 – overruled.

6. 121 – overruled.

7. 129 – overruled.

8. 130 – overruled.

9. 133:7 – overruled.

10. 133:20 – overruled.

11. 135 – overruled.

12. 138 – overruled.

13. 139 – overruled.

14. 237 – overruled.

15. 238 – overruled.

Note: The Court has overruled a number of objections to the witness giving narrative or nonresponsive answers. The Court has done so because the questioner often asked lengthy, fact-laden questions, and engaged in a dialogue with the witness; the questioner generally did not ask focused questions or seek focused answers, and never objected to the form of the answers as nonresponsive; and objections to the form of answers are waived if not made during the deposition. *See* Fed. R. Civ. P. 32(d)(3)(B).

B. Dr. Spyros William Stavropoulos.

1. 49 – overruled.

2. 51 – overruled.

3. 57 – overruled.

4. 63 – overruled.

5. 64 – overruled.

6. 149 – overruled.

7. 195 – overruled.

8. 198 – overruled.

1         Note:  The Court overruled a number of objections to allegedly non-disclosed

2  expert opinions because the questions generally were about the doctor's own practice and

3  personal experience using IVC filters – matters the Court regards as relevant factual

4  evidence rather than expert opinion under Rule 702.

5  C.     Dr. Scott Trerotola.

6        1.     19 – overruled.  The opinion was requested by the question from Plaintiff's

7                counsel.

8        2.     31 – overruled.

9        3.     77 – overruled.

10        4.     80 – overruled.

11        5.     93 – overruled.

12        6.     94 – overruled.

13        7.     99 – sustained.

14        8.     105 – overruled.  The question elicited the opinion.

15        9.     119 – overruled.

16        10.    127 – overruled.

17        11.    128 – overruled.

18        12.    129 – overruled.

19        13.    134 – overruled.

20        14.    135:1 – overruled.

21        15.    135:12 – overruled.

22        16.    177 – overruled.

23        17.    178 – overruled.

24        Dated this 26th day of March, 2018.

25

26

27                         David G. Campbell

28                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Doris Jones, an individual, | No. CV16-0782-PHX-DGC |
|       Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
|       Defendants. | |

        The parties have submitted deposition excerpts for the Court's review.  This order includes the Court's ruling on objections contained in the excerpts.  The order will identify objections by the number of the deposition page on which they appear.  If more than one objection appears on a page, the order will identify the line on which the objection starts.  Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.    Alfred Jones, Sr.

        1.      8 – sustained.  Irrelevant.

        2.      9:5-16 – sustained.  Irrelevant.

3.      9:22 to 10:3 – sustained.  Irrelevant.

4.      18:22-19-17 – parties can resolve after Court rules on motions in limine.

5.      20:24-21:14 – parties can resolve after Court rules on motions in limine.

6.      23:4-25:15 – overruled.  Not offered for the truth of the matters asserted.

7.      29:2-11; 31; 39; 40 – parties can resolve after Court rules on motions in limine.

8.      42:8-12 – sustained; hearsay.

B.      Bill Altonaga.

1.      124 – testimony objected to not included in excerpt (pages 114-115).

2.      153 – overruled (assuming Plaintiff intended to designate the question before this answer).

3.      166-67 – sustained; Rule 602.

4.      179-80 – sustained; Rule 602.

5.      182:19-183:5 – sustained; Rule 602.

6.      251 – testimony objected to not included in excerpt (pages 261, 266).

C.      Christine Brauer.

1.      The Court's previous order on Plaintiff's use of experts withdrawn by Defendants remains in effect for the Jones case.

2.      5/23/14 Depo: 80-81 – overruled.

3.      89 – overruled.

4.      91 – overruled.

5.      92 – overruled.

6.      8/2/17 Depo: 61 – overruled.

7.      93 – sustained.  Person referred to never identified, so irrelevant.

8.      126:5-127:17 – sustained.  Witness does not recall, so irrelevant and waste of time under Rule 403.

9.      128 – sustained.  Witness does not know.  Complete waste of time.

10.      130-135 – sustained.  Witness does not know.  Complete waste of time.

11.  140 – overruled.

12.  147-48 – overruled.

13.  162 – sustained.

14.  173-74 – overruled.

15.  175-76 – overruled.

16.  195-96 – overruled.

17.  245 – overruled.

18.  272:10-18 – sustained.  Witness does not know.  Complete waste of time.

19.  277 – overruled.

20.  331 – overruled.

21.  335 – overruled.

22.  337 – overruled.

23.  348-49 – sustained.

24.  379-80 – overruled.

25.  408:9-14 – sustained.  Witness does not know.  Complete waste of time.

**Court's observation and caution:**  Much of the testimony designated by Plaintiff in the Brauer depositions is completely irrelevant, as noted above.  Much additional testimony is only minimally relevant.  After reviewing these designations, the Court is concerned that Plaintiff's counsel will waste trial time presenting minimally relevant evidence.  Counsel for both sides are therefore advised that the Court intends to hold the parties to the time limits established for this trial.  If a party chooses to spend time on minimally relevant or repetitive matters and thereby has insufficient time for important matters later in the trial, the Court will not bail that party out by granting additional time. The Court is determined that this bellwether trial and the trials that follow will be more efficient than the Booker trial.

D.      Dr. David Chodos.

     1.      40 – overruled.

     2.      41 – overruled.

     3.      48 – overruled.

     4.      64 – overruled.

     5.      67 – overruled.

     6.      70 – overruled.

     7.      88:22-89:3 – sustained.

     8.      92 – both sustained.

     9.      94 – parties can resolve after Court rules on motions in limine.

     10.      104 – parties can resolve after Court rules on motions in limine.

     11.      111 – overruled.

     12.      127 – overruled.

     13.      129-30 – overruled.

     14.      133 – parties can resolve after Court rules on motions in limine.

     15.      135-37, 139, 144 – parties can resolve after Court rules on motions in limine.

     16.      150-51 – sustained.

     17.      153, 155 – parties can resolve after Court rules on motions in limine.

     18.      159 – sustained.

E.      Jason Greer.

     1.      176 – overruled.

F.      John Lehman.

     1.      6 – sustained.

     2.      11 – sustained.

     3.      16 – sustained.  Irrelevant.

     4.      32 – overruled.

5.    63 – overruled.  (**Court's note** – 9 different objections are a waste of time.  In future deposition designations, the Court will summarily deny such laundry-list objections.  The objecting party should think about and make a legitimate objection.)

6.    67 – overruled.  (Same note.)

7.    118 – sustained.

8.    121 – sustained.

9.    122-23 – overruled.  (Same note.)

10.    124 – overruled.  (Same note.)

11.    125 – overruled.  (Same note.)

12.    128-29 – overruled.  (Same note.)

13.    131 – overruled.  (Same note.)

G.    Shanice Matthews.

1.    14 – sustained.

2.    15:21-23 – sustained.  Hearsay.

3.    17 – parties can resolve after Court rules on motions in limine.

4.    18:4 – sustained.

5.    21 – sustained.  Irrelevant.

6.    23 – overruled.

7.    27:12-17 – sustained.

8.    31 – parties can resolve after Court rules on motions in limine.

H.    Sharese May.

1.    10:7-8 – sustained.

2.    16:16-18 – parties can resolve after Court rules on motions in limine.

3.    16:22-25 – sustained.

4.    18:11-18 – sustained.

5.    33 – overruled.

6.    36:8-14 – sustained.

7.    37:9-15 – sustained.

8.      41 – sustained.

9.      42 – parties can resolve after Court rules on motions in limine.

I.    Dr. Mark Moritz.

1.      The Court's previous order on Plaintiff's use of experts withdrawn by Defendants remains in effect for the Jones case.

2.      43:6-10 – sustained.

3.      50, 52, 57, 68, 71, 72, 85, 96, 100, 102, 115, 117, 128, 130, 194, 222 – sustained.  Cumulative.  See previous order on Plaintiff's use of withdrawn experts.

4.      122 – overruled (if not cumulative).

5.      124 – sustained.  Hearsay.

6.      135:13-22 – sustained.  Not Plaintiff's treating physician.

7.      135:23-137:17 – overruled (if not cumulative).

8.      138:24-141:11 – overruled (if not cumulative).

9.      141 – overruled (if not cumulative).

10.     144 – overruled (if not cumulative).

11.     146:11-148:5 – overruled (if not cumulative).

12.     149 – overruled (if not cumulative).

J.    Dr. Kirstin Nelson.

1.      83 – overruled.

K.    Dr. Colleen Taylor.

1.      17 – parties can resolve after Court rules on motions in limine.

2.      21 – sustained.

3.      22 – parties can resolve after Court rules on motions in limine.

4.      25, 26, 39 – parties can resolve after Court rules on motions in limine.

L.    Mark Wilson.

1.      63 – overruled.

2.      91 – overruled.

3.      92 – overruled.

4.    95 – overruled.

Dated this 1st day of May, 2018.

_____
David G. Campbell
United States District Judge

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                      **FOR THE DISTRICT OF ARIZONA**
8
9    IN RE:  Bard IVC Filters Products Liability        No. MDL 15-02641-PHX-DGC
     Litigation,
10   _____
11   Doris Jones, an individual,                        No. CV16-0782-PHX-DGC
12             Plaintiff,
13   v.                                                 **ORDER**
14   C. R. Bard, Inc., a New Jersey corporation;
15   and Bard Peripheral Vascular, Inc., an
     Arizona corporation,
16             Defendants.
17
18
19          The parties have submitted additional deposition excerpts for the Court's review.
20   This order includes the Court's ruling on objections contained in the excerpts.  The order
21   will identify objections by the number of the deposition page on which they appear.  If
22   more than one objection appears on a page, the order will identify the line on which the
23   objection starts.  Where an objection is sustained, the order will identify the page and
24   lines that should be omitted, but if no lines are identified, the objection is sustained with
25   respect to all designated testimony on that page.
26   A.      Abtihal Maki Raji-Kubba
27          1.      83 – sustained.  Rule 602.  Designated portions of the deposition do not
28   show that the witness has any knowledge of, or information relevant to, the study about

which she is being questioned.

       2.      86 – sustained.  Rule 602.  The witness is simply being asked to restate what is in the document with no showing of her knowledge.

       3.      88 – sustained.  Same.

       4.      97:12-23 – sustained.  Same.  Otherwise overruled.

       5.      122:5 to 123:4 – overruled.  123:5 to 124:6 – sustained.  Rule 602.  The witness is simply being asked to restate what is in the document with no showing of her knowledge.

       6.      177 – Plaintiff's objection sustained.  Same.

       7.      239:21 to 242:10 – Sustained.  Same.

       8.      242:16-24 – overruled.  242:25 to 243:3 – sustained.  Same.

       9.      244 – sustained.  Same.

B.     Patrick McDonald.

       1.      172:5 to 174:23 – sustained.  Same.

       2.      192:4 to 194 – sustained.  Same.

C.     Robert E. Cortelezzi – deposition submitted, but no objections identified.

D.     William R. Little.

       1.      46 – overruled.

       2.      56:10-13 – sustained.  Rule 602.

       3.      64 – overruled.

       4.      156 – overruled.

       5.      209 – overruled.

       6.      210 – overruled.

       7.      218 – overruled.  Witness is looking at the document, but testifying from his knowledge and experience.

       8.      218:2 – overruled.

       9.      218:12 – overruled.  Witness is looking at the document, but testifying from his knowledge and experience.

10. 224-225 – sustained. The witness is simply being asked to restate what is in the document.

11. 228-229:17 – sustained. The witness is simply being asked to restate what is in the document.

12. 229:22 to 230:19 – relevancy and Rule 403 in light of Court's rulings above.

13. 247:25 to 248:23 – sustained. Unresponsive narrative.

14. 329 – overruled. Hearsay within hearsay not called for in these questions and answers.

15. 330 – sustained.

16. 331:3-15 – overruled.

17. 331:16 to 334:1 – sustained.

18. 359 – overruled.

19. 362:13 to 363:1 – sustained.

20. 363:4 to 364:18 – overruled.

21. 390 – overruled.

22. 392 – overruled.

23. 460:17-24 – sustained.

24. 461:16-21 – sustained.

25. 462 – sustained.

26. 463 – sustained.

27. 483 – overruled.

Dated this 10th day of May, 2018.

*David G. Campbell*

_____
David G. Campbell
United States District Judge

- 3 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Doris Jones, an individual, | No. CV16-0782-PHX-DGC |
|         Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
|         Defendants. | |

The parties have submitted additional deposition excerpts for the Court's review. This order includes the Court's ruling on objections contained in the excerpts.  The order will identify objections by the number of the deposition page on which they appear.  If more than one objection appears on a page, the order will identify the line on which the objection starts.  Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.    Carol Vierling.

        1.    37 – overruled.

        2.    78 – overruled.

3.    97 – overruled.

4.    106 – overruled.

5.    107 – overruled.

6.    139 – overruled.

7.    148 – overruled.

B.    Daniel Orms.

    1.    99 – overruled.  Question is inquiring into what witness knew, and he is competent under Rule 602 to answer that question.

    2.    101 – overruled.  Objection not clear.

    3.    222-23 – overruled.

    4.    225 – sustained.

    5.    226-27 – sustained.  Witness asked only to restate what is in the document.

    6.    228:8-13 – sustained.  Otherwise overruled.

    7.    230 – overruled.

    8.    248 – overruled.

    9.    253 – overruled.

    10.    254 – overruled.

    11.    261 – overruled.

C.    Christopher Smith.

    1.    38 – overruled.  Question is inquiring into what witness knows, and he is competent under Rule 602 to answer that question.

    2.    41-42 – overruled.  Same.

    3.    51 – overruled.  Same.

    4.    53 – overruled.  Same.

    5.    81 – overruled.

    6.    82:16 to 83:11 – sustained.

    7.    84:7-16 – sustained.

    8.    85 – overruled.

| | | |
|---|---|---|
| 9. | 120-21 – overruled. |
| 10. | 124 – overruled. |
| 11. | 131 – No objection to testimony. |
| 12. | 136 – overruled. |
| 13. | 137 – overruled. |
| 14. | 140:1-22 – sustained. |
| 15. | 158:10 to 159:5 – sustained. |
| 16. | 160 – overruled. |
| 17. | 162 – overruled. |
| 18. | 165:16 to 166:2 – sustained. |
| 19. | 169:19 to 170:2 – sustained. |
| 20. | 180:23 to 181:8 – overruled. |
| 21. | 181 – overruled. |
| 22. | 182:8-18 – sustained. |
| 23. | 187 – overruled. |

D.  Melanie Vilece Sussman.

1. 48 – sustained.  Rule 403.
2. 69 – sustained.
3. 119 – overruled.
4. 122 – overruled.
5. 126 – overruled.
6. 131 – No objection to testimony.
7. 138 – overruled.
8. 141 – No objection to testimony.
9. 143 – overruled.
10. 145 – overruled.
11. 149 – overruled.
12. 159-60 – overruled.

- 3 -

13.     161:6-15 – sustained.

14.     166 – No objection to testimony.

15.     167 – sustained.

16.     168:1-7, 11-21 – sustained.

17.     169 – overruled.

18.     171:13-19 – sustained.

19.     172 – overruled.

20.     185 – No objection to testimony.

21.     188:6-12, 17-20 – sustained.

22.     189:13-15 – sustained.

23.     190:8-17 – sustained.

24.     191 – overruled.

25.     194 – overruled.

26.     233-34 – overruled.

27.     237 – start question at "Do you recall ever speaking . . ."

28.     241 – overruled.

29.     247-48 – overruled.

30.     249 – overruled.

31.     262-63 – sustained.  Only relevant information is hearsay in question.

E.     Dr. Anthony Avino.

1.     13 – overruled.

2.     1624 to 17:2 – overruled.  Leading, but no objection, so waived.

3.     17:3-8 – sustained.  Leading.

4.     17:10-20 – overruled. Leading, but no objection, so waived.

5.     17:21 to 18:1 – sustained.  Leading.

6.     18:9-17 – sustained.   Rules 403, 602.   Without thorough knowledge, witness appears to confuse FDA approval and clearance, an important distinction in this case.

7.      19:19 to 20:1 – sustained.  Leading.

8.      20:7-11 – sustained.  Leading.

9.      21:25 to 22:7 – sustained.  Leading.

10.     34 – sustained as to sentence on lines 21-22, ending with "best filters." Rule 404(a).

11.     37:2-7 – sustained.  Leading.

12.     40 – overruled.

13.      64 – No objection to testimony.

14.     65:11 to 66:9 – sustained.

15.     67:1 – overruled.

16.     67:10 – No objection to testimony.

17.     68:22 to 69:5 – overruled.

18.     69:7-20 – sustained.  Rule 602.

19.     76 – overruled.

20.     79 – No objection to testimony.

21.     81 – overruled.

22.     82 – overruled.

23.     84 – overruled.

24.     85 – overruled.

25.     91 – overruled.

26.     108 – overruled.

27.     112:24 to 113:1 – sustained.

28.     113 – overruled.

F.    Christopher Ganser.

1.      38 – overruled.

2.      83 – overruled.

3.      86-87 – overruled.

4.      133 – overruled.

5.      265 – overruled.

Dated this 11th day of May, 2018.

_David G. Campbell_
David G. Campbell
United States District Judge

1
2
3
4
5
6
**IN THE UNITED STATES DISTRICT COURT**
7
**FOR THE DISTRICT OF ARIZONA**
8
9   IN RE:  Bard IVC Filters Products Liability          No. MDL 15-02641-PHX-DGC
    Litigation,
10   _____
11   Doris Jones, an individual,                          No. CV16-0782-PHX-DGC
12          Plaintiff,
13   v.                                                   **ORDER**
14   C. R. Bard, Inc., a New Jersey corporation;
15   and Bard Peripheral Vascular, Inc., an
     Arizona corporation,
16          Defendants.
17
18

19          The parties have submitted additional deposition excerpts for the Court's review.

20   This order includes the Court's ruling on objections contained in the excerpts.  The order

21   will identify objections by the number of the deposition page on which they appear.  If

22   more than one objection appears on a page, the order will identify the line on which the

23   objection starts.  Where an objection is sustained, the order will identify the page and

24   lines that should be omitted, but if no lines are identified, the objection is sustained with

25   respect to all designated testimony on that page.

26   A.     Jack Sullivan.

27          1.      61:20 to 62:3 – overruled if exhibit admitted in evidence.  Witness has

28   knowledge under Rule 602 to answer whether he has seen the document before.

Although the answer that he has not seen the document may not be relevant, Defendants make no relevancy objection.

        2.     62:14 to 63:1 – overruled.

        3.     64 – overruled.

        4.     65 – overruled.

        5.     248:16 to 249:20, 250:1-18 – sustained.  Rule 602.

        6.     281:21 to 282:1 – overruled.

        7.     354 – overruled.

        8.     436:15-20 – overruled if exhibit admitted in evidence.  Witness has knowledge under Rule 602 to answer, and Defendants make no relevancy objection.

        9.     443 – overruled if exhibit admitted in evidence.

        10.    446 – overruled.

        11.    447 – Defendants objecting to testimony they designate?  Overruled.

        12.    524:7-18 – sustained.

        13.    525 – overruled.

        14.    526-27 – overruled.

B.    John DeFord.

        1.     35 – overruled.

        2.     105 – overruled.

        3.     139 – overruled.

        4.     226-227 – overruled.

        5.     231 – overruled.

        6.     239 – overruled.

        7.     243 – overruled.

        8.     278-82 – overruled.

        9.     340 – overruled.

        10.    342 – overruled.

        11.    388 – overruled.

1    C.    Douglas Uelmen – no objections identified.

2    D.    Len DeCant.

3         1.    63 – overruled.

4         2.    68:13-22 – sustained.

5         3.    112 – overruled.

6         4.    117L17 to 118:8 – sustained.

7         5.    118:20 to 119:7 – sustained.

8         6.    150:20 to 151:14 – sustained.

9         7.    152 – sustained.

10        8.    157:4-23 – sustained.

11        9.    159 – overruled.

12        10.   189 – overruled.

13        11.   347-48 – overruled.

14        12.   354-55 – sustained.

15    Dated this 14th day of May, 2018.

16

17

18    _____
                     David G. Campbell
19                United States District Judge

20

21

22

23

24

25

26

27

28

ATTYADD,LEAD,MULTI-DISTRICT,PROTO,REMAND,STD

# U.S. District Court
# DISTRICT OF ARIZONA (Phoenix Division)
# CIVIL DOCKET FOR CASE #: 2:15-md-02641-DGC

IN RE: Bard IVC Filters Products Liability Litigation
Assigned to: Judge David G Campbell
Case in other court: Ninth Circuit, 16-16163
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/17/2015
Jury Demand: Both
Nature of Suit: 365 Personal Injury: Prod.
Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2018 | 11313 | ORDER. All objections in the Syed deposition designations are overruled. Signed by Judge David G Campbell on 5/31/2018. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC, nvo) (Entered: 05/31/2018) |

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted deposition excerpts in advance of trial.  This order will set forth the Court's ruling on objections contained in some of these excerpts.  The order will identify objections by the number of the deposition page on which they appear.  If more than one objection appears on a page, the order will identify the line on which the objection starts.  Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.    Dr. William T. Kuo.

      1.    8 — overruled; no objection stated.

2.      18:1 — overruled.

3.      18:25 and 19 — overruled.

4.      20 — overruled.

5.      22 — overruled.

6.      26:6 — overruled.

7.      26:21-25 — sustained.

8.      36-37 — overruled.

9.      53 — overruled; shows witness experience.

10.     55-57 — overruled; same.

11.     59 — overruled; same.

12.     68 — overruled.

13.     79-80 — overruled.

14.     82 — overruled.

B.     Dr. Amy R. Sparks.

1.      9 — overruled; no objection stated.

2.      13 — overruled.

3.      16:11 — overruled.

4.      16:25 and 17 — overruled.

5.      18 — overruled.

6.      19-22 — overruled.

7.      32:12-19 — sustained.

8.      34 — overruled.

9.      35:8 — overruled.

10.     35:17 — overruled.

11.     36 — overruled.

12.     37 — overruled.

13.     38 — overruled.

C.      Joseph Dejohn — no objections.

D.      Tom Ferrari — no objections.

E.      Dr. John Lehmann — no objections.

Dated this 27th day of August, 2018.

David G. Campbell
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted deposition excerpts for the Court's review. This order includes the Court's ruling on objections contained in some of these excerpts. The order will identify objections by the number of the deposition page on which they appear. If more than one objection appears on a page, the order will identify the line on which the objection starts. Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.    Dr. Murray Asch.

1.    28:17 to 30:9 – overruled.

2.   37:9-18 – overruled.

3.   41:22 to 42:10 – overruled.

4.   44:11-17 – overruled.

5.   44:24 to 45:10 – overruled.

6.   46:15-22 – sustained.  Dr. Asch's personal feelings are not relevant.

7.   57 – overruled.

8.   65 – overruled.  See ruling on motions in limine 4 and 5.

9.   67 – overruled.  See ruling on motions in limine 4 and 5.

10.  68 – overruled.  See ruling on motions in limine 4 and 5.

11.  69 – overruled.  See ruling on motions in limine 4 and 5.

12.  70 – overruled.

13.  76 – overruled.

14.  89 – overruled.  See ruling on motions in limine 4 and 5.

15.  90 – overruled.

16.  92 – overruled.

17.  115 – overruled.

18.  116 – overruled.

19.  121:18 to 122:4 – overruled.

20.  122:22-23 – overruled.

21.  123 – overruled.

22.  124:3-5 – sustained.

23.  124:22 to 125:4 – overruled.

24.  126:22 to 127:4 – sustained.  Leading.

25.  127:6-11 – overruled.

26.  127:13-19 – sustained.  Leading.

27.  131:16 to 132:9 – sustained.  Leading.

28.  132:23 to 133:3 – sustained.  Leading.

29.  134:22 to 135:3 – overruled (no objection to the form), but sustained as

leading on 135:6-9.

   30. 150 – overruled.

   31. 161:24 to 162:15 – overruled.

   32. 164:5 to 165:24 – sustained.  What Dr. Asch would like to share with the jury is not relevant.

   33. 170 to 174 – overruled.

   34. 193 – overruled.

   35. 195 – overruled.

   36. 196 – overruled.

   37. 206 – overruled.

   38. 207 – overruled.

   39. 208 – overruled.

B. Dr. David Henry.

   1. 23 – overruled.

   2. 25 – overruled.

   3. 36 – overruled.

   4. 62 – no objection stated.

   5. 64 – overruled.

   6. 85 – overruled.

   7. 86 – overruled.

   8. 87 – overruled.

   9. 90 to 91 – overruled.

C. Matthew Fermanich.

   1. 24 – overruled.

   2. 31 – overruled.

   3. 38 to 39 – overruled.

   4. 100:7-16 – sustained.  Rule 403.

   5. 100:17-20 – overruled.

6.      103 to 104 – overruled.

7.      107:18 to 109:6 – sustained.

8.      121 to 123:2 – overruled.

9.      123:8-20 – sustained.

10.     125:12 to 126:25 – sustained.

11.     138 – overruled.

12.     140 – overruled.

13.     142 to 143 – overruled.

14.     152 – overruled.

15.     155 to 156 – overruled.

16.     163 – overruled.  Bard has argued that the IFU is relevant because what it told doctors about risks is relevant to whether the product was "not reasonably safe" under the Wisconsin statute.  The Court has agreed with this argument in its ruling on MILs 4 and 5.  If Bard is permitted to present evidence about its warnings to doctors as part of its defense to the design defect and negligence claims, then Plaintiff is permitted to present evidence about what warnings Bard did not give.  The Court may at some point need to draw a line on such evidence lest this become a failure to warn trial, but at this point the Court concludes that the evidence is relevant.

17.     176 – sustained.

18.     189:1-5 – overruled.

19.     189:9-13 – sustained.  No question designated.

20.     211 – overruled.

21.     215:20 to 218:5 – sustained.

22.     228 to 229 – sustained.  Rule 602.

23.     231 to 232:14 – sustained.  Rule 602.

24.     249:13 to 250:23 – sustained.  Here and in paragraphs 25-32 below, the witness lacks personal knowledge regarding the complaint reports he is being shown; much of the testimony consists of the questioner reading from the reports and having the

- 4 -

witness merely confirm that the reading is correct; some of the reports appear to contain hearsay within hearsay; and this testimony crosses the line into presenting a failure to warn claim, which is not part of the upcoming trial.  Sustained under Rules 401-403, 602, and 801.

       25.     254:1-4 – sustained.

       26.     254:5 to 256:6 – sustained.

       27.     256:24 to 257:4 – sustained.

       28.     258:9-24 – sustained.

       29.     261:1-6 – sustained.

       30.     261:11 to 262:20 – sustained.

       31.     270:2 to 271:8 – sustained.

       32.     273:23 to 274:2 – sustained.

D.     David Ciavarella.

       1.     40 – overruled.

       2.     42 – overruled.

       3.     44:3-15 – overruled.

       4.     44:17 to 45:7 – overruled.

       5.     54 – overruled.

       6.     94 – overruled.

       7.     99 – sustained.  No testimony designated.

       8.     105 – overruled.

       9.     111:18-19 – sustained.

       10.     117 – sustained.  Because this case involves either an Eclipse or G2X filter, the Court will exclude evidence of Recovery filter cephalad migrations deaths under Rule 403, for the reasons it excluded the same evidence in the Jones trial.  *See In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 2124146 (D. Ariz. May 8, 2018); *In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 1993767 (D. Ariz. Apr. 27, 2018); *In re Bard IVC Filters Prods. Liab.*

*Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 1876896, at *2-4 (D. Ariz. Apr. 18, 2018).

11.    120 – General objection based on Lehmann report overruled.  Not all questions call for content of Lehmann report.  The Court will rule on specific objections.

12.    121 – overruled.  These are general discussions about the existence of the Lehmann report, not its contents, and Defendants have not objected to such discussions (see pages 119-120).

13.    122:13 to 123:12 – sustained based on Recovery cephalad migration death evidence.  Rule 403.

14.    124 to 125:4 – sustained.  Addresses content of Lehmann report, which the Court has found to be protected work product.

15.    125:16 to 130:14 – sustained.  Addresses content of Lehmann report, which the Court has found to be protected work product.

16.    131:24 to 134:13 – sustained.  Addresses content of Lehmann report, which the Court has found to be protected work product.

17.    135 – overruled.

18.    136:4 to 137:5 – sustained.  Addresses content of Lehmann report, which the Court has found to be protected work product.

19.    140 – overruled.

20.    141 – overruled.

21.    144 – overruled.

22.    145:13-146:1 – sustained.  Hearsay.

23.    148 – overruled.

24.    151 – no objection.

25.    157-158 – overruled.

26.    165 – overruled, but Defendants cannot introduce 166:6 if they are standing on their objection to the Lehmann report.

E.    Asch trial testimony – Plaintiff's hearsay objection appears well-founded, so the

Court will not address objections in the transcript.   The parties should be prepared to address use of the Asch trial testimony at the final pretrial conference.

Dated this 4th day of September, 2018.

David G. Campbell
Senior United States District Judge

1

2

3

4

5

6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

7

8

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties have submitted deposition and trial excerpts for the Court's review. This order includes the Court's ruling on objections contained in some of these excerpts. The order will identify objections by the number of the transcript page on which they appear. If more than one objection appears on a page, the order will either identify the line on which the objection starts or, if the ruling is the same for all objections on the page, will simply identify the page. Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page. The Court notes that some of the objections in these transcripts are very confusing, with multiple colors, no indication of which party is making which objection, and some apparent

references to prior Court rulings without explanation.  (Example – Sullivan page 62.)  The Court has done its best to understand what the parties are asserting on these pages, and has no time for the parties to redo the submissions.

A.      Dr. Kandarpa.  The Court ruled at the final pretrial conference that Plaintiffs could present non-opinion testimony from Dr. Kandarpa and opinion testimony admissible under Rule 701, but could not present opinion testimony admissible under Rule 702 because they had never identified Dr. Kandarpa as an expert or made the disclosures required by Rule 26(a)(2).  The rulings below reflect the Court's application of this decision to Dr. Kandarpa's testimony.  When Dr. Kandarpa's opinion appears to be based primarily on his role as medical monitor of the Everest study, the Court has overruled the objection.  Where his opinion appears to be unrelated to the study and based on his general expertise, the Court has sustained the objection.

     1.     26 – overruled.

     2.     28 – overruled.

     3.     29 – overruled.

     4.     33 – overruled.

     5.     35 – overruled.

     6.     47 – overruled.

     7.     49:18 to 50:5 – sustained.

     8.     51 – overruled.

     9.     53 – overruled.

     10.     55 – overruled.

     11.     57 – overruled.

     12.     58 – overruled.

     13.     59 – overruled.

     14.     60:4-16 – sustained.

     15.     63 – sustained.

     16.     66 – overruled.

| | | |
|---|---|---|
| 1 | 17. | 72 – overruled. |
| 2 | 18. | 73:16-22 – overruled. |
| 3 | 19. | 73:23 – overruled. |
| 4 | 20. | 74 – sustained. |
| 5 | 21. | 81 – overruled. |
| 6 | 22. | 95 – overruled. |
| 7 | 23. | 96 – overruled. |
| 8 | 24. | 98 – overruled. |
| 9 | 25. | 100:2 – overruled. |
| 10 | 26. | 100:8-22 – sustained. |
| 11 | 27. | 100:24 – overruled. |
| 12 | 28. | 101 – overruled. |
| 13 | 29. | 102 – overruled. |
| 14 | 30. | 103 – overruled. |
| 15 | 31. | 104 – overruled. |
| 16 | 32. | 105 – overruled. |
| 17 | 33. | 106 – overruled. |
| 18 | 34. | 107 – overruled. |
| 19 | 35. | 112 – overruled. |
| 20 | 36. | 115 – overruled. |
| 21 | 37. | 116 – overruled. |
| 22 | 38. | 117 – overruled. |
| 23 | 39. | 119 – overruled. |
| 24 | 40. | 122 – overruled. |
| 25 | 41. | 125 – overruled. |
| 26 | 42. | 126:1-15 – sustained. |
| 27 | 43. | 126:17 – overruled. |
| 28 | 44. | 128:1-12 – sustained. |

45.  131:11 to 132:10 – sustained.

46.  133:3-15 – sustained.

47.  136 – overruled.

48.  137:9 – overruled.

49.  150 – overruled.

50.  151:9-20 – sustained.

51.  152 – overruled.

52.  169:2-12 – overruled.

53.  169:19 to 174:22 – overruled if Defendants can overcome the hearsay objection (i.e., if the Everest study is admitted at trial).

54.  176 – overruled.

55.  181 – overruled.

56.  182:17 to 183:16 – overruled if Defendants can overcome the hearsay objection.

57.  193 – overruled.

58.  196 – overruled (counsel made no objection to the leading question; this is true of all leading objections that follow, unless noted).

59.  197:2 – overruled.

60.  197:13 – overruled.

61.  199 – overruled.

62.  200 – overruled.

63.  206 – overruled.

64.  208 – overruled.

65.  209 – overruled.

66.  210 – overruled.

67.  211 – overruled.

68.  212 – overruled.

69.  215 – overruled.

1    70.    217:12 to 218:3 – sustained, leading, objected to by defense counsel.

2    71.    218:23 to 2109:8 – sustained.

3    72.    219:16 to 220:2 – sustained.

4    73.    220:3-21 – overruled.

5    74.    224 – overruled.

6    75.    226 – overruled.

7    76.    231 – overruled.

8    B.    Dr. Ciavarella.

9         1.    166 – no testimony designated.

10        2.    174-76 – no basis provided for the Court to rule on the 602 objection – the

11             parties did not include the portion of the deposition where the witness states

12             what he knows about the document.  Overruled.

13        3.    175:10 – overruled.

14        4.    247:15- 23 – sustained.

15        5.    250:2-15 – sustained.

16        6.    293 – no basis for the Court to rule because the parties have not provided

17             context for this testimony.  Overruled.

18        7.    294 – sustained.  Rule 602.

19        8.    357:13-23 – sustained.  Rule 402.

20        9.    358:2-25 – sustained.  Rule 402.

21        10.    362:17 to 363:16 – sustained.  Rule 402.

22    C.    Dr. Trerotola.

23        1.    19:7-14 – sustained.  Rule 402.

24        2.    22:24 to 23:22 – sustained.  Rule 402.

25        3.    27 – overruled.

26        4.    31:17-24 – sustained.  Rule 402.

27        5.    77 – overruled.

28        6.    80 – overruled.

7. 93 – overruled.

8. 94 – overruled.

9. 99:4-7 – sustained. No question designated.

10. 105 – overruled.

11. 109 – overruled.

12. 119 – overruled.

13. 127-29 – overruled.

14. 134 – overruled.

15. 135 – overruled.

16. 177 – overruled.

17. 178-79 – overruled.

D. Dr. Brauer.

    1. 242 – overruled.

    2. 262 – sustained.

    3. 356-57 – sustained.

    4. 358-59 – sustained.

    5. 360:17 to 361:13 – sustained.

E. Jack Sullivan.

    1. 62:14 to 63:1 – sustained. Rule 402.

    2. 64:20 to 65:1 – sustained, Rule 402.

    3. 64:17-22 – sustained. Rule 402.

    4. 83:23 to 84:18 – sustained. Rule 402.

    5. 85:25 to 86:2 – sustained. Rule 402.

    6. 92, 251 – overruled. If Defendants are going to present evidence of warnings to doctors as part of their design defect defense, Plaintiffs may present evidence to show the warnings were incomplete or inaccurate.

    7. 265-66 – sustained. Rule 402.

    8. 317-18 – sustained. Rule 402.

- 6 -

9.      354:5-16 – sustained.  Rule 402.

10.     434:6 to 435:4 – sustained.  Rule 402.

11.     448:18-25 – sustained.  Rule 402.

12.     450 – overruled.

13.     457:13-25 – sustained.  Rule 602.

14.     458:13 to 459:23 – sustained.  Rule 602.

15.     461 – sustained.  Rule 602.

16.     462:15-18 – sustained.  Rule 402.

17.     463 – overruled.

18.     464:18 to 465:15 – sustained.  Rule 602.

19.     465:14 to 466:4 – sustained.  Rule 602.

20.     466:14-22 – sustained.  Rule 402.

21.     467 – overruled.

22.     468 – overruled.

23.     535:10 – overruled.

24.     525:22 – overruled.

25.     526-27 – overruled.

26.     528 – overruled.

27.     533 – overruled.

28.     535 – sustained.

29.     536:9-25 – sustained.  Rule 402.

30.     537:25 to 539:4 – sustained.  Rule 402.

F.     Robert Cortelezzi.

1.      66:19 to 67:18 – sustained.  Rule 402.

2.      260 – overruled.

3.      264 – sustained.  Rule 402.

4.      308:6 – overruled.

5.      308:17 – sustained.  Rule 402.

1    6.    349 – overruled.

2    7.    367-68 – overruled.

3    G.    Len DeCant.

4    1.    287 – sustained.  Rule 402.

5    2.    304:10-17 – sustained.  Rule 402.

6    H.    Robert Ferrara.

7    1.    100 – no testimony designated.

8    2.    103:16 to 104:11 – sustained.

9    3.    104:12-24 – sustained.  Rule 402.

10   4.    111:6-22 – sustained.  Rule 402.

11   5.    113 – overruled.

12   6.    116:9-24 – sustained.  Rule 402.

13   7.    117 – sustained.  Rule 402.

14   8.    121:20 to 122:11 – sustained.  Rule 402.

15   9.    231:22 to 232:16 – sustained.  Rule 602.

16   10.   233 – sustained.  Rule 402.

17   11.   249 – overruled.

18   12.   250 – overruled.

19   13.   251 – overruled.

20   14.   281 – sustained.  No answer designated.

21   15.   291:2 to 293:1 – sustained.  Rule 402.

22   I.    Natalie Wong.

23   1.    34:1 – overruled.

24   2.    34:20 to 35:6 – sustained.  Rule 602.

25   3.    35:13 – overruled.

26   4.    120 – overruled.

27   5.    121 – sustained.  No question designated.

28

1   J.   Dr. Moritz.

2        1.    101 – sustained.

3        2.    114 – overruled.

4        3.    123 – overruled.

5        4.    129 – overruled.

6        5.    137 – sustained.

7        6.    205 – overruled.

8        7.    207 – overruled.

9   K.   Douglas Uelmen.

10       1.    64-65 – sustained.

11       2.    67 – Plaintiffs' objection overruled.  Bard objects, but also states that it is
12             including for completeness.  ?

13       3.    68 – sustained.  Rule 402.

14       4.    325 – overruled.  The Court has precluded evidence regarding Recovery
15             cephalad migration deaths, not all references to death as a risk of filter
16             migration.

17       5.    326:20 to 327:2 – sustained.

18       6.    327-28 – overruled.

19       7.    329:5 to 330:3 – sustained.

20       8.    332 – overruled.

21       9.    333 – overruled.

22       10.   367-68 – overruled.

23       11.   387-88 – overruled.

24       12.   389:2-13 – should be excluded consistent with ruling on Recovery
25             migration deaths.

26   L.   Brian Hudson.

27       1.    137 – overruled.

28       2.    153 – no answer designated.

- 9 -

3.      245 – overruled.

4.      246 – overruled.

5.      288:5 – overruled.

6.      288:18 – overruled.

7.      289 – overruled.

M.     Patrick McDonald.

1.      171-74, 192 – sustained.  Same instruction as the Court provided before (see red-typed language quoted in upper left-hand corner of 171).

2.      175 to 178:17 – sustained.  Rule 602.

3.      194:18 to 195:10 – sustained.

4.      201-02 – sustained.

N.     John McDermott.

1.      142-44, 166, 168, 310 – the Court stands by its previous rulings.

2.      153-54 – sustained.  Rule 402.

3.      228 – no answer designated.

4.      288-89 – sustained.  Rule 402.

5.      290:15-25 – sustained.

6.      349 – sustained.  Rule 402.

O.     Jason Greer.

1.      59-60, 145, 146-47, 176 – the Court stands by its previous rulings.

2.      115 – sustained.

3.      170 – sustained.

4.      174-75 – overruled.

Dated this 12th day of September, 2018.

David G. Campbell
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted deposition and trial excerpts for the Court's review. This order includes the Court's ruling on objections contained in some of these excerpts. The order will identify objections by the number of the transcript page on which they appear. If more than one objection appears on a page, the order will either identify the line on which the objection starts or, if the ruling is the same for all objections on the page, will simply identify the page. Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page. The Court notes that some of the objections in these transcripts are very confusing, with multiple

colors, no indication of which party is making which objection, and some apparent references to prior Court rulings without explanation.  The Court has done its best to understand what the parties are asserting on these pages, and has no time for the parties to redo the submissions.

A.    Daniel Orms.

      1.    24 – overruled.

      2.    138-39 – overruled.

      3.    146 – overruled.

      4.    147 – overruled.

      5.    176-78 – overruled.

      6.    222-24, 230-31 – overruled.

      7.    241 – overruled.

      8.    282-83 – overruled.

      9.    284-86 – overruled.

B.    Christopher Ganser.

      1.    59 – no testimony designated.

      2.    61 – overruled.

      3.    63 – overruled.

      4.    65 – overruled.

      5.    67 – overruled.

      6.    69-71 – overruled.

      7.    76 – overruled.

      8.    78-79 – overruled.

      9.    81-82 – overruled.

      10.    86-87 – sustained.  Hearsay.

      11.    94-95 – overruled.

      12.    96 – overruled.

      13.    128 – overruled.

14.   133 – overruled.

15.   134 – overruled.

16.   135:15 to 137:11 – sustained.   Rule 602.

17.   140:19 to 141:10 – sustained.  Rule 602.

18.   159 – overruled.

19.   170 – overruled.

20.   208:12-22 – sustained, otherwise overruled.

21.   209 – overruled.

22.   237-38 – overruled.

23.   244 – overruled.

24.   246-47 – overruled.  Questions call for his own knowledge.

25.   253:7 to 254:16 – sustained.  Rule 602.

26.   258 – overruled.

27.   259 – overruled.

28.   260-61 – overruled.

29.   268-69 – overruled.

30.   280-81 – overruled.

31.   294 – overruled.

32.   298 – no testimony designated.

C.   John DeFord.

1.   55:6 to 56:1 – sustained.

2.   93 – overruled.

3.   116 – sustained.

4.   117:2 to 122:6 – if Defendants stand by their objection to evidence of Recovery cephalad migrations deaths (an objection the Court has sustained), then none of this testimony should be presented.  It all concerns those deaths, and permitting Dr. DeFord's long narratives outside of that context would be unfair to Plaintiffs.

5.     129-30 – overruled, but exclude "and patients' lives were being saved" at 130:18-19).

6.     133:7 to 134:23 – withdrawn by Defendants.

7.     135-36 – sustained given Court's ruling on cephalad migration deaths.

8.     137:14 to 138:11 – withdrawn by Defendants.

9.     138:13 – overruled.

10.     139:2 to 141:5 – overruled.

11.     219-20 – overruled.

12.     226 to 227:10 – overruled.

13.     227:12 to 227:2 – overruled.  227:3-12 withdrawn by Defendants.

14.     228:14 to 230:4 – overruled.

15.     230:4 to 231:17 – overruled.

16.     237:5-22 – overruled.

17.     237:23 to 238:12 – Plaintiffs object to their own designation for most of this question and answer.  Sustained.

18.     238:13-22 – overruled.

19.     238:23 to 239:5 – Plaintiffs object to their own designation.  Sustained.

20.     239:6 to 240:19 – overruled.

21.     240:20 to 241:18 – overruled.

22.     242:16 to 244:1 – overruled.

23.     278 – Court stands by its prior ruling.

24.     278:21 to 279:19 – sustained.  This testimony essentially opines that the FDC ensures safety and efficacy in the 510(k) process, evidence that risks confusing the jury to an extent that substantially outweighs the probative value.  Rule 403.

25.     280:14 to 281:4 – same.

26.     281:16 to 282:3 – Plaintiffs can play all or none of this question and answer, but cannot in fairness eliminate the second half of the answer.

Plaintiffs' choice.

27. 282-83 – no objection.

28. 317 to 318:13 – overruled.

29. 318:18 to 319:20 – overruled.

30. 325-26 – overruled.

31. 395-96 – sustained. This testimony – like some other failure-to-warn type testimony the Court has excluded in this and previous orders – goes to a duty to warn, which is not at issue. The Court has not excluded testimony on actual warnings given (or not given) by Defendants in light of Defendants' intention to argue that product warnings and physician common knowledge are to be considered in deciding whether the product was not reasonably safe.

Dated this 13th day of September, 2018.

David G. Campbell
Senior United States District Judge

- 5 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Lisa Hyde and Mark E. Hyde, a married couple, | No. CV-16-00893-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted deposition and trial excerpts for the Court's review. This order includes the Court's ruling on objections contained in some of these excerpts. The order will identify objections by the number of the transcript page on which they appear.  If more than one objection appears on a page, the order will either identify the line on which the objection starts or, if the ruling is the same for all objections on the page, will simply identify the page.  Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.   Gin Schulz.

      1.   67-68 – sustained.  Rule 402 (testimony goes to duty).

      2.   70 to 71:12 – overruled.

      3.   72-73 – overruled.

      4.   77 – overruled.

      5.   124 – the Court stands by its previous ruling, except the objection to 124:18-20, which is sustained under Rule 403 because it risks confusing the jury on the role of the FDA in the 510(k) process.

      6.   125 – overruled.

      7.   167 – overruled.

      8.   177-78 – overruled.

      9.   210-11 – overruled.

      10.   217-18 – overruled.

      11.   224 – sustained.  Rule 403, mention of Recovery cephalad migrations deaths.

      12.   226 – no testimony designated.

      13.   227 – overruled.

      14.   228 – overruled.

      15.   275 – no testimony designated.

      16.   279 – overruled.

      17.   280 – overruled.

      18.   347 – overruled.

      19.   385-86 – sustained.  Rule 602.

      20.   388 – overruled.

      21.   394 – sustained.

      22.   395-96 – overruled.

      23.   399-400 – overruled.

      24.   413-16 – overruled.

25.    431 – overruled.

26.    440:12 to 442:1 – sustained.  Rule 602.

27.    444 – sustained.  Rule 602.

28.    445 – overruled.

29.    446:14-21 – sustained.  Rule 602.

30.    446:22 to 447:19 – overruled.

31.    448:7-8 – sustained.

32.    448:9-22 – overruled.

33.    448:23 to 444:15 – sustained.  Rule 602.

34.    450 – sustained.  Rule 602.

35.    451:16-21 – sustained.  Rule 602.

36.    452:15-18 – sustained.  Rule 602.

37.    453 to 454:14 – sustained.  Rule 602.

38.    455:10-11 – overruled.

39.    456:1 to 460:24 – sustained.  Rule 602.

40.    461 – overruled.

41.    468-69 – overruled.

B.    Bill Altonaga.

1.    71-73:23 – sustained.

2.    87 – sustained.

3.    124 – overruled.

4.    152:6-10 – sustained.

5.    160:8 to 167:9 – sustained.  Rule 602.

6.    172:12 to 180:7 – sustained.  Rule 602.

7.    182:19 to 184:2 – sustained.  Rule 402.

8.    251 – overruled.

9.    265-66 – the Court stands by its previous ruling.

1  C.    Janet Hudnall.

2         1.    54 – overruled.

3         2.    55:16 to 56:8 – sustained.  Rule 402.

4         3.    56:15 to 57:16 – sustained.  Rule 602.

5         4.    101 – sustained.  Rule 402.

6         5.    108:20-22 – sustained.  Rule 402.

7         6.    127:11-22 – sustained.  Rule 402.

8         7.    129 – sustained.  Rule 402.

9         8.    Page 155 not provided.  Overruled.

10        9.    166 – sustained.  Rule 402.

11        10.   179:21 to 180:12 – overruled.

12        11.   180:13-17 – sustained.  Rule 402.

13        12.   181-82 – overruled.

14        13.   185 – sustained.  Rule 402.

15        14.   186:18 to 187:2 – overruled.

16        15.   187 – the Court stands by its previous rulings.

17        16.   273-74 – overruled.

18        17.   296-97 – sustained.  Rule 402.

19        18.   358 – overruled.

20        19.   377 – sustained.  Rule 403.

21 D.    William Little.

22        1.    46 – overruled.

23        2.    64 – overruled.

24        3.    146 – overruled.

25        4.    155-58 – overruled.

26        5.    162-63 – overruled.

27        6.    165 to 168 – overruled.

28        7.    189 – overruled.

8. 192 – overruled.

9. 193-94 – overruled.

10. 205 – overruled.  Plaintiffs may seek a clarifying instruction on their lack of involvement in the Filter Law website.

11. 208 – overruled.

12. 209-10 – overruled.

13. 359 – overruled.

14. 390-92 – overruled.

15. 460:14 to 461:13 – sustained.  Rule 802.

16. 460 – Court stands by its prior ruling.

17. 482 – sustained.  No answer designated.

18. 483-84 – overruled.

19. 490, 500 – overruled.

E. Mary Edwards.

1. 123 – overruled.

2. 129-30 – overruled.

3. 135 – overruled.

4. 276:16 to 278:4 – sustained.

Dated this 17th day of September, 2018.

David G. Campbell
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| Debra Tinlin, et al, | |
| Plaintiffs, | No. CV16-0263-PHX-DGC |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation, et al., | |
| Defendants. | |

        The parties have submitted deposition excerpts in advance of trial.  This order will set forth the Court's ruling on objections contained in some of these excerpts.  The order will identify objections by the number of the deposition page on which they appear.  If more than one objection appears on a page, the order will identify the line on which the objection starts.  Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.      Brooke Gillette.

        1.      1 – overruled.

        2.      8-9 – overruled.

        3.      38-39 – overruled.

4.      52 – overruled.

5.      70 – overruled.

6.      73-74 – overruled.

7.      75 – overruled.

8.      109-110 – sustained; Rule 602.  The witness is simply being asked to confirm what is in an email between other persons.

9.      114 – overruled.

10.     116 – sustained, relevancy.  The witness does not remember.

11.     119-120 – overruled.  She was a recipient of this email and the questions concern what was communicated to her.

12.     121 – overruled.

13.     122 – overruled.

14.     131-133:8; 133:21 to 134:4; 134:10 to 137:22 – sustained; Rule 602.  The witness is simply being asked to confirm what is in the document.

15.     138– overruled.

16.     141-142 – sustained; Rule 602.  The witness is simply being asked to confirm what is in the document.

17.     143-144 – overruled.

18.     150-151:13 – sustained; Rule 602.  The witness is simply being asked to confirm what is in the document.

19.     151:14-152 – overruled.

20.     203-204:15– sustained; Rule 602.  The witness is simply being asked to confirm what is in the document.

21.     204:17 to 208 – overruled.

22.     211-212 – overruled.

B.  Thomas E. Ferari.

1.      22-23 – overruled.

2.      54 – overruled.

3.      92 – sustained.

4.      105 – overruled.

5.      108 – overruled.

6.      119 – overruled.

7.      128-130 – overruled.

8.      148 – overruled.

9.      173-175 – overruled.

10.     183-184 – overruled.

11.     186-187 – sustained.

12.     200-202:9 – overruled.

23.     202:10-203 – sustained.  The witness is simply being asked to confirm what is in the document.

13.     210 – overruled.212-213 – overruled.

C.   Allison Walsh.

1.      8-9 – overruled.

2.      11 – overruled.

3.      22-23 – overruled.

4.      49-50 – overruled.

5.      53-57 – overruled.

6.      90 – overruled.

7.      93-94 – overruled.

8.      124 – overruled.

9.      126 – Plaintiff objecting to her own designation.  Overruled.

10.     130-131 – overruled.

11.     146 – overruled.

12.     147:6-18 – sustained.  No answer from witness; lawyers debating.

13.     148-149 – overruled.

14.     149:9-20 – sustained.

|  |  |  |
|---|---|---|
| 15. | 150 – overruled. |
| 16. | 168 – overruled. |
| 17. | 170-171 – overruled. |
| 24. | 175:8 to 176:16 – sustained.  The witness is simply being asked to confirm what is in the document. |
| 18. | 190-191 – overruled. |
| 25. | 192-200 – sustained.  The witness is simply being asked to confirm what is in the document. |
| 19. | 204 – overruled. |
| 20. | 205 – overruled. |
| 21. | 206 – overruled. |
| 26. | 210-211, 213 – sustained.  The witness is simply being asked to confirm what is in the document. |
| 22. | 215 – overruled. |
| 23. | 218 – overruled. |
| 24. | 224, 226 – overruled. |
| 25. | 227 – overruled. |
| 26. | 228-229 – overruled. |
| 27. | 235-240 – sustained.  The witness is simply being asked to confirm what is in the document. |
| 27. | 243 – overruled; objection illegible. |
| 28. | 243-244 – overruled. |
| 29. | 247 – overruled. |
| 30. | 249 – overruled. |
| 31. | 270-271 – sustained. |
| 32. | 274:23 to 275:15 – overruled. |
| 33. | 275:16 to 276:6 – sustained. |
| 34. | 276:8-24 – sustained. |

35.   28020 to 282:6 – sustained.

36.   281:7-23 – overruled.

37.   283:17 to 284:3 – sustained.

38.   284:5-12 – overruled.

39.   285-288 – overruled.

40.   294 – overruled.

41.   298 – overruled.

42.   304-305 – overruled.

43.   309:10-13 – sustained.  Question not designated.

44.   314-317 – overruled.

45.   319-320 – overruled.

46.   323-324 – sustained.

Dated this 26th day of April, 2019.


David G. Campbell
Senior United States District Judge

1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    IN RE:  Bard IVC Filters Products            No. MDL 15-02641-PHX-DGC
     Liability Litigation,
10   _____

11   Debra Tinlin, an individual,                 No. CV-16-00263-PHX-DGC

12          Plaintiff,

13   v.                                           **ORDER**

14   C. R. Bard, Inc., a New Jersey
     corporation; and Bard Peripheral
15   Vascular, Inc., an Arizona corporation,

16          Defendants.

17

18

19          The parties have submitted deposition excerpts in advance of trial.  This order will

20   set forth the Court's ruling on objections contained in these excerpts.   The order will

21   identify objections by the number of the deposition page on which they appear (without

22   repeating the word "page" each time).  If more than one objection appears on a page, the

23   order will identify the line on which the objection starts.  Where an objection is sustained,

24   the  order  will  identify  the  page  and  lines  that  should  be  omitted,  but  if  no  lines  are

25   identified, the objection is sustained with respect to all designated testimony on that page.

26   A.     Hugh Magee.

27          1.     Page 1 – overruled.

28          2.     10 – overruled.

3.      11 – overruled.

4.      13 – overruled.

5.      18 – overruled.

6.      37 – overruled.

7.      60-61 – overruled.

8.      67 – overruled.

9.      79 – overruled.

10.      124 – overruled.

11.      135-137 – sustained.  Witness simply confirming what is in document he has not seen before.

12.      139-142 – sustained.  Witness simply confirming what is in document he has not seen before.

13.      165-166 – overruled.

14.      167 – overruled.

15.      170:9-18 – sustained.

16.      171-173 – sustained.

17.      174-177 – overruled.

18.      179 – overruled.

19.      180 – overruled.

20.      185-187 – overruled.

B.      Timothy A. Fischer.

1.      5 – overruled.

2.      9-19 – overruled.

3.      20 – overruled.

4.      29 – overruled.

5.      31 – overruled.

6.      37 – overruled.

7.      51-52 – overruled.

8.     65:25 to 66:9 – sustained.

9.     66:10 to 67 – overruled.

10.    69 – overruled.

11.    77-78 – overruled.

12.    81-82 – overruled.

13.    95 – overruled.  No testimony designated.

14.    103:18 to 104:4 – sustained.

15.    104:9-22 – overruled.

16.    107-108 – overruled.

17.    112:14-19 – sustained.

18.    112-113 – Plaintiffs' objection overruled.

19.    117 – overruled.

20.    119-121 – overruled.

21.    155-156 – overruled.

22.    167-168 – overruled.

23.    168-169 – overruled.

24.    175-176 – overruled.

25.    204 – overruled.  No testimony designated.

26.    209-210 – overruled.

27.    211 – overruled.

28.    211:9-25 – sustained.

29.    212 – overruled.

30.    213 to 214:17 – sustained.

31.    216-218 – overruled.

32.    226:5-19 – sustained.

33.    234 – overruled.

34.    237:4-18 – sustained; leading.

35.    Rest of 237 and 238 – overruled.

36.   239 – sustained.

37.   241-242:15 – overruled.

38.   242:16-24 – sustained; leading.

39.   243-244 – overruled.

40.   245 – overruled.

41.   246:3-15 – overruled.

42.   246:17-25 – sustained.

43.   248 – overruled.

44.   252 – overruled.

45.   254 – overruled.

46.   255:23 to 256:7 – sustained.

47.   271 to 272:18 – overruled.

48.   272:19 to 273:3 (through "retrieval") – sustained.

49.   281-283 – overruled.

C.   Brian Barry.

1.   10-11 – overruled.

2.   28 – overruled.

3.   44 – overruled.

4.   87-88 – overruled.

5.   145 – overruled.

6.   149-150 – overruled.

7.   151-156 – overruled.

8.   158 – overruled.

9.   159-160 – overruled.

10.   164-167 – overruled.

11.   170 – overruled.

12.   171-173 – overruled.

13.   192-194 – overruled.

14.    198-203 – overruled.

15.    219 – overruled.

16.    223:21 to 225:8 – sustained.

17.    225:9 to 226:3 – overruled.

18.    226:9-22 – sustained.

19.    227-229 – overruled.

20.    230-232 – overruled.

21.    241:8 to 254:5 – overruled.

22.    254:6 to 257:18 – sustained; 602.

23.    257:19 to 258:5 – overruled.

24.    258:6 to 259:7 – sustained; 602.

D.    Holly P. Glass.

1.    1 – overruled; no testimony designated.

2.    22 – overruled.

3.    34:24 to 35:3 – sustained.

4.    41:24 to 42:7 – sustained.

5.    59 – overruled.

6.    60 – overruled.

7.    63 – overruled.

8.    64 – overruled.

9.    64-65 – overruled.

10.    83-84 – overruled.

11.    86-88 – overruled.

12.    89-90 – overruled.

13.    97-98 – overruled.

14.    105:6-15 – sustained.

15.    114-115 – overruled.

16.    121 – overruled.

17.    126 – overruled.

18.    135 – overruled.

19.    147 – overruled.

20.    151 – overruled.

21.    152:2-17 – sustained.

22.    160-161 – overruled.

23.    162 – overruled.

24.    163 – overruled.

25.    166-168 – sustained.  403.  Argument to the jury rather than factual questions.

26.    171 – overruled.

27.    173-174 – sustained.

28.    175 – overruled.

29.    196 – overruled.

30.    201-202 – overruled.

31.    203-204 – overruled.

32.    212 – overruled.

33.    213 – overruled.

34.    213-214 – overruled.

E.    Heather Stanko, M.D.

Much of the designated testimony in this deposition concerns various health conditions suffered by Ms. Tinlin.  In the motion in limine briefing, Defendants indicated that they believe many of Ms. Tinlin's conditions produce symptoms that overlap with symptoms she will attribute to filter complications at trial.  The Court cannot tell from the motion briefing or the deposition which symptoms allegedly overlap.  The Court directs the parties to revisit their designations and objections in the Stanko deposition with the following guidance:  Defendants should designate testimony about only those conditions that produce symptoms (according to expert or other evidence about the symptoms the conditions produce) that Defendants contend overlap with symptoms Plaintiffs will

- 6 -

attribute to the filter.  As part of this process, the parties should confer about what symptoms Plaintiffs will attribute to the filter at trial.  The Court believes this process should reduce the number of deposition designations and the number of objections, and should provide the Court with a more informed basis for ruling on any remaining areas of disagreement in this deposition.

Dated this 3rd day of May, 2019.


David G. Campbell
Senior United States District Judge

Case 2:15-md-02641-DGC  Document 17582  Filed 05/07/19  Page 1 of 98

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| Debra Tinlin and James Tinlin, a married couple, | No. CV-16-00263-PHX-DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

The parties have submitted deposition excerpts in advance of trial.  This order will set forth the Court's ruling on objections contained in these excerpts.  The order will identify objections by the number of the deposition page on which they appear (without repeating the word "page" each time).  If more than one objection appears on a page, the order will identify the line on which the objection starts.  Where an objection is sustained, the order will identify the page and lines that should be omitted, but if no lines are identified, the objection is sustained with respect to all designated testimony on that page.

A.     Sanjeeva Kalva, M.D.

1.     Defendants' opening objection – overruled.

2.    17 – overruled.

3.    30:23 to 31:14 – sustained.

4.    50 – sustained.    These and later designations go beyond his retention by Plaintiffs' counsel and get into details of the expert report, which are not relevant to his fact testimony.

5.    51:10-15 – sustained.

6.    52 – sustained.

7.    53-54 – sustained.

8.    55-56 – sustained.

9.    56:25 to 58:2 – sustained.

10.    58:23 to 59:23 – sustained.

11.    75-79 – overruled.

12.    81-82 – overruled.

13.    93-94 – overruled.

14.    127 – overruled.

15.    139-140 – overruled.

16.    144 – overruled.

17.    153:19 to 156:15, 159:23 to 161:17 – sustained.    Opinions developed during Kalva's expert work not relevant because he is not being called as an expert.

B.    John Worland.

1.    General objection to use of deposition overruled.

2.    19:8 to 32:7 – overruled, except:  25:3 to 26:8 – sustained (double hearsay).

3.    32:10-18 – overruled.

4.    32:25 to 33:6 – overruled.

5.    33:16 to 34:23 – sustained; expert opinion on key issue in this case.

6.    34:25 to 35:7 – overruled,

7.    36 – overruled.

8.    37:21 to 38:13 – overruled.

9.      38:14 to 39:23—sustained; 403.

10.     40:13 to 43:16 – overruled, except 40:23 to 41:3 and 42:5-11 are sustained.

11.     43 – overruled.

12.     44 – overruled.

13.     45-46 – overruled.

14.     48 – overruled; no testimony identified.

15.     49 – sustained; 401, 403.

16.     53 – overruled.

17.     56 – overruled.

18.     58 – sustained.

19.     64 – overruled.

20.     69-74 – overruled.

21.     75 – overruled; cannot tell what testimony is subject of objection.

22.     77-90:2 – overruled, except 80:7 to 85:15 sustained as hearsay, 84:8-15 sustained under 602, 84:18-22 and 89:17 to 90:2 sustained as hearsay (Grassi article).

23.     108 – overruled.

24.     109:3-8 overruled.

25.     109:9 to 111:11 (through "shelf") – overruled.

26.     111:11 to 112:1 – sustained; hearsay.

27.     112:2-18 – sustained; 401, 403

C.   Joshua Riebe.

1.      16 – leading objection waived.

2.      25 – sustained; leading.

3.      26:23 to 27:3 – sustained; leading.

4.      27:25 to 28:3 – sustained; leading.

5.      28 – all sustained; leading.

6.      29 – all sustained; leading.

- 3 -

7.    30 – sustained; leading.

8.    49-50 – overruled.

9.    50 – overruled.

10.   51 – overruled.

11.   53 – sustained; leading.

12.   59 – overruled.

13.   60:2-6 – sustained; leading.

14.   60:10 to 64:17 – overruled.

15.   64:20 to 66:3 – overruled.

16.   70 – overruled.

17.   71 – overruled; no testimony identified.

18.   74:13 to 79:14 – overruled.

19.   81-85 – all overruled.

20.   87-88 – overruled.

21.   95 to 97:13 – overruled.

22.   97:16-20 – sustained; leading.

23.   98-99 – overruled.

24.   105-106 – overruled.

25.   107-108 – overruled.

26.   115 – overruled.

27.   122 – overruled.

28.   129-130 – overruled.

29.   146 – overruled.

30.   153-156 – all overruled.

31.   172:3-6 – sustained; leading.

32.   172:25 to 176:8 – sustained.

D.      Leah A. Nitke, D.O.

Much of the designated testimony in this deposition concerns various health conditions suffered by Ms. Tinlin.  In the motion in limine briefing, Defendants indicated that they believe many of Ms. Tinlin's conditions produce symptoms that overlap with symptoms she will attribute to filter complications at trial.  The Court cannot tell from the motion briefing or the deposition which symptoms allegedly overlap.  The Court directs the parties to revisit their designations and objections in the Nitke deposition with the following guidance:  Defendants should designate testimony about only those conditions that produce symptoms (according to expert or other evidence about the symptoms the conditions produce) that Defendants contend overlap with symptoms Plaintiffs will attribute to the filter.  As part of this process, the parties should confer about what symptoms Plaintiffs will attribute to the filter at trial.  The Court believes this process should reduce the number of deposition designations and the number of objections, and should provide the Court with a more informed basis for ruling on any remaining areas of disagreement in this deposition.

Dated this 7th day of May, 2019.

David G. Campbell

David G. Campbell
Senior United States District Judge