IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | MDL No. 2641 |
| **This Order Relates to: All Actions** | **CASE MANAGEMENT ORDER NO. 2** |

 The Court held a lengthy case management conference with the parties on October 29, 2015. Before the conference, the parties submitted a proposed agenda and a memorandum setting forth positions of Plaintiffs and Defendants on various issues. Doc. 174. The Court entered an order with a more detailed agenda on October 19, 2015. Doc. 203. This order will generally follow the topics set forth in the Court's agenda.

**I. Identification and Selection of Parties' Leadership.**

 The Court has entered Case Management No. 1, which establishes Plaintiffs' Leadership Counsel. By **November 6, 2015**, Plaintiffs' Lead/Liaison Counsel shall submit to the Court a proposed Case Management Order concerning: (a) the duties and authority of Plaintiffs' Leadership Counsel in coordinating pretrial practice in this MDL; (b) the establishment and operation of a common fund for eventual payment and reimbursement of attorneys and their firms for common benefit work; (c) a procedure for auditing the common benefit work of Plaintiffs' attorneys and their firms; (d) a procedure for making quarterly reports to the Court regarding the audits and the common benefit work performed by attorneys and their firms; (e) guidelines for eventual fee applications and cost reimbursement, including record-keeping requirements, time-keeping

requirements (*see*, *e.g.*, Local Rule of Civil Procedure 54.2(e)), staffing limitations for various tasks, acceptable hourly rates, when travel time can be billed, reimbursable expenses (what is and is not reimbursable), and acceptable levels of expense reimbursement; (f) procedures or agreements designed to avoid the duplication of common benefit discovery already completed in some of the MDL cases; and (g) periodic status reports on coordination with state cases and other relevant matters.

**II. Protective and Rule 502 Orders.**

By **November 6, 2015**, the parties shall jointly submit to the Court a proposed protective order, including Rule 502 provisions, for all cases in this MDL. If the order addresses the filing of confidential documents in court, it shall not say that such documents may be filed under seal. Instead, it should say that any party seeking to file a confidential document under seal shall comply with Local Rule of Civil Procedure 5.6.

**III. ESI Protocol.**

By **November 30, 2015**, the parties shall jointly present to the Court an ESI Protocol addressing format of production, preservation, and other relevant ESI-discovery matters. If the parties are unable to reach agreement on all aspects of the ESI Protocol, they shall file a joint report setting forth the areas of agreement and disagreement and recommending a procedure for resolving disagreements.

**IV. Discovery.**

    **A. Discovery Relevant Only to Individual Cases.**

By **November 6, 2015**, the parties shall propose to the Court profile forms to be completed by Plaintiffs and Defendants with respect to each new case added to this MDL. The intent will be to provide the parties with basic and relevant information about each new case. With the exception of bellwether cases, the Court generally will not oversee discovery relevant only to individual cases. It is anticipated that such discovery will be conducted in transferor districts after this MDL is completed.

/ / /

/ / /

**B. Binding Effect of Completed Discovery.**

The parties will discuss whether agreement can be reached on the binding effect already-completed discovery will have in cases filed after the date of the discovery. If the parties are able to reach agreement, they shall jointly submit a stipulation to the Court by **December 18, 2015**. If the parties are unable to reach agreement, each side shall file a 10-page memorandum setting forth its position with respect to the effect of the already-completed discovery by **December 18, 2015**. Each side may file a 5-page response memorandum by **January 8, 2016**.

**C. First-Phase Discovery.**

By **January 15, 2016**, the parties shall complete a first phase of MDL discovery which includes the following:

1. Defendants shall provide an updated production of complaint (adverse event) files relating to the Recovery, G2, G2X, and G2 Express filters, and shall produce complaint (adverse event) files relating to the Eclipse, Meridian, and Denali filters.

2. Defendants shall produce updated versions of Bard's Adverse Event Tracking System for the various filters set forth immediately above.

3. By **November 10, 2015**, Defendants shall produce the documents described by defense counsel during the case management conference related to the FDA investigation and warning letter.

4. Plaintiffs may take a Rule 30(b)(6) deposition with respect to the FDA investigation and warning letter.

5. Kay Fuller shall be deposed.

**D. Conferences Regarding Second Phase of Discovery.**

The parties shall meet and confer with respect to the following discovery issues, and, by **January 20, 2016**, provide the Court with a joint report regarding their discussions. Areas of agreement and disagreement will be clearly identified, and each

party's position shall be set forth. The parties shall propose, jointly if possible, procedures for resolving their disagreements.

       1.     Updated collections and productions of previously searched "custodians" and ESI sources. In discussing this topic, the parties should avoid duplicative discovery, but relevant information not previously searched for should be considered as a possible subject of discovery.

       2.     Production of ESI from custodians involved with later-generation filter devices or employed at later time frames.

       3.     Further discovery related to the FDA inspection and warning letter.

       4.     ESI and documents that have been previously withheld, if any, as to Defendant's later-generation devices, such as the Eclipse, Meridian, and Denali filters.

       5.     Discovery related to the Simon Nitinol filter.

       6.     Discovery regarding the Recovery Cone Removal System design, design changes, corrective actions, reasons why design changes were made, regulatory communications, and adverse event reports.

       7.     Custodial files and other discovery with respect to sales and marketing personnel. In addressing this issue, the parties should consider whether discovery focusing on higher-level sales and marketing personnel should be undertaken before discovery of lower-level personnel. The parties should also consider whether sales and marketing discovery should be postponed until case-specific discovery is undertaken with respect to bellwether cases.

       8.     Pending Rule 30(b)(6) deposition notices in cases consolidated in this MDL or state-court cases.

       9.     Additional depositions of corporate and third party witnesses.

       10.    Rule 26 expert disclosures and expert depositions.

       11.    Discovery related to ESI preservation issues.

///

///

**V.      Issues to be Briefed.**

      **A.      Lehmann Report.**

      Defendants shall file a motion for protective order with respect to the Lehmann Report, including evidentiary material, by **November 30, 2015**.  Plaintiffs shall file a response, including evidentiary material, by **December 18, 2015**.  Defendants shall file a reply by **January 8, 2016**.  The parties' briefs should address whether the Lehmann Report constitutes work product, whether an evidentiary hearing is needed, and what effect the Court's ruling should have in cases where this issue has already been decided.

      **B.      Privilege Logs.**

      By **November 13, 2015**, Defendants shall provide to Plaintiffs the current version of all privilege logs.  By the same date, Defendants shall identify for Plaintiffs all documents that previously were listed on privilege logs but subsequently were produced to Plaintiffs.  A chart showing privilege log control numbers and bates numbers of produced documents likely would be most helpful.

      Between November 13, 2015 and early January, 2016, the parties should engage in the informal privilege log exchange proposed by Defendants during the case management conference.  The purpose of this exchange will be to see if the parties can reach agreement on privilege log issues.  For purposes of the informal exchange, the parties should apply the work product law set forth in the magistrate judge's decision in the Nevada case, unless they agree upon different legal standards.  This paragraph will not preclude parties from arguing for a different legal standard if privilege log issues must be resolved by the Court.

      By **January 20, 2016**, the parties shall provide the Court with a joint report on their privilege log efforts, identifying areas of agreement and disagreement, setting forth the parties' positions on the disagreements, and proposing procedures for resolution of any remaining outstanding issues.

/ / /

/ / /

**VI.    Pleading and Filing Procedures.**

By **November 30, 2015** the parties shall provide to the Court a master complaint drafted by Plaintiffs, a master answer drafted by Defendants, and templates of short-form complaints and answers agreed upon by the parties.  The parties shall also submit to the Court a proposed case management order which provides that the master complaint and master answer will be filed in the master docket in this MDL proceeding; that new cases may be filed in the District of Arizona using the short-form complaint; that filing of a short-form complaint in the District of Arizona will not mean that the trial in that case will be held in Arizona, but instead will mean that the case will be transferred to the appropriate home district at the conclusion of this MDL; that Defendants may file a short-form answer in response to a short-form complaint; and that service of process in cases filed in the District of Arizona using the short-form complaint may be made by email on defense counsel.[1]

The parties shall include in the jointly-submitted case management order a provision identifying cases in which the master complaint and master answer will not become the operative pleadings – where the existing complaints and answers will remain the operative pleadings.  The master complaint and answer will become the operative pleadings in all other cases in this MDL.

**VII.    Handling of Advanced Cases.**

This MDL includes some cases in which discovery and motion practice has been completed.  The Court does not intend to reopen already-decided *Daubert* motions or motions for summary judgment in these cases.  The parties agree, however, that these cases should not be remanded to transferor courts at the present time.  Rather, they will remain a part of the MDL and will be considered as possible bellwether cases in the future.

---

[1] The parties should address an additional issue in their November 30 filing.  If cases are filed in Arizona under such a case management order, what is the legal basis upon which they later would be transferred to their home district?  Because they would not originally have been filed in another district, transfer under 28 U.S.C. § 1407(a) presumably would not be available.

**VIII.   Coordination with State Court Litigation.**

Plaintiffs' Lead/Liaison Counsel shall, through the Plaintiffs' Steering Committee, coordinate discovery and motion practice in this MDL proceeding with state court cases. As an immediate matter, Plaintiffs' counsel shall coordinate discovery of Hill & Knowlton with state cases.

**IX.   Next Case Management Conference.**

The Court will hold a second case management conference on **January 29, 2016 at 9:00 a.m.**  The parties should file a joint report and proposed agenda by **January 20, 2016**, identifying issues to be addressed at the conference.[2]   The purpose of the conference will be to address matters raised in the joint report and the various filings identified above.  The Court will establish a second phase of fact discovery on the basis of the parties' submissions and discussions at the case management conference.  The Court will also confer with the parties about a schedule for expert disclosures, depositions, and *Daubert* motions.  Because many of the cases in this MDL proceeding have involved no expert discovery, the Court concludes that full Rule 26 disclosures, followed by depositions and *Daubert* motions, should be conducted in this MDL.  The effect of that discovery and motion practice in cases where experts have already been disclosed will be addressed later.

**X.   Other Matters.**

A.   <u>Settlement Talks</u>.  After conferring with the parties, the Court concluded that it should not require global settlement talks at this stage of the litigation.  The number and nature of cases to be added to this MDL is yet to be determined, and the scale of this litigation will be an important factor in settlement efforts.  The Court will raise this issue with the parties in the future.

B.   <u>Discovery Disputes</u>.  The parties shall not file written discovery motions without leave of Court.  If a discovery dispute arises, the parties promptly shall contact

---

[2] Among other topics, the joint report should identify pending motions in all MDL cases and set forth the parties' recommendation as to what the Court should do with those motions.

the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the dispute during the telephone conference.[3]  Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).

C.    Briefing Requirements.  All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.  Citations in support of any assertion in the text shall be included in the text, not in footnotes.

D.    Rule 34 Responses.  Rule 34 responses shall comply with the amended Rule 34 to become effective on December 1, 2015.

Dated this 30th day of October, 2015.

David G. Campbell
United States District Judge

---

[3] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard IVC Filters Products Liability Litigation, | MDL 15-02641-PHX DGC |
| | **CASE MANAGEMENT ORDER NO. 8** |

The Court held a second case management conference with the parties on January 29, 2016.  The conference was scheduled to address a number of issues identified in Case Management Order No. 2 ("CMO 2") (Doc. 249).

**I.    Second-Phase Discovery.**

The parties have largely completed the first phase of discovery outlined in CMO 2. The Court adopts the following schedule for the second phase of discovery in this MDL proceeding.  The discovery shall include all common fact and expert issues in this  MDL, but not case-specific issues to be resolved in individual cases after remand.

A.    Fact Discovery.

The deadline for completing fact discovery, including discovery by subpoena, shall be **October 28, 2016**.  To ensure compliance with this deadline, the following rules shall apply:

1.    Depositions:  All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

        2.      Written Discovery:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

        3.      The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this order.

        B.     <u>Expert Disclosures and Discovery</u>.

        1.      Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 16, 2016.**

        2.      Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **February 3, 2017.**

        3.      Rebuttal expert disclosures, if any, shall be made no later than **March 3, 2017.**  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

        4.      Expert depositions shall be completed no later than **May 19, 2017.**

        5.      Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a

Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

6.      As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

C.      <u>Mature Cases</u>.

In CMO 4 (Doc. 363), the Court identified 13 mature cases. The Court and parties concluded at the conference that these cases should not be subject to a separate discovery track, but that some or all of them may be ready for remand before other cases in this MDL proceeding. The parties should confer and agree on additional discovery or motion practice needed for these 13 cases, and shall file a stipulation identifying the specific litigation steps to be taken with respect to these cases. The purpose will be to remand these cases as soon as reasonably possible, rather than postponing their disposition until the end of this MDL proceeding. The parties' stipulation shall be filed by **March 1, 2016**.

**II.      Bellwether Selection Process.**

The parties will confer and seek to agree on procedures to govern the selection of bellwether cases. The parties shall file a stipulation or joint submission on this issue by

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

1   **March 1, 2016.**   The submission shall include proposed forms of Plaintiffs' and

2   Defendants' fact sheets, as were previously to be submitted on January 15, 2016.  In this

3   respect, the Court grants the parties' stipulation at Doc. 436.

4   **III.   ESI and Previously Searched Custodians.**

5          The Court held an extended discussion with the parties on electronically stored

6   information ("ESI") previously produced in this case, Plaintiffs' desire for additional

7   information on the ESI, and related matters.  The Court enters the following orders.

8          A.   <u>System Architecture</u>.

9          1.   Defendants shall provide Plaintiffs, in an interview or Rule 30(b)(6)

10  deposition, information regarding Defendants' corporate structure and corporate

11  information systems.   The purpose of these disclosures will be to aid Plaintiffs in

12  understanding the locations of information relevant to this litigation.

13         2.   After obtaining this general information, Plaintiffs may conduct an

14  interview or a Rule 30(b)(6) deposition focusing on the architecture of Defendants'

15  information systems that are reasonably likely to contain information relevant to the

16  products at issue in this MDL proceeding.   The Court deems this discovery as

17  comparable to the kind of location discovery that was expressly permitted by Rule

18  26(b)(1) before December 1, 2015, and removed from the language of the rule only

19  because the Advisory Committee concluded that it was unnecessary because such

20  discovery is routinely granted.

21         B.   <u>Defendants' ESI Collection Efforts</u>.

22         1.   Defendants shall provide Plaintiffs with the following categories of

23  information in the form of interrogatory answers:  A reasonably detailed description of

24  the kinds of information defense counsel obtained from Bard witnesses interviewed as

25  part of Defendants' document and ESI collection efforts in 2005 and 2006; a reasonably

26  detailed description of update efforts Defendants have undertaken with respect to those

27  custodians; reasonably detailed information regarding steps Defendants have taken to

28  locate and produce relevant information from their shared document management

systems, including QUMAS and Master Control; all combinations of keyword search terms used by Defendants when searching for ESI, including instructions within these combinations of search terms; and any testing Defendants have done to determine whether their searches for ESI have been over-inclusive or under-inclusive.

2.      Once the foregoing information has been exchanged, the parties shall meet and confer about additional information sought by Plaintiffs. Plaintiffs shall identify, *with specificity*, the categories of additional information they seek regarding Defendants' ESI-collection efforts. If the parties are unable to agree, they shall submit to the Court a matrix that contains a separate line for each *specific* category of information Plaintiffs seek, with two columns on each line. The left column shall set forth Plaintiffs' specific information request and an explanation of why it is relevant and discoverable. The second column shall set forth Defendants' response and explanation as to why the information is not discoverable. The parties shall complete this process and, if necessary, submit the matrix to the Court by **March 18, 2016**.

C.      Preservation Discovery.

The Court concludes that it is premature for the parties to engage in discovery focused primarily on Defendants' alleged failure to preserve ESI. Thus far, there has been no demonstration that ESI has been lost. In addition, under Rule 37(e), parties should seek to find allegedly lost ESI through additional discovery efforts before a Court is to take corrective or punitive measures. If Plaintiffs later develop a good faith basis for concluding that relevant ESI has been lost and that some remedy is appropriate under Rule 37(e), they may raise the issue with the Court. This ruling does not foreclose Plaintiffs, during a deposition of a witness, from asking where information relevant to that witness's testimony is located.

**IV.    Document and ESI Discovery from New Custodians.**

A.      Defendants shall provide to Plaintiffs, in the form of interrogatory answers, the identification of employees who were involved with the Eclipse, Meridian, and Denali filters and whose documents and ESI have not yet been searched.

- 5 -

B.    With this information in hand, Plaintiffs shall identify the specific custodians from whom they seek ESI discovery using the search terms already established in prior cases, and any additional search terms upon which the parties agree. If the parties are unable to reach agreement on custodians, they shall include the specific identifications of these custodians, and the searches Plaintiffs seek with respect to the custodians, in the matrix to be provided to the Court by **March 18, 2016**.

**V.    FDA Inspection and Warning Letter.**

On or before **February 10, 2016**, the parties shall file 15-page memoranda addressing the relevancy and discoverability of information related to the FDA inspection and warning letter.  The purpose will be to aid the Court in determining whether further discovery with respect to the letter is warranted in this case.  As part of the briefing, Plaintiffs should describe the specific discovery they seek with respect to the letter.

**VI.    Discovery Regarding Recovery Cone Removal System.**

The briefing described in the preceding paragraph shall include a discussion of the Recovery Cone Removal System, why it is or is not relevant in this case, and why discovery regarding the system is or is not warranted.

**VII.    Discovery Regarding Simon Nitinol Filter.**

Plaintiffs shall identify the specific discovery they seek to take regarding the Simon Nitinol Filter ("SNF").  The parties shall meet and confer regarding this requested discovery.  If the parties are unable to reach agreement, they shall include Plaintiffs' *specific* discovery requests, and Defendants' objections, in the matrix to be filed by **March 18, 2016**, as discussed above.

**VIII.  Discovery Regarding Sales and Marketing Personnel.**

Discovery may begin with respect to Defendants' national sales and marketing practices.  If, after completion of this discovery, Plaintiffs feel that discovery is needed of Defendants' regional sales and marketing practices, they shall discuss their specific discovery requests with Defendants.  If the parties are unable to reach agreement, they shall raise this issue with the Court.  The Court will not set a deadline for this issue to be

1    raised, but it should not be raised so late in the fact discovery schedule to afford

2    insufficient time for discovery to be completed.

3    **IX.    Pending Rule 30(b)(6) Notices in Consolidated Cases.**

4          Issues regarding discovery of sales and marketing practices have been dealt with

5    above.  Discovery regarding the remaining issues in current notices – the FDA warning

6    letter, regulatory affairs and communications, and post-market surveillance and adverse

7    events reporting – should be addressed by the parties after the Court rules on the

8    discoverability of the FDA warning letter.  Existing notices are deemed moot, and may be

9    re-issued during the discovery period if warranted.  Disagreements should be brought to

10   the Court's attention.

11   **X.    Depositions of Previously-Deposed Witnesses.**

12         Defendants have noted that approximately 80 witnesses have been deposed in

13   connection with these cases before establishment of the MDL.  Defendants generally

14   oppose re-deposing these witnesses on topics already covered.  Plaintiffs agree that there

15   would be no purpose in re-asking the same questions of the same witnesses who were

16   previously deposed.  The parties have filed memoranda on the question of what discovery

17   taken in Bard filter cases before this MDL proceeding should be deemed binding in this

18   proceeding.

19         As the Court observed during the conference, this is not a matter governed by

20   Rule 32(a)(8).  That rule concerns the use of depositions in later proceedings; it does not

21   place a limit on depositions in later proceedings.  Although Rule 30(a) generally permits

22   deposition of witnesses, Rule 26(b)(2)(C) provides that the Court must limit discovery

23   "otherwise allowed by these rules" if "the discovery sought is unreasonably cumulative

24   or duplicative, or might be obtained from some other source that is more convenient, less

25   burdensome, or less expensive," or if "the proposed discovery is outside the scope

26   permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

27         The Court declined to place a numerical limit on the number of fact depositions

28   Plaintiffs may conduct in this MDL.  The Court also declined to place an hours limit on

depositions.  At the same time, the Court strongly agrees that the parties should not spend time asking the same questions of the same witnesses who have been deposed in these or previous filter cases.  The Court establishes the following procedure for resolving disagreements about whether previously-deposed witnesses may be deposed again.

A.      If Plaintiffs conclude that a previously-deposed witness should be deposed again, Plaintiffs shall provide Defendants with an explanation of why the witness should be deposed again.  Relevant reasons would include, but are not necessarily limited to, new topics that are relevant to this MDL proceeding and were not addressed in the previous deposition, or new information about topics that were addressed in the previous deposition.  Plaintiffs shall provide Defendants with an approximation of the time for the renewed deposition.  The parties shall confer in good faith to reach agreement with respect to the proposed deposition.

B.      If the parties are unable to agree, Defendants shall bear the burden of seeking a protective order under Rule 26(b)(2)(C).  Defendants shall do so by placing a joint conference call to the Court to discuss the proposed depositions.  The Court hopes the parties will be able to reach agreement on these issues and, if not, that the Court's rulings on a few depositions will provide sufficient guidance for the parties to reach agreement in the future.  The Court will consider appointment of a Special Master if the issues become too numerous, but strongly prefers not to add that additional complexity and expense to this case.

C.      The parties and the Court talked about whether "trial depositions" should be taken in this MDL.  Plaintiffs suggested that such depositions could justifiably address questions and subjects previously covered in depositions.  The Court will not authorize trial depositions at this point.  If Plaintiffs conclude at a later stage that trial depositions of some witnesses should be taken, they may raise the issue with Defendants.  The Court is reluctant, however, to adopt a procedure that will result in the re-deposition of virtually every witness previously deposed in this or related litigation solely for the purpose of capturing trial testimony.

**XI.     Discovery Regarding Kay Fuller Allegations.**

Plaintiffs may depose witnesses Edwards and Vierling in connection with Kay Fuller allegations.  With respect to other witnesses Plaintiffs seek to depose, the parties shall follow the procedures set forth in section X above.

**XII.    Early Consideration of Equitable Tolling.**

The Court and the parties discussed whether this MDL proceeding is the correct venue to address or decide equitable tolling issues.  Such issues may implicate case-specific matters such as state law, when a particular Plaintiff knew or should have known of his or her claim, and other case-specific equitable factors.  If it is possible to address this issue on an MDL-wide basis that would advance the litigation, however, it should be considered.  Defendants stated that they will discuss this issue further with Plaintiffs and bring it to the Court's attention if they wish to propose a method for considering equitable tolling in this proceeding.

**XIII.   Pending Motions in Individual Cases.**

Exhibit 7 to the parties' joint report (Doc. 451-7) identifies a number of motions pending in cases that have been transferred to this MDL.  The Court concluded that these motions should be denied without prejudice to the parties' reasserting them in the individual cases after this MDL proceeding is resolved, or asserting them as part of non-case-specific issues and motions to be resolved in this proceeding.  The Court shall deny these motions without prejudice, making reference to this Case Management Order.

**XIV.    Privilege Log Issues.**

The parties advised the Court that they may be able to reach agreement on the best method for resolving their disagreements with respect to privilege logs.  The parties shall advise the Court by **February 12, 2016**, whether they have been able to reach agreement and, if not, their recommended procedure for resolving the issues.

**XV.     ESI Protocol.**

The Court will enter the parties' stipulated order at Doc. 438.  The Court directed the parties, however, to engage in additional discussions about whether they can agree on

a stipulated order dealing with preservation, including by Plaintiffs.  The parties shall notify the Court on or before **February 12, 2016**, as to whether they have reached agreement on this issue.  If they have, they shall submit a stipulated order to the Court.

**XVI.  Next Case Management Conference.**

The next Case Management Conference will be held on **March 31, 2016 at 10:00 a.m.**  The parties shall provide the Court with a joint status report, and any issues they wish to address at the conference, by **March 25, 2016.**  The parties' submission should include a proposed agenda for the conference.

Dated this 2nd day of February, 2016.

David G. Campbell
United States District Judge

1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | MDL No. 15-02641 PHX DGC |
| | **CASE MANAGEMENT ORDER NO. 9 __** |
| | **(ELECTRONICALLY STORED INFORMATION AND DOCUMENT FORM AND FORMAT PRODUCTION PROTOCOL)** |

This Order shall govern the production of electronically stored information ("ESI") and paper ("hardcopy") documents. Subject to the protective order entered in *In re Bard IVC Filters Products Liability Litigation* (this "Action"), this Order applies to all future document productions in this Action, including all cases transferred to this Court in the original Transfer Order from the Judicial Panel on Multidistrict Litigation, those subsequently transferred as tag-along actions, and all cases directly filed in or removed to this MDL.

## I. General Provisions

### A. Scope

The procedures and protocols outlined herein govern the production of ESI and paper documents. For any other materials, the Parties shall meet and confer regarding the form and format of production for specific items or categories of items. Nothing in this protocol shall limit a party's right to seek or object to discovery as set out in applicable rules or to object to the authenticity or admissibility of any hardcopy document or ESI produced in accordance with this Order.

Case 2:15-md-02641-DGC   Document 1259   Filed 03/31/16   Page 2 of 23

**B.**     <u>Prior Productions</u>

      For purposes of this Case Management Order, the term "prior productions" means all non-case specific ESI and hardcopy documents previously produced by Defendants to Plaintiffs' Co-Lead Counsel that bear the following Bates prefixes:

- BPV-17
- BPVE
- BPVEFILTER
- BPV-CIV-COMPLAINT
- BPV-COMP
- BPV-COMP-ET
- BPV-COMP-TW
- BPV-DEP
- BPV-EXPERT DISCL
- BPV-DISCOV
- BPV-EXPERT
- BPV-TRIAL-TRANS
- BPV-TRIAL-EXHIBIT
- YH
- YORK-SUBPOENA
- BPV-INSURANCE-POLICIES
- KAUFMAN-SUBPOENA
- FDA_PRODUCTION
- BPV-HEARING-TRANS
- BPV-FULLER

**C.**     <u>Designated ESI Liaison</u>

      Each side shall designate one or more individuals as Designated ESI Liaison(s) for purposes of meeting and conferring with the other parties and of attending Court hearings on the subject of relevant ESI.  The Designated ESI Liaison shall be reasonably prepared

to speak about and to explain the party's relevant electronic systems and capabilities and the technical aspects of the manner in which the party has responded to e-discovery, including (as appropriate) relevant ESI retrieval technology and search methodology.

**D.**     **Inadvertent Production**

The inadvertent production of any material constituting or containing attorney-client privileged information or work-product, or constituting or containing information protected by applicable privacy laws or regulations, shall be governed by provisions contained in the Protective Order entered in this action.

**E.**     **Non-Discoverable ESI and Non-Readily Accessible Data Resources**

1.     The following categories of ESI are presumed to be inaccessible and not discoverable:

        a.     Deleted, "slack," fragmented, or unallocated data on hard drives;

        b.     Random access memory (RAM) or other ephemeral data;

        c.     On-line access data such as (without limitation) temporary internet files, history files, cache files, and cookies.

2.     The parties will meet and confer in good faith regarding the collection and/or production of data from these sources.

**F.**     **Meet and Confer for Disputes**

Prior to bringing any dispute regarding ESI to the Court, the parties must meet and confer in good faith in an attempt to resolve the dispute.

## II.     Electronically Stored Information

**A.**     **Production in Reasonably Usable Form**

1.     Reasonably Usable Form: The parties shall produce ESI in a reasonably usable form. Except as stated in Paragraphs B & C below or as agreed hereafter by the parties, such reasonably usable form shall presumptively be the single-page tagged image file format ("TIFF") with extracted or OCR text and associated metadata set out in Attachment A, which is incorporated in full as part of this Order. A Receiving Party may request production of specifically identified ESI, including ESI produced originally in

Case 2:15-md-02641-DSC   Document 1259   Filed 03/31/16   Page 4 of 23

TIFF form (identified by beginning and ending Bates numbers), in native form. If the Producing Party objects to production in native form, the parties shall meet and confer regarding the form of production for the specifically identified ESI. For any dispute, the Receiving Party shall bear the burden to demonstrate good cause for the production in native form and the Producing Party shall bear the burden of proving any undue hardship.

2.    <u>Redactions</u>:    The Producing Party may redact from any TIFF image, metadata field, or native file material that is protected from disclosure by an applicable privilege or immunity, HIPAA regulations, FDA regulations, or other applicable privacy law or regulation, that contains commercially sensitive, purely personal, or proprietary information not at issue in this Action, or that the Protective Order entered in this Action allows to be redacted. Each redaction shall be indicated clearly. Documents that have been redacted on the basis of attorney-client privilege, the work-product doctrine, or any other applicable legal privilege or immunity shall be identified on a party's "privilege log," with a description of the reason(s) for redaction. For all future productions, documents that are redacted on bases other than the foregoing privileges shall be identified on a separate "redaction log," with a description of the reason(s) for redaction. For all prior productions, if the basis for the redaction is not obvious from the face of the document, Plaintiffs may request that Defendants identify the basis for the redaction of a particular document. Such request must by identify the document by its beginning and ending Bates numbers. For each such request, Defendants shall provide clarification within a reasonable time after receiving the request.

3.    <u>Color Documents</u>:    Each party may make requests, for good cause, for production of specifically identified documents (i.e., identified by beginning and ending Bates numbers) in color.

**B.**    **<u>Electronic Spreadsheets, Presentations, and Multimedia Files</u>**

Electronic spreadsheets (e.g., Excel), electronic presentations (e.g., PowerPoint), and audio/video multimedia files that have been identified as responsive shall be produced in native form, unless they are authorized to be redacted in accordance with Paragraph A.2

above.  After such redactions, the Producing Party either shall produce the redacted file in the reasonably usable form set out in Attachment A or shall produce the redacted copy in native format.

**C.** **Additional Procedures for Native Form Files**

Any party seeking to use, in any proceeding in this Action, files produced in native form shall do so subject to the following: The original production number and confidentiality designation shall be stamped on each page of any TIFF image or hardcopy document representing the original native-format file.  Use of a file in native form or use of a TIFF image or hardcopy document representing the original native-form file shall constitute a representation that the file being used is an accurate depiction of the original native-form file.

**D.** **Email Threading**

1.      Email threads are email communications that contain prior or lesser-included email communications that also may exist separately in the party's electronic files.  A most inclusive email thread is one that contains all of the prior or lesser-included emails, including attachments, for that branch of the email thread.  Each party may produce (or list on any required privilege log) only the most inclusive email threads as long as the most inclusive email thread includes all non-produced emails that are part of the same string.

2.      Following production of the most-inclusive email threads, a Receiving Party may request the metadata associated with individual prior or lesser-included emails within the identified most-inclusive email threads.   The Producing Party shall cooperate reasonably in responding to any such requests.

**E.** **Avoidance of Duplicate Production**

"Duplicate ESI" means files that are exact duplicates using an industry-accepted file hash algorithm.  The Producing Party need produce only a single copy of responsive Duplicate ESI.  A Producing Party shall take reasonable steps to de-duplicate ESI globally (i.e., both within a particular custodian's files and across all custodians).  Entire document

families may constitute Duplicate ESI. De-duplication shall not break apart families. When the same Duplicate ESI exists in the files of multiple custodians, the Producing Party shall include with the load file for the ESI the names of all Custodians associated with the duplicate ESI.

### III.   Documents That Exist Only in Hardcopy (Paper) Form

A party may produce documents that exist only in hardcopy form either (a) in their original hardcopy form or (b) scanned and produced in TIFF form as set out in Attachment A.  If the Producing Party elects to scan and to produce hardcopy documents, the scanning must be done such that the resulting image includes all information on the original hardcopy document.  The production of original hardcopy documents in TIFF form does not otherwise require that the scanned images be treated as ESI.

Dated this 31st day of March, 2016.


_____
David G. Campbell
United States District Judge

**Attachment A:**

The following protocols apply to any ESI or hardcopy documents produced in this litigation:

(a)     Image Files:  Files produced in *.tif image form will be single page black and white *.tif files at 300 DPI, Group IV compression.  To the extent possible, original orientation will be maintained (i.e., portrait-to-portrait and landscape-to-landscape).  Each *.tif file will be assigned a unique name matching the production number of the corresponding page.  Production ("Bates") numbers shall be endorsed on the lower right corner of all images.  This number shall be a unique, consistently formatted identifier that will:

   i.  be consistent across the production;

   ii.  contain no special characters; and

   iii.  be numerically sequential within a given file.

Bates numbers should include an alpha prefix and an 8 digit number (e.g., ABC-00000001). The number of digits in the numeric portion of the Bates number format should not change in subsequent productions. Notwithstanding the foregoing, continued use of any of the following Bates prefixes shall be permitted under this Protocol:

- BPV-17
- BPVE
- BPVEFILTER
- BPV-CIV-COMPLAINT
- BPV-COMP
- BPV-COMP-ET
- BPV-COMP-TW
- BPV-DEP
- BPV-EXPERT DISCL
- BPV-DISCOV
- BPV-EXPERT

- BPV-TRIAL-TRANS
- BPV-TRIAL-EXHIBIT
- YH
- YORK-SUBPOENA
- BPV-INSURANCE-POLICIES
- KAUFMAN-SUBPOENA
- FDA_PRODUCTION
- BPV-HEARING-TRANS
- BPV-FULLER

Confidentiality designations, if any, will be endorsed on the lower left corner of all images and shall not obscure any portion of the original file

(b)    File Text:  Except where ESI contains text that has been redacted under assertion of privilege or other protection from disclosure, full extracted text will be provided in the form of a single *.txt file for each file (i.e., not one *.txt file per *.tif image).  Where ESI contains text that has been redacted under assertion of privilege or other protection from disclosure, the redacted *.tif image will be OCR'd and file-level OCR text will be provided in lieu of extracted text.  Searchable text will be produced as file-level multi-page ASCII text files with the text file named to match the beginning production number of the file.  The full path of the text file must be provided in the *.dat data load file.

(c)    Word Processing Files:  Word processing files, including without limitation Microsoft Word files (*.doc and *.docx), will be produced in *.tif image form, as described in subsection (a).  If a word processing file includes any tracked changes or comments in its native form, the *.tif image will include any tracked changes and comments.  If the Receiving Party requests the native form production of any word processing file that includes tracked changes or comments in its native form (identified by beginning and ending Bates numbers), the Producing Party shall produce the particular file in native form unless the Producing Party demonstrates that the request is

8

unreasonable or unduly burdensome. Each party may make requests, for good cause, for production of other specifically identified Word Processing Files in native format in accordance with Section II.A.1 of this Order.

(d)  <u>Presentation Files</u>:  Presentation files, including without limitation Microsoft PowerPoint files (*.ppt and *.pptx), will be produced in native form.  To the extent that such files are produced as *.tif images, in accordance with subsection (a), for purposes of redaction and such files contain comments, hidden slides, speakers' notes, and similar data, the presentation files shall be produced in the following formats: (i) first, as *.tif images of "clean" final versions of each slide (after all animations, etc.) in the presentation, and (ii) second, as *.tif images that display all comments, hidden slides, speakers' notes, and similar data in such files.  The second version shall be produced and bates labeled immediately following the "clean" version of the file.

(e)  <u>Spreadsheet or Worksheet Files</u>:  Spreadsheet files, including without limitation Microsoft Excel files (*.xls or *.xlsx), will be produced in native form.  To the extent that such files are produced as *.tif images, in accordance with subsection (a), for purposes of redaction and such files contain hidden rows, columns, and worksheets, the spreadsheet files shall be produced in the following formats:  (i) first, as *.tif images of "clean" versions of the file without hidden rows, columns, and worksheets; and (ii) second, as *.tif images that display hidden rows, columns, and worksheets, if any, in such files.  The second version shall be produced and bates labeled immediately following the "clean" version of the file.

(f)  <u>Parent-Child Relationships</u>:  Parent-child relationships (e.g., the associations between emails and their attachments) shall be preserved.  Email and other ESI attachments will be produced as independent files immediately following the parent email or ESI record.  Parent-child relationships will be identified in the data load file pursuant to Paragraph (n) below.

(g)  <u>Dynamic Fields</u>:  Where documents have an automatically updated date and time, file names, files paths, or similar information that, when processed, would be

inaccurate for how the document was used in the ordinary course of business, the Producing Party shall use best efforts to produce the document with placeholders for those fields such as: "Auto Date," "Auto File Name," "Auto File Path," or similar words that describe the automatic field.

(h)     English Language:  If no English version of a file is available, the Producing Party shall not have an obligation to produce an English translation of the data.

(i)     Embedded Objects:  Some Microsoft Office and .RTF files may contain embedded files, including but not limited to Microsoft Excel, Word, PowerPoint, Project, Outlook, Access, and PDF.  Subject to claims of privilege and immunity, as applicable, the Producing Party shall use reasonable efforts to extract as separate files those identified file types, where appropriate, and those shall be produced as attachments to the file in which they were embedded.

(j)     Compressed Files:  Compressed file types (i.e., .CAB, .GZ, .TAR. .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files.  Files included in compressed file type that are attached to another file shall be individually identified as related to the "parent" document in the data load file pursuant to Paragraph (n) below.

(k)     Encrypted Files:  The Producing Party will take reasonable steps, prior to production, to unencrypt any discoverable ESI that exists in encrypted format (e.g., because password-protected) and that can be reasonably unencrypted.

(l)     Non-Viewable Files:  During document review, certain documents are opened that are not viewable in the default HTML rendered format.  In such instances, the Producing Party shall attempt to create a TIFF image with a viewable image.  If unsuccessful, the Producing Party shall attempt to open the document with a native viewer.  If the file cannot be viewed via any of these methods, the Producing Party shall attempt to procure a replacement of the file from the original source location.  If the replacement yields the same issues, the Producing Party shall (i) identify the file in a log

Case 1:25-cv-00284-KG-KK   Document 1259   Filed 03/31/26   Page 29 of 169

of "corrupt files" to be produced to the Receiving Party and (ii) maintain the native file for request for production or review by the Receiving Party in accordance with this Order.

    (m)   Scanned Hardcopy Documents:

        i.   In scanning hardcopy documents, multiple distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hard copy documents should be logically unitized).

        ii.   If a Producing Party is requested, and agrees, to provide OCR text for scanned images of hard copy documents, OCR should be performed on a document level and be provided in document-level *.txt files named to match the production number of the first page of the document to which the OCR text corresponds. OCR text should not be delivered in the data load file or any other delimited text file. Except where hard copy documents contain text that has been redacted under assertion of privilege or other protection from disclosure, a Producing Party may not withhold from production any OCR text that the party has in its possession, custody or control for scanned images of hard copy documents that the party is producing. Where hard copy documents contain text that has been redacted under assertion of privilege or other protection from disclosure, and the Producing Party has in its possession OCR text for said documents, the redacted *tif image will be OCR'd and file-level OCR text will be provided in lieu of the original OCR text.

        iii.   In the case of an organized compilation of separate hardcopy documents -- for example, a binder containing several separate documents behind numbered tabs -- the document behind each tab should be scanned separately, but the relationship among the

11

documents in the binder should be reflected in proper coding of the family fields set out below.

(n)    <u>Production Numbers</u>:  The Producing Party shall take reasonable steps to ensure that attachments to documents or electronic files are assigned production numbers that directly follow the production numbers on the documents or files to which they were attached.  If a production number or set of production numbers is skipped, the skipped number or set of numbers shall be noted. In addition, wherever possible, each *.tif image will have its assigned production number electronically "burned" onto the image.

(o)    <u>Data and Image Load Files for ESI</u>:

    i.    <u>Load Files Required</u>:  Unless otherwise agreed, each production will include a data load file in Concordance (*.dat) format produced in ASCII and an image load file in Opticon (*.opt) format.

    ii.    <u>Load File Formats</u>:

        a)    Load file names should contain the volume name of the production media. Additional descriptive information may be provided after the volume name. For example, both ABC001.dat or ABC001_metadata.dat would be acceptable.

        b)    Unless other delimiters are specified, any fielded data provided in a load file should use Concordance default delimiters. Semicolon (;) should be used as multi-entry separator.

        c)    Any delimited text file containing fielded data should contain in the first line a list of the fields provided in the order in which they are organized in the file.

    iii.    <u>Metadata Fields to Be Included in Data Load File</u>:  For all ESI produced, the following metadata fields for each file, if available at the time of collection and processing and unless such metadata fields are protected from disclosure by attorney-client privilege or work-

12

Case 1:05-cv-00287-KG-KK   Document 1259   Filed 03/31/16   Page 13 of 16

product immunity or otherwise prohibited from disclosure by law or regulation, shall be provided in the data load file, except to the extent that a file has been produced with redactions:

 a) FileName /FILENAME

 b) DocEmailFolder/LOCATIONS

 c) CreatedDateTime

 d) DocCreatedDateTime

 e) DateRecieved/DATERCVD and TIMERCVD (email only)

 f) StartBates/BEGDOC

 g) EndBates/ENDDOC

 h) StartAttach/BEGATTACH

 i) EndAttach/ENDATTACH

 j) PageCount/PGCOUNT

 k) FileExt/DOCEXT

 l) ModifiedDate/DATELASTMOD and TIMELASTMOD

 m) DateSent/DATESENT (email only)

 n) To/TO (email only)

 o) BCC (email only)

 p) CC (email only)

 q) AttachName (email only)

 r) Hash or MD5HASH

 s) Custodian/CUSTODIAN

 t) DocLink/NATIVEFILE

 u) TextLink/TEXTFILE

 v) AuthorFrom/DOCAUTHOR

 w) TitleEmailSubject/EMAIL SUBJECT

 x) RECORDTYPE

 y) DOCTYPE

z)     DOCDATE

aa)    PARENTDATE

bb)    DATELASTPRINT and TIMELASTPRINT

cc)    ORGANIZATIONS

dd)    COMMENTS

ee)    LASTAUTHOR

ff)    REVISION.

(p)    <u>Data and Image Load Files for Hardcopy Productions</u>:

    i.     <u>Load Files Required</u>:  Unless otherwise agreed, each production will include a data load file in Concordance (*.dat) format and an image load file in Opticon (*.opt) or Ipro (*.lfp) format.

    ii.    <u>Load File Formats</u>:

        a)     Load file names should contain the volume name of the production media. Additional descriptive information may be provided after the volume name. For example, both ABC001.dat or ABC001_metadata.dat would be acceptable.

        b)     Unless other delimiters are specified, any fielded data provided in a load file should use Concordance default delimiters. Semicolon (;) should be used as multi-entry separator.

        c)     Any delimited text file containing fielded data should contain in the first line a list of the fields provided in the order in which they are organized in the file.

    iii.   <u>Fields to Be Included in Data Load File</u>:  For all hardcopy documents produced in *.tif format, the following fields, if available, shall be provided in the data load file:

        a)     StartBates

        b)     EndBates

14

c)   StartAttach

d)   EndAttach

e)   Custodian

(q)   <u>Files Produced in Native Format</u>:  Any electronic file produced in native file format shall be given a file name consisting of a unique Bates number and, as applicable, a confidentiality designation; for example, "ABC00000002_Confidential."   For each native file produced, the production will include a *.tif image slipsheet indicating the production number of the native file and the confidentiality designation, and stating "File Provided Natively." To the extent that it is available, the original file text shall be provided in a file-level multi-page UTF-8 text file with a text path provided in the *.dat file; otherwise the text contained on the slipsheet shall be provided in the *.txt file with the text path provided in the *.dat file.

(r)   <u>Production of Media</u>:  Unless otherwise agreed, documents and ESI will be produced on optical media (CD/DVD), external hard drive, secure FTP site, or similar electronic format. Such media should have an alphanumeric volume name; if a hard drive contains multiple volumes, each volume should be contained in an appropriately named folder at the root of the drive.  Volumes should be numbered consecutively (ABC001, ABC002, etc.).  Deliverable media should be labeled with the name of this action, the identity of the Producing Party, and the following information: Volume name, production range(s), and date of delivery.

(s)   <u>Encryption of Production Media</u>:  To maximize the security of information in transit, any media on which documents or electronic files are produced may be encrypted by the Producing Party.  In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party, under separate cover, contemporaneously with sending the encrypted media.

5184438v3/26997-0001

15

Case 1:20-cv-00297-KG-KK   Document 123-9   Filed 04/01/20   Page 34 of 229

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
|---|---|
|  | **CASE MANAGEMENT ORDER NO. 10** |

     The Court held a third case management conference with the parties on March 31, 2016.  The conference was scheduled to address ongoing matters and a number of issues identified in Case Management Order No. 8 ("CMO 8") (Doc. 519).

**I.**    **Second Phase Discovery.**

     A.    <u>Fact Discovery</u>.

     Fact discovery is under way.  The parties reported that they have scheduled seven depositions and are in the process of scheduling more.  The parties also continue to discuss a number of discovery issues that will be addressed later in this Order.  The parties are encouraged to continue exchanging relevant information on discovery topics on which they agree, even if other issues need to be presented to the Court.

     The Court asked the parties whether special deposition scheduling is needed, such as blocking out specific weeks for depositions and double-tracking or triple-tracking depositions.  Counsel stated they do not believe such deposition scheduling is needed at this time.  The parties should provide an update on this issue in the status report to be filed before the next case management conference.

        B.      <u>Mature Cases</u>.

        Case Management Order No. 4 (as amended) identifies 13 mature cases that are not governed by the Master Complaint and Master Responsive Pleading and that are not generally subject to ongoing discovery.  After further discussion, the parties have agreed that the *Conn*, *Milton*, and *Mintz* cases identified in Case Management Order No. 4 (Doc. 1108) should no longer be treated as mature cases.  Rather, they will be treated as all other cases in this MDL.  The remaining 10 cases identified in CMO 4 will continue to be treated as mature cases under that CMO.  The parties should address these cases in the joint status report they file before the next case management conference, and particularly when these cases will be ready for remand.

**II.     Bellwether Selection Process.**

        Consistent with the direction in CMO 8, the parties have addressed an appropriate bellwether selection process.  They have submitted a stipulation related to the process (Doc. 923), and a stipulation regarding fact sheets to be exchanged during the process (Doc. 1153).

        The Court discussed the proposed procedures and fact sheets with the parties, making some suggestions for modifications.  The parties will make modifications to their stipulations and, by **April 15, 2016**, provide the Court with a stipulated case management order to govern the bellwether selection process and fact sheets.

        As part of this work, the parties will provide the Court with a stipulated order regarding the collection of records.  This stipulated order will be provided by **April 15, 2016**.

        While discussing the bellwether process, the Court discussed the issue of *Lexecon* waivers.  The parties will confer to see if they can agree on a procedure for dealing with *Lexecon* waivers.  Plaintiffs' counsel are of the view that such issues should be addressed up front so as not to interfere with the selection of cases after much work has been invested in the bellwether pool.  Defense counsel does not disagree, but expressed concern about choosing the Bellwether pool solely from cases in which Plaintiffs have

agreed to waive *Lexecon*. The Court described for the parties the approaches taken in a number of other MDL cases. The parties will confer to see if they can reach agreement. The Court will also do inquire further into cross-designations for trials in transferor districts under 28 U.S.C. § 292(b) and (d).

## III.   ESI and Previously Searched Custodians.

The parties have filed a joint motion to extend the deadline in CMO 8 for presenting a matrix to the Court outlining ESI disagreements. Doc. 1151. The motion notes that the parties have been working on this issue diligently, and requests a new deadline for submitting disagreements to the Court by **May 16, 2016**. The Court will grant the joint motion, but advised the parties that it will not be inclined to grant additional extensions. ESI issues need to be resolved soon. ESI production and review tends to take a significant amount of time, and if ESI issues are not resolved soon, there may be too little time remaining in the discovery schedule for a thorough production and review of ESI. The parties will also continue to address the issue of new custodians (CMO 8, § IV) and submit any disagreements to the Court, in a matrix, by **May 16, 2016**.

## IV.   FDA Inspection and Warning Letter.

The Court has reviewed the memoranda and other materials provided by the parties with respect to discovery related to the FDA warning letter. *See* Docs. 693, 697, 850, 989, 1152. The Court provided initial feedback on the issues raised. The Court views discovery related to under-reporting or non-reporting of problems with retrievable filters to be clearly relevant to this case. Actual failure rates will be relevant to Plaintiffs' negligence and product defect claims. Evidence regarding representations made by Defendants concerning failure rates will be relevant to Plaintiffs' claims for fraud and misrepresentation. The Court does not view discovery on these issues to be disproportionate in light of the factors set forth in Rule 26(b)(1).

At the same time, the Court sees little relevancy in the Recovery Cone issues. The Recovery Cone has always been available for retrieval of Defendants' filters, the FDA has now approved use of the Recovery Cone, and no claim in this case is based on

1    alleged defects in the Recovery Cone.  Defendants have offered to produce Ms. Edwards

2    for a deposition on the Recovery Cone issue, and the Court agrees, but the Court believes

3    that other discovery is not warranted.

4         In addition to this guidance, the Court noted that the three or four employees who

5    report to Chad Modra should be deposed.  They appear to have relevant information.

6         With this feedback in hand, the parties are to discuss the specific discovery

7    requests of Plaintiffs with respect to the under-reporting issue.  If they are unable to reach

8    agreement on appropriate discovery, the parties should provide the Court with a matrix

9    setting forth their specific areas of disagreement by **April 15, 2016**.

10   **V.    Discovery Regarding Simon Nitenol Filter ("SNF").**

11        The Court has reviewed the matrix provided by the parties on this issue.

12   Doc. 1161.  The Court provided guidance during the case management conference.

13        The Court does not believe that discovery related to the design or testing of the

14   SNF is relevant to this case.  Plaintiffs do not contend that the SNF is defective.  To the

15   contrary, they intend to argue that the SNF was a safe and effective product, that

16   retrievable filters were less safe, and that Defendants made misrepresentations to the

17   FDA and the public when they asserted that the retrievable filters were substantially

18   equivalent to the SNF or as safe as the SNF.  In light of these positions, the actual design

19   and testing of the SNF will not be at issue in this case.

20        The Court also concludes, however, that sales and marketing materials related to

21   the SNF, documents comparing filter performance and failure rates to the SNF, and

22   internal communications on these subjects are relevant.  At the same time, it would be

23   unduly burdensome to require Defendants to produce every document related to sales and

24   marketing of SNF over its 20-plus year life, or every communication related to that

25   subject.  The Court instructed the parties to confer and attempt to reach agreement on

26   appropriate discovery with respect to these subjects.  If the parties are unable to agree,

27   they should include this subject in the matrix to be submitted to the Court on

28   **April 15, 2016**.  Plaintiffs should be precise in the discovery they seek so that the matrix

will be as focused as possible.

The parties have reached agreement on regulatory communications relating to the SNF. Defendants will be providing discovery on this issue.

## VI. Depositions of Previously Deposed Witnesses.

The parties are in the process of negotiating a deposition protocol for the case. This protocol presumably will include agreement on depositions of previously deposed witnesses and witnesses related to the Kay Fuller issue. The parties will provide a stipulated deposition protocol to the Court by **April 15, 2016**.

## VII. Privilege Log Issues.

The Court appreciates the parties' efforts to resolve privilege log issues. The Court has reviewed the status reports provided by the parties (s*ee* Docs. 705, 984), as well as Plaintiffs' motion to compel (Doc. 1214).

The parties have been unable to reach agreement on 133 documents identified during their first sampling effort. Plaintiffs have filed a motion to compel with respect to these documents (Doc. 1214) that identifies several specific legal issues and attaches a spreadsheet identifying the documents and setting forth a summary of Plaintiffs' position with respect to each document. Rather than simply completing the briefing on this issue, the Court directed the parties to take the following steps.

By the close of business on **April 4, 2016**, Plaintiffs shall identify for Defendants the specific legal issues addressed in Plaintiffs' motion to compel.[1] In addition, with respect to each of these issues, Plaintiffs shall identify three documents from among the 133 documents still in dispute.

By **April 11, 2016**, Defendants shall file a memorandum with the Court addressing the specific legal categories identified by Plaintiff. Defendants shall set forth their legal arguments on each of these issues. On the same day, Defendants shall provide Plaintiffs with the identification of two additional documents for each of the legal

---

[1] The Court sees discrete issues in the following sections of Plaintiffs' motion: IV.B.1, IV.B.2, IV.B.3.a, IV.B.3.b, IV.B.3.c, IV.B.3.d, IV.B.3.e, and IV.C, but Plaintiffs are free to narrow the list.

categories, chosen from the 133 documents in dispute, as well as a draft matrix setting forth Defendants' arguments (in summary form – the memoranda need not be repeated) with respect to the five documents chosen by the parties for each legal category.

By **April 22, 2016**, Plaintiffs shall file a reply memorandum which addresses the specific legal issues identified for Defendants on April 4, 2016.  Plaintiffs shall attach to the memorandum the matrix which sets forth, in summary form, the parties' respective arguments with respect to the five documents chosen for each of the legal issues addressed in the briefing.  Plaintiffs' counsel shall provide defense counsel with a draft of the matrix two days before this filing so that defense counsel can make any needed adjustments to their section of the matrix.  On **April 22, 2016**, Defendants shall provide the Court with *in camera* copies of the documents listed in the matrix.

The Court will enter an order on the legal issues and the five documents chosen for each issue.  The intent will be to provide guidance to the parties concerning the Court's view of privilege and work product issues, hopefully to help the parties in resolving additional disagreements.

The Court and parties also discussed part B of the parties' joint report.  Doc. 705.  The Court directed the parties to engage in the process described in part B, but only with respect to Plaintiffs' seven proposed categories.  The Court sees no purpose in addressing Bard's proposed categories.  The Court agrees that the parties should provide a joint report to the Court by **May 27, 2016**, describing their progress and the number of documents that remain in dispute.  If the number is large, the Court most likely will appoint a special master to work with the parties in resolving the privilege log issues.

**VIII.  Equitable Tolling.**

Defendants have filed a brief on this issue.  Doc. 1146.  The parties will brief this issue under the time limits set forth in the relevant rules.  The Court will rule on it in due course.

**IX.   Next Case Management Conference.**

The next Case Management Conference will be held on **June 22, 2016 at**

1   **10:00 a.m.**   The parties shall provide the Court with a joint status report on issues

2   mentioned in this order and any issues they wish to address at the conference by

3   **June 15, 2016**.  If issues arise in the meantime that require prompt decision, the parties

4   should place a conference call to the Court.

5          Dated this 1st day of April, 2016.

6

7

8

9   _____

10                        David G. Campbell
                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
|---|---|
| | **CASE MANAGEMENT ORDER NO. 12** |
| | **(Joint Record Collection)** |

Based upon the stipulation and agreement of the parties (Doc. 1470),

**IT IS ORDERED** as follows:

1.      The parties to this litigation have jointly agreed to use The Marker Group, Inc. ("Marker") to collect medical, insurance, Medicare, Medicaid, prescription, Social Security, workers' compensation, and employment records for individual plaintiffs from third-parties designated as custodians for such records by Plaintiffs or Defendants C.R. Bard, Inc. and Bard Peripheral Vascular ("Bard").

2.      All plaintiffs who are included in the PFS/DFS Group 1 of the Bellwether process (as set forth in Case Management Order No. 11, Doc. 1662) must complete, date, and execute the agreed upon forms of party authorizations attached to this Order as Exhibit A (the "Authorizations").  Those plaintiffs may not object to the form, execution, or issuance of the Authorizations.   In completing the authorizations, the individual plaintiff shall authorize production of records from the date five years prior to implant for all records described in the Authorizations.

3.      Each Plaintiff required to execute Authorizations under this Order must provide the original completed and executed Authorizations to Marker on the date that

his or her Plaintiff Fact Sheet ("PFS") is due to be served on Bard. Each Plaintiff must also serve copies of the same to Defendants with his or her PFS.

4. If a custodian to whom an Authorization is presented refuses to provide records in response to the Authorization, Marker will notify the parties (in accordance with its vendor agreement with the parties). The individual plaintiff's attorney shall attempt to resolve the issue with the custodian, such that the necessary records are promptly provided. To the extent any custodian requires a release other than the Authorizations, the individual plaintiff whose records are sought must complete the custodian-specific authorization form within ten (10) days after it has been provided by Marker or Bard unless he or she objects to the form. If the individual plaintiff objects to the custodian-specific form, the parties shall meet and confer in an effort to resolve the objection.

5. Marker will send all custodians from whom records are sought the form of certificate of acknowledgment attached as Exhibit B (the "Acknowledgement"). The Acknowledgement will serve as evidence of authenticity and satisfy the requirements of authentication under Federal Rule of Evidence 901(a). All other evidentiary objections are preserved, and any party retains the right to offer proof that the certified documents are not complete or are otherwise inaccurate.

6. Marker will obtain records and host them in a secure database, accessible to Plaintiffs and Bard, according to the parties' vendor agreement with Marker. Any party may request any ancillary services from Marker at its own expense.

7. Upon receipt of records and placement into the secure database, Marker will notify designated individuals for Plaintiffs and Bard (via email) that documents have been posted for Plaintiffs' review on Marker's website. Plaintiffs shall have ten (10) calendar days after such notice from Marker (the "Review Grace Period") to review records for privilege and compliance with the applicable date range for the records. During the Review Grace Period, Plaintiffs will identify any documents for which they claim a privilege exists or that fall outside of the applicable date range for the records. In

the event that Plaintiffs' counsel in good faith finds that the volume or content of the documents posted cannot be sufficiently reviewed within the Review Grace Period, Plaintiffs will notify Bard and Marker, within the applicable Review Grace Period, of a request for extension of time to review the documents.  Thereafter, the parties will meet and confer regarding Plaintiffs' request for an extension.  If the parties are unable to agree, Plaintiffs will apply to the Court for relief during the Review Grace Period. Such application shall extend the Review Grace Period until resolution by the Court.

8.    Prior to the end of the Review Grace Period, Plaintiffs will notify Bard and Marker if they contend that there are privileged documents within the group or that there are documents that fall outside of the applicable date range for the records.

9.    Absent notification by Plaintiffs to Marker of a claimed privilege, agreement to extend the Review Grace Period, or a request for relief made to the Court within the Review Grace Period, Marker will automatically make the documents accessible to Bard on the day after the Review Grace Period ends.

10.    If Plaintiffs notify Bard of a privilege claim, Plaintiffs' counsel will produce to Bard, via email, a privilege log identifying the documents as to which privilege is asserted, the bases for the claimed privilege, and whether Plaintiffs will be producing redacted versions of any of the documents within five (5) business days of the notice.  Plaintiffs will contemporaneously produce to Marker any redacted documents and instruct Marker in writing to either make the redacted documents available to both parties on Marker's website or to withhold from Bard the entire set or portion of records based upon Plaintiffs' claim of privilege until further notice.

11.    In the event that Plaintiffs inadvertently fail to claim a legal privilege they contend attaches to any record, Plaintiffs shall request a clawback of those documents by Bard, meet and confer with Bard counsel regarding those documents, and, if the parties agree, direct Marker to destroy the designated records.

12.    If Plaintiffs notify Bard of a claim that certain documents fall outside of the applicable date range for the records, Plaintiffs' counsel will produce to Bard, via email,

a log identifying all such documents (including their dates). Plaintiffs will contemporaneously instruct Marker in writing to withhold those documents from Bard until further notice based upon Plaintiffs' claim that they fall outside of the applicable date range for such records.

13.     The parties will meet and confer on any claims that documents are privileged or fall outside of the applicable date range for the records, and if not resolved, and if not resolved, place a joint call to the Court to seek resolution of the issue.

14.     Bard will pay the total costs associated with records collection from each custodian, including the records-copying and provision charges from the custodians and Marker's collection service fees. Plaintiffs may download collected records from the repository by paying Marker's fees for a copy of those records without contributing to the costs incurred by Bard to obtain the records from custodians.  In the event that Bard believes that Plaintiffs' downloading of records exceeds that which the parties contemplated in agreeing to this Order, Bard may meet and confer with Plaintiffs' Co-Lead Counsel. If the parties cannot resolve the dispute, they shall contact the Court on how to resolve the issue.

15.     Any party may choose to discontinue the use of the joint vendor, Marker, at any time upon thirty (30) days' notice to the other parties.  The withdrawing party will remain responsible for the costs of any records ordered prior to the withdrawal to the extent otherwise required by this Order.

16.     Each party retains the right to issue subpoenas and to employ other means for discovery if required by any custodian to obtain records.

Dated this 5th day of May, 2016.


_____
David G. Campbell
United States District Judge

EXHIBIT A

**AUTHORIZATION TO DISCLOSE EMPLOYMENT INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing employment information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, worker's compensation files; all hospital, physician, clinic, infirmary, nurse, dental records; test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; and any other records concerning employment with the above-named entity. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

[Plaintiff]
_____
Name of Employee

_____
Former/Alias/Maiden Name of Employee

_____
Employee's Date of Birth

_____
Employee's Social Security Number

_____
Employee's Address

_____
Signature of Employee or Employee Representative

_____
Date

_____
Name of Employee Representative

_____
Description of Authority

**AUTHORIZATION TO DISCLOSE INSURANCE INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing health or disability insurance information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians', hospital, dental reports, prescriptions, correspondence, test results, radiology reports and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc.

[Plaintiff]
_____
Name of Individual

_____
Former/Alias/Maiden Name of Individual

_____
Individual's Date of Birth

_____
Individual's Social Security Number

_____
Individual's Address

_____
Signature of Individual or Individual Representative

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

## AUTHORIZATION TO DISCLOSE MEDICAID INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing Medicaid information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all Medicaid records, including explanations of Medicaid benefit records and claims records; any statements, communications, pro reviews, denials, appeals, correspondence, reports, questionnaires or records submitted in connection with claims; all reports from physicians, hospital, dental providers, prescriptions; correspondence, test results and any other medical records; records of claims paid to or on the behalf of **[Plaintiff]**; records of litigation and any other records of any kind. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to** Nelson Mullins Riley & Scarborough, LLP **and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

[Plaintiff]
_____
Name of Individual

_____
Former/Alias/Maiden Name of Individual

_____
Individual's Date of Birth

_____
Individual's Social Security Number

_____
Individual's Address

_____
Signature of Individual or Individual Representative

_____
Date

_____
Name of Individual Representative

_____
Description of Authority

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

I, the undersigned, hereby authorize and request the Custodian above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all medical records, since **[Date]**, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all medical records, physician's records, surgeon's records, pathology/cytology reports, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records, copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films and of any corresponding reports, all pathology/cytology specimens, slides, wet tissue, tissue blocks, pathology/cytology reports and requisition records, and any other materials in its possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatments or procedures. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040 except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).
- The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.
- The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.
- The individual signing this authorization expressly authorizes the above-named entity to disclose HIV/AIDS records and information to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc., and authorizes re-disclosure of said records and information to consultants, experts, agents, and/or other counsel in this litigation.
- The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.
- This authorization shall expire within 1 year from the date of execution.
- This authorization does NOT authorize the requesting party (Nelson Mullins Riley & Scarborough, LLP, The Marker Group, Inc. or their agents) to discuss the patient's care, treatment or prognosis with recipient of this authorization.

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

[Plaintiff]
_____
Name of Patient

_____
Signature of Patient or Individual Representative

_____
Former/Alias/Maiden Name of Patient

_____
Date

_____
Patient's Date of Birth

_____
Name of Patient Representative

_____
Patient's Social Security Number

_____
Description of Authority

_____
Patient's Address

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION
### SPECIFIC AUTHORIZATION FOR RELEASE OF INFORMATION PROTECTED BY STATE OR FEDERAL LAW

In addition to the authorization and other provisions contained above, hereby incorporated by reference, I authorize: (i) the release of data and information to Nelson Mullins Riley & Scarborough LLP and/or to The Marker Group, Inc.; and (ii) Nelson Mullins Riley & Scarborough LLP and/or to The Marker Group, Inc.'s re-disclosure of the data and information to its consultants, experts, agents, and/or other counsel; any and all data, notes, records, reports, and/or any other documents and information relating to:

__ 1. Substance Abuse (Alcohol/Drug) __2. Mental Health (includes psychological testing) __3. HIV-related information (AIDS related testing)

This form does not authorize re-disclosure of medical information beyond the limits of this consent. Where information has been disclosed from records protected by federal law for alcohol/drug abuse records or by state law for mental health records, federal requirements (42 C.F.R. Part 2) and state requirements prohibit further disclosure without specific written consent of the patient, or as otherwise permitted by such law and/or regulations. A general authorization for the release of medical or other information is not sufficient for these purposes. Civil and/or criminal penalties may attach for unauthorized disclosure of alcohol/drug abuse or mental health information. Federal regulations state that any person who violates any provision of this law shall be fined not more than $500, in the case of a first offense, and not more than $5000 in the case of each subsequent offense. Drug Abuse Office and Treatment Act of 1972 (21 U.S.C. 1175); Comprehensive Alcohol Abuse Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 (42 U.S.C. 4582).

**[Plaintiff]**

_____        _____
Name of Patient                                          Date

_____        _____
Signature of Patient or Individual Representative      Date

## AUTHORIZATION TO DISCLOSE PRESCRIPTION INFORMATION

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all prescription records, since **[Date]**, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

complete copies of all prescription profile records, prescription slips, medication records, orders for medication, payment records, insurance claims forms correspondence and any other records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall be expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040 except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**
- **This authorization does NOT authorize the requesting party (Nelson Mullins Riley & Scarborough, LLP, The Marker Group, Inc. or their agents) to discuss the patient's care, treatment or prognosis with recipient of this authorization.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

[Plaintiff]
_____          _____
Name of Patient                                          Signature of Patient or Patient Representative


_____          _____
Former/Alias/Maiden Name of Patient              Date


_____          _____
Patient's Date of Birth                                  Name of Patient Representative


_____          _____
Patient's Social Security Number                    Description of Authority


_____
Patient's Address

**AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION INFORMATION**

To:

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees of the law firm of Nelson Mullins Riley & Scarborough, LLP, and/or to The Marker Group, Inc., any and all records, since **[Date]**, containing Workers' Compensation information, including those that may contain protected health information (PHI) regarding **[Plaintiff]**, including records created after the date of signature. This authorization should also be construed to permit agents or designees of Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

> all workers' compensation claims, including claim petitions, judgments, findings, notices of hearings, hearing records, transcripts, decisions and orders; all depositions and reports of witnesses and expert witnesses; employer's accident reports; all other accident, injury, or incident reports; all medical records; records of compensation payment made; investigatory reports and records; applications for employment; records of all positions held; job descriptions of any positions held; salary records; performance evaluations and reports; statements and comments of fellow employees; attendance records; all physicians', hospital, medical, health reports; physical examinations; records relating to health or disability insurance claims, including correspondence, reports, claim forms, questionnaires, records of payments made to physicians, hospitals, and health institutions or professionals; statements of account, itemized bills or invoices; and any other records relating to the above-named individual. Copies (NOT originals) of all x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films of any corresponding reports. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall be expire two years after it is signed. A copy of this authorization may be used in place of and with the same force and effect as the original. The purpose of this authorization is for civil litigation.

NOTICE
- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to Nelson Mullins Riley & Scarborough, LLP and/or The Marker Group, Inc.; 13105 Northwest Freeway, Suite 300, Houston, TX 77040, except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**
- **This authorization shall expire within 1 year from the date of execution.**
- **This authorization does NOT authorize the requesting party (Nelson Mullins Riley & Scarborough, LLP, The Marker Group, Inc. or their agents) to discuss the patient's care, treatment or prognosis with recipient of this authorization.**

I have read this Authorization and understand that it will permit the entity identified above to disclose PHI to Nelson Mullins Riley & Scarborough, LLP and/or to The Marker Group, Inc.

[Plaintiff]
_____
Name of Individual

_____
Signature of Individual or Individual Representative

_____
Former/Alias/Maiden Name of Individual

_____
Date

_____
Individual's Date of Birth

_____
Name of Individual Representative

_____
Individual's Social Security Number

_____
Description of Authority

_____
Individual's Address

**1-800-MEDICARE Authorization to Disclose Personal Health Information**

Use this form if you want 1-800-MEDICARE to give your personal health information to someone other than you.

1. _____  _____  _____
   **Print Name**                 **Medicare Number**            **Date of Birth**
   (First and last name of the person with Medicare)  (Exactly as shown on the Medicare Card)  (mm/dd/yyyy)

2. Medicare will only disclose the personal health information you want disclosed.

   **2A: Check only <u>one</u> box below to tell Medicare the specific personal health information you want disclosed:**

   ☐ Limited Information (go to question 2b)

   ☒ Any Information (go to question 3)

   **2B: Complete <u>only</u> if you selected "limited information". Check all that apply:**

   ☐ Information about your Medicare eligibility

   ☐ Information about your Medicare claims

   ☐ Information about plan enrollment (e.g. drug or MA Plan)

   ☐ Information about premium payments

   ☐ Other Specific Information (please write below; for example, payment information)

   _____

3. **Check only <u>one</u> box below indicating how long Medicare can use this authorization to disclose your personal health information** (subject to applicable law—for example, your State may limit how long Medicare may give out your personal health information):

   ☐ Disclose my personal health information indefinitely

   ☒ Disclose my personal health information for a specified period only beginning: (mm/dd/yyyy) _____ and ending: (mm/dd/yyyy) Two years after date of signature

4. **Fill in the name and address of the person(s) or organization(s) to whom you want Medicare to disclose your personal health information. Please provide the specific name of the person(s) for any organization you list below:**

1. Name: _____ Marker Group, Inc. _____

   Address: _____ 13105 Northwest Freeway, Suite 300 _____

   _____ Houston, TX 77040 _____

2. Name: _____ Nelson Mullins Riley & Scarborough LLP _____

   Address: _____ 201 17th Street NW, Suite 1700 _____

   _____ Atlanta, GA 30363 _____

3. Name: _____

   Address: _____

   _____

5. 
   **I authorize 1-800-MEDICARE to disclose my personal health information listed above to the person(s) or organization(s) I have named on this form. I understand that my personal health information may be re-disclosed by the person(s) or organization(s) and may no longer be protected by law.**

   _____     _____     _____
   Signature                      Telephone Number           Date (mm/dd/yyyy)

   Print the address of the person with Medicare (Street Address, City, State, and ZIP)

   _____

   _____

   ☐ Check here if you are signing as a personal representative and complete below. Please attach the appropriate documentation (for example, Power of Attorney). This <u>only</u> applies if someone other than the person with Medicare signed above.

   Print the Personal Representative's Address (Street Address, City, State, and ZIP)

   _____

   _____

   Telephone Number of Personal Representative: _____

   Personal Representative's Relationship to the Beneficiary: _____

6. **Send the completed, signed authorization to:**

Medicare BCC, Written Authorization Dept.
PO Box 1270
Lawrence, KS 66044

7. **Note:**

You have the right to take back ("revoke") your authorization at any time, in writing, except to the extent that Medicare has already acted based on your permission. If you would like to revoke your authorization, send a written request to the address shown above.

Your authorization or refusal to authorize disclosure of your personal health information will have no effect on your enrollment, eligibility for benefits, or the amount Medicare pays for the health services you receive.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is **0938-0930**. The time required to complete this information collection is estimated to average **15 minutes** per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, 7500 Security Boulevard, Attn: PRA Reports Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information

---

<u>Instructions for Using this Form</u>

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

NOTE: Do not use this form to:

- Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or

- Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

<u>How to Complete this Form</u>

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

- Fill in the name and address of the individual (or organization) to whom you want us to release your information.

- Indicate the reason you are requesting us to disclose the information.

- Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

- You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

- If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the <u>Paperwork Reduction Act of 1995</u>. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TTY 1-800-325-0778). *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send <u>only</u> comments relating to our time estimate to this address, not the completed form.*

---

Form SSA-3288 (07-2010) EF (07-2010) Destroy Prior Editions

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security Administration

_____      _____      _____
*Name                                       *Date of Birth                            *Social Security Number

I authorize the Social Security Administration to release information or records about me to:

**\*NAME**                                              **\*ADDRESS**

Marker Group, Inc.                               13105 Northwest Freeway, Suite 300
_____             _____

_____             Houston, TX 77040
                                                          _____

Nelson Mullins Riley & Scarborough LLP      201 17th Street, NW, Suite 1700, Atlanta, GA 30363

**\*I want this information released because:**   Litigation
*There may be a charge for releasing information.*       _____

                                                          _____

**\*Please release the following information selected from the list below:**
*You must check at least one box.  Also, SSA will not disclose records unless applicable date ranges are included.*

☐ Social Security Number

☐ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
*If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete medical records from my claims folder(s)

☒ Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)

Disability claims of any sort, including but not limited to, statements, applications, disclosures, correspondence, notes,
settlements, agreements, contracts or other documents in the file from _____ - Present

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor,
or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury in accordance with 28
C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying
statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who
knowingly or willfully seeking or obtaining access to records about another person under false pretenses is
punishable by a fine of up to $5,000.  I also understand that any applicable fees must be paid by me.

\*Signature: _____     \*Date: _____

Relationship *(if not the individual):* _____     \*Daytime Phone: _____

Form SSA-3288 (07-2010) EF (07-2010)

# EXHIBIT B

| RECORDS PERTAINING TO: | **Patient Name** |
| AKA: | |
| DOB: | **M/D/YYYY** |
| SSN: | **XXX-XX-3421** |
| SCOPE: | **any and all medical records.** |

******** **AFFIDAVIT FOR CERTIFICATION OF RECORDS** ********

My name is _____ and I am personally acquainted with the facts herein stated:

I am the Custodian of Records of **{Location Name}**. The _____ page(s) attached to this Affidavit are true and accurate reproductions and copies of all of the records held by this office. These records are kept by our facility in the regular course of business, and it was in the regular course of business for an employee or representative of our facility with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the records or to transmit information thereof to be included in such record; and the record was made at or near the time of the act, event, condition, opinion or diagnosis. The records attached hereto are the original or exact duplicates of the original.

_____   I have released an exact duplicate of the original records as requested, including but not limited to all medical records, third party records and any other written materials in my possession relating to any and all medical diagnoses, medical examinations, medical and surgical treatment or procedures, attached hereto.

_____   I have omitted or redacted the following information and/or documents from the copy of records attached:
_____
_____

_____   I have omitted or redacted the above-listed information and/or documents from the copy of records attached hereto for the following reasons:
_____
_____

**We normally destroy records after _____ years.**
I declare under penalty of perjury that the foregoing is true and correct. Executed on _____.

_____
Custodian of Records

******** **NO RECORDS CERTIFICATION** ********

My name is _____ and I am personally acquainted with the facts herein stated:

I am the Custodian of Records of **{Location Name}**.

A thorough search of both our active and archived files, carried out under my direction revealed no documents, records or other materials called for in the authorization, for the following reason:

[   ]   All records for the time period in question have been destroyed in accordance with our document retention policy. We normally destroy records after _____ years.

[   ]   A thorough search of both our active and archived files has been performed and no such records were found.

[   ]   Other: _____

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____.

_____
Custodian of Records

Order No. XXXXXX-XX

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE: Bard IVC Filters Products Liability Litigation,

No. MDL 15-02641-PHX DGC

**CASE MANAGEMENT ORDER NO. 13**

The Court held a fourth Case Management Conference with the parties on June 21, 2016. The conference was scheduled to address ongoing matters and a number of issues identified in Case Management Order No. 10 (Doc. 1319).

**A.     ESI Discovery.**

The Court addressed the discovery dispute identified in the parties' matrix regarding ESI discovery and custodians. Doc. 1756. The parties have made considerable progress in agreeing on custodians to be searched or revisited, and the development of search terms. After considering arguments from the parties about the matrix dispute, the Court concluded that Defendants' ESI searches should include the regional sales managers identified in the matrix. *See* Doc. 1756 at 5. The Court is persuaded that these regional sales managers had direct responsibility for Defendants' sales force throughout the nation and likely will possess relevant information.

**B.     FDA Warning Letter.**

The Court addressed issues raised by the parties in a matrix of disputes related to the FDA warning letter. Doc. 1471. The first, second, and fourth issues raised in the matrix (Plaintiffs' deposition request no. 7, Plaintiffs' deposition request no. 8, and Plaintiffs' request for production no. 35) concern discovery of internal communications

related to the FDA warning letter and related actions. Counsel advised the Court that Defendants have agreed to include in the ESI discovery search 11 of the 17 individuals identified by Plaintiffs, and that the parties will continue discussing the remaining six individuals Plaintiffs have identified. As a result, the parties agreed that the Court need not rule on this issue.

The Court addressed the fourth dispute (Plaintiffs' request for production no. 26) regarding Plaintiffs' request for the complete employment files of Messrs. Modra, Uebelocker, Wheeler, and Ludwig. After listening to the parties' arguments, the Court concluded that Defendants need not produce the entire employment files for these individuals. But Defendants shall produce, under the protective order, documents from the files relating to any internal discipline, reprimands, adverse consequences, negative employment reviews, or comparable information, taken against any of these four individuals on the basis of under-reporting or non-reporting addressed in the FDA warning letter.

The final issue raised in the matrix concerned Plaintiffs' request for the "files" of Messrs. Ring, Williamson, and Gaede related to the FDA investigation and warning letter. Defense counsel have agreed to produce ESI from Messrs. Williamson and Gaede, and the parties are discussing the production of ESI from Mr. Ring. The Court concluded that Plaintiffs' request for the "files" of these individuals is vague and imprecise. Plaintiffs should craft more specific requests for production. The Court agreed that ESI to or from these individuals related to the FDA warning letter is relevant and should be produced, but further production will depend on Plaintiffs' issuance of more precise document requests.

**C.    Deposition Protocol.**

The Court reviewed the deposition protocol submitted by the parties. Doc. 1472. The Court will make some minor modifications and issue the protocol shortly.

**D.    Confidentiality Designations.**

The parties' joint report for the status conference (Doc. 1756) noted that Plaintiffs

1    disagree with confidentiality designations Defendants have applied to some documents

2    under the Court's protective order.  Plaintiffs have been identifying the designations with

3    which they disagree, pursuant to paragraph 22 of the protective order, and asked whether

4    the Court wishes to rule on these disagreements now or later in the litigation.  The Court

5    directed the parties to raise these issues later in the litigation, when documents are to be

6    used in connection with dispositive motions.  At that point in the case, a different

7    standard for protection of information will apply and the Court's decision will be

8    informed by the nature of the dispositive motions being filed by each side.  In the

9    meantime, if a confidentiality designation creates problems in discovery, the parties

10   should call the Court immediately for a resolution.

11   **E.**    **Discovery Schedule.**

12           The Court discussed the existing October 28, 2016 fact discovery deadline with

13   the parties.  *See* CMO 8, Doc. 519.  Both sides stated that discovery was proceeding well

14   and that the deadline does not present concerns.

15   **F.**    **Mature Cases.**

16           The Court requested an update on the 10 mature cases that are likely to be

17   remanded before other cases in this MDL.  *See* Doc. 1485 at 2.  In the joint report to be

18   filed before the next Case Management Conference, the parties should address these

19   cases and identify projected dates by which they will be returned to their original

20   districts.

21   **G.**    **Recently Filed Class Action.**

22           The parties advised the Court that Plaintiffs' counsel recently have filed a medical

23   monitoring class action, which was assigned to this Court.  *See Barraza, et al. v. CR*

24   *Bard, Inc.*, *et al.*, Case No. CV-16-1374-PHX-DGC (D. Ariz. May 5, 2016).  The parties

25   stipulated on the record that the class action may be consolidated with this MDL.  The

26   Court will enter a separate order consolidating the cases.  The parties also agreed that the

27   fact discovery deadline of October 28, 2016, will apply to the class action.  In the joint

28   report to be filed before the next Case Management Conference, the parties shall provide

1    the Court with a proposal regarding the remaining litigation schedule for the class action.

2    Specifically, the parties should address when a motion for class certification will be filed,

3    what expert discovery is needed before that motion is filed, and whether other deadlines

4    in the MDL, such as the deadlines for disclosure of merits-related expert reports, will

5    apply in the class action.

6    **H.**     **Next Case Management Conference.**

7            The Court will hold the next Case Management Conference on **August 23, 2016**

8    **at 10:00 a.m.**   The parties shall provide the Court with a joint status report on issues

9    mentioned in this Order and any issues they wish to address at the conference on or

10   before **August 17, 2016**.

11           Dated this 21st day of June, 2016.

_____
David G. Campbell
United States District Judge

1
2
3
4
5
6                  IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8  IN RE:  Bard IVC Filters Products Liability        No. MDL 15-02641-PHX DGC
   Litigation,
9                                                     **CASE MANAGEMENT ORDER
10                                                    NO. 14**
   **THIS DOCUMENT RELATES TO:**
   **ALL CASES**
11                                                    **(Deposition Protocols)**
12

13

14          Pursuant to the parties' stipulation (Doc. 1472),

15          **IT IS ORDERED** that the following deposition protocols shall be followed in

16  depositions conducted in the above-referenced MDL.

17  A.     Deposition Notices

18          1.      This Order applies to all depositions in MDL-2641, which will be noticed

19  and conducted pursuant to Fed. R. Civ. P. ("FRCP") 30 and this Order.

20          2.      This Order, in its entirety, shall be attached to any non-party subpoena or

21  deposition notice.

22  B.     Cross-Notices Between State Court Cases and These Proceedings

23          Any depositions originally noticed in this MDL may be cross-noticed in any state

24  court cases pending at the time of the deposition.

25  C.     Number of Depositions Allowed

26          Any Federal Rule of Civil Procedure and/or Local Rule purporting to limit the

27  number of depositions shall not apply in this MDL proceeding.  If either side believes

28  that the other is taking unnecessary or irrelevant depositions they may bring the issue to

the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement.

D.    Scheduling of Depositions

    1.    Absent extraordinary circumstances, counsel shall cooperate with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations in accordance with the schedule established in this case.

    2. Lead and Liaison Counsel shall be responsible for providing posted notice of any deposition in this MDL to counsel.

E.    Location of Depositions

    The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the place of residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

F.    Attendance at Deposition

    1.    In order to arrange for adequate deposition space, counsel wishing to attend in person a deposition noticed in MDL-2641 shall provide notice to Plaintiffs' Co-Lead Counsel or Defendants' Lead Counsel of their intention to attend in person three days in advance of the deposition. Plaintiffs' Co-Lead Counsel and Defendants' Lead Counsel shall consult two days prior to the deposition to ensure that there is adequate space for the deposition.

    2.    In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify the party noticing the deposition (either Plaintiff' Co-Lead Counsel or Defendants' Lead Counsel) two days in advance of the start of the deposition and make the arrangements necessary to participate in the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Order in this case and agree not to re-record the deposition, by video or audio means.

3.     While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded whether in person or telephonically.

G.     <u>Conduct of Depositions</u>

1.     There should ordinarily be no more than two examining attorneys per side, who shall confer prior to the deposition regarding the allocation of time to question. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time. Under no circumstances will Plaintiffs' failure to allocate time among themselves (or to enforce such an allocation during the deposition) result in the extension of a deposition.

2.     All deposition objections are reserved, except as to the form of the question and the answer. Counsel shall otherwise comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. An objection by one party reserves the objection for all parties.

H.     <u>Duration and Time Allocation of Deposition</u>

1.     The time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in the MDL unless the parties agree to a different time limitation in the MDL or the Court establishes a different time limitation in this Order or for a particular deposition or depositions. The Parties shall negotiate in good faith regarding any request by any Party for an extended length of time for a particular deposition.  If the Parties cannot agree on the length of a deposition, a Party may move for an extension of the seven hour limit; provided that in no event may a deposition last more than seven hours in a given day absent agreement of counsel or order of this Court.

2.     The party noticing the deposition of an opposing party, its officers, present employees, present agents, and present consultants shall be entitled to the full time allowed under Fed. R. Civ. P 30(d)(1).  The deposed party (or party whose officers, employees, or agents are deposed) may extend the deposition beyond the time allowed under Fed. R. Civ. P 30(d)(1) in order to examine the witness; however, the noticing

party shall presumptively be entitled to an additional amount of deposition time equal to half the time used by the extending party.

3.    For the depositions of former employees, agents, or consultants of Bard both sides shall have the opportunity to examine the witnesses on common issues for up to a total of eight (8) hours.  The deposition time shall be allocated as follows: six (6) hours to Plaintiffs, and two (2) hours to Bard.  If Bard believes unusual circumstances exist to alter the allocation of time, it shall notify Plaintiffs' Co-Lead Counsel not later than ten (10) days prior to the deposition date and the parties shall meet and confer as to whether to reallocate time and, if so, on the reallocation.

4.    For all other fact witnesses, both sides shall have equal time to examine the witnesses.

5.    Depositions should normally be completed by no later than 7:30 p.m. on the date noticed.  If for some reason the deposition cannot be completed by 7:30 p.m., the parties and the witness may agree to extend the deposition beyond 7:30 p.m.  However, if both parties and the witness are not in agreement to extend the deposition beyond 7:30 p.m., the parties and witness shall meet and confer regarding the date and time for completion of the deposition.

I.    Supplemental Depositions

Parties added to this MDL after a deposition has been taken may, within sixty (60) days after becoming a party in this Court, request permission to conduct a supplemental deposition of the deponent. If permitted, the deposition shall be treated as the resumption of the deposition originally noticed. Supplemental depositions may not be taken without leave of court or agreement of the parties.

J.    Deposition Disputes

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to the Court by telephone. In the event the Court is not

1    available, the parties will continue with the deposition making a full reservation of rights

2    on the record concerning the dispute at issue to preserve it for a ruling by the Court at the

3    earliest possible time.

4            Dated this 21st day of June, 2016.

_____
                    David G. Campbell
                 United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 15** |

The Court held a fifth case management conference with the parties on August 23, 2016. The conference addressed ongoing matters and issues identified in Case Management Order No. 13 (Doc. 2238).

**A.      Bellwether Selection.**

The parties have made good progress in selecting bellwether cases for PFS/DFS Group 1. *See* Doc. 1662. Two Plaintiffs among the cases selected by Defendants have declined to provide *Lexecon* waivers. At the case management conference, counsel for these Plaintiffs explained the Plaintiffs' reasons for not providing waivers. After hearing the reasons, and comments by defense counsel, the Court concluded that Plaintiffs are not attempting to manipulate the bellwether selection process by strategically withholding of waivers, and that counsel for the two Plaintiffs provided colorable reasons for declining waivers. Based on these findings, the Court could identify no basis upon which to order these Plaintiffs to waive their rights under *Lexecon*. As a result, Defendants should identify two more cases and the parties should continue to follow the procedures in Case Management Order No. 11 (Doc. 1662).

**B.    ESI Discovery.**

The parties have encountered some difficulties with respect to the discovery of ESI from "shared" space on Defendants' servers and computers.  The Court expressed concern that this issue remains unresolved so late in the litigation.  To ensure that the issue is resolved promptly, the Court entered the following order.  The parties will meet (as they had already planned to do) today to address this issue.  Defense experts will be present to propose a method for locating relevant ESI on shared space.  If the parties have not reached agreement on this issue by August 30, 2016, the Court will hold a conference call on **August 31, 2016, at 10:00 a.m.**  The Court intends to appoint a Special Master if a dispute remains, and to require the Special Master to render a decision on this issue no later than September 16, 2016, so production can occur by the end of September.  If the parties reach agreement, they can simply notify the Court that a conference call is not necessary on August 31, 2016.  In all events, the Court expects Defendants to complete production of ESI from the shared space by the end of September.

The parties addressed Plaintiffs' request to obtain ESI discovery from Defendants' overseas operations.   Specifically, Plaintiffs want to obtain marketing materials or regulatory communications, from entities operating in foreign countries, that differ from marketing and regulatory statements Defendants have made in the United States.  Plaintiffs have not identified any reason to believe that such different communications have occurred, and Mr. Carr apparently testified that Defendants' marketing and regulatory communications all originate in Defendants' United States operations.  The Court is inclined to conclude that the chances of finding relevant and helpful information through such discovery are simply too remote to justify the effort required to search electronic communications in 15 to 20 overseas companies in order to find statements that might be inconsistent with the myriad marketing and regulatory communications Defendants have issued in the United States.  To ensure that the Court makes a fully-informed decision on this issue, however, Plaintiffs may file a short memorandum by the close of business on **August 25, 2016**, stating their reasons for believing either that Mr.

Carr's description is incorrect or that there is good reason to suspect that relevant information can be obtained from foreign sources without undue burden. If the Court concludes that a response is required by Defendants, the Court will order Defendants to provide that response promptly. Otherwise, Defendants need not respond, and the Court will issue a ruling on this matter.

**C.    Mature Cases.**

The parties have indicated that remand of the mature cases identified in previous Case Management Orders should await completion of expert discovery in this case because such discovery may be relevant in the trials of the mature cases. The parties asked whether any case-specific discovery should occur in this MDL with respect to mature cases, and the Court concluded that it should not. Case-specific discovery should occur after remand.

**D.    Class Action Schedule.**

The Court and the parties discussed a schedule for class certification discovery and briefing in the *Barraza* case, No. CV16-1374. The Court established a schedule that will be contained in a separately issued Case Management Order.

**E.    Beasley Deposition.**

The Court concludes that Mr. Beasley, who is a Group President at C.R. Bard, qualifies for consideration under the apex deposition doctrine. The relevant inquiry, therefore, is (1) whether he has unique, first-hand, non-repetitive knowledge of the facts at issue in this case, and (2) whether Plaintiffs have exhausted other less-intrusive discovery methods. *See Klungvedt v. UNUM Grp.*, 2013 WL 551473, at *2 (D. Ariz. Feb. 13, 2013). The parties shall file three page memoranda by the close of business on **August 26, 2016**, addressing these issues.

**F.    Multi-Plaintiff Cases.**

The Court discussed with the parties a multi-plaintiff case recently transferred to this MDL (CV16-2442), and a second multi-plaintiff case that may be transferred in the future. Defendants have filed a motion to dismiss in the recently transferred case. *See*

No. CV16-2442, Docs. 9, 10. Plaintiffs shall file a response to this motion no later than **September 2, 2016**, and Defendants shall file a reply on or before **September 13, 2016**. The Court will deal with the coming multi-plaintiff case when it arrives.

**G.     Privilege Issues.**

The parties shall resolve remaining privilege issues by **September 28, 2016**. If the issues are not resolved by that date, the parties promptly shall place a conference call to the Court.

**H.     Duplicative Filings.**

The parties stated that three Plaintiffs have appeared in at least two cases, represented by different attorneys, in this MDL. The Court directed the Plaintiffs' Steering Committee to confer with the attorneys representing these Plaintiffs in an effort to obtain agreement regarding dismissal of one of the duplicative cases. Plaintiffs shall report on this effort in the joint report to be filed before the next Case Management Conference. If duplicative filings remain, the parties should propose a motion method and schedule under which the Court can resolve this issue.

**I.     Plaintiffs' Objections.**

Plaintiffs have objected to discovery of communications between Plaintiffs and the FDA related to the FDA warning letter, communications between Plaintiffs and NBC related to NBC news stories about the products at issue in this case, and third-party financing that may be in place with respect to Plaintiffs in this MDL. The Court discussed these issues with the parties, and decided that focused briefing is needed. By the close of business on **September 2, 2016**, the parties shall file nine-page memoranda addressing these three issues.

**J.     Deceased Plaintiffs.**

The Court has, unfortunately, received notices of the deaths of three Plaintiffs: John L. Kuhn, Jr. (Doc. 2332), Olan Jones (Doc. 2850), and Anthony C. Docimo (Doc. 3101). The Plaintiffs' Steering Committee shall contact Plaintiffs' counsel in these cases. Before the next status conference, Plaintiffs' counsel shall decide whether the

- 4 -

1    cases survive the death of the Plaintiff in each case, and shall file documents with respect

2    to their position on the survival of claims. Plaintiffs' counsel shall report on the status of

3    these cases and any additional cases that may arise at the next Case Management

4    Conference.

5    **K.      PSC Report.**

6           Plaintiffs' counsel stated that a report from the Plaintiffs' Steering Committee is

7    due at the end of September 2016, and requested an extension to October 31, 2016 for the

8    filing of the report. The Court agreed. After the hearing, the Court reviewed Case

9    Management Order No. 6 (Doc. 372) and noted that the most recent quarterly report was

10   due at the end of the second week of August (Doc. 372 at 13). The Court is not certain

11   what report Plaintiffs' counsel were referring to at the conference, or whether the report

12   required in Case Management Order No. 6 has been provided. Plaintiffs' counsel shall,

13   within the next week, communicate with the Court regarding this issue.

14   **L.      Next Case Management Conference.**

15          The Court will hold the next Case Management Conference on **October 14, 2016**

16   **at 10:00 a.m.** The parties shall provide the Court with a joint status report on issues

17   mentioned in this Order and any issues they wish to address at the conference on or

18   before **October 10, 2016.**

19          Dated this 24th day of August, 2016.

20

21

22

23   _____

24                    David G. Campbell
                  United States District Judge

25

26

27

28

**From:** azddb_responses@azd.uscourts.gov [mailto:azddb_responses@azd.uscourts.gov]
**Sent:** Monday, August 29, 2016 2:24 PM
**To:** azddb_nefs@azd.uscourts.gov
**Subject:** Activity in Case 2:15-md-02641-DGC IN RE: Bard IVC Filters Products Liability Litigation Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### DISTRICT OF ARIZONA

**Notice of Electronic Filing**

The following transaction was entered on 8/29/2016 at 11:23 AM MST and filed on 8/29/2016
**Case Name:**       IN RE: Bard IVC Filters Products Liability Litigation
**Case Number:**    2:15-md-02641-DGC
**Filer:**
**Document Number:** 3272(No document attached)

**Docket Text:**
ORDER. The Court has reviewed the memoranda provided by the parties on the deposition of Jim Beasley. Docs. 3268, 3269. Plaintiffs argue that Defendants have not shown that Beasley falls within the apex deposition doctrine, but Plaintiffs agreed in the Parties' joint status report that Beasley was "President of BPV from 2007 through 2012" and "is currently a Group President at C.R. Bard." Doc. 3102 at 15. They do not dispute that in 2010 -- the year he wrote a memorandum about which Plaintiffs wish to ask him questions -- Beasley was responsible for hundreds of Bard products. Id. at 16. The Court concludes that Beasley "is clearly a high-level executive," and that the apex doctrine therefore applies. Klungvedt v. Unum Grp., No. 2:12-CV-00651-JWS, 2013 WL 551473, at *2 (D. Ariz. Feb. 13, 2013). The relevant questions, then, are "whether the executive has unique, first-hand, non-repetitive knowledge of the facts at issue in the case and whether the party seeking the deposition has exhausted other less intrusive discovery methods." Id. The exhibits provided by Plaintiffs confirm that Beasley is a high-level executive (Doc. 3271 at 3); suggest that someone named Mark was going to talk to Beasley about a filter study (id. at 4-13); confirm that Beasley was identified as the author of a management memo written in 2010, addressed to Tim Ring and copied to at least five others (id. at 46); and contain speculation by Daniel Orms about what Beasley might have known or done in connections with the memo (id. at 15-44). These materials do not show that Beasley has unique, first-hand, non-repetitive knowledge of the facts at issue in this case, nor that Plaintiffs have exhausted other less intrusive discovery methods to obtain relevant information. The Court therefore concludes that Beasley should not be deposed at this time. If Plaintiffs conclude that they can make the required showing at a later point during the discovery period, they may raise this issue again with the Court. Signed by Judge David G Campbell on 8-29-16. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC)


**2:15-md-02641-DGC Notice has been electronically mailed to:**

James R Condo      jcondo@swlaw.com, docket@swlaw.com, glass@swlaw.com

Robert B Carey     rob@hbsslaw.com, ecfphx@hbsslaw.com

Robert W Boatman   rwb@gknet.com, Karen.Trumpower@gknet.com, lincoln.combs@gknet.com

Mark Stephen O'Connor   mark.oconnor@gknet.com, gay.blakesley@gknet.com

Turner Williamson Branch   tbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Joseph Paul Michael Angelo   joe@angelowhitelaw.com, stephen@angelowhitelaw.com

Clyde Talbot Turner   tab@tturner.com, jerrt@tturner.com, tiffany@tturner.com

David A Domina   ddomina@dominalaw.com, efiling@dominalaw.com, kkw@dominalaw.com

Sandy A Liebhard   liebhard@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Paul Lincoln Stoller   paul.stoller@gknet.com, deborah.yanazzo@gknet.com

Willard J Moody, Jr   will@moodyrrlaw.com, courtney@moodyrrlaw.com, renee@moodyrrlaw.com

Fred Thompson   fthompson@motleyrice.com

Shannon L Clark   slc@gknet.com, karin.scheehle@gknet.com, roberta.schmidt@gknet.com

Michael William Heaviside   mheaviside@hrzlaw.com, awright@hrzlaw.com

Leonard W Aragon   leonard@hbsslaw.com, amyn@hbsslaw.com, ecfphx@hbsslaw.com

Elizabeth C Helm   kate.helm@nelsonmullins.com

Christopher A Seeger   cseeger@seegerweiss.com

James A Morris, Jr   jmorris@jamlawyers.com, aanderson@jamlawyers.com

Michael T Gallagher   donnaf@gld-law.com

Eric M Terry   eric@thlawyer.com, kpostol@thlawyer.com, kstephens@thlawyer.com

Michael G Daly   mdaly@pbmattorneys.com

Mark R Niemeyer   niemeyer@ngklawfirm.com

Joe Kendall   jkendall@kendalllawgroup.com, administrator@kendalllawgroup.com, jrudman@kendalllawgroup.com

C Lincoln Combs   lincoln.combs@gknet.com, kelly.saltsman@gknet.com

David J Szerlag   dszerlag@gmail.com, wendy@pritzkerlaw.com

John H Gomez   john@gomeztrialattorneys.com

Annesley H DeGaris   adegaris@degarislaw.com, asapone@degarislaw.com

David R Ongaro   dongaro@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Lyn Peeples Pruitt   lpruitt@mwlaw.com

Anthony J Nemo   tnemo@meshbesher.com

Andrew L Davick   adavick@meshbesher.com

Elaine T Byszewski   Elaine@hbsslaw.com, erikas@hbsslaw.com, jconte@hbsslaw.com

Thomas P Cartmell     tcartmell@wcllp.com, m.goldwasser@wcllp.com

Patricia Lynn Campbell     pcampbell@potts-law.com, nchambers@potts-law.com

Amanda Christine Sheridan     asheridan@swlaw.com, docket@swlaw.com, pritchey@swlaw.com

Michael Kevin Brown     mkbrown@reedsmith.com, vbarreto@reedsmith.com

Robert D Rowland     khubbard@ghalaw.com, lisal@ghalaw.com

Yvonne M Flaherty     ymflaherty@locklaw.com, bgilles@locklaw.com, rnzubiate@locklaw.com, sgpatchen@locklaw.com

Wendy R Fleishman     wfleishman@lchb.com, jkeatingwolk@lchb.com, mdecker@lchb.com

John C Duane     jduane@motleyrice.com, clwhetstone@motleyrice.com, kgardner@motleyrice.com, mhopkins@motleyrice.com

Donald A Migliori     dmigliori@motleyrice.com

Kara Trouslot Stubbs     stubbs@bscr-law.com

Samuel J Horovitz     shorovitz@rtlaw.com, drossier@rtlaw.com

Charles R Houssiere, III     choussi@hdhtex.com, rkauffman@hdhtex.com

Ellen A Presby     ellenpresby@nemerofflaw.com, gabrielcanto@nemerofflaw.com, lisadelgado@nemerofflaw.com

Max Freeman (Terminated)     mfreeman@millerweisbrod.com, aboone@millerweisbrod.com, crubin@millerweisbrod.com, mtrull@millerweisbrod.com, tnguyen@millerweisbrod.com

Richard W Schulte     rschulte@yourlegalhelp.com, cartim@yourlegalhelp.com, jgebelle@yourlegalhelp.com

Les Weisbrod (Terminated)     lweisbrod@millerweisbrod.com, btrujillo@millerweisbrod.com

Michael K Johnson     mjohnson@johnsonbecker.com, rfiebiger@johnsonbecker.com, sgray@johnsonbecker.com

Carrie R Capouellez     ccapouellez@lopezmchugh.com

Matthew Ramon Lopez     mlopez@lopezmchugh.com, agarrett@lopezmchugh.com, beast@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Alexandra V Boone (Terminated)     aboone@millerweisbrod.com, mtrull@millerweisbrod.com

Eric Davis Holland     eholland@allfela.com, tblasa@allfela.com

Joseph A Osborne, Jr     josborne@oa-lawfirm.com, ggiovanni@oa-lawfirm.com, rbell@oa-lawfirm.com

Rolf T Fiebiger     rfiebiger@johnsonbecker.com, apeterson@johnsonbecker.com

Gregory N McEwen     gmcewen@mcewenlaw.com, asteinberg@mcewenlaw.com, mschmid@mcewenlaw.com

John J Driscoll     john@thedriscollfirm.com, andrew@thedriscollfirm.com

Jason P Johnston     jjohnston@meshbesher.com, araso@meshbesher.com, gzimmerman@meshbesher.com, hsternquist@meshbesher.com

Alex C Park     alexcpark@hotmail.com, alexcpark@yahoo.com

Joseph Jacob Zonies     jzonies@zonieslaw.com, gbentley@zonieslaw.com, jcox@zonieslaw.com, sshaver@zonieslaw.com

Don K Ledgard     DLedgard@capretz.com, pmartinez@capretz.com

Brendan J Flaherty        brendan@pritzkerlaw.com, tania@pritzkerlaw.com

Kenneth W Pearson        kpearson@johnsonbecker.com, apeterson@johnsonbecker.com

Ahmed Samir Diab        adiab@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com, nstoneman@gomeztrialattorneys.com

T Matthew Leckman        mleckman@pbmattorneys.com, staylor@pbmattorneys.com

Theodore Floyd Stokes        ted@stokeslawpllc.com

M Blair Clinton        bclinton@hgdlawfirm.com

Stuart Goldenberg        slgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Marlene J Goldenberg        mjgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Margaret Moses Branch        mbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Adam Tal Funk        afunk@branchlawfirm.com, ksmith@branchlawfirm.com, mslemp@branchlawfirm.com, psanchez@branchlawfirm.com

Michael B Leh        mleh@lockslaw.com, ahouchins@lockslaw.com

D Todd Mathews        todd@gorijulianlaw.com, afaust@gorijulianlaw.com, cfischer@gorijulianlaw.com

Matthew Robert Boatman        matt.boatman@gknet.com

Michael P McGartland        mike@mcgartland.com, catherine@mcgartland.com, haley@mcgartland.com

David J Hodge        dhodge@mkhlawyers.com, lee@mkhlawyers.com

Angela M Higgins        higgins@bscr-law.com, mcarrillo@bscr-law.com

Mark Kevin Gray        Mgray@grayandwhitelaw.com, cjones@grayandwhitelaw.com

Joseph R Johnson        jjohnson@babbitt-johnson.com, dcodding@babbitt-johnson.com

James Albert Montee        jmontee@monteelawfirm.com, jimmontee@gmail.com

James P Cannon        jpc.atty@yahoo.com

Brandee J Kowalzyk        brandee.kowalzyk@nelsonmullins.com

Matthew B Lerner        matthew.lerner@nelsonmullins.com, carrie.brown@nelsonmullins.com, miche.boles@nelsonmullins.com

Richard B North, Jr        richard.north@nelsonmullins.com, mandy.evangelista@nelsonmullins.com, maria.turner@nelsonmullins.com

Ben C Martin        bmartin@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com, tarbon@bencmartin.com

Thomas William Arbon        tarbon@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com

Taylor Tapley Daly        taylor.daly@nelsonmullins.com

Julia Reed-Zaic        julia@hrzlaw.com, awright@hrzlaw.com, laura@hrzlaw.com

Laura Elizabeth Smith        laura@hrzlaw.com, awright@hrzlaw.com

Ramon Rossi Lopez        rlopez@lopezmchugh.com, bmeyers@lopezmchugh.com, wespitia@lopezmchugh.com

Troy Alexander Brenes (Terminated)        tbrenes@breneslawgroup.com, jsabol@breneslawgroup.com

Kevin George Lohman    klohman@reedsmith.com, cspoon@reedsmith.com

Nathan Craig Van Der Veer    nate@frplegal.com, hgillis@frplegal.com, kristi@frplegal.com

Richard Arthur Freese    rich@freeseandgoss.com, regina@freeseandgoss.com

Robert M Hammers, Jr    rob@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

James Frederick Rogers    jim.rogers@nelsonmullins.com, julia.norcia@nelsonmullins.com, kim.lanier@nelsonmullins.com

Matthew Ryan McCarley    mccarley@fnlawfirm.com, charlotte@fnlawfirm.com, vcanizales@fnlawfirm.com

Michael S Katz    mkatz@lopezmchugh.com

John A Dalimonte    johndalimonte@kdlaw.net, jessicar@kdlaw.net, rdusablon@kdlaw.net

Teresa C Toriseva    justice@torisevalaw.com

Clair A Montroy, III    montroylaw@verizon.net

Melissa Dorman Matthews    mdorman@hdbdlaw.com, alopez@hdbdlaw.com

David B Krangle    dkrangle@alonsokrangle.com

Jason T Schneider    jason@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

Calle M Mendenhall    calle@freeseandgoss.com, regina@freeseandgoss.com

Spencer J Pahlke    spahlke@walkuplawoffice.com, lmccombe@walkuplawoffice.com

Michael A Kelly    mkelly@walkuplawoffice.com, afreeman@walkuplawoffice.com

Steven James Boranian    sboranian@reedsmith.com, drothschild@reedsmith.com

Kimberly Waters Grant    kgrant@waynegrant.com

Wayne Grant    wgrant@waynegrant.com, jmunn@waynegrant.com

Brandon L Corl    bcorl@potts-law.com, nchambers@potts-law.com

Andres F Alonso    aalonso@alonsokrangle.com

Christopher Thomas Kirchmer    ckirchmer@pulf.com, alee@pulf.com, cguilbeau@pulf.com, dwest@pulf.com

Randal A Kauffman    rkauffman@hdhtex.com, jmanriquez@hdhtex.com

Hadley L Matarazzo    hmatarazzo@faraci.com, tzukoski@faraci.com

Kenneth Riley    kriley@frplegal.com

John Pinckney Harloe, III    john@freeseandgoss.com, Brenda@freeseandgoss.com, calle@freeseandgoss.com, regina@freeseandgoss.com, rich@freeseandgoss.com

Matthew D Davis    mdavis@walkuplawoffice.com, kbenzien@walkuplawoffice.com

Douglas Senger Saeltzer    dsaeltzer@walkuplawoffice.com, hehmke@walkuplawoffice.com

Michael Brandon Smith    bsmith@cssfirm.com, kackerman@cssfirm.com, lwheale@cssfirm.com

Stephen Grant Daniel    buck@howardnations.com, charles@howardnations.com, denicia@howardnations.com

John Lacoste Langdoc    jlangdoc@baronbudd.com, awilson@baronbudd.com

S Ann Saucer    asaucer@baronbudd.com, awilson@baronbudd.com, glinsenb@baronbudd.com

Laura J Baughman    lbaughman@baronbudd.com, kmoore@baronbudd.com, mhaynie@baronbudd.com

Russell W Budd    rbudd@baronbudd.com, awilson@baronbudd.com, ralaniz@baronbudd.com

Felecia L Stern    stern@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Steven D Davis    sdavis@thlawyer.com, kelli@thlawyer.com, rose@thlawyer.com

Andrew D Kinghorn    andrew@thedriscollfirm.com

Jon C Conlin    jconlin@corywatson.com, jvc@corywatson.com, lstovall@corywatson.com

Jeff R Gaddy    JGADDY@LEVINLAW.COM, KMAYO@LEVINLAW.COM, TGILBERT@LEVINLAW.COM

Sindhu Daniel    sdaniel@baronbudd.com, glinsenb@baronbudd.com, yrocha@baronbudd.com

Roland Karim Tellis    rtellis@baronbudd.com, jcampbell@baronbudd.com

Howard L Nations    charles@howardnations.com, alex.dailey@howardnations.com, buck@howardnations.com, lek@howardnations.com, shelley@howardnations.com

Rand P Nolen    rand_nolen@fleming-law.com, pam_myers@fleming-law.com

Moze Cowper    mcowper@cowperlaw.com

Daniel Seltz    dseltz@lchb.com

Monte Bond    mbond@tautfestbond.com, acarpenter@tautfestbond.com, dliska@tautfestbond.com

Brian A Goldstein    brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

David P Matthews    dmatthews@dmlawfirm.com, lsantiago@dmlawfirm.com, msalazar@dmlawfirm.com

H Forest Horne    hfh@m-j.com, sct@m-j.com

Jaclyn L Anderson    janderson@klwtlaw.com

Graham B LippSmith    glippsmith@klwtlaw.com, nsmith@klwtlaw.com

Jennifer Nolte Williams    jwilliams@jacksonallenfirm.com, mmorales@jacksonallenfirm.com

Glen Elliot Turner    gturner@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Kirsten McNelly Bibbes    kbibbes@ongaropc.com, dpayne@ongaropc.com, kmikkelsen@ongaropc.com

David Raymond Ongaro    dongaro@ongaropc.com

William B Curtis    bcurtis@curtis-lawgroup.com, jgomez@curtis-lawgroup.com, pmcdonald@curtis-lawgroup.com

Randall Seth Crompton    scrompton@allfela.com, tblasa@allfela.com

Robin P Lourie    rpl@wlr.net

Brian Keith Jackson    kj@rileyjacksonlaw.com, jbailey@rileyjacksonlaw.com, marymalea@rileyjacksonlaw.com

Ethan L Shaw     elshaw@shawcowart.com, scole@shawcowart.com

Matthew J Riley     mriley@shawcowart.com, scole@shawcowart.com

Justin W Fishback     jfishback@shawcowart.com, scole@shawcowart.com

Jeff Seldomridge (Terminated)     jseldomridge@millerfirmllc.com, kunderwood@millerfirmllc.com, tlitzenburg@millerfirmllc.com

Jesse Burl Chrisp     jesse@chrisplaw.com, heather@chrisplaw.com

Melissa Erin Mielke     mmielke@skikos.com, jtucci@skikos.com, slong@skikos.com

David M Langevin     dave@westrikeback.com, kate@westrikeback.com, katie@westrikeback.com, melanie@westrikeback.com

Jennifer A Lenze     jlenze@lkmlawfirm.com, torres@lkmlawfirm.com

Jaime E Moss     moss@lkmlawfirm.com, torres@lkmlawfirm.com

Laurie E Kamerrer     kamerrer@lkmlawfirm.com

Nathan Buttars     nate@lowelawgroup.com, jonathan@lowelawgroup.com, kayelani@lowelawgroup.com

Jonathan D Peck     jonathan@lowelawgroup.com

David C DeGreeff     ddegreeff@wcllp.com, dconwell@wcllp.com

Todd E Hilton     hilton@stuevesiegel.com, joyce@stuevesiegel.com, mcclellan@stuevesiegel.com

Sherri L Plotkin     mdweck@rheingoldlaw.com

Matthew David Schultz     mschultz@levinlaw.com, kmayo@levinlaw.com, tgilbert@levinlaw.com

Matthew J. McCauley     Mmccauley@yourlawyer.com, NEisner@yourlawyer.com

Philip Sholtz     phil@thedriscollfirm.com

Lucas James Ude     lucas@kelllampinlaw.com, rebecca@kelllampinlaw.com

J Mark Kell     Mark.Kell@KellLampinLaw.com, Rebecca@KellLampinLaw.com

Laura Lynne Voght     LVoght@attorneykennugent.com, KWinkleman@attorneykennugent.com

Rick Barreca     rbarreca@bernripka.com, dcoffey@bernripka.com, edougherty@bernripka.com, mcordner@bernripka.com, mnair@bernripka.com

Stephen Barnett Murray, Jr     smurrayjr@murray-lawfirm.com, aonstott@murray-lawfirm.com, kbeck@murray-lawfirm.com

Matthew Paul Skrabanek     paul@psbfirm.com

Nicholas Farnolo     Nfarnolo@napolilaw.com

Jacob Edward Levy     jlevy@grayandwhitelaw.com, cjones@grayandwhitelaw.com, mwhite@grayandwhitelaw.com

Matthew Lee White     mwhite@grayandwhitelaw.com

Eric Roslansky     ivc@getjustice.com, eroslansky@getjustice.com, jshahady@getjustice.com

Brian E Tadtman     bet@petersonlawfirm.com

David M Peterson     dmp@petersonlawfirm.com

Nicholas Clevenger      nsc@petersonlawfirm.com, asr@petersonlawfirm.com

Shezad Malik      drmalik@shezadmalik.com, ryan@shezadmalik.com

Kristen K Barton      kbarton@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com

Mark C Aubuchon      mark.aubuchon@kelllampinlaw.com, mcaubuchon@yahoo.com

William M Berlowitz      Williamb@inebraska.com

William Michael Loughran      michael@angelowhitelaw.com, stephen@angelowhitelaw.com

Christian T Williams      cwilliams@dominalaw.com, efiling@dominalaw.com, kkw@dominalaw.com

Amy J Anderson      aanderson@jamlawyers.com, evaldez@jamlawyers.com, jmorris@jamlawyers.com

Everette Scott Verhine      scott@verhine.biz, lisa@verhine.biz

Robert Bruce Warner      BWarner@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Lynnette Simon Marshall      LMarshall@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Kelsey Louise Stokes      kelsey_stokes@fleming-law.com, adrian_martin@fleming-law.com

J Christopher Elliott      celliott@coloradolaw.net, krysta.hand@coloradolaw.net

Brian Broussard Winegar      bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Jim Mac Perdue, Jr      jperduejr@perdueandkidd.com, bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Donald Hamilton Kidd      dkidd@perdueandkidd.com, cbatterson@perdueandkidd.com

M Michael Waters      mwaters@wjnklaw.com, selliott@wjnklaw.com

Kay L Van Wey      kay@vanweylaw.com, julie@vanweylaw.com, kerri@vanweylaw.com

Joshua D Christian      JChristian@christiananddavis.com, mmaloney@christiananddavis.com

Philip J Pendergrass, Jr      philip@schneiderhammers.com, abbie@schneiderhammers.com

Noah H Kushlefsky      NKUSHLEFSKY@KREINDLER.COM, jferraro@kreindler.com, lranieri@kreindler.com

Matthew Scott Mokwa      mmokwa@maherlawfirm.com, mrayser@maherlawfirm.com

Amorina P Lopez      alopez@lopezmchugh.com, bmeyers@lopezmchugh.com, mwass@lopezmchugh.com

Scott E Brady      scott@bohrerbrady.com, greta@bohrerbrady.com

Philip Bohrer      phil@bohrerbrady.com, shannon@bohrerbrady.com

Thomas Tucker Merrigan      tom@sweeneymerrigan.com, kimberly@sweeneymerrigan.com, tucker@sweeneymerrigan.com

Patrick T Fennell      Pfennell@Crandalllaw.com, Chargenrader@Crandalllaw.com, Rwood@Crandalllaw.com

Richard S Lewis      rlewis@hausfeld.com, adorsey@hausfeld.com, bbeard@hausfeld.com

Steven Rotman      srotman@hausfeld.com

Andrea Layne Stackhouse      layne@shraderlaw.com, jtrigo@shraderlaw.com

Julie S Ferraro   Jferraro@Kreindler.com

Dean A Goetz   dgoetz12@gmail.com

Jason S Morgan   jmorgan@mmlk.com, dwalker@mmlk.com

David J Guarnieri   dguarnieri@mmlk.com, dpritchard@mmlk.com

Michael S. Werner   MWerner@yourlawyer.com, NEisner@yourlawyer.com

Randall John Trost   RJTrost@TrostLaw.com

Randall Troy Trost   rttrost@trostlaw.com

Benjamin A Bertram   benbertram@bertramgraf.com, Karlenne.Powell@bertramgraf.com, Laura@bertramgraf.com

Karolina S Kulesza   kkulesza@lawdbd.com

Elizabeth Dudley   liz@lizdudleylaw.com

Nicholas P Scarpelli, Jr   scarpelli@carneylaw.com, durkin@carneylaw.com, kniffin@carneylaw.com

Raymond T Trebisacci   treblaw@comcast.net

Kevin P Polansky   kevin.polansky@nelsonmullins.com

Michael Frederick Decker   mdecker@lchb.com, jkeatingwolk@lchb.com, shabonimana@lchb.com

Nathaniel Scearcy   nscearcy@potts-law.com

Rosemarie Riddell Bogdan   rrbivcbard@1800law1010.com, kawivcbard@1800law1010.com

Braden Beard   bbeard@hausfeld.com

Ashleigh E Raso   araso@meshbesher.com

Mekel S Alvarez   malvarez@morrisbart.com

Betsy J Barnes   bbarnes@morrisbart.com, betsyjbarnes@yahoo.com

Karen Delcambre McCarthy   kmccarthy@morrisbart.com

Peter E Goss   pgoss@goss-lawfirm.com, jcampain@goss-lawfirm.com

Timothy David Hedrick   thedrick@rtlaw.com, gtaylor@rtlaw.com

Edward McCarthy, III   emccarthy@rtlaw.com, dwaldenmaier@rtlaw.com

Joe A King, Jr   jking@mkhlawyers.com, tgrant@mkhlawyers.com

Angela J Mason   Angela.Mason@CochranFirm.com

Joseph D Lane   JoeLane@CochranFirm.com

T Aaron Stringer   aaron@lowelawgroup.com

Samuel M Wendt   sam@wendtlaw.com

David L Grebel   grebel@ngklawfirm.com

Michael S Kruse    kruse@ngklawfirm.com

Peyton P Murphy    Peyton@MurphyLawFirm.com

Todd C Comeaux    TC@ComeauxLawFirm.com

Jeff M Edwards    JeffEdwards777@gmail.com

**2:15-md-02641-DGC Notice will be sent by other means to those listed below if they are affected by this filing:**

Aaron A Clark
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Alex Cameron Walker
Modrall Sperling Roehl Harris & Sisk PA
500 4th St. NW, Ste. 1000
Albuquerque, NM 87102

Amanda Montee
Montee Law Firm
P.O. Box 127
St. Joseph, MO 64502

Andrew J Trevelise
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Anthony James Urban
Urban Law
P.O. Box 890
Pottsville, PA 17901

Brian John Perkins
Meyers & Flowers LLC
3 N 2nd St., Ste. 300
St Charles, IL 60174

Bruce S Kingsdorf
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Catherine A Faught Pollard
Quarles & Brady LLP - Milwaukee, WI
411 E Wisconsin Ave., Ste. 2040
Milwaukee, WI 53202-4497

Chris Johnson

Christopher Brian Watt
Reed Smith LLP - Houston, TX
811 Main St., Ste. 1700
Houston, TX 77002

Christopher J Quinn
Driscoll Firm PC
211 N Broadway, Ste. 4050
St Louis, MO 63102

Craig D Henderson
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Craig E Hilborn
Hilborn & Hilborn
999 Haynes, Ste. 205
Birmingham, MI 48009

Daniel K Winters
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

David A Onstott
Murray Law Firm
650 Poydras St., Ste. 2150
New Orleans, LA 70130

David J Cooner
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

David J Walz
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

David W Ledyard
Strong Pipkin Bissell & Ledyard - Beamont, TX
595 Orleans, Ste. 1400
Beaumont, TX 77701

David W Zoll
Zoll Kranz & Borgess
6620 Central Ave., Ste. 100
Toledo, OH 43617

Dawn M Barrios
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Debra A Djupman
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Dennis P Mulvihill
Wright & Schulte - Cleveland, OH
23240 Chagrin Blvd.

Cleveland, OH 44122

Diana Rabeh
Reed Smith LLP - Wilmington, DE
1201 Market St., Ste. 1500
Wilmington, DE 19801

E Terry Sibbernsen
Sibbernsen, Strigenz Law Firm - Omaha
1111 N 102nd Ct., Ste. 330
Omaha, NE 68114

Edward W Gerecke
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

Elaine Sargeant

Elizabeth G Grimes
Law Offices of Michael A DeMayo LLP
P.O. Box 34426
Charlotte, NC 28234

Elizabeth Hosea Lemoine
Wick Phillips Gould & Martin LLP
3131 McKinney Ave., Ste. 100
Dallas, TX 75204

Elizabeth S Fenton
Chamberlain Hrdlicka
300 Conshohocken State Rd., Ste. 570
W Conshohocken, PA 19428

Ellen Relkin
Weitz & Luxenberg PC - New York, NY
700 Broadway, 5th Fl.
New York, NY 10003

Eric J Buhr
Reed Smith LLP - Los Angeles, CA
355 S Grand Ave., Ste. 2900
Los Angeles, CA 90071

Frederick R Hovde
Hovde Dassow & Deets LLC
Meridian Twr.
201 W 103rd St., Ste. 500
Indianapolis, IN 46290

Gary Robert Tulp
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

Genevieve M Zimmerman
Zimmerman Reed PLLP - Minneapolis, MN
1100 IDS Ctr.

80 S 8th St.
Minneapolis, MN 55402

Gerard C Kramer
Schmidt Ronca & Kramer PC
209 State St.
Harrisburg, PA 17101

Gregory D Bentley
Zonies Law LLC
1900 Wazee St., Ste.203
Denver, CO 80202

Hilary E Youngblood
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Jack Edward Urquhart
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Jacob W Plattenberger
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Jahnunnice Johnson

James P Catalano
Nelson Mullins Riley & Scarborough LLP - Nashville, TN
1 Nashville Pl.
150 4th Ave. N, Ste. 1100
Nashville, TN 37219

Jamie Jean McKey
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

Jane T Davis
Nelson Mullins Riley & Scarborough LLP - Charleston, SC
151 Meeting St., Ste. 600
Charleston, SC 29401

Janet Lynn White

Jennifer Ann Guidea
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

Jennifer J Hageman
Ulmer & Berne LLP - Cincinnati, OH
600 Vine St., Ste. 2800
Cincinnati, OH 45202

Joan Anderson

Jody Lynn Rudman
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

John A Camp
Carlton Fields Jorden Burt - Miami, FL
100 SE 2nd St., Ste. 4200
Miami, FL 33131

John G Mitchell
Secrest Wardle
P.O. Box 5025
Troy, MI 48007-5025

John H Allen , III
Jackson Allen & Williams LLP
3838 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

John J Glenn
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

John Neumann Hickey
Law Offices of John N Hickey
20 W Front St.
Media, PA 19063

Jonathan Hogins
Moody Law Firm
500 Crawford St., Ste. 200
Portsmouth, VA 23704

Jordan L Chaikin
Parker Waichman LLP - Bonita Springs, FL
27300 Riverview Center Blvd., Ste. 103
Bonita Springs, FL 34134

Joshua Kincannon
4 Paragon Way, Ste. 100
Freehold, NJ 07728

Joshua A Mankoff
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Joshua D Miller
Toriseva Law
1446 National Rd.
Wheeling, WV 26003

Joshua R Johnson
Babbitt & Johnson PA
1641 Worthington Rd., Ste. 100

W Palm Beach, FL 33402

Joshua S Whitley
Smyth Whitley
BB&T Plz.
234 Seven Farms Dr., Ste. 234
Charleston, SC 29492

Justin Ross Kaufman
Heard Robins Cloud LLP - Santa Fe, NM
505 Cerrillos Rd., Ste. A209
Santa Fe, NM 87501

Katherine Diven

Kathryn Snapka
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Kelly Elswick-Hall
Masters Law Firm
181 Summers St.
Charleston, WV 25301

Kevin M Fitzgerald
Fitzgerald Law Group
120 Exchange St., Ste. 200
Portland, ME 04101

Kevin M Hara
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Kevin R Martin
Martin Law Offices SC
7280 S 13th St., Ste. 102
Oak Creek, WI 53154

Lawrence R Murphy , Jr
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Louisa O Kirakosian
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Mariann M Robison
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Mark A Sentenac
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Mathew R Doebler
Pribanic & Pribanic LLC
513 Court Pl.
Pittsburgh, PA 15219

Matthew E Brown
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Matthew John Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Melanie M Atha
Cabaniss Johnston Gardner Dumas & ONeal LLP
P.O. Box 830612
Birmingham, AL 35283-0612

Michael Ockerman
Hanna Campbell & Powell
3737 Embassy Pkwy., Ste. 100
Akron, OH 44333

Michael F Marlow
Johnson Miner Marlow Woodward & Huff PLLC
P.O. Box 667
Yankton, SD 57078-0667

Michael Joseph Ryan
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Michael L Armitage
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Michael Alan Gross

Nancy June Falls

Neilli M Walsh
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Neville H Boschert
Jones WalkerWaechter Poitevent Carrere & Denegre
P.O. Box 427
Jackson, MS 39205-0427

Nevin Christopher Brownfield
Ongaro PC

50 California St., Ste. 3325
San Francisco, CA 94108

Patrick T Clendenen
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Peter C Wetherall
Wetherall Group Limited
9345 W Sunset Rd., Ste. 100
Las Vegas, NV 89148

Peter Thomas Anderson
Ashcraft & Gerel LLP - Alexandria, VA
4900 Seminar Rd., Ste. 650
Alexandria, VA 22311

Raymond G Mullady , Jr
Nelson Mullins Riley & Scarborough LLP - Washington, DC
101 Constitution Ave. NW, Ste. 900
Washington, DC 20001

Raymond Joseph Kramer , III
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Rhett A McSweeney
McSweeney Langevin LLC
2116 2nd Ave. S
Minneapolis, MN 55404

Richard A Zappa
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Richard Allen Cohn
Aitken Aitken Cohn
P.O. Box 2555
Santa Ana, CA 92707

Richard E Vollertsen
Atkinson Conway & Gagnon Incorporated
420 L St., Ste. 500
Anchorage, AK 99501

Richard J Schicker
Schicker Law Firm
2809 S 160th St., Ste. 207
Omaha, NE 68130

Ricky L Boren
Hill Boren
P.O. Box 3539
Jackson, TN 38303-0539

Robert Diemer

Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Robert R Hatten
Patten Wornom Hatten Diamonstein LC
12350 Jefferson Ave., Ste. 300
Newport News, VA 23602

Robert Williams Goldwater , III
Goldwater Law Firm PC
15849 N 71st St., Ste. 100
Scottsdale, AZ 85254

Roberts Clay Milling , II
Henry Spiegel Milling LLP
950 E Paces Ferry Rd., Ste. 2450
Atlanta, GA 30326

Ruth A Horvatich
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Sanjay Ghosh
Nelson Mullins Riley & Scarborough LLC - Atlanta, GA
Atlantic Station
201 17th St. NW, Ste. 1700
Atlanta, GA 30363

Sarah Mangum(Terminated)


Shelia Sloan


Steven James Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Tayjes Matthew Shah
Miller Law Firm LLC
108 Railroad Ave.
Orange, VA 22960

Thomas Melone
Allco Renewable Energy Limited
14 Wall St., 20th Fl.
New York, NY 10005

Thomas A Kenefick , III
Law Office of Thomas A Kenefick III
73 Chestnut St.
Springfield, MA 01103

Thomas K Herren
Herren & Adams
148 N Broadway

Lexington, KY 40507

Tiffany L Roach Martin
MNodrall Sperling Roehl Harris & Sisk PA - Santa Fe, NM
P.O. Box 2168
Santa FE, NM 87103-2168

Timothy E Lengkeek
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Timothy John Freiberg
Freiberg Law Offices
4545 Springbrook Rd.
Rockford, IL 61114

Tor A Hoerman
TorHoerman Law LLC - Edwardsville, IL
101 W Vandalla St., Ste. 350
Edwardsville, IL 62025

Vickie J Traughber

Vivian M Quinn
Nixon Peabody LLP - Buffalo NY
Key Towers at Fountain Plaza
40 Fountain Plz., Ste. 500
Buffalo, NY 14202

W Bryan Smith
Morgan & Morgan PA - Memphis, TN
2600 One Commerce Sq.
Memphis, TN 38103

William H Carpenter
William H Carpenter Law Office Limited
P.O. Box 35070
Albuquerque, NM 87176-5070

Wilnar Jeanne Julmiste
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

Zachary Logan Wool
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**DISTRICT OF ARIZONA**

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2016 at 2:29 PM MST and filed on 9/6/2016
Case Name:     IN RE: Bard IVC Filters Products Liability Litigation
Case Number:     2:15-md-02641-DGC
Filer:
Document Number: 3312(No document attached)

**Docket Text:**
ORDER. The Court has considered the memoranda recently filed by the parties on three discovery issues. Docs. 3306, 3308. On the first issue, the Court will require Plaintiffs' lead counsel and members of the Plaintiffs' Steering Committee, and their clients, to respond to Defendants' Interrogatories 1-4 (Doc. 3308-1 at 5-6) and Document Production Request 1 (as it relates to Interrogatories 1-4) (Doc. 3308-2 at 4). The Court concludes that these requests are relevant to the defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiffs have placed and will continue to place much emphasis on the FDA letters, and information regarding Plaintiffs' role in securing those letters or otherwise influencing the FDA's actions is plainly relevant to the defense. The Court does not agree that these discovery requests are prohibited by CMO 5 (Doc. 927) or CMO 11 (Doc. 1662). Plaintiffs cite no language in these orders that prohibits additional discovery. Plaintiffs assert that any communications with the FDA would be hearsay, but information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Plaintiffs claim that their communications with the FDA are protected work product because they reveal mental impressions and strategies of counsel, but courts have widely held that communications with government regulators that might prompt government action that could prove beneficial in private litigation waive any work product protection. See, e.g., Reed v. Advocate ealth Care, No. 06 C 3337, 2007 WL 2225901, at *2 (N.D. Ill. Aug. 1, 2007); Bank of Am., N.A. v. Terra Nova Ins. Co., 212 F.R.D.166, 172-73 (S.D.N.Y. 2002); U.S. Info. Sys., Inc. v. Int'l Bhd. ofElec. Workers Local Union No. 3, No. 00CIV.4763(RMB)(JCF), 2002 WL 31296430, at *4-5 (S.D.N.Y. Oct. 11, 2002); Sidari v. Orleans Cty., No. 95-CV-7250,2000 WL 33407343, at *8 (W.D.N.Y. Oct. 3, 2000); Three Crown Ltd. P'ship v. Salomon Bros., No. 92 CIV. 3142 (RPP), 1993 WL 277182, at *2 (S.D.N.Y.July 21, 1993). The Court will rule on the other discovery issues in separate docket entries. Signed by Judge David G Campbell on 9-6-16. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC)


2:15-md-02641-DGC Notice has been electronically mailed to:

James R Condo     jcondo@swlaw.com, docket@swlaw.com, glass@swlaw.com

Robert B Carey     rob@hbsslaw.com, ecfphx@hbsslaw.com

Robert W Boatman     rwb@gknet.com, Karen.Trumpower@gknet.com, lincoln.combs@gknet.com

Mark Stephen O'Connor     mark.oconnor@gknet.com, gay.blakesley@gknet.com

Turner Williamson Branch     tbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Joseph Paul Michael Angelo   joe@angelowhitelaw.com, stephen@angelowhitelaw.com

Clyde Talbot Turner   tab@tturner.com, jerrt@tturner.com,tiffany@tturner.com

David A Domina   ddomina@dominalaw.com, efiling@dominalaw.com,kkw@dominalaw.com

Sandy A Liebhard   liebhard@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Paul Lincoln Stoller   paul.stoller@gknet.com, deborah.yanazzo@gknet.com

Willard J Moody, Jr   will@moodyrrlaw.com, courtney@moodyrrlaw.com,renee@moodyrrlaw.com

Fred Thompson   fthompson@motleyrice.com

Shannon L Clark   slc@gknet.com, karin.scheehle@gknet.com, roberta.schmidt@gknet.com

Michael William Heaviside   mheaviside@hrzlaw.com, awright@hrzlaw.com

Leonard W Aragon   leonard@hbsslaw.com, amyn@hbsslaw.com, ecfphx@hbsslaw.com

Elizabeth C Helm   kate.helm@nelsonmullins.com

Christopher A Seeger   cseeger@seegerweiss.com

James A Morris, Jr   jmorris@jamlawyers.com, aanderson@jamlawyers.com

Michael T Gallagher   donnaf@gld-law.com

Eric M Terry   eric@thlawyer.com, kpostol@thlawyer.com, kstephens@thlawyer.com

Michael G Daly   mdaly@pbmattorneys.com

Mark R Niemeyer   niemeyer@ngklawfirm.com

Joe Kendall   jkendall@kendalllawgroup.com, administrator@kendalllawgroup.com, jrudman@kendalllawgroup.com

C Lincoln Combs   lincoln.combs@gknet.com, kelly.saltsman@gknet.com

David J Szerlag   dszerlag@gmail.com, wendy@pritzkerlaw.com

John H Gomez   john@gomeztrialattorneys.com

Annesley H DeGaris   adegaris@degarislaw.com, asapone@degarislaw.com

David R Ongaro   dongaro@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Lyn Peeples Pruitt   lpruitt@mwlaw.com

Anthony J Nemo   tnemo@meshbesher.com

Andrew L Davick   adavick@meshbesher.com

Elaine T Byszewski   Elaine@hbsslaw.com, erikas@hbsslaw.com, jconte@hbsslaw.com

Thomas P Cartmell   tcartmell@wcllp.com, m.goldwasser@wcllp.com

Patricia Lynn Campbell   pcampbell@potts-law.com, nchambers@potts-law.com

Amanda Christine Sheridan   asheridan@swlaw.com, docket@swlaw.com, pritchey@swlaw.com

Michael Kevin Brown    mkbrown@reedsmith.com, vbarreto@reedsmith.com

Robert D Rowland    khubbard@ghalaw.com, lisal@ghalaw.com

Yvonne M Flaherty    ymflaherty@locklaw.com, bgilles@locklaw.com,rnzubiate@locklaw.com, sgpatchen@locklaw.com

Wendy R Fleishman    wfleishman@lchb.com, jkeatingwolk@lchb.com, mdecker@lchb.com

John C Duane    jduane@motleyrice.com, clwhetstone@motleyrice.com, kgardner@motleyrice.com, mhopkins@motleyrice.com

Donald A Migliori    dmigliori@motleyrice.com

Kara Trouslot Stubbs    stubbs@bscr-law.com

Samuel J Horovitz    shorovitz@rtlaw.com, drossier@rtlaw.com

Charles R Houssiere, III    choussi@hdhtex.com, rkauffman@hdhtex.com

Ellen A Presby    ellenpresby@nemerofflaw.com, gabrielcanto@nemerofflaw.com,lisadelgado@nemerofflaw.com

Max Freeman (Terminated)    mfreeman@millerweisbrod.com, aboone@millerweisbrod.com, crubin@millerweisbrod.com, mtrull@millerweisbrod.com, tnguyen@millerweisbrod.com

Richard W Schulte    rschulte@yourlegalhelp.com, cartim@yourlegalhelp.com, jgebelle@yourlegalhelp.com

Les Weisbrod (Terminated)    lweisbrod@millerweisbrod.com, btrujillo@millerweisbrod.com

Michael K Johnson    mjohnson@johnsonbecker.com, rfiebiger@johnsonbecker.com, sgray@johnsonbecker.com

Carrie R Capouellez    ccapouellez@lopezmchugh.com

Matthew Ramon Lopez    mlopez@lopezmchugh.com, agarrett@lopezmchugh.com, beast@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Alexandra V Boone (Terminated)    aboone@millerweisbrod.com, mtrull@millerweisbrod.com

Eric Davis Holland    eholland@allfela.com, tblasa@allfela.com

Joseph A Osborne, Jr    josborne@oa-lawfirm.com, ggiovanni@oa-lawfirm.com, rbell@oa-lawfirm.com

Rolf T Fiebiger    rfiebiger@johnsonbecker.com, apeterson@johnsonbecker.com

Gregory N McEwen    gmcewen@mcewenlaw.com, asteinberg@mcewenlaw.com, mschmid@mcewenlaw.com

John J Driscoll    john@thedriscollfirm.com, andrew@thedriscollfirm.com

Jason P Johnston    jjohnston@meshbesher.com, araso@meshbesher.com, gzimmerman@meshbesher.com, hsternquist@meshbesher.com

Alex C Park    alexcpark@hotmail.com, alexcpark@yahoo.com

Joseph Jacob Zonies    jzonies@zonieslaw.com, gbentley@zonieslaw.com, jcox@zonieslaw.com, sshaver@zonieslaw.com

Don K Ledgard    DLedgard@capretz.com, pmartinez@capretz.com

Brendan J Flaherty    brendan@pritzkerlaw.com, tania@pritzkerlaw.com

Kenneth W Pearson    kpearson@johnsonbecker.com, apeterson@johnsonbecker.com

Ahmed Samir Diab    adiab@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com, nstoneman@gomeztrialattorneys.com

T Matthew Leckman     mleckman@pbmattorneys.com, staylor@pbmattorneys.com

Theodore Floyd Stokes     ted@stokeslawpllc.com

M Blair Clinton     bclinton@hgdlawfirm.com

Stuart Goldenberg     slgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Marlene J Goldenberg     mjgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Margaret Moses Branch     mbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Adam Tal Funk     afunk@branchlawfirm.com, ksmith@branchlawfirm.com, mslemp@branchlawfirm.com, psanchez@branchlawfirm.com

Michael B Leh     mleh@lockslaw.com, ahouchins@lockslaw.com

D Todd Mathews     todd@gorijulianlaw.com, afaust@gorijulianlaw.com, cfischer@gorijulianlaw.com

Matthew Robert Boatman     matt.boatman@gknet.com

Michael P McGartland     mike@mcgartland.com, catherine@mcgartland.com, haley@mcgartland.com

David J Hodge     dhodge@mkhlawyers.com, lee@mkhlawyers.com

Angela M Higgins     higgins@bscr-law.com, mcarrillo@bscr-law.com

Mark Kevin Gray     Mgray@grayandwhitelaw.com, cjones@grayandwhitelaw.com

Joseph R Johnson     jjohnson@babbitt-johnson.com, dcodding@babbitt-johnson.com

James Albert Montee     jmontee@monteelawfirm.com, jimmontee@gmail.com

James P Cannon     jpc.atty@yahoo.com

Brandee J Kowalzyk     brandee.kowalzyk@nelsonmullins.com

Matthew B Lerner     matthew.lerner@nelsonmullins.com, carrie.brown@nelsonmullins.com, miche.boles@nelsonmullins.com

Richard B North, Jr     richard.north@nelsonmullins.com, mandy.evangelista@nelsonmullins.com, maria.turner@nelsonmullins.com

Ben C Martin     bmartin@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com, tarbon@bencmartin.com

Thomas William Arbon     tarbon@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com

Taylor Tapley Daly     taylor.daly@nelsonmullins.com

Julia Reed-Zaic     julia@hrzlaw.com, awright@hrzlaw.com, laura@hrzlaw.com

Laura Elizabeth Smith     laura@hrzlaw.com, awright@hrzlaw.com

Ramon Rossi Lopez     rlopez@lopezmchugh.com, bmeyers@lopezmchugh.com, wespitia@lopezmchugh.com

Troy Alexander Brenes (Terminated)     tbrenes@breneslawgroup.com, jsabol@breneslawgroup.com

Kevin George Lohman     klohman@reedsmith.com, cspoon@reedsmith.com

Nathan Craig Van Der Veer     nate@frplegal.com, hgillis@frplegal.com, kristi@frplegal.com

Richard Arthur Freese     rich@freeseandgoss.com, regina@freeseandgoss.com

Robert M Hammers, Jr    rob@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

James Frederick Rogers    jim.rogers@nelsonmullins.com, julia.norcia@nelsonmullins.com, kim.lanier@nelsonmullins.com

Matthew Ryan McCarley    mccarley@fnlawfirm.com, charlotte@fnlawfirm.com, vcanizales@fnlawfirm.com

Michael S Katz    mkatz@lopezmchugh.com

John A Dalimonte    johndalimonte@kdlaw.net, jessicar@kdlaw.net, rdusablon@kdlaw.net

Teresa C Toriseva    justice@torisevalaw.com

Clair A Montroy, III    montroylaw@verizon.net

Melissa Dorman Matthews    mdorman@hdbdlaw.com, alopez@hdbdlaw.com

David B Krangle    dkrangle@alonsokrangle.com

Jason T Schneider    jason@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

Calle M Mendenhall    calle@freeseandgoss.com, regina@freeseandgoss.com

Spencer J Pahlke    spahlke@walkuplawoffice.com, lmccombe@walkuplawoffice.com

Michael A Kelly    mkelly@walkuplawoffice.com, afreeman@walkuplawoffice.com

Steven James Boranian    sboranian@reedsmith.com, drothschild@reedsmith.com

Kimberly Waters Grant    kgrant@waynegrant.com

Wayne Grant    wgrant@waynegrant.com, jmunn@waynegrant.com

Brandon L Corl    bcorl@potts-law.com, nchambers@potts-law.com

Andres F Alonso    aalonso@alonsokrangle.com

Christopher Thomas Kirchmer    ckirchmer@pulf.com, alee@pulf.com, cguilbeau@pulf.com, dwest@pulf.com

Randal A Kauffman    rkauffman@hdhtex.com, jmanriquez@hdhtex.com

Hadley L Matarazzo    hmatarazzo@faraci.com, tzukoski@faraci.com

Kenneth Riley    kriley@frplegal.com

John Pinckney Harloe, III    john@freeseandgoss.com, Brenda@freeseandgoss.com, calle@freeseandgoss.com, regina@freeseandgoss.com, rich@freeseandgoss.com

Matthew D Davis    mdavis@walkuplawoffice.com, kbenzien@walkuplawoffice.com

Douglas Senger Saeltzer    dsaeltzer@walkuplawoffice.com, hehmke@walkuplawoffice.com

Michael Brandon Smith    bsmith@cssfirm.com, kackerman@cssfirm.com, lwheale@cssfirm.com

Stephen Grant Daniel    buck@howardnations.com, charles@howardnations.com, denicia@howardnations.com

John Lacoste Langdoc    jlangdoc@baronbudd.com, awilson@baronbudd.com

S Ann Saucer    asaucer@baronbudd.com, awilson@baronbudd.com, glinsenb@baronbudd.com

Laura J Baughman     lbaughman@baronbudd.com, kmoore@baronbudd.com, mhaynie@baronbudd.com

Russell W Budd     rbudd@baronbudd.com, awilson@baronbudd.com, ralaniz@baronbudd.com

Felecia L Stern     stern@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Steven D Davis     sdavis@thlawyer.com, kelli@thlawyer.com, rose@thlawyer.com

Andrew D Kinghorn     andrew@thedriscollfirm.com

Jon C Conlin     jconlin@corywatson.com, ivc@corywatson.com, lstovall@corywatson.com

Jeff R Gaddy     JGADDY@LEVINLAW.COM, KMAYO@LEVINLAW.COM, JGILBERT@LEVINLAW.COM

Sindhu Daniel     sdaniel@baronbudd.com, glinsenb@baronbudd.com, yrocha@baronbudd.com

Roland Karim Tellis     rtellis@baronbudd.com, jcampbell@baronbudd.com

Howard L Nations     charles@howardnations.com, alex.dailey@howardnations.com, buck@howardnations.com, lek@howardnations.com, shelley@howardnations.com

Rand P Nolen     rand_nolen@fleming-law.com, pam_myers@fleming-law.com

Moze Cowper     mcowper@cowperlaw.com

Daniel Seltz     dseltz@lchb.com

Monte Bond     mbond@tautfestbond.com, acarpenter@tautfestbond.com, dliska@tautfestbond.com

Brian A Goldstein     brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

David P Matthews     dmatthews@dmlawfirm.com, lsantiago@dmlawfirm.com, msalazar@dmlawfirm.com

H Forest Horne     hfh@m-j.com, sct@m-j.com

Jaclyn L Anderson     janderson@klwtlaw.com

Graham B LippSmith     glippsmith@klwtlaw.com, nsmith@klwtlaw.com

Jennifer Nolte Williams     jwilliams@jacksonallenfirm.com, mmorales@jacksonallenfirm.com

Glen Elliot Turner     gturner@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Kirsten McNelly Bibbes     kbibbes@ongaropc.com, dpayne@ongaropc.com, kmikkelsen@ongaropc.com

David Raymond Ongaro     dongaro@ongaropc.com

William B Curtis     bcurtis@curtis-lawgroup.com, jgomez@curtis-lawgroup.com, pmcdonald@curtis-lawgroup.com

Randall Seth Crompton     scrompton@allfela.com, tblasa@allfela.com

Robin P Lourie     rpl@wlr.net

Brian Keith Jackson     kj@rileyjacksonlaw.com, jbailey@rileyjacksonlaw.com, marymalea@rileyjacksonlaw.com

Ethan L Shaw     elshaw@shawcowart.com, scole@shawcowart.com

Matthew J Riley     mriley@shawcowart.com, scole@shawcowart.com

Justin W Fishback     jfishback@shawcowart.com, scole@shawcowart.com

Jeff Seldomridge (Terminated)   jseldomridge@millerfirmllc.com, kunderwood@millerfirmllc.com, tlitzenburg@millerfirmllc.com

Jesse Burl Chrisp   jesse@chrisplaw.com, heather@chrisplaw.com

Melissa Erin Mielke   mmielke@skikos.com, jtucci@skikos.com, slong@skikos.com

David M Langevin   dave@westrikeback.com, kate@westrikeback.com, katie@westrikeback.com, melanie@westrikeback.com

Jennifer A Lenze   jlenze@lkmlawfirm.com, torres@lkmlawfirm.com

Jaime E Moss   moss@lkmlawfirm.com, torres@lkmlawfirm.com

Laurie E Kamerrer   kamerrer@lkmlawfirm.com

Nathan Buttars   nate@lowelawgroup.com, jonathan@lowelawgroup.com, kayelani@lowelawgroup.com

Jonathan D Peck   jonathan@lowelawgroup.com

David C DeGreeff   ddegreeff@wcllp.com, dconwell@wcllp.com

Todd E Hilton   hilton@stuevesiegel.com, joyce@stuevesiegel.com, mcclellan@stuevesiegel.com

Sherri L Plotkin   mdweck@rheingoldlaw.com

Matthew David Schultz   mschultz@levinlaw.com, kmayo@levinlaw.com, tgilbert@levinlaw.com

Matthew J. McCauley   Mmccauley@yourlawyer.com, NEisner@yourlawyer.com

Philip Sholtz   phil@thedriscollfirm.com

Lucas James Ude   lucas@kelllampinlaw.com, rebecca@kelllampinlaw.com

J Mark Kell   Mark.Kell@KellLampinLaw.com, Rebecca@KellLampinLaw.com

Laura Lynne Voght   LVoght@attorneykennugent.com, KWinkleman@attorneykennugent.com

Rick Barreca   rbarreca@bernripka.com, dcoffey@bernripka.com, edougherty@bernripka.com, mcordner@bernripka.com, mnair@bernripka.com

Stephen Barnett Murray, Jr   smurrayjr@murray-lawfirm.com, aonstott@murray-lawfirm.com, kbeck@murray-lawfirm.com

Matthew Paul Skrabanek   paul@psbfirm.com

Nicholas Farnolo   Nfarnolo@napolilaw.com

Jacob Edward Levy   jlevy@grayandwhitelaw.com, cjones@grayandwhitelaw.com, mwhite@grayandwhitelaw.com

Matthew Lee White   mwhite@grayandwhitelaw.com

Eric Roslansky   ivc@getjustice.com, eroslansky@getjustice.com, jshahady@getjustice.com

Brian E Tadtman   bet@petersonlawfirm.com

David M Peterson   dmp@petersonlawfirm.com

Nicholas Clevenger   nsc@petersonlawfirm.com, asr@petersonlawfirm.com

Shezad Malik   drmalik@shezadmalik.com, ryan@shezadmalik.com

Kristen K Barton   kbarton@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com

Mark C Aubuchon    mark.aubuchon@kelllampinlaw.com, mcaubuchon@yahoo.com

William M Berlowitz    Williamb@inebraska.com

William Michael Loughran    michael@angelowhitelaw.com, stephen@angelowhitelaw.com

Christian T Williams    cwilliams@dominalaw.com, efiling@dominalaw.com,kkw@dominalaw.com

Amy J Anderson    aanderson@jamlawyers.com, evaldez@jamlawyers.com, jmorris@jamlawyers.com

Everette Scott Verhine    scott@verhine.biz, lisa@verhine.biz

Robert Bruce Warner    BWarner@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Lynnette Simon Marshall    LMarshall@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Kelsey Louise Stokes    kelsey_stokes@fleming-law.com, adrian_martin@fleming-law.com

J Christopher Elliott    celliott@coloradolaw.net, krysta.hand@coloradolaw.net

Brian Broussard Winegar    bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Jim Mac Perdue, Jr    jperduejr@perdueandkidd.com, bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Donald Hamilton Kidd    dkidd@perdueandkidd.com, cbatterson@perdueandkidd.com

M Michael Waters    mwaters@wjnklaw.com, selliott@wjnklaw.com

Kay L Van Wey    kay@vanweylaw.com, julie@vanweylaw.comkerri@vanweylaw.com

Joshua D Christian    JChristian@christianddavis.com, mmaloney@christianddavis.com

Philip J Pendergrass, Jr    philip@schneiderhammers.com, abbie@schneiderhammers.com

Noah H Kushlefsky    NKUSHLEFSKY@KREINDLER.COM, jferraro@kreindler.com, lranieri@kreindler.com

Matthew Scott Mokwa    mmokwa@maherlawfirm.com, mrayser@maherlawfirm.com

Amorina P Lopez    alopez@lopezmchugh.com, bmeyers@lopezmchugh.com, mwass@lopezmchugh.com

Scott E Brady    scott@bohrerbrady.com, greta@bohrerbrady.com

Philip Bohrer    phil@bohrerbrady.com, shannon@bohrerbrady.com

Thomas Tucker Merrigan    tom@sweeneymerrigan.com, kimberly@sweeneymerrigan.com, tucker@sweeneymerrigan.com

Patrick T Fennell    Pfennell@Crandalllaw.com, Chargenrader@Crandalllaw.com, Rwood@Crandalllaw.com

Richard S Lewis    rlewis@hausfeld.com, adorsey@hausfeld.com, bbeard@hausfeld.com

Steven Rotman    srotman@hausfeld.com

Andrea Layne Stackhouse    layne@shraderlaw.com, jtrigo@shraderlaw.com

Julie S Ferraro    Jferraro@Kreindler.com

Dean A Goetz    dgoetz12@gmail.com

Jason S Morgan    jmorgan@mmlk.com, dwalker@mmlk.com

David J Guarnieri   dguarnieri@mmlk.com, dpritchard@mmlk.com

Michael S. Werner   MWerner@yourlawyer.com, NEisner@yourlawyer.com

Randall John Trost   RJTrost@TrostLaw.com

Randall Troy Trost   rttrost@trostlaw.com

Benjamin A Bertram   benbertram@bertramgraf.com, Karlenne.Powell@bertramgraf.com, Laura@bertramgraf.com

Karolina S Kulesza   kkulesza@lawdbd.com

Elizabeth Dudley   liz@lizdudleylaw.com

Nicholas P Scarpelli, Jr   scarpelli@carneylaw.com, durkin@carneylaw.com,kniffin@carneylaw.com

Raymond T Trebisacci   treblaw@comcast.net

Kevin P Polansky   kevin.polansky@nelsonmullins.com

Michael Frederick Decker   mdecker@lchb.com, jkeatingwolk@lchb.com, shabonimana@lchb.com

Nathaniel Scearcy   nscearcy@potts-law.com

Rosemarie Riddell Bogdan   rrbivcbard@1800law1010.com, kawivcbard@1800law1010.com

Braden Beard   bbeard@hausfeld.com

Ashleigh E Raso   araso@meshbesher.com

Mekel S Alvarez   malvarez@morrisbart.com

Betsy J Barnes   bbarnes@morrisbart.com, betsyjbarnes@yahoo.com

Karen Delcambre McCarthy   kmccarthy@morrisbart.com

Peter E Goss   pgoss@goss-lawfirm.com, jcampain@goss-lawfirm.com

Timothy David Hedrick   thedrick@rtlaw.com, gtaylor@rtlaw.com

Edward McCarthy, III   emccarthy@rtlaw.com, dwaldenmaier@rtlaw.com

Joe A King, Jr   jking@mkhlawyers.com, tgrant@mkhlawyers.com

Angela J Mason   Angela.Mason@CochranFirm.com

Joseph D Lane   JoeLane@CochranFirm.com

T Aaron Stringer   aaron@lowelawgroup.com

Samuel Mason Wendt   sam@wendtlaw.com, micaela@wendtlaw.com

David L Grebel   grebel@ngklawfirm.com

Michael S Kruse   kruse@ngklawfirm.com

Peyton P Murphy   Peyton@MurphyLawFirm.com, Jadonna@MurphyLawFirm.com, Kacia@MurphyLawFirm.com

Todd C Comeaux   TC@ComeauxLawFirm.com

Henry Queener    hqueener@Queenerlaw.com

John C Hatch    John@KahanaLaw.com

Amir M Kahana    amk@kahanalaw.com

Bill Bradley, Jr    bbradley@bdjlaw.com, erikam@bdjlaw.com,kgruner@bdjlaw.com

Jeff M Edwards    JeffEdwards777@gmail.com

**2:15-md-02641-DGC Notice will be sent by other means to those listed below if they are affected by this filing:**

Aaron A Clark
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Alex Cameron Walker
Modrall Sperling Roehl Harris & Sisk PA
500 4th St. NW, Ste. 1000
Albuquerque, NM 87102

Amanda Montee
Montee Law Firm
P.O. Box 127
St. Joseph, MO 64502

Andrew J Trevelise
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Anthony James Urban
Urban Law
P.O. Box 890
Pottsville, PA 17901

Brian John Perkins
Meyers & Flowers LLC
3 N 2nd St., Ste. 300
St Charles, IL 60174

Bruce S Kingsdorf
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Catherine A Faught Pollard
Quarles & Brady LLP - Milwaukee, WI
411 E Wisconsin Ave., Ste. 2040
Milwaukee, WI 53202-4497

Chris Johnson

Christopher Brian Watt
Reed Smith LLP - Houston, TX

811 Main St., Ste. 1700
Houston, TX 77002

Christopher J Quinn
Driscoll Firm PC
211 N Broadway, Ste. 4050
St Louis, MO 63102

Craig D Henderson
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Craig E Hilborn
Hilborn & Hilborn
999 Haynes, Ste. 205
Birmingham, MI 48009

Daniel K Winters
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

David A Onstott
Murray Law Firm
650 Poydras St., Ste. 2150
New Orleans, LA 70130

David J Cooner
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

David J Walz
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

David W Ledyard
Strong Pipkin Bissell & Ledyard - Beamont, TX
595 Orleans, Ste. 1400
Beaumont, TX 77701

David W Zoll
Zoll Kranz & Borgess
6620 Central Ave., Ste. 100
Toledo, OH 43617

Dawn M Barrios
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Debra A Djupman
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Dennis P Mulvihill
Wright & Schulte - Cleveland, OH
23240 Chagrin Blvd.
Cleveland, OH 44122

Diana Rabeh
Reed Smith LLP - Wilmington, DE
1201 Market St., Ste. 1500
Wilmington, DE 19801

E Terry Sibbernsen
Sibbernsen, Strigenz Law Firm - Omaha
1111 N 102nd Ct., Ste. 330
Omaha, NE 68114

Edward W Gerecke
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

Elaine Sargeant

Elizabeth G Grimes
Law Offices of Michael A DeMayo LLP
P.O. Box 34426
Charlotte, NC 28234

Elizabeth Hosea Lemoine
Wick Phillips Gould & Martin LLP
3131 McKinney Ave., Ste. 100
Dallas, TX 75204

Elizabeth S Fenton
Chamberlain Hrdlicka
300 Conshohocken State Rd., Ste. 570
W Conshohocken, PA 19428

Ellen Relkin
Weitz & Luxenberg PC - New York, NY
700 Broadway, 5th Fl.
New York, NY 10003

Eric J Buhr
Reed Smith LLP - Los Angeles, CA
355 S Grand Ave., Ste. 2900
Los Angeles, CA 90071

Frederick R Hovde
Hovde Dassow & Deets LLC
Meridian Twr.
201 W 103rd St., Ste. 500
Indianapolis, IN 46290

Gary Robert Tulp
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

Genevieve M Zimmerman
Zimmerman Reed PLLP - Minneapolis, MN
1100 IDS Ctr.
80 S 8th St.
Minneapolis, MN 55402

Gerard C Kramer
Schmidt Ronca & Kramer PC
209 State St.
Harrisburg, PA 17101

Gregory D Bentley
Zonies Law LLC
1900 Wazee St., Ste.203
Denver, CO 80202

Hilary E Youngblood
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Jack Edward Urquhart
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Jacob W Plattenberger
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Jahnunnice Johnson

James P Catalano
Nelson Mullins Riley & Scarborough LLP - Nashville, TN
1 Nashville Pl.
150 4th Ave. N, Ste. 1100
Nashville, TN 37219

Jamie Jean McKey
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

Jane T Davis
Nelson Mullins Riley & Scarborough LLP - Charleston, SC
151 Meeting St., Ste. 600
Charleston, SC 29401

Janet Lynn White

Jennifer Ann Guidea
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

Jennifer J Hageman
Ulmer & Berne LLP - Cincinnati, OH

600 Vine St., Ste. 2800
Cincinnati, OH 45202

Joan Anderson

Jody Lynn Rudman
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

John A Camp
Carlton Fields Jorden Burt - Miami, FL
100 SE 2nd St., Ste. 4200
Miami, FL 33131

John G Mitchell
Secrest Wardle
P.O. Box 5025
Troy, MI 48007-5025

John H Allen , III
Jackson Allen & Williams LLP
3838 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

John J Glenn
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

John Neumann Hickey
Law Offices of John N Hickey
20 W Front St.
Media, PA 19063

Jonathan Hogins
Moody Law Firm
500 Crawford St., Ste. 200
Portsmouth, VA 23704

Jordan L Chaikin
Parker Waichman LLP - Bonita Springs, FL
27300 Riverview Center Blvd., Ste. 103
Bonita Springs, FL 34134

Joshua Kincannon
4 Paragon Way, Ste. 100
Freehold, NJ 07728

Joshua A Mankoff
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Joshua D Miller
Toriseva Law
1446 National Rd.
Wheeling, WV 26003

Joshua R Johnson
Babbitt & Johnson PA
1641 Worthington Rd., Ste. 100
W Palm Beach, FL 33402

Joshua S Whitley
Smyth Whitley
BB&T Plz.
234 Seven Farms Dr., Ste. 234
Charleston, SC 29492

Justin Ross Kaufman
Heard Robins Cloud LLP - Santa Fe, NM
505 Cerrillos Rd., Ste. A209
Santa Fe, NM 87501

Katherine Diven

Kathryn Snapka
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Kelly Elswick-Hall
Masters Law Firm
181 Summers St.
Charleston, WV 25301

Kevin M Fitzgerald
Fitzgerald Law Group
120 Exchange St., Ste. 200
Portland, ME 04101

Kevin M Hara
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Kevin R Martin
Martin Law Offices SC
7280 S 13th St., Ste. 102
Oak Creek, WI 53154

Lawrence R Murphy , Jr
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Louisa O Kirakosian
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Mariann M Robison
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Mark A Sentenac

Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Mathew R Doebler
Pribanic & Pribanic LLC
513 Court Pl.
Pittsburgh, PA 15219

Matthew E Brown
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Matthew John Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Melanie M Atha
Cabaniss Johnston Gardner Dumas & ONeal LLP
P.O. Box 830612
Birmingham, AL 35283-0612

Michael Ockerman
Hanna Campbell & Powell
3737 Embassy Pkwy., Ste. 100
Akron, OH 44333

Michael F Marlow
Johnson Miner Marlow Woodward & Huff PLLC
P.O. Box 667
Yankton, SD 57078-0667

Michael Joseph Ryan
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Michael L Armitage
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Michael Alan Gross

Nancy June Falls

Neilli M Walsh
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Neville H Boschert
Jones WalkerWaechter Poitevent Carrere & Denegre
P.O. Box 427
Jackson, MS 39205-0427

Nevin Christopher Brownfield
Ongaro PC
50 California St., Ste. 3325
San Francisco, CA 94108

Patrick T Clendenen
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Peter C Wetherall
Wetherall Group Limited
9345 W Sunset Rd., Ste. 100
Las Vegas, NV 89148

Peter Thomas Anderson
Ashcraft & Gerel LLP - Alexandria, VA
4900 Seminar Rd., Ste. 650
Alexandria, VA 22311

Raymond G Mullady , Jr
Nelson Mullins Riley & Scarborough LLP - Washington, DC
101 Constitution Ave. NW, Ste. 900
Washington, DC 20001

Raymond Joseph Kramer , III
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Rhett A McSweeney
McSweeney Langevin LLC
2116 2nd Ave. S
Minneapolis, MN 55404

Richard A Zappa
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Richard Allen Cohn
Aitken Aitken Cohn
P.O. Box 2555
Santa Ana, CA 92707

Richard E Vollertsen
Atkinson Conway & Gagnon Incorporated
420 L St., Ste. 500
Anchorage, AK 99501

Richard J Schicker
Schicker Law Firm
2809 S 160th St., Ste. 207
Omaha, NE 68130

Ricky L Boren
Hill Boren
P.O. Box 3539

Jackson, TN 38303-0539

Robert Diemer
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Robert R Hatten
Patten Wornom Hatten Diamonstein LC
12350 Jefferson Ave., Ste. 300
Newport News, VA 23602

Robert Williams Goldwater , III
Goldwater Law Firm PC
15849 N 71st St., Ste. 100
Scottsdale, AZ 85254

Roberts Clay Milling , II
Henry Spiegel Milling LLP
950 E Paces Ferry Rd., Ste. 2450
Atlanta, GA 30326

Ruth A Horvatich
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Sanjay Ghosh
Nelson Mullins Riley & Scarborough LLC - Atlanta, GA
Atlantic Station
201 17th St. NW, Ste. 1700
Atlanta, GA 30363

Sarah Mangum(Terminated)

Shelia Sloan

Steven James Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Tayjes Matthew Shah
Miller Law Firm LLC
108 Railroad Ave.
Orange, VA 22960

Thomas Melone
Allco Renewable Energy Limited
14 Wall St., 20th Fl.
New York, NY 10005

Thomas A Kenefick , III
Law Office of Thomas A Kenefick III
73 Chestnut St.
Springfield, MA 01103

Thomas K Herren
Herren & Adams
148 N Broadway
Lexington, KY 40507

Tiffany L Roach Martin
MNodrall Sperling Roehl Harris & Sisk PA - Santa Fe, NM
P.O. Box 2168
Santa FE, NM 87103-2168

Timothy E Lengkeek
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Timothy John Freiberg
Freiberg Law Offices
4545 Springbrook Rd.
Rockford, IL 61114

Tor A Hoerman
TorHoerman Law LLC - Edwardsville, IL
101 W Vandalla St., Ste. 350
Edwardsville, IL 62025

Vickie J Traughber

Vivian M Quinn
Nixon Peabody LLP - Buffalo NY
Key Towers at Fountain Plaza
40 Fountain Plz., Ste. 500
Buffalo, NY 14202

W Bryan Smith
Morgan & Morgan PA - Memphis, TN
2600 One Commerce Sq.
Memphis, TN 38103

William H Carpenter
William H Carpenter Law Office Limited
P.O. Box 35070
Albuquerque, NM 87176-5070

Wilnar Jeanne Julmiste
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

Zachary Logan Wool
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## DISTRICT OF ARIZONA

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2016 at 2:35 PM MST and filed on 9/6/2016
**Case Name:**       IN RE: Bard IVC Filters Products Liability Litigation
**Case Number:**     2:15-md-02641-DGC
**Filer:**
**Document Number:** 3313(No document attached)

**Docket Text:**
ORDER. On the second discovery issue (see Doc. 3312), the Court will not require Plaintiffs to produce information regarding their communications with NBC or other media outlets. The Court reaches this conclusion because of Plaintiffs' assurance that the NBC news stories will not be used at trial: "Plaintiffs concur with Defendants that news stories published by NBC or other media outlets are not admissible. In light of this recognition..., Defendants have no argument as to why communications by Plaintiffs' counsel with NBC (if any) are relevant." Doc. 3306 at 4. The Court views this statement by Plaintiffs' lead counsel as binding in all of the cases in this MDL. As a result, stories by NBC news or other media outlets will not be admissible at trial, and discovery regarding those stories therefore does not seek relevant information. Signed by Judge David G Campbell on 9-6-16. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC)


**2:15-md-02641-DGC Notice has been electronically mailed to:**

James R Condo       jcondo@swlaw.com, docket@swlaw.com, glass@swlaw.com

Robert B Carey      rob@hbsslaw.com, ecfphx@hbsslaw.com

Robert W Boatman    rwb@gknet.com, Karen.Trumpower@gknet.com, lincoln.combs@gknet.com

Mark Stephen O'Connor     mark.oconnor@gknet.com, gay.blakesley@gknet.com

Turner Williamson Branch     tbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Joseph Paul Michael Angelo    joe@angelowhitelaw.com, stephen@angelowhitelaw.com

Clyde Talbot Turner     tab@tturner.com, jerrt@tturner.com, tiffany@tturner.com

David A Domina     ddomina@dominalaw.com, efiling@dominalaw.com, kkw@dominalaw.com

Sandy A Liebhard     liebhard@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Paul Lincoln Stoller     paul.stoller@gknet.com, deborah.yanazzo@gknet.com

Willard J Moody, Jr     will@moodyrrlaw.com, courtney@moodyrrlaw.com,renee@moodyrrlaw.com

Fred Thompson     fthompson@motleyrice.com

Shannon L Clark     slc@gknet.com, karin.scheehle@gknet.com, roberta.schmidt@gknet.com

Michael William Heaviside     mheaviside@hrzlaw.com, awright@hrzlaw.com

Leonard W Aragon     leonard@hbsslaw.com, amyn@hbsslaw.com, ecfphx@hbsslaw.com

Elizabeth C Helm     kate.helm@nelsonmullins.com

Christopher A Seeger     cseeger@seegerweiss.com

James A Morris, Jr     jmorris@jamlawyers.com, aanderson@jamlawyers.com

Michael T Gallagher     donnaf@gld-law.com

Eric M Terry     eric@thlawyer.com, kpostol@thlawyer.com,kstephens@thlawyer.com

Michael G Daly     mdaly@pbmattorneys.com

Mark R Niemeyer     niemeyer@ngklawfirm.com

Joe Kendall     jkendall@kendalllawgroup.com, administrator@kendalllawgroup.com, jrudman@kendalllawgroup.com

C Lincoln Combs     lincoln.combs@gknet.com, kelly.saltsman@gknet.com

David J Szerlag     dszerlag@gmail.com, wendy@pritzkerlaw.com

John H Gomez     john@gomeztrialattorneys.com

Annesley H DeGaris     adegaris@degarislaw.com, asapone@degarislaw.com

David R Ongaro     dongaro@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Lyn Peeples Pruitt     lpruitt@mwlaw.com

Anthony J Nemo     tnemo@meshbesher.com

Andrew L Davick     adavick@meshbesher.com

Elaine T Byszewski     Elaine@hbsslaw.com, erikas@hbsslaw.com, jconte@hbsslaw.com

Thomas P Cartmell     tcartmell@wcllp.com, m.goldwasser@wcllp.com

Patricia Lynn Campbell     pcampbell@potts-law.com, nchambers@potts-law.com

Amanda Christine Sheridan     asheridan@swlaw.com, docket@swlaw.com, pritchey@swlaw.com

Michael Kevin Brown     mkbrown@reedsmith.com, vbarreto@reedsmith.com

Robert D Rowland     khubbard@ghalaw.com, lisal@ghalaw.com

Yvonne M Flaherty     ymflaherty@locklaw.com, bgilles@locklaw.com,rnzubiate@locklaw.com, sgpatchen@locklaw.com

Wendy R Fleishman     wfleishman@lchb.com, jkeatingwolk@lchb.com, mdecker@lchb.com

John C Duane     jduane@motleyrice.com, clwhetstone@motleyrice.com, kgardner@motleyrice.com, mhopkins@motleyrice.com

Donald A Migliori     dmigliori@motleyrice.com

Kara Trouslot Stubbs     stubbs@bscr-law.com

Samuel J Horovitz     shorovitz@rtlaw.com, drossier@rtlaw.com

Charles R Houssiere, III     choussi@hdhtex.com, rkauffman@hdhtex.com

Ellen A Presby     ellenpresby@nemerofflaw.com, gabrielcanto@nemerofflaw.com, lisadelgado@nemerofflaw.com

Max Freeman (Terminated)     mfreeman@millerweisbrod.com, aboone@millerweisbrod.com, crubin@millerweisbrod.com, mtrull@millerweisbrod.com, tnguyen@millerweisbrod.com

Richard W Schulte     rschulte@yourlegalhelp.com, cartim@yourlegalhelp.com, jgebelle@yourlegalhelp.com

Les Weisbrod (Terminated)     lweisbrod@millerweisbrod.com, btrujillo@millerweisbrod.com

Michael K Johnson     mjohnson@johnsonbecker.com, rfiebiger@johnsonbecker.com, sgray@johnsonbecker.com

Carrie R Capouellez     ccapouellez@lopezmchugh.com

Matthew Ramon Lopez     mlopez@lopezmchugh.com, agarrett@lopezmchugh.com, beast@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Alexandra V Boone (Terminated)     aboone@millerweisbrod.com, mtrull@millerweisbrod.com

Eric Davis Holland     eholland@allfela.com, tblasa@allfela.com

Joseph A Osborne, Jr     josborne@oa-lawfirm.com, ggiovanni@oa-lawfirm.com, rbell@oa-lawfirm.com

Rolf T Fiebiger     rfiebiger@johnsonbecker.com, apeterson@johnsonbecker.com

Gregory N McEwen     gmcewen@mcewenlaw.com, asteinberg@mcewenlaw.com, mschmid@mcewenlaw.com

John J Driscoll     john@thedriscollfirm.com, andrew@thedriscollfirm.com

Jason P Johnston     jjohnston@meshbesher.com, araso@meshbesher.com, gzimmerman@meshbesher.com, hsternquist@meshbesher.com

Alex C Park     alexcpark@hotmail.com, alexcpark@yahoo.com

Joseph Jacob Zonies     jzonies@zonieslaw.com, gbentley@zonieslaw.com, jcox@zonieslaw.com, sshaver@zonieslaw.com

Don K Ledgard     DLedgard@capretz.com, pmartinez@capretz.com

Brendan J Flaherty     brendan@pritzkerlaw.com, tania@pritzkerlaw.com

Kenneth W Pearson     kpearson@johnsonbecker.com, apeterson@johnsonbecker.com

Ahmed Samir Diab     adiab@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com, nstoneman@gomeztrialattorneys.com

T Matthew Leckman     mleckman@pbmattorneys.com, staylor@pbmattorneys.com

Theodore Floyd Stokes     ted@stokeslawpllc.com

M Blair Clinton     bclinton@hgdlawfirm.com

Stuart Goldenberg     slgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Marlene J Goldenberg     mjgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Margaret Moses Branch    mbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Adam Tal Funk    afunk@branchlawfirm.com, ksmith@branchlawfirm.com, mslemp@branchlawfirm.com, psanchez@branchlawfirm.com

Michael B Leh    mleh@lockslaw.com, ahouchins@lockslaw.com

D Todd Mathews    todd@gorijulianlaw.com, afaust@gorijulianlaw.com, cfischer@gorijulianlaw.com

Matthew Robert Boatman    matt.boatman@gknet.com

Michael P McGartland    mike@mcgartland.com, catherine@mcgartland.com, haley@mcgartland.com

David J Hodge    dhodge@mkhlawyers.com, lee@mkhlawyers.com

Angela M Higgins    higgins@bscr-law.com, mcarrillo@bscr-law.com

Mark Kevin Gray    Mgray@grayandwhitelaw.com, cjones@grayandwhitelaw.com

Joseph R Johnson    jjohnson@babbitt-johnson.com, dcodding@babbitt-johnson.com

James Albert Montee    jmontee@monteelawfirm.com, jimmontee@gmail.com

James P Cannon    jpc.atty@yahoo.com

Brandee J Kowalzyk    brandee.kowalzyk@nelsonmullins.com

Matthew B Lerner    matthew.lerner@nelsonmullins.com, carrie.brown@nelsonmullins.com, miche.boles@nelsonmullins.com

Richard B North, Jr    richard.north@nelsonmullins.com, mandy.evangelista@nelsonmullins.com, maria.turner@nelsonmullins.com

Ben C Martin    bmartin@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com, tarbon@bencmartin.com

Thomas William Arbon    tarbon@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com

Taylor Tapley Daly    taylor.daly@nelsonmullins.com

Julia Reed-Zaic    julia@hrzlaw.com, awright@hrzlaw.com, laura@hrzlaw.com

Laura Elizabeth Smith    laura@hrzlaw.com, awright@hrzlaw.com

Ramon Rossi Lopez    rlopez@lopezmchugh.com, bmeyers@lopezmchugh.com, wespitia@lopezmchugh.com

Troy Alexander Brenes (Terminated)    tbrenes@breneslawgroup.com, jsabol@breneslawgroup.com

Kevin George Lohman    klohman@reedsmith.com, cspoon@reedsmith.com

Nathan Craig Van Der Veer    nate@frplegal.com, hgillis@frplegal.com,kristi@frplegal.com

Richard Arthur Freese    rich@freeseandgoss.com, regina@freeseandgoss.com

Robert M Hammers, Jr    rob@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

James Frederick Rogers    jim.rogers@nelsonmullins.com, julia.norcia@nelsonmullins.com, kim.lanier@nelsonmullins.com

Matthew Ryan McCarley    mccarley@fnlawfirm.com, charlotte@fnlawfirm.com, vcanizales@fnlawfirm.com

Michael S Katz    mkatz@lopezmchugh.com

John A Dalimonte    johndalimonte@kdlaw.net, jessicar@kdlaw.net,rdusablon@kdlaw.net

Teresa C Toriseva    justice@torisevalaw.com

Clair A Montroy, III    montroylaw@verizon.net

Melissa Dorman Matthews    mdorman@hdbdlaw.com, alopez@hdbdlaw.com

David B Krangle    dkrangle@alonsokrangle.com

Jason T Schneider    jason@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

Calle M Mendenhall    calle@freeseandgoss.com, regina@freeseandgoss.com

Spencer J Pahlke    spahlke@walkuplawoffice.com, lmccombe@walkuplawoffice.com

Michael A Kelly    mkelly@walkuplawoffice.com, afreeman@walkuplawoffice.com

Steven James Boranian    sboranian@reedsmith.com, drothschild@reedsmith.com

Kimberly Waters Grant    kgrant@waynegrant.com

Wayne Grant    wgrant@waynegrant.com, jmunn@waynegrant.com

Brandon L Corl    bcorl@potts-law.com, nchambers@potts-law.com

Andres F Alonso    aalonso@alonsokrangle.com

Christopher Thomas Kirchmer    ckirchmer@pulf.com, alee@pulf.com, cguilbeau@pulf.com, dwest@pulf.com

Randal A Kauffman    rkauffman@hdhtex.com, jmanriquez@hdhtex.com

Hadley L Matarazzo    hmatarazzo@faraci.com, tzukoski@faraci.com

Kenneth Riley    kriley@frplegal.com

John Pinckney Harloe, III    john@freeseandgoss.com, Brenda@freeseandgoss.com, calle@freeseandgoss.com, regina@freeseandgoss.com, rich@freeseandgoss.com

Matthew D Davis    mdavis@walkuplawoffice.com, kbenzien@walkuplawoffice.com

Douglas Senger Saeltzer    dsaeltzer@walkuplawoffice.com, hehmke@walkuplawoffice.com

Michael Brandon Smith    bsmith@cssfirm.com, kackerman@cssfirm.com, lwheale@cssfirm.com

Stephen Grant Daniel    buck@howardnations.com, charles@howardnations.com, denicia@howardnations.com

John Lacoste Langdoc    jlangdoc@baronbudd.com, awilson@baronbudd.com

S Ann Saucer    asaucer@baronbudd.com, awilson@baronbudd.com, glinsenb@baronbudd.com

Laura J Baughman    lbaughman@baronbudd.com, kmoore@baronbudd.com, mhaynie@baronbudd.com

Russell W Budd    rbudd@baronbudd.com, awilson@baronbudd.com, ralaniz@baronbudd.com

Felecia L Stern    stern@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Steven D Davis    sdavis@thlawyer.com, kelli@thlawyer.com, rose@thlawyer.com

Andrew D Kinghorn    andrew@thedriscollfirm.com

Jon C Conlin    jconlin@corywatson.com, ivc@corywatson.com, lstovall@corywatson.com

Jeff R Gaddy    JGADDY@LEVINLAW.COM, KMAYO@LEVINLAW.COM, TGILBERT@LEVINLAW.COM

Sindhu Daniel    sdaniel@baronbudd.com, glinsenb@baronbudd.com, yrocha@baronbudd.com

Roland Karim Tellis    rtellis@baronbudd.com, jcampbell@baronbudd.com

Howard L Nations    charles@howardnations.com, alex.dailey@howardnations.com, buck@howardnations.com, lek@howardnations.com, shelley@howardnations.com

Rand P Nolen    rand_nolen@fleming-law.com, pam_myers@fleming-law.com

Moze Cowper    mcowper@cowperlaw.com

Daniel Seltz    dseltz@lchb.com

Monte Bond    mbond@tautfestbond.com, acarpenter@tautfestbond.com, dliska@tautfestbond.com

Brian A Goldstein    brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

David P Matthews    dmatthews@dmlawfirm.com, lsantiago@dmlawfirm.com, msalazar@dmlawfirm.com

H Forest Horne    hfh@m-j.com, sct@m-j.com

Jaclyn L Anderson    janderson@klwtlaw.com

Graham B LippSmith    glippsmith@klwtlaw.com, nsmith@klwtlaw.com

Jennifer Nolte Williams    jwilliams@jacksonallenfirm.com, mmorales@jacksonallenfirm.com

Glen Elliot Turner    gturner@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Kirsten McNelly Bibbes    kbibbes@ongaropc.com, dpayne@ongaropc.com, kmikkelsen@ongaropc.com

David Raymond Ongaro    dongaro@ongaropc.com

William B Curtis    bcurtis@curtis-lawgroup.com, jgomez@curtis-lawgroup.com, pmcdonald@curtis-lawgroup.com

Randall Seth Crompton    scrompton@allfela.com, tblasa@allfela.com

Robin P Lourie    rpl@wlr.net

Brian Keith Jackson    kj@rileyjacksonlaw.com, jbailey@rileyjacksonlaw.com, marymalea@rileyjacksonlaw.com

Ethan L Shaw    elshaw@shawcowart.com, scole@shawcowart.com

Matthew J Riley    mriley@shawcowart.com, scole@shawcowart.com

Justin W Fishback    jfishback@shawcowart.com, scole@shawcowart.com

Jeff Seldomridge (Terminated)    jseldomridge@millerfirmllc.com, kunderwood@millerfirmllc.com, tlitzenburg@millerfirmllc.com

Jesse Burl Chrisp    jesse@chrisplaw.com, heather@chrisplaw.com

Melissa Erin Mielke    mmielke@skikos.com, jtucci@skikos.com, slong@skikos.com

David M Langevin    dave@westrikeback.com, kate@westrikeback.com, katie@westrikeback.com, melanie@westrikeback.com

Jennifer A Lenze    jlenze@lkmlawfirm.com, torres@lkmlawfirm.com

Jaime E Moss    moss@lkmlawfirm.com, torres@lkmlawfirm.com

Laurie E Kamerrer    kamerrer@lkmlawfirm.com

Nathan Buttars    nate@lowelawgroup.com, jonathan@lowelawgroup.com, kayelani@lowelawgroup.com

Jonathan D Peck    jonathan@lowelawgroup.com

David C DeGreeff    ddegreeff@wcllp.com, dconwell@wcllp.com

Todd E Hilton    hilton@stuevesiegel.com, joyce@stuevesiegel.com, mcclellan@stuevesiegel.com

Sherri L Plotkin    mdweck@rheingoldlaw.com

Matthew David Schultz    mschultz@levinlaw.com, kmayo@levinlaw.com, tgilbert@levinlaw.com

Matthew J. McCauley    Mmccauley@yourlawyer.com, NEisner@yourlawyer.com

Philip Sholtz    phil@thedriscollfirm.com

Lucas James Ude    lucas@kelllampinlaw.com, rebecca@kelllampinlaw.com

J Mark Kell    Mark.Kell@KellLampinLaw.com, Rebecca@KellLampinLaw.com

Laura Lynne Voght    LVoght@attorneykennugent.com, KWinkleman@attorneykennugent.com

Rick Barreca    rbarreca@bernripka.com, dcoffey@bernripka.com, edougherty@bernripka.com, mcordner@bernripka.com, mnair@bernripka.com

Stephen Barnett Murray, Jr    smurrayjr@murray-lawfirm.com, aonstott@murray-lawfirm.com, kbeck@murray-lawfirm.com

Matthew Paul Skrabanek    paul@psbfirm.com

Nicholas Farnolo    Nfarnolo@napolilaw.com

Jacob Edward Levy    jlevy@grayandwhitelaw.com, cjones@grayandwhitelaw.com, mwhite@grayandwhitelaw.com

Matthew Lee White    mwhite@grayandwhitelaw.com

Eric Roslansky    ivc@getjustice.com, eroslansky@getjustice.com, jshahady@getjustice.com

Brian E Tadtman    bet@petersonlawfirm.com

David M Peterson    dmp@petersonlawfirm.com

Nicholas Clevenger    nsc@petersonlawfirm.com, asr@petersonlawfirm.com

Shezad Malik    drmalik@shezadmalik.com, ryan@shezadmalik.com

Kristen K Barton    kbarton@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com

Mark C Aubuchon    mark.aubuchon@kelllampinlaw.com, mcaubuchon@yahoo.com

William M Berlowitz    Williamb@inebraska.com

William Michael Loughran    michael@angelowhitelaw.com, stephen@angelowhitelaw.com

Christian T Williams    cwilliams@dominalaw.com, efiling@dominalaw.com, kkw@dominalaw.com

Amy J Anderson    aanderson@jamlawyers.com, evaldez@jamlawyers.com, jmorris@jamlawyers.com

Everette Scott Verhine    scott@verhine.biz, lisa@verhine.biz

Robert Bruce Warner    BWarner@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Lynnette Simon Marshall    LMarshall@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Kelsey Louise Stokes    kelsey_stokes@fleming-law.com, adrian_martin@fleming-law.com

J Christopher Elliott    celliott@coloradolaw.net, krysta.hand@coloradolaw.net

Brian Broussard Winegar    bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Jim Mac Perdue, Jr    jperduejr@perdueandkidd.com, bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Donald Hamilton Kidd    dkidd@perdueandkidd.com, cbatterson@perdueandkidd.com

M Michael Waters    mwaters@wjnklaw.com, selliott@wjnklaw.com

Kay L Van Wey    kay@vanweylaw.com, julie@vanweylaw.comkerri@vanweylaw.com

Joshua D Christian    JChristian@christiananddavis.com, mmaloney@christiananddavis.com

Philip J Pendergrass, Jr    philip@schneiderhammers.com, abbie@schneiderhammers.com

Noah H Kushlefsky    NKUSHLEFSKY@KREINDLER.COM, jferraro@kreindler.com, lranieri@kreindler.com

Matthew Scott Mokwa    mmokwa@maherlawfirm.com, mrayser@maherlawfirm.com

Amorina P Lopez    alopez@lopezmchugh.com, bmeyers@lopezmchugh.com, mwass@lopezmchugh.com

Scott E Brady    scott@bohrerbrady.com, greta@bohrerbrady.com

Philip Bohrer    phil@bohrerbrady.com, shannon@bohrerbrady.com

Thomas Tucker Merrigan    tom@sweeneymerrigan.com, kimberly@sweeneymerrigan.com, tucker@sweeneymerrigan.com

Patrick T Fennell    Pfennell@Crandalllaw.com, Chargenrader@Crandalllaw.com, Rwood@Crandalllaw.com

Richard S Lewis    rlewis@hausfeld.com, adorsey@hausfeld.com, bbeard@hausfeld.com

Steven Rotman    srotman@hausfeld.com

Andrea Layne Stackhouse    layne@shraderlaw.com, jtrigo@shraderlaw.com

Julie S Ferraro    Jferraro@Kreindler.com

Dean A Goetz    dgoetz12@gmail.com

Jason S Morgan    jmorgan@mmlk.com, dwalker@mmlk.com

David J Guarnieri    dguarnieri@mmlk.com, dpritchard@mmlk.com

Michael S. Werner    MWerner@yourlawyer.com, NEisner@yourlawyer.com

Randall John Trost    RJTrost@TrostLaw.com

Randall Troy Trost    rttrost@trostlaw.com

Benjamin A Bertram    benbertram@bertramgraf.com, Karlenne.Powell@bertramgraf.com, Laura@bertramgraf.com

Karolina S Kulesza    kkulesza@lawdbd.com

Elizabeth Dudley    liz@lizdudleylaw.com

Nicholas P Scarpelli, Jr    scarpelli@carneylaw.com, durkin@carneylaw.com,kniffin@carneylaw.com

Raymond T Trebisacci    treblaw@comcast.net

Kevin P Polansky    kevin.polansky@nelsonmullins.com

Michael Frederick Decker    mdecker@lchb.com, jkeatingwolk@lchb.com, shabonimana@lchb.com

Nathaniel Scearcy    nscearcy@potts-law.com

Rosemarie Riddell Bogdan    rrbivcbard@1800law1010.com, kawivcbard@1800law1010.com

Braden Beard    bbeard@hausfeld.com

Ashleigh E Raso    araso@meshbesher.com

Mekel S Alvarez    malvarez@morrisbart.com

Betsy J Barnes    bbarnes@morrisbart.com, betsyjbarnes@yahoo.com

Karen Delcambre McCarthy    kmccarthy@morrisbart.com

Peter E Goss    pgoss@goss-lawfirm.com, jcampain@goss-lawfirm.com

Timothy David Hedrick    thedrick@rtlaw.com, gtaylor@rtlaw.com

Edward McCarthy, III    emccarthy@rtlaw.com, dwaldenmaier@rtlaw.com

Joe A King, Jr    jking@mkhlawyers.com, tgrant@mkhlawyers.com

Angela J Mason    Angela.Mason@CochranFirm.com

Joseph D Lane    JoeLane@CochranFirm.com

T Aaron Stringer    aaron@lowelawgroup.com

Samuel Mason Wendt    sam@wendtlaw.com, micaela@wendtlaw.com

David L Grebel    grebel@ngklawfirm.com

Michael S Kruse    kruse@ngklawfirm.com

Peyton P Murphy    Peyton@MurphyLawFirm.com, Jadonna@MurphyLawFirm.com, Kacia@MurphyLawFirm.com

Todd C Comeaux    TC@ComeauxLawFirm.com

Henry Queener    hqueener@Queenerlaw.com

John C Hatch    John@KahanaLaw.com

Amir M Kahana    amk@kahanalaw.com

Bill Bradley, Jr    bbradley@bdjlaw.com, erikam@bdjlaw.com,kgruner@bdjlaw.com

Jeff M Edwards    JeffEdwards777@gmail.com

**2:15-md-02641-DGC Notice will be sent by other means to those listed below if they are affected by this filing:**

Aaron A Clark
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Alex Cameron Walker
Modrall Sperling Roehl Harris & Sisk PA
500 4th St. NW, Ste. 1000
Albuquerque, NM 87102

Amanda Montee
Montee Law Firm
P.O. Box 127
St. Joseph, MO 64502

Andrew J Trevelise
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Anthony James Urban
Urban Law
P.O. Box 890
Pottsville, PA 17901

Brian John Perkins
Meyers & Flowers LLC
3 N 2nd St., Ste. 300
St Charles, IL 60174

Bruce S Kingsdorf
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Catherine A Faught Pollard
Quarles & Brady LLP - Milwaukee, WI
411 E Wisconsin Ave., Ste. 2040
Milwaukee, WI 53202-4497

Chris Johnson

Christopher Brian Watt
Reed Smith LLP - Houston, TX
811 Main St., Ste. 1700
Houston, TX 77002

Christopher J Quinn
Driscoll Firm PC
211 N Broadway, Ste. 4050
St Louis, MO 63102

Craig D Henderson
Snapka Law Firm

P.O. Box 23017
Corpus Christi, TX 78403

Craig E Hilborn
Hilborn & Hilborn
999 Haynes, Ste. 205
Birmingham, MI 48009

Daniel K Winters
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

David A Onstott
Murray Law Firm
650 Poydras St., Ste. 2150
New Orleans, LA 70130

David J Cooner
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

David J Walz
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

David W Ledyard
Strong Pipkin Bissell & Ledyard - Beamont, TX
595 Orleans, Ste. 1400
Beaumont, TX 77701

David W Zoll
Zoll Kranz & Borgess
6620 Central Ave., Ste. 100
Toledo, OH 43617

Dawn M Barrios
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Debra A Djupman
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Dennis P Mulvihill
Wright & Schulte - Cleveland, OH
23240 Chagrin Blvd.
Cleveland, OH 44122

Diana Rabeh
Reed Smith LLP - Wilmington, DE
1201 Market St., Ste. 1500
Wilmington, DE 19801

E Terry Sibbernsen
Sibbernsen, Strigenz Law Firm - Omaha
1111 N 102nd Ct., Ste. 330
Omaha, NE 68114

Edward W Gerecke
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

Elaine Sargeant

Elizabeth G Grimes
Law Offices of Michael A DeMayo LLP
P.O. Box 34426
Charlotte, NC 28234

Elizabeth Hosea Lemoine
Wick Phillips Gould & Martin LLP
3131 McKinney Ave., Ste. 100
Dallas, TX 75204

Elizabeth S Fenton
Chamberlain Hrdlicka
300 Conshohocken State Rd., Ste. 570
W Conshohocken, PA 19428

Ellen Relkin
Weitz & Luxenberg PC - New York, NY
700 Broadway, 5th Fl.
New York, NY 10003

Eric J Buhr
Reed Smith LLP - Los Angeles, CA
355 S Grand Ave., Ste. 2900
Los Angeles, CA 90071

Frederick R Hovde
Hovde Dassow & Deets LLC
Meridian Twr.
201 W 103rd St., Ste. 500
Indianapolis, IN 46290

Gary Robert Tulp
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

Genevieve M Zimmerman
Zimmerman Reed PLLP - Minneapolis, MN
1100 IDS Ctr.
80 S 8th St.
Minneapolis, MN 55402

Gerard C Kramer
Schmidt Ronca & Kramer PC
209 State St.
Harrisburg, PA 17101

Gregory D Bentley
Zonies Law LLC
1900 Wazee St., Ste.203
Denver, CO 80202

Hilary E Youngblood
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Jack Edward Urquhart
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Jacob W Plattenberger
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Jahnunnice Johnson

James P Catalano
Nelson Mullins Riley & Scarborough LLP - Nashville, TN
1 Nashville Pl.
150 4th Ave. N, Ste. 1100
Nashville, TN 37219

Jamie Jean McKey
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

Jane T Davis
Nelson Mullins Riley & Scarborough LLP - Charleston, SC
151 Meeting St., Ste. 600
Charleston, SC 29401

Janet Lynn White

Jennifer Ann Guidea
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

Jennifer J Hageman
Ulmer & Berne LLP - Cincinnati, OH
600 Vine St., Ste. 2800
Cincinnati, OH 45202

Joan Anderson

Jody Lynn Rudman
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

John A Camp
Carlton Fields Jorden Burt - Miami, FL
100 SE 2nd St., Ste. 4200
Miami, FL 33131

John G Mitchell
Secrest Wardle
P.O. Box 5025
Troy, MI 48007-5025

John H Allen , III
Jackson Allen & Williams LLP
3838 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

John J Glenn
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

John Neumann Hickey
Law Offices of John N Hickey
20 W Front St.
Media, PA 19063

Jonathan Hogins
Moody Law Firm
500 Crawford St., Ste. 200
Portsmouth, VA 23704

Jordan L Chaikin
Parker Waichman LLP - Bonita Springs, FL
27300 Riverview Center Blvd., Ste. 103
Bonita Springs, FL 34134

Joshua Kincannon
4 Paragon Way, Ste. 100
Freehold, NJ 07728

Joshua A Mankoff
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Joshua D Miller
Toriseva Law
1446 National Rd.
Wheeling, WV 26003

Joshua R Johnson
Babbitt & Johnson PA
1641 Worthington Rd., Ste. 100
W Palm Beach, FL 33402

Joshua S Whitley
Smyth Whitley
BB&T Plz.
234 Seven Farms Dr., Ste. 234
Charleston, SC 29492

Justin Ross Kaufman
Heard Robins Cloud LLP - Santa Fe, NM
505 Cerrillos Rd., Ste. A209
Santa Fe, NM 87501

Katherine Diven

Kathryn Snapka
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Kelly Elswick-Hall
Masters Law Firm
181 Summers St.
Charleston, WV 25301

Kevin M Fitzgerald
Fitzgerald Law Group
120 Exchange St., Ste. 200
Portland, ME 04101

Kevin M Hara
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Kevin R Martin
Martin Law Offices SC
7280 S 13th St., Ste. 102
Oak Creek, WI 53154

Lawrence R Murphy , Jr
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Louisa O Kirakosian
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Mariann M Robison
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Mark A Sentenac
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Mathew R Doebler
Pribanic & Pribanic LLC
513 Court Pl.
Pittsburgh, PA 15219

Matthew E Brown

Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Matthew John Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Melanie M Atha
Cabaniss Johnston Gardner Dumas & ONeal LLP
P.O. Box 830612
Birmingham, AL 35283-0612

Michael Ockerman
Hanna Campbell & Powell
3737 Embassy Pkwy., Ste. 100
Akron, OH 44333

Michael F Marlow
Johnson Miner Marlow Woodward & Huff PLLC
P.O. Box 667
Yankton, SD 57078-0667

Michael Joseph Ryan
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Michael L Armitage
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Michael Alan Gross

Nancy June Falls

Neilli M Walsh
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Neville H Boschert
Jones WalkerWaechter Poitevent Carrere & Denegre
P.O. Box 427
Jackson, MS 39205-0427

Nevin Christopher Brownfield
Ongaro PC
50 California St., Ste. 3325
San Francisco, CA 94108

Patrick T Clendenen
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Peter C Wetherall
Wetherall Group Limited
9345 W Sunset Rd., Ste. 100
Las Vegas, NV 89148

Peter Thomas Anderson
Ashcraft & Gerel LLP - Alexandria, VA
4900 Seminar Rd., Ste. 650
Alexandria, VA 22311

Raymond G Mullady , Jr
Nelson Mullins Riley & Scarborough LLP - Washington, DC
101 Constitution Ave. NW, Ste. 900
Washington, DC 20001

Raymond Joseph Kramer , III
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Rhett A McSweeney
McSweeney Langevin LLC
2116 2nd Ave. S
Minneapolis, MN 55404

Richard A Zappa
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Richard Allen Cohn
Aitken Aitken Cohn
P.O. Box 2555
Santa Ana, CA 92707

Richard E Vollertsen
Atkinson Conway & Gagnon Incorporated
420 L St., Ste. 500
Anchorage, AK 99501

Richard J Schicker
Schicker Law Firm
2809 S 160th St., Ste. 207
Omaha, NE 68130

Ricky L Boren
Hill Boren
P.O. Box 3539
Jackson, TN 38303-0539

Robert Diemer
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Robert R Hatten
Patten Wornom Hatten Diamonstein LC
12350 Jefferson Ave., Ste. 300

Newport News, VA 23602

Robert Williams Goldwater , III
Goldwater Law Firm PC
15849 N 71st St., Ste. 100
Scottsdale, AZ 85254

Roberts Clay Milling , II
Henry Spiegel Milling LLP
950 E Paces Ferry Rd., Ste. 2450
Atlanta, GA 30326

Ruth A Horvatich
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Sanjay Ghosh
Nelson Mullins Riley & Scarborough LLC - Atlanta, GA
Atlantic Station
201 17th St. NW, Ste. 1700
Atlanta, GA 30363

Sarah Mangum(Terminated)

Shelia Sloan

Steven James Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Tayjes Matthew Shah
Miller Law Firm LLC
108 Railroad Ave.
Orange, VA 22960

Thomas Melone
Allco Renewable Energy Limited
14 Wall St., 20th Fl
New York, NY 10005

Thomas A Kenefick , III
Law Office of Thomas A Kenefick III
73 Chestnut St.
Springfield, MA 01103

Thomas K Herren
Herren & Adams
148 N Broadway
Lexington, KY 40507

Tiffany L Roach Martin
MNodrall Sperling Roehl Harris & Sisk PA - Santa Fe, NM
P.O. Box 2168
Santa FE, NM 87103-2168

Timothy E Lengkeek
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Timothy John Freiberg
Freiberg Law Offices
4545 Springbrook Rd.
Rockford, IL 61114

Tor A Hoerman
TorHoerman Law LLC - Edwardsville, IL
101 W Vandalla St., Ste. 350
Edwardsville, IL 62025

Vickie J Traughber

Vivian M Quinn
Nixon Peabody LLP - Buffalo NY
Key Towers at Fountain Plaza
40 Fountain Plz., Ste. 500
Buffalo, NY 14202

W Bryan Smith
Morgan & Morgan PA - Memphis, TN
2600 One Commerce Sq.
Memphis, TN 38103

William H Carpenter
William H Carpenter Law Office Limited
P.O. Box 35070
Albuquerque, NM 87176-5070

Wilnar Jeanne Julmiste
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

Zachary Logan Wool
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

ATTYADD,LEAD,MULTI-DISTRICT,PROTO,REMAND,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:15-md-02641-DGC

IN RE: Bard IVC Filters Products Liability Litigation
Assigned to: Judge David G Campbell
Case in other court: Ninth Circuit, 16-16163
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/17/2015
Jury Demand: Both
Nature of Suit: 365 Personal Injury: Prod. Liability
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 09/06/2016 | 3314 | ORDER. On the third discovery issue (see Doc. 3312), the Court will not require Plaintiffs to produce information regarding third-party funding arrangements. The Court cannot conclude that information regarding such arrangements is relevant to the defense of this case. In arguing to the contrary, Defendants cite to examples of funding arrangements in other cases and speculate that "if" such arrangements exist here, then Plaintiffs' counsel "may not represent the best interests of the plaintiffs, may represent the plaintiffs in a way they otherwise may not, or may not negotiate settlement in good faith, or may request unreasonably high damages." Doc. 3308 at 7-8. Defendants' argument that "if" a condition exists it "may" produce a particular result amounts to nothing more than conjecture. Defendants present nothing concrete -- nothing specific to this case -- that shows such discovery is relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Defendants will be permitted to conduct relevant damages discovery in individual cases. The Court notes, by the way, that Plaintiffs argue this discovery is not "reasonably calculated to lead to the discovery of admissible evidence." Doc. 3306 at 5. That phrase, which never was intended to define the scope of discovery under Rule 26 (see 2015 Advisory Committee Note to Rule 26), was eliminated from Rule 26 on December 1, 2015. One other comment. The Court has been impressed with the professionalism of counsel on both sides of this case. Plaintiffs' memorandum went a bit too far in its accusations ("conveniently ignore," "witch hunt," "grasping theories"). The Court encourages both sides to maintain the professional approach and tone that have, to everyone's benefit, characterized this litigation thus far. Signed by Judge David G Campbell on 9-6-16. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC) (Entered: 09/06/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| | Transaction Receipt | | |
| | 07/17/2018 10:14:01 | | |
| PACER Login: | nmrs0003:4310666:0 | Client Code: | 000389/08373-mb13 |
| Description: | Docket Report | Search Criteria: | 2:15-md-02641-DGC Starting with document: |

|  |  |  | 3314 Ending with document: 3314 |
|---|---|---|---|
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MD 15-02641 |
| | **CASE MANAGEMENT ORDER NO. 17** |
| | **(Stipulation and Order Concerning Protective Order and Redactions of Material from Defendants' Expedited ESI Production)** |

To expedite document production of ESI from Defendants, the parties, through their respective counsel, have agreed to a primarily "no-eyes-on" document production as to relevancy while still performing a privilege review for ESI Defendants will be producing subsequent to this Order. That procedure requires certain changes to protection and requirements in the protective order (Doc. 269) and Case Management Order No. 7 and corresponding Exhibit A (Doc. 401) for ESI produced pursuant to this process. To the extent that any of the below provisions are inconsistent with either the protective order (Doc. 269) or Case Management Order No. 7 and corresponding Exhibit A (Doc. 401), the below provisions shall control all documents produced pursuant to this Order.

THEREFORE, IT ORDERED as follows:

The parties have agreed on an ESI production process (the "Process"). All ESI produced by Bard pursuant to the Process will be subject to the following terms:

1.   At the time of production, Bard will identify the documents or ESI as being produced pursuant to the Process and subject to the restrictions of this Case Management Order ("CMO").

2.   Plaintiffs will maintain all documents and ESI produced pursuant to the Process as confidential and not use the documents or ESI for any purpose outside of their own review and analysis until they have complied with this CMO.

3.   Until Plaintiffs identify the documents or ESI for use, access to the documents and ESI is limited to attorneys and staff at PLC firms and their consultants who execute the attached addendum and agree to be subject to the restrictions of this CMO.

4.   If Plaintiffs intend to use a document or ESI identified by Defendants as produced pursuant to the Process for any purpose other than as set forth in paragraph 2 above, they shall notify Defendants in writing (or by email) of their intent to use the document or ESI, identifying the document or ESI by production Bates number(s).  Once Plaintiffs have done so, the document or ESI shall be deemed conditionally designated as "Confidential" under the protective order (Doc. 269) and subject to the restrictions of that Order (including filing under seal).  Such designation shall not negate the additional protections and procedures afforded by Paragraphs 6, 7, 9, and 10 of this CMO.

5.   Defendants shall thereafter have 30 days to affirmatively designate the document or ESI as Confidential pursuant to the Protective Order (doc. 269) in which case it will be treated as Confidential under that Order as of the date of initial production.  Such designation may be made by separate writing that identifies the document or ESI by production Bates number(s).  Plaintiffs may challenge such confidentiality designations in accordance with the terms of the Protective Order (doc. 269).

6.   Defendants shall have the right to identify any document, file, or other form of ESI produced pursuant to the Process as both being irrelevant to the matters in dispute in this MDL and containing trade secret or other confidential information and to "claw back" such ESI or documents from the production.  After Plaintiffs identify a particular

document, file, or other ESI for intended use pursuant to Paragraph 4, Defendants shall have 30 days to seek claw back of the particular document pursuant to this paragraph; this latter requirement does not apply to documents, files, and other ESI produced pursuant to the Process that have not been identified for use by Plaintiffs pursuant to Paragraph 4, which may be clawed back at any time.

7. Defendants shall have the right to identify any such documents or ESI as subject to the requirements of CMO No. 7 (Doc. 401) and to require the redaction of the information set forth in that Order; in that event, Defendants shall provide Plaintiffs with a redacted version of the subject documents or ESI with the same production Bates number(s) and Plaintiffs shall destroy any unredacted copies or versions of the document that they possess.

8. Plaintiffs shall have the right to challenge any designation by Defendants under paragraphs 6 or 7 by submission of the ESI or document to the Court under seal and any filings that refer to the protected substance of the ESI or document must, likewise, be made under seal.

9. Federal Rule of Evidence 502(d) protection for privileged information produced pursuant to the Process:

    a. Pursuant to Federal Rule of Evidence 502(d), production or disclosure pursuant to the Process of the substance or content of documents, materials, or other information that is protected by the attorney-client privilege, work-product protection, or any other privilege or protection shall not amount to waiver of the privilege and/or protection in this MDL, or in any other federal or state proceeding.

    b. If Plaintiffs identify a document, material, or other information in the documents and ESI produced pursuant to the Process that reasonably appears to be protected by any privilege or other protection, they shall promptly notify Defendants in writing or email. If the Defendants determine that the document, material, or other information is privileged or

otherwise protected, it shall make such an assertion in writing within 30 days of receipt of notification. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection within 30 days of receipt of notification shall amount to waiver of any privilege or protection only of the document, material, or other information identified in the notification, subject to Federal Rule of Evidence 502(a).

c. For any document, material, or other information produced or disclosed during discovery, and not identified pursuant to section (b) of this Paragraph, Defendants shall assert any claim of privilege or protection in writing (including by email) within 30 days after Plaintiffs identify the material for use pursuant to Paragraph 4 of this CMO. Once the privilege or protection is asserted, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B). Failure to assert the privilege or protection shall amount to waiver of the privilege or protection only of the document, material, or other information used, subject to Federal Rule of Evidence 502(a).

d. Unless waived under sections (b) or (c), at any time, a party that produces any document, material, or other information that it believes to be protected by the attorney-client privilege, work-product protection, or any other privilege or protection may assert the privilege or protection in writing. Once the privilege or protection is asserted in writing, the parties shall follow the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

10. To the extent that the documents or ESI produced pursuant to the Process contain any adverse event reporter names or information of a patient who is not a party to this litigation and which would otherwise be redacted in accordance with CMO No. 7, Plaintiffs and their counsel and agents shall not contact the patient or reporter of an

1  adverse event unless and until the parties go through the processes outlined in Paragraphs
2  6 and 8 of this CMO with respect to the redaction of information and this Court
3  determines the information is not subject to redaction.
4       Dated this 13th day of September, 2016.
5
6
7  _____
            David G. Campbell
8          United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE:  BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MD-15-02641-PHX-DGC<br><br>**AGREEMENT TO MAINTAIN CONFIDENTIALITY** |

I, _____ (Name), have been given and have read a copy of the Case Management Order No. __, dated _____, 2016 in the case of MDL No. 2641, pending in the United States District Court District of Arizona.  I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Order of this Court and that I am prohibited from copying, disclosing, or otherwise using such material except as provided by said court Order.  I understand that my unauthorized disclosure of any information protected by the Order or contact of a patient or reporter of an adverse event in violation of the Order may constitute contempt of court and I agree to be personally subject to the jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for my violation of the terms of this Acknowledgment and the Order.  I also understand that my signature on this "Agreement to Maintain Confidentiality", indicating my agreement to be bound by the terms of the Case Management Order, is required before I may be allowed to receive and review any produced document and materials that are produced pursuant to the Process as set forth in the Case Management Order.

Date: _____          Print Signature:_____

                                Signature:_____

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| | **ORDER** |

The Court held a fifth case management conference with the parties on August 23, 2016. In preparation for the conference, the parties provided a joint status report that identified a number of issues for discussion. Doc. 3102. The report noted that the parties disagree on the discoverability of certain electronically stored information ("ESI") generated by foreign entities (subsidiaries or divisions of Defendant C.R. Bard) that sell IVC filters abroad. Plaintiffs seek discovery of communications between the foreign entities and foreign regulatory bodies regarding the IVC filters at issue in this case. Doc. 3264 at 2. The Court discussed this topic at some length during the status conference on August 23, 2016, and directed the parties to provide focused briefing. Each side has now filed a memorandum addressing this issue. Docs. 3309, 3326. For the reasons set forth below, the Court will deny Plaintiffs' request for this discovery.

## I.    New Legal Standards Governing the Scope of Discovery.

Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015. The new rule defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the

party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

### A.    Relevancy.

To be discoverable under the first part of this test, information must be "relevant to any party's claim or defense." *Id*. This language has not changed from the previous version of Rule 26(b)(1).

Before the 2015 amendments, Rule 26(b)(1) also provided that inadmissible evidence was discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." Some courts – and many lawyers – used this language to define the scope of discovery. *See, e.g.*, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

This phrase was eliminated by the 2015 amendments and replaced with a more direct declaration of the phrase's original intent:  "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Advisory Committee on the Federal Rules of Civil Procedure provided this explanation for the deletion:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted.  The phrase has been used by some, incorrectly, to define the scope of discovery.  As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery."  The 2000 amendments sought to prevent such misuse by adding the word "relevant" at the beginning of the sentence, making clear that "relevant" means within the scope of discovery as defined in this subdivision . . . ."  The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments.

Rule 26, Advis. Comm. Notes for 2015 Amends.

The 2015 amendments thus eliminated the "reasonably calculated" phrase as a definition for the scope of permissible discovery.  Despite this clear change, many courts

1   continue to use the phrase.  Old habits die hard.[1]  In this circuit, courts cite two Ninth

2   Circuit cases – *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.

3   2005), and *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)

4   – for the proposition that information is relevant for purposes of Rule 26(b)(1) if it is

5   "reasonably calculated to lead to the discovery of admissible evidence."[2]  But these cases,

6   and others like them, simply applied the earlier version of Rule 26(b)(1).

7       Amended Rule 26(b)(1) was adopted pursuant to the Rules Enabling Act, 28

8   U.S.C. § 2072, et. seq.  That statute provides that "[a]ll laws in conflict with such rules

9   shall be of no further force or effect after such rules have taken effect."  *Id.*, § 2072(b).

10  Thus, just as a statute could effectively overrule cases applying a former legal standard,

11  the 2015 amendment effectively abrogated cases applying a prior version of Rule

12  26(b)(1).  The test going forward is whether evidence is "relevant to any party's claim or

13  defense," not whether it is "reasonably calculated to lead to admissible evidence."

14      **B.    Proportionality.**

15      The 2015 amendments also added proportionality as a requirement for permissible

16  discovery.  Relevancy alone is no longer sufficient – discovery must also be proportional

17  to the needs of the case.  The Advisory Committee Note makes clear, however, that the

18  amendment does not place the burden of proving proportionality on the party seeking

---

19

20  [1] Last month alone, seven cases relied on the "reasonably calculated" language to
    define the scope of permissible discovery.  *See Fastvdo LLC v. AT&T Mobility LLC*, No.
21  16-CV-385-H (WVG), 2016 WL 4542747, at *2 (S.D. Cal. Aug. 31, 2016); *Sierra Club
    v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *1 (W.D. Wash. Aug. 30,
22  2016); *Shell v. Ohio Family Rights*, No. 1:15-CV-1757, 2016 WL 4523830, at *2 (N.D.
    Ohio Aug. 29, 2016); *Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC*, No. 5:15-CV-
23  00037-FL, 2016 WL 4287929, at *1 (E.D.N.C. Aug. 15, 2016); *Ecomission Sols., LLC v.
    CTS Holdings, Inc.*, No. MISC. 16-1793 (EGS), 2016 WL 4506974, at *1 (D.D.C.
24  Aug. 26, 2016); *Clouser v. Golden Gate Nat'l Senior Care, LLC*, No. CV 3:15-33, 2016
    WL 4223755, at *4 (W.D. Pa. Aug. 9, 2016); *Scott Hutchinson Enters., Inc. v. Cranberry
25  Pipeline Corp.*, No. 3:15-CV-13415, 2016 WL 4203555, at *2 (S.D.W. Va. Aug. 9,
    2016).  Several other cases cited the language as though it were still part of Rule 26(b)(1).
26  *See Fairley v. Wal-Mart Stores, Inc.*, No. CV 15-462, 2016 WL 4418799, at *2 (E.D. La.
    Aug. 19, 2016); *Kuczak v. City of Trotwood, Ohio*, No. 3:13-CV-101, 2016 WL 4500715,
27  at *1 (S.D. Ohio Aug. 26, 2016); *Kubik v. Cent. Michigan Univ. Bd. of Trustees*, No. 15-
    CV-12055, 2016 WL 4425174, at *2 (E.D. Mich. Aug. 22, 2016).

28      [2] *See Fastvdo*, 2016 WL 4542747, at *2 (quoting *Surfvivor Media*, 406 F.3d at
    635); *Sierra Club*, 2016 WL 4528452, at *1 (quoting *Brown Bag*, 960 F.2d at 1470).

discovery. The amendment "does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden addressing all proportionality considerations." Rule 26, Advis. Comm. Notes for 2015 Amends. Rather, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.*

The inquiry to be conducted under the proportionality requirement, therefore, requires input from both sides. As the Advisory Committee explained:

> A party claiming undue burden or expense ordinarily has far better information – perhaps the only information – with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

*Id.* The Court therefore will look to evidence and arguments from both sides in deciding whether discovery from the Bard foreign entities is permitted under Rule 26.

## II. Analysis.

### A. Relevancy.

From the information provided by the parties, it appears that most of Defendants' regulatory communications, including communications with foreign regulators, are generated by Defendants' United States operations, which have been and continue to be subject to extensive discovery. Robert Carr, the key Bard witness on this issue, explained that the relevant Bard division within the United States "handles the regulatory burden" for a particular product. Doc. 3311-1 at 4. The division supplies "all the required documentation" to foreign Bard entities, and the foreign entities then share that information with foreign regulators. *Id.* Some foreign entities have their own regulatory staff, but Bard's United States operations "supply all the pertinent information, answer all the questions. They provide the documentation and translations back and forth." *Id.* at 11.

Carr further explained that there are regulatory persons on every Bard product development team, and that "they determine the potential regulatory pathway for a product being developed early on." *Id*. at 13. "[T]hroughout the project, they identify the required standards that need to be met in countries that we know we're going to go to, because testing requirements are different in different countries." *Id*. at 14. "And then at the end of the project they would put together the supporting documentation to allow themselves to file in America and . . . the other international regulatory groups to file in their particular countries using our data. And they would liaise with them throughout that approval process globally." *Id*. at 14.

Documents submitted by the parties support Bard's assertion that regulatory communications are largely controlled from within the United States. For example, Exhibit F to Defendants' memorandum is an email chain showing Bard employees within the United States compiling information to respond to inquiries made by a regulator in Great Britain. Doc. 3313-7.

It also appears, however, that employees in foreign entities sometimes engage in their own communications with foreign regulators. Mr. Carr provided this testimony about when Bard's foreign personnel could have communications with foreign regulators that are different from the communications prepared in the United States:

> Q.    There's not a single place where they would be different?
>
> A.    If the indication for use, which is a regulatory term, defines how and where a product can be used, how a filter can be used, if it happens to have a different indication for use in a different country, then that's possible. And so they would be able to change that information. Japan is a common example of that.
>
> Q.    Okay.
>
> A.    They will change wording and things like that, that's based on the Japanese regulatory approval, not necessarily marketing effort.
>
> Q.    Sure. They have to get a change in an IFU approved by BPV or C.R. Bard before they can do it?
>
> A.    No, they approve it at their level.

Doc. 3266 at 10-11.

- 5 -

This exchange suggests that employees in foreign Bard entities at least sometimes communicate with foreign regulators on their own. This fact is confirmed by Exhibit 4 to Plaintiffs' memorandum. It is a communication from David Marshall, an employee of Bard in Great Britain, recounting communications he had with British regulators regarding Bard filters. Doc. 3266 at 13.

For purposes of this discovery dispute, the Court concludes that most of the communications with foreign regulators originate in the United States and thus will be captured by the ESI searches currently underway. There do appear, however, to be some communications that originate abroad and may not be captured in the current searches.

The Court also finds, however, that the relevancy of these communications is uncertain for at least two reasons. First, there are no Plaintiffs in this MDL from foreign countries. All plaintiffs received their Bard filters and allegedly were injured in the United States. Second, Plaintiffs seek communications with foreign regulators for a narrow purpose – to determine if any of those communications have been inconsistent with Defendants' communications with American regulators. It is inconsistency that Plaintiff's seek to discover.

Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial. Even still, the Court concludes that the discovery sought by Plaintiffs is only marginally relevant. With no foreign-based Plaintiffs, and mere conjecture that communications between foreign entities and foreign regulators might be inconsistent with Defendants' communications with American regulators, the discovery appears to be only potentially relevant – more hope than likelihood.

**B.    Proportionality.**

Rule 26(b)(1) identifies several factors to be considered in addressing proportionality. Plaintiffs have addressed some of those factors in the evidence cited above. The "importance of the discovery in resolving the issues," as the Court has explained, appears marginal. The parties "relative access to relevant information" favors Plaintiffs, but only in Defendants' possession of possibly relevant information.

1    Defendants argue that the burden or expense of the proposed discovery outweighs
2    its likely benefit, and they provide some specifics.  They note that Bard has entities in
3    Canada, Korea, Australia, India, Singapore, Malaysia, Italy, Ireland, the United
4    Kingdom, Denmark, the Netherlands, Sweden, Norway, Finland, Mexico, Chile, Brazil,
5    and China.  Doc. 3309 at 6 n.6.  Plaintiffs seek discovery of all communications these
6    entities have had with foreign regulatory authorities involving all Bard IVC filters since
7    2003.  *Id*.  To comply with Plaintiffs' requests, Defendants assert that they would be
8    required to identify the applicable custodians from these foreign entities for the last 13
9    years, collect ESI from these custodians, and search for and identify communications
10   with foreign regulators.  The Court is persuaded by these specifics that the burden of this
11   foreign discovery would be substantial.

12       Plaintiffs are engaging in substantial discovery with respect to Defendants'
13   communications with American regulators, including extensive ESI searches and
14   depositions of relevant witnesses.  This discovery should capture communications with
15   foreign regulators that originate in the United States, as most appear to.  The Court
16   concludes that the burden and expense of searching ESI from 18 foreign entities over a
17   13-year period outweighs the benefit of the proposed discovery – a mere possibility of
18   finding a foreign communications inconsistent with United States communication.

19       Because the proposed discovery is not proportional to the needs of the case
20   considering the factors set forth in Rule 26(b)(1), the Court concludes that Defendants
21   need not search the ESI of foreign Bard entities for communications with foreign
22   regulators.

23       Dated this 16th day of September, 2016.

24

25

26

27                                          _____
                                                      David G. Campbell
28                                                United States District Judge

- 7 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 18** |

The Court held a sixth case management conference with the parties on October 14, 2016. The conference addressed ongoing matters and issues identified in Case Management Order No. 15 (Doc. 3214) and the parties' joint report (Doc. 3636).

**A. Adjustment of Discovery Schedule.**

Plaintiffs ask that the discovery schedule be extended by approximately four months in light of substantial document production that has occurred in the last few weeks, the need to review the documents, and the likely need for additional depositions in light of the new documents. Defendants oppose the request.

A case management schedule entered under Rule 16 of the Federal Rules of Civil Procedure "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and

1    the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002);

2    *Johnson*, 975 F.2d at 609.

3        On the basis of the discussion at the case management conference and previous

4    conferences, the Court concludes that Plaintiffs have been reasonably diligent in seeking

5    the production of ESI in this litigation.  ESI discovery has been monitored by the Court

6    from the start of this litigation.  *See* Docs. 249 at 2; 519 at 4-5; 1259; 1319 at 3; 2238 at

7    1; 3214 at 2.  Throughout this process, it has appeared that Plaintiffs and Defendants have

8    worked with reasonable diligence to understand the location and nature of ESI and agree

9    upon search methods.  Some of the parties' progress was slowed when Defendants

10   concluded that they must change ESI vendors in August 2016.  Although it is true that

11   final search terms were not arrived at until September 14, 2016, the parties had agreed

12   upon and produced much ESI before that date and worked with reasonable diligence up

13   to that date.

14       Plaintiffs report that they have received production of more than 800,000

15   documents in the last few weeks.  Clearly, Plaintiffs are unable to complete their review

16   of these documents (totaling more than 3 million pages) by the close of discovery on

17   October 28, 2016.  Plaintiffs say they need about six weeks to review the documents, and

18   then 10 to 12 weeks for depositions.  The Court does not agree that this much time is

19   needed for depositions.  The Court will extend the discovery schedule as follows.[1]  **The**

20   **parties are advised that the Court does not intend to grant additional extensions.**

21       Deadline for completing fact discovery:            February 3, 2017

22       Deadline for Plaintiffs' expert disclosures:       March 3, 2017

23

24       [1] Following the case management conference, the Court concluded that review of

25   the documents and additional depositions could be completed in less time, and drafted
     this order accordingly.  The Court then received a conference call from the parties stating
     that Defendants plan to produce an additional one million pages of documents tomorrow.

26   Plaintiffs' counsel stated that this would delay their predictive-coding search of the
     documents by one week.  It also will result in additional documents to review, although,

27   as Defendants have noted, the production has been made without eyes-on review by
     Defendants (to expedite the production, and with Plaintiffs' consent) and therefore

28   includes a potentially large amount of irrelevant material.  Following the conference call,
     the Court decided to grant a longer extension to account for this additional production.

| | | |
|---|---|---|
| 1 | Deadline for Defendants' expert disclosures: | April 14, 2017 |
| 2 | Deadline for rebuttal expert disclosures: | May 12, 2017 |
| 3 | Deadline for expert depositions: | July 14, 2017 |

The Court notes that expert disclosures on these dates must be full and complete as required by Rule 26(a)(2)(A)-(C), and rebuttal expert disclosures shall be limited to responding to opinions of initial experts.

**B.    Adjustment of Bellwether Schedule.**

Because the parties likely will be busy completing fact discovery in January, the Court concludes that the bellwether schedule in CMO 11 (Doc. 1662) should be adjusted slightly.    The deadlines for forming Discovery Group 1 will remain as set forth in CMO 11, § IV.  Section V.A.2 of CMO 11 is amended as follows:

> After having met and conferred, and by **April 21, 2017**, the parties shall exchange lists of six (6) proposed selections from Discovery Group 1 for bellwether plaintiffs, and order of trials. The parties will meet and confer in an effort to agree upon a group of six (6) cases to constitute Bellwether Group 1, which shall be done in a manner consistent with achieving the goal of proportionate identification of representative cases.  If the parties are unable to agree on six (6) cases, the parties shall submit to the Court, outside of the ECF system, by **April 28, 2017**, their proposed lists and a memorandum in support of their selections and in opposition, if applicable, to the opposing party's selections.  Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases.  The parties propose that the Court then select the final group of six (6) cases to form Bellwether Group 1.[2]

The parties should confer on the discovery to be completed between the December 2016 selection of Discovery Group 1 and the bellwether selection process set forth above. In the Court's view, all discovery need not be completed in every case in Discovery Group 1 before the bellwether cases are selected, but enough discovery will be needed to

---

[2] The Court set these new dates to fall after each side has made their initial expert disclosures, thus ensuring that the parties can consider the other side's major expert opinions in making their bellwether selections.

1  ensure that the parties have a reasonably informed basis for making selections.  The

2  parties should be prepared at the next case management conference to propose the nature

3  and timing of discovery to occur during this period.

4          The Court's intention will be complete bellwether selection in early May, and set a

5  schedule that will permit all discovery, and appropriate motion practice, to be completed

6  in time to hold the first bellwether trial in the Fall of 2017.  Other bellwether trials may

7  also be possible before the end of 2017.

8  **C.     Depositions.**

9          The Court will permit the additional depositions of Drs. Kaufman (4 hours),

10  Venbrux (3 hours), Trerotola (4 hours), and Stavropolous (4 hours).  The Court concludes

11  that these doctors have information relevant to the thousand-plus cases that are now part

12  of this MDL and that could not reasonably have been inquired into during their previous,

13  shorter depositions.  In scheduling these depositions, the parties should be considerate of

14  the doctors' busy schedules.  These depositions may be scheduled any time between now

15  and the new fact discovery deadline of February 3, 2017.  If these doctors have filed

16  motions to quash in other districts, the parties should consider the applicability of

17  Rule 45(f).  The 2013 Advisory Committee note to Rule 45(f) states that exceptional

18  circumstances – as required in one application of the provision – may exist "in order to

19  avoid disrupting the issuing court's management of the underlying litigation, as when that

20  court has already ruled on issues presented by the motion[.]"

21          The Court concludes that Plaintiffs have had ample opportunity to question

22  Dr. Lehmann in the 11 hours of deposition already completed and the Texas hearing at

23  which he testified, and will not permit his further deposition.  The re-deposition of John

24  McDermott will not occur for reasons agreed upon during the case management

25  conference.

26          The Court will permit the following depositions:  Kevin Boyle, Scott Randall,

27  Mike Randall, Mark Wilson, Kim Romney, Dr. Lynch, and Dr. Cohen.   These

28  depositions may occur between now and the February 3, 2017 deadline.  The Court

1 concludes that each of these witnesses has relevant information, and that their depositions

2 are proportional to the needs of this MDL.

3 **D.** **Special Master.**

4   The Court will not appoint a special master to oversee depositions. The Court

5 does not believe that the experienced and professional counsel in this case are incapable

6 of conducting a proper deposition without supervision. If problems arise in any

7 deposition, however, the parties should call the Court during the deposition. The Court

8 has instructed staff that the call is to be taken if at all possible. If the undersigned judge

9 is out of town in rules committee or other meetings, staff will be instructed to transfer the

10 call to the judge or arrange a time later that day for a conference call. Such out-of-town

11 calls may not be on the record. The Court will endeavor to make itself available to

12 resolve any issues that arise during depositions.

13 **E.** **Next Case Management Conference.**

14   The Court will hold the next Case Management Conference on **December 9, 2016**

15 **at 3:00 p.m.** The parties shall provide the Court with a joint status report on or before

16 **December 5, 2016.**

17   Dated this 14th day of October, 2016.

David G. Campbell
United States District Judge

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9  IN RE:  Bard IVC Filters Products Liability
   Litigation,
10

11

12

13

No. MDL 15-02641-PHX DGC

**AMENDED CASE MANAGEMENT
ORDER NO. 17**

(Stipulation and Order Concerning
Protective Order and Redactions of
Material from Defendants' Expedited
ESI Production)

14

15          To expedite document production of ESI from Defendants, the parties, through

16  their respective counsel, have agreed to a primarily "no-eyes-on" document production as

17  to relevancy while still performing a privilege review for ESI Defendants will be

18  producing subsequent to this Order.  That procedure requires certain changes to protection

19  and requirements in the Stipulated Protective Order (Doc. 268) and Case Management

20  Order No. 7 and corresponding Exhibit A (Doc. 401) for ESI produced pursuant to this

21  process.  To the extent that any of the below provisions are inconsistent with either the

22  protective order (Doc. 268) or Case Management Order No. 7 and corresponding Exhibit

23  A (Doc. 401), the below provisions shall control all documents produced pursuant to this

24  Order.

25          This Amended Case Management Order replaces in its entirety the original Case

26  Management Order No. 17 and any inconsistent provisions in the Stipulated Protective

27  Order (Doc. 268), including the attached revised Exhibit A.THEREFORE, IT ORDERED

28  as follows:

The parties have agreed on an ESI production process (the "Process"). All ESI produced by Defendants pursuant to the Process will be subject to the following terms:

1.      At the time of production, Defendants will identify the documents or ESI as being produced pursuant to the Process and subject to the restrictions of this Case Management Order (the "Process ESI").

2.      The Process ESI shall be subject to the Stipulated Protective Order (Doc. 268) entered in this case and the terms of this CMO. Nothing in this CMO shall prevent the use of any Process ESI in other actions brought by the plaintiff's counsel, so long as a substantially comparable protective order, including both the terms of the Stipulated Protective Order (Doc. 268) and this CMO, is entered in those other actions. Paragraph 12 of the Stipulated Protective Order (Doc. 268) is hereby amended consistent with this Paragraph.

3.      Prior to using any document or ESI from the Process ESI as part of a filing, at a deposition, or at a trial or hearing in this matter, Plaintiffs shall make a good faith effort to identify whether the document or ESI contains any information that is subject to redaction under Case Management Order No 7 and corresponding Exhibit A (Doc. 401) and to redact any such information in accordance with that Order and redaction protocol.

4.      Defendants shall independently have the right to identify any documents or ESI from the Process ESI, including documents identified by Plaintiffs pursuant to Paragraph 3, as subject to the requirements of Case Management Order No. 7 (Doc. 401) and to require the redaction of the information set forth in that Order; in that event, Defendants shall provide Plaintiffs with a redacted version of the subject documents or ESI with the same production Bates number(s) and Plaintiffs shall destroy any unredacted copies or versions of the document that they possess.

5.      Defendants shall have the right to identify any document, file, or other form of ESI produced pursuant to the Process as both being irrelevant to the matters in dispute in this MDL and containing trade secret or other confidential information and to "claw back" such ESI or documents from the production.  After Plaintiffs use a document or ESI

1    from the Process ESI as part of a filing, at a deposition, or at a trial or hearing in this

2    matter, Defendants shall have 30 days to seek claw back of the particular document

3    pursuant to this Paragraph; this latter requirement does not apply to Process ESI that has

4    not been used by Plaintiffs as part of a filing, at a deposition, or at a trial or hearing in this

5    matter, which may be clawed back at any time.

6        6.      Plaintiffs shall have the right to challenge any designation or claw back by

7    Defendants under Paragraphs 4 or 5 by submission of the ESI or document to the Court

8    under seal, and any filings that refer to the protected substance of the ESI or document

9    must, likewise, be made under seal.

10       7.      Federal Rule of Evidence 502(d) protection for privileged information

11   produced pursuant to the Process:

12           a.  Pursuant to Federal Rule of Evidence 502(d), production or disclosure

13               pursuant to the Process of the substance or content of documents, materials,

14               or other information that is protected by the attorney-client privilege, work-

15               product protection, or any other privilege or protection shall not amount to

16               waiver of the privilege and/or protection in this MDL, or in any other

17               federal or state proceeding.

18           b.  If Plaintiffs identify a document, material, or other information in the

19               documents and ESI produced pursuant to the Process that reasonably

20               appears to be protected by any privilege or other protection, they shall

21               promptly notify Defendants in writing or email.  If the Defendants

22               determine that the document, material, or other information is privileged or

23               otherwise protected, it shall make such an assertion in writing within 30

24               days of receipt of notification.  Once the privilege or protection is asserted,

25               the parties shall follow the process discussed in Federal Rule of Civil

26               Procedure 26(b)(5)(B).  Failure to assert the privilege or protection within

27               30 days of receipt of notification shall amount to waiver of any privilege or

28

1    protection only of the document, material, or other information identified in

2    the notification, subject to Federal Rule of Evidence 502(a).

3    c.  For any document, material, or other information produced or disclosed

4    during discovery, and not identified pursuant to section (b) of this

5    Paragraph, Defendants shall assert any claim of privilege or protection in

6    writing (including by email) within 30 days after Plaintiffs use the document

7    or ESI as part of a filing, at a deposition, or at a trial or hearing in this

8    matter. Once the privilege or protection is asserted, the parties shall follow

9    the process discussed in Federal Rule of Civil Procedure 26(b)(5)(B).

10   Failure to assert the privilege or protection shall amount to waiver of the

11   privilege or protection only of the document, material, or other information

12   used, subject to Federal Rule of Evidence 502(a).

13   d.  Unless waived under sections (b) or (c), at any time, a party that produces

14   any document, material, or other information that it believes to be protected

15   by the attorney-client privilege, work-product protection, or any other

16   privilege or protection may assert the privilege or protection in writing.

17   Once the privilege or protection is asserted in writing, the parties shall

18   follow the process discussed in Federal Rule of Civil Procedure

19   26(b)(5)(B).

20   8.  To the extent that the documents or ESI produced pursuant to the Process

21   contain any adverse event reporter names or information of a patient who is not a party to

22   this litigation and which would otherwise be redacted in accordance with Case

23   Management Order No. 7, Plaintiffs and their counsel and agents shall not contact the

24   patient or reporter of an adverse event unless and until the parties go through the

25   processes outlined in Paragraphs 5 and 7 of this Case Management Order with respect to

26

27

28

4

redaction of information and this Court determines the information is not subject to redaction.

Dated this 15th day of November, 2016.

_____
David G. Campbell
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **IN RE: BARD IVC FILTERS PRODUCTS LIABILITY LITIGATION** | No. MD-15-02641-PHX-DGC |
| | **AGREEMENT TO MAINTAIN CONFIDENTIALITY** |

I, _____ (Name), as a principal in _____

("Law Firm"), have been given and have read a copy of the Amended Case Management

Order No. 17 and the Stipulated Protective Order (Doc 268) (the "Orders") in the case of

MDL No. 2641, pending in the United States District Court District of Arizona, as have

all members of the Law Firm working on this litigation. We understand and will strictly

adhere to the contents of said Orders. We understand that produced material disclosed to

us is subject to the Orders of this Court and that we are prohibited from copying,

disclosing, or otherwise using such material except as provided by said court Orders. We

understand that any member of the Law Firm's unauthorized disclosure of any

information protected by the Orders or contact of a patient or reporter of an adverse event

in violation of the Orders may constitute contempt of court, and we agree to be personally

subject to the jurisdiction of this Court for the purpose of enforcing our obligations under

this Agreement, the Orders, and any contempt proceeding that may be instituted for the

Law Firm's violation of the terms of this Acknowledgment and the Orders. I also

understand that my signature on this "Agreement to Maintain Confidentiality," indicating

my agreement, the agreement of the members of the Law Firm working on this litigation

and the Law Firm's agreement to be bound by the terms of the Orders, is required before

me and the members of the Law Firm may be allowed to receive and review any produced

document and materials that are protected under the Orders.

Date: _____          Print Signature:_____

                                Signature:_____

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    IN RE:  Bard IVC Filters Products Liability          No. MDL 15-02641-PHX DGC
     Litigation,
9                                                         **CASE MANAGEMENT ORDER**
10                                                        **NO. 19**

11

12          The Court held a seventh Case Management Conference on December 9, 2016.

13   The conference addressed ongoing matters identified in the parties' joint report

14   (Doc. 4176).

15   **A.     ESI.**

16          Plaintiffs have identified some Defendant custodians from whom they have not

17   received ESI.  Defendants have agreed to conduct additional searches with respect to

18   some of these custodians, and are investigating the lack of responsive information from

19   others.   Defendants shall produce any additional ESI from these custodians by

20   December 22, 2016.   Plaintiffs mentioned that they may consider raising spoliation

21   issues, and the Court directed the parties to Federal Rule of Civil Procedure 37(e) as

22   providing the rules the Court will apply to any ESI-spoliation argument.

23   **B.     Bellwether Selection.**

24          Defendants expressed concern that two cases in PFS/DFS Group 1 (*see* CMO 11)

25   have recently been dismissed or shortly will be dismissed by Plaintiffs.  Defendants

26   stated that these two cases were to be among the ten cases Defendants intended to

27   identify under paragraph IV.A.1 of CMO 11.  After conferring with the parties, the Court

28   struck two cases from Plaintiffs' list of ten (not including the four cases Plaintiffs

intended to designate for automatic inclusion in Discovery Group 1), and directed the parties to exchange their lists of ten without respect to the two stricken cases and the two cases to be dismissed. In effect, the Court reduced the pool from which the parties could choose their ten preferred cases from 48 to 44, and did so in a way that results in each side losing two possible candidates.

By December 16, 2016, the parties shall provide the Court with the 12 cases in Discovery Group 1 if they have been able to reach agreement, and, if not, with the eight cases to be included in Discovery Group 1 (or ten, if the parties have reached agreement on two additional cases), along with memoranda explaining why they believe the Court should pick particular cases to complete Discovery Group 1. The memoranda shall not exceed three pages case. Responses shall be filed on or before **December 22, 2016**.

On or before **December 16, 2016**, the parties shall also provide the Court with a proposed scheduling order to govern Discovery Group 1 between now and March 1, 2017, when Bellwether Group 1 will be selected. *See* CMO 11, ¶ V.A.

**C.      Mature Cases.**

After conferring with the parties, the Court concluded that it is premature to remand mature cases to their home districts. Those cases will involve expert opinions regarding the FDA warning letters and the Kay Fuller allegations, and the Court concludes that disclosure of those opinions, as well as expert discovery and any *Daubert* motions, should be handled in this MDL. This conclusion does not preclude the parties from discussing specific cases which may be subject to remand before the expert work is completed.

**D.      Depositions of Plaintiffs' Counsel.**

Plaintiffs shall file a response to the arguments set forth by Defendants in Doc. 4176 on or before **December 16, 2016**. Defendants shall file a reply on or before **December 22, 2016**.

1    **E.**      **30(b)(6) Deposition Notice.**

2       After conferring with the parties, the Court concluded that Topic 15 in the Rule

3 30(b)(6) deposition discussed in Doc. 4176 should read as follows: "Did Defendants ever

4 conduct any studies, formulate any company positions, or adopt any policies addressing

5 whether there was any correlation between indwell times and safety risks?" If the answer

6 to any portion of this question is yes, the Rule 30(b)(6) witness should be prepared to

7 testify about the studies, positions, or policies.

8    **F.**      **Next Case Management Conference.**

9       The next Case Management Conference will be held on **February 17, 2017 at**

10 **10:00 a.m.** The parties shall provide the Court with a joint status report on or before

11 **February 13, 2017.**

12       Dated this 13th day of December, 2016.

13

14

15                 _____

16                      David G. Campbell
                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**

8    IN RE:  Bard IVC Filters Products Liability          No. MDL 15-2641-DGC
9    Litigation,
                                                          CASE MANAGEMENT ORDER
10                                                         NO. 20
11                                                         **(Discovery Deadlines for Discovery**
                                                          **Group 1 and Bellwether Group 1)**
12
13          Pursuant to Case Management Orders No. 11 (Doc. 1662), 18 (Doc. 3685), and 19

14   (Doc. 4311), the Court enters this Case Management Order No. 20 regarding scheduling

15   for Discovery Group 1 and Bellwether Group 1.

16
| Action | Date/Deadline |
| --- | --- |
| Deadline for Plaintiffs to provide dates for depositions of all Plaintiffs in Discovery Group 1 and spouse or significant family member | Dec. 30, 2016[1] |
| Case-specific fact discovery commences in individual Discovery Group 1 cases | January 5, 2017 |
| Deadline to complete depositions of all Plaintiffs (including those Plaintiffs with loss of consortium claims) | Feb. 16, 2017[2] |
| End of preliminary case-specific fact discovery for Discovery Group 1 cases | April 10, 2017 |
| Parties exchange lists of six (6) proposed | April 17, 2017 |

---

[1] Plaintiffs' counsel shall make a good faith effort to obtain and provide dates on a rolling basis in advance of Dec. 30, 2016 for all Discovery Group 1 cases identified by the Parties on December 16.  For cases chosen by the Court after that date, Plaintiffs will use their best efforts to obtain and provide dates within two weeks after case selection.

[2] The parties may extend this deadline by up to two weeks for cases selected after December 16, 2016.

| selections from Discovery Group 1 for Bellwether Group 1, and order of trials (per CMO 18, Sec. B). | |
|---|---|
| If the parties are unable to agree on six (6) cases to comprise Bellwether Group 1, the parties shall submit to the Court proposed lists and memorandum in support of their submissions and, if applicable, in opposition to the opposing party's selections (per CMO 18, Sec. B). | April 24, 2017 |
| Responses to opposing party's memorandum regarding selection of cases for inclusion in Bellwether Group 1 (per CMO 18, Sec. B). | April 28, 2017 |
| Commence additional case-specific fact discovery for Bellwether Group 1 | Upon entry of the Court's selection of the final group of six (6) cases to form Bellwether Group 1. |
| Plaintiffs' case-specific expert disclosures for Bellwether Group 1 | May 15, 2017 (or two weeks after Court's selection of Bellwether Group 1, whichever is later) |
| Defendants' expert disclosures for Bellwether Group 1 | June 12, 2017 (or six weeks after Court's selection of Bellwether Group 1, whichever is later) |
| Case-specific rebuttal expert disclosures for Bellwether Group 1 | June 26, 2017 (or eight weeks after Court's selection of Bellwether Group 1, whichever is later) |
| Deadline for completion of additional case-specific fact discovery for Bellwether Group 1 | June 30, 2017 |
| Deadline for case-specific expert depositions (intended to coincide with the end of common expert discovery) for Bellwether Group 1 | July 14, 2017 |

The parties shall place a joint call to the Court on April 28, 2017 to remind it that the selection of Bellwether Group 1 cases should occur promptly in order to keep this schedule on track.

Dated this 22nd day of December, 2016.

David G. Campbell
United States District Judge

_____

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### DISTRICT OF ARIZONA

**Notice of Electronic Filing**

The following transaction was entered on 12/24/2016 at 8:34 AM MST and filed on 12/24/2016
Case Name:          IN RE: Bard IVC Filters Products Liability Litigation
Case Number:      2:15-md-02641-DGC
Filer:
Document Number: 4339(No document attached)

**Docket Text:**
ORDER. The Court has reviewed the parties' briefing on proposed depositions of Plaintiffs' counsel. The Court agrees that depositions of opposing counsel "should be employed only in limited circumstances," Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), and is not persuaded they should be permitted here. Defendants have obtained interrogatory responses confirming that Plaintiffs' counsel reached out to the FDA on several occasions, held a conference call with FDA personnel, sent certain specific documents to the FDA, and sent emails to the FDA (copies of which Defendants have obtained). Defendants have also obtained some documents from the FDA related to these communications. This discovery will enable Defendants -- if it is relevant and admissible, decisions the Court has not yet made -- to argue that Plaintiffs' counsel reached out to the FDA, provided specific documents to the FDA, sent specific emails to the FDA, and did so before warning letters were issued. To the extent Defendants wish to argue that the FDA letters were prompted by Plaintiffs' counsel, they have the ability to do so. The Court is not persuaded that the additional and unusual step of deposing opposing counsel is "crucial to the preparation of the case." Id. Because Defendants' previous interrogatories asked only that Plaintiffs' counsel "identify" communications, the Court will permit Defendants to serve 7 additional interrogatories on each of Attorneys Dalimonte and Brenes concerning what was said in the communications. Signed by Judge David G Campbell on 12-24-16. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC)

**2:15-md-02641-DGC Notice has been electronically mailed to:**

James R Condo        jcondo@swlaw.com, docket@swlaw.com, glass@swlaw.com

Robert B Carey       rob@hbsslaw.com, ecfphx@hbsslaw.com

Robert W Boatman      rwb@gknet.com, Karen.Trumpower@gknet.com, lincoln.combs@gknet.com, matt.boatman@gknet.com

Mark Stephen O'Connor       mark.oconnor@gknet.com, gay.blakesley@gknet.com

Turner Williamson Branch       tbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Joseph Paul Michael Angelo       joe@angelowhitelaw.com, stephen@angelowhitelaw.com

Clyde Talbot Turner      tab@tturner.com, jerrt@tturner.com, tiffany@tturner.com

David A Domina    ddomina@dominalaw.com, efiling@dominalaw.com,kkw@dominalaw.com

Sandy A Liebhard    liebhard@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Paul Lincoln Stoller    paul.stoller@gknet.com, deborah.yanazzo@gknet.com

Willard J Moody, Jr    will@moodyrrlaw.com, courtney@moodyrrlaw.com,renee@moodyrrlaw.com

Fred Thompson    fthompson@motleyrice.com

Shannon L Clark    slc@gknet.com, karin.scheehle@gknet.com, roberta.schmidt@gknet.com

Michael William Heaviside    mheaviside@hrzlaw.com, awright@hrzlaw.com

Leonard W Aragon    leonard@hbsslaw.com, amyn@hbsslaw.com, ecfphx@hbsslaw.com

Elizabeth C Helm    kate.helm@nelsonmullins.com

Christopher A Seeger    cseeger@seegerweiss.com

James A Morris, Jr    jmorris@jamlawyers.com, aanderson@jamlawyers.com

Michael T Gallagher    donnaf@gld-law.com

Eric M Terry    eric@thlawyer.com, kpostol@thlawyer.com,kstephens@thlawyer.com

Michael G Daly    mdaly@pbmattorneys.com

Mark R Niemeyer    niemeyer@ngklawfirm.com

Joe Kendall    jkendall@kendalllawgroup.com, administrator@kendalllawgroup.com, jrudman@kendalllawgroup.com

C Lincoln Combs    lincoln.combs@gknet.com, kelly.saltsman@gknet.com

David J Szerlag    dszerlag@gmail.com, wendy@pritzkerlaw.com

Charles Wade Miller    charles@hop-law.com, jchapman@hop-law.com,kay@hop-law.com

John H Gomez    john@gomeztrialattorneys.com

Annesley H DeGaris    adegaris@degarislaw.com, asapone@degarislaw.com

David R Ongaro    dongaro@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Lyn Peeples Pruitt    lpruitt@mwlaw.com

Anthony J Nemo    tnemo@meshbesher.com

Andrew L Davick    adavick@meshbesher.com

Elaine T Byszewski    Elaine@hbsslaw.com, chads@hbsslaw.com, erikas@hbsslaw.com, jconte@hbsslaw.com

Thomas P Cartmell    tcartmell@wcllp.com, m.goldwasser@wcllp.com

Patricia Lynn Campbell    pcampbell@potts-law.com, nchambers@potts-law.com

Amanda Christine Sheridan    asheridan@swlaw.com, docket@swlaw.com, pritchey@swlaw.com

Michael Kevin Brown    mkbrown@reedsmith.com, vbarreto@reedsmith.com

Robert D Rowland     khubbard@ghalaw.com, lisal@ghalaw.com

Yvonne M Flaherty     ymflaherty@locklaw.com, bgilles@locklaw.com, rnzubiate@locklaw.com, sgpatchen@locklaw.com

Wendy R Fleishman     wfleishman@lchb.com, jleitnerzieff@lchb.com, kharding@lchb.com, mdecker@lchb.com

John C Duane     jduane@motleyrice.com, clwhetstone@motleyrice.com, jhill@motleyrice.com, mhopkins@motleyrice.com

Donald A Migliori     dmigliori@motleyrice.com

Kara Trouslot Stubbs     stubbs@bscr-law.com

Samuel J Horovitz     shorovitz@rtlaw.com, drossier@rtlaw.com, sloomis@rtlaw.com

Charles R Houssiere, III     choussi@hdhtex.com, jmbrooks@hdhtex.com, jreznickova@hdhtex.com, rkauffman@hdhtex.com

Ellen A Presby     ellenpresby@nemerofflaw.com, gabrielcanto@nemerofflaw.com, lisadelgado@nemerofflaw.com

Max Freeman (Terminated)     mfreeman@millerweisbrod.com, aboone@millerweisbrod.com, crubin@millerweisbrod.com, mtrull@millerweisbrod.com, tnguyen@millerweisbrod.com

Richard W Schulte     rschulte@yourlegalhelp.com, cartim@yourlegalhelp.com, jgebelle@yourlegalhelp.com

Les Weisbrod (Terminated)     lweisbrod@millerweisbrod.com, btrujillo@millerweisbrod.com

Michael K Johnson     mjohnson@johnsonbecker.com, rfiebiger@johnsonbecker.com, sgray@johnsonbecker.com

Carrie R Capouellez     ccapouellez@lopezmchugh.com

Daniel N Gallucci     dgallucci@nastlaw.com

Matthew Ramon Lopez     mlopez@lopezmchugh.com, agarrett@lopezmchugh.com, beast@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Alexandra V Boone (Terminated)     aboone@millerweisbrod.com, mtrull@millerweisbrod.com

Eric Davis Holland     eholland@allfela.com, tblasa@allfela.com

Joseph A Osborne, Jr     josborne@oa-lawfirm.com, ggiovanni@oa-lawfirm.com, rbell@oa-lawfirm.com

Rolf T Fiebiger     rfiebiger@johnsonbecker.com, apeterson@johnsonbecker.com

Gregory N McEwen     gmcewen@mcewenlaw.com, asteinberg@mcewenlaw.com, mschmid@mcewenlaw.com

John J Driscoll     john@thedriscollfirm.com, dawn@thedriscollfirm.com, tiffany@thedriscollfirm.com

Randi Alyson Kassan     rkassan@thesandersfirm.com

Genevieve M Zimmerman     gzimmerman@meshbesher.com, hsternquist@meshbesher.com, mbrylow@meshbesher.com

Jason P Johnston     jjohnston@meshbesher.com, araso@meshbesher.com, gzimmerman@meshbesher.com, hsternquist@meshbesher.com

Joseph Jacob Zonies     jzonies@zonieslaw.com, gbentley@zonieslaw.com, jcox@zonieslaw.com, sshaver@zonieslaw.com

Don K Ledgard     DLedgard@capretz.com, pmartinez@capretz.com

Brendan J Flaherty     brendan@pritzkerlaw.com, tania@pritzkerlaw.com

Kenneth W Pearson     kpearson@johnsonbecker.com, apeterson@johnsonbecker.com

Ahmed Samir Diab    adiab@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com, nstoneman@gomeztrialattorneys.com

T Matthew Leckman    mleckman@pbmattorneys.com, staylor@pbmattorneys.com

Donald P McKenna, Jr    don@hwnn.com, lynne@hwnn.com

Theodore Floyd Stokes    ted@stokeslawpllc.com

M Blair Clinton    bclinton@hgdlawfirm.com

Stuart Goldenberg    slgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Marlene J Goldenberg    mjgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Margaret Moses Branch    mbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Adam Tal Funk    afunk@branchlawfirm.com, ksmith@branchlawfirm.com, mslemp@branchlawfirm.com, psanchez@branchlawfirm.com

Michael B Leh    mleh@lockslaw.com, ahouchins@lockslaw.com

D Todd Mathews    todd@gorijulianlaw.com, afaust@gorijulianlaw.com, cfischer@gorijulianlaw.com

Matthew Robert Boatman    matt.boatman@gknet.com

Michael P McGartland    mike@mcgartland.com, catherine@mcgartland.com, haley@mcgartland.com

David J Hodge    dhodge@mkhlawyers.com, lee@mkhlawyers.com

Angela M Higgins    higgins@bscr-law.com, mcarrillo@bscr-law.com

Mark Kevin Gray    Mgray@grayandwhitelaw.com, cjones@grayandwhitelaw.com

Joseph R Johnson    jjohnson@babbitt-johnson.com, dcodding@babbitt-johnson.com

James Albert Montee    jmontee@monteelawfirm.com, jimmontee@gmail.com

James P Cannon    jpc.atty@yahoo.com

Brandee J Kowalzyk    brandee.kowalzyk@nelsonmullins.com

Matthew B Lerner    matthew.lerner@nelsonmullins.com, carrie.brown@nelsonmullins.com, miche.boles@nelsonmullins.com

Richard B North, Jr    richard.north@nelsonmullins.com, mandy.evangelista@nelsonmullins.com, maria.turner@nelsonmullins.com

Ben C Martin    bmartin@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com, tarbon@bencmartin.com

Thomas William Arbon    tarbon@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com

Matthew E Brown    matt.brown@nelsonmullins.com

Taylor Tapley Daly    taylor.daly@nelsonmullins.com

Julia Reed-Zaic    julia@hrzlaw.com, awright@hrzlaw.com, laura@hrzlaw.com

Laura Elizabeth Smith    laura@hrzlaw.com, awright@hrzlaw.com

Ramon Rossi Lopez    rlopez@lopezmchugh.com, bmeyers@lopezmchugh.com, wespitia@lopezmchugh.com

Troy Alexander Brenes (Terminated)    tbrenes@breneslawgroup.com, jsabol@breneslawgroup.com

Kevin George Lohman    klohman@reedsmith.com, cspoon@reedsmith.com

Nathan Craig Van Der Veer    nate@frplegal.com, hgillis@frplegal.com,kristi@frplegal.com

Richard Arthur Freese    rich@freeseandgoss.com, regina@freeseandgoss.com

Robert M Hammers, Jr    rob@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

James Frederick Rogers    jim.rogers@nelsonmullins.com, julia.norcia@nelsonmullins.com, kim.lanier@nelsonmullins.com

Matthew Ryan McCarley    mccarley@fnlawfirm.com, charlotte@fnlawfirm.com, vcanizales@fnlawfirm.com

Michael S Katz    mkatz@lopezmchugh.com

John A Dalimonte    johndalimonte@kdlaw.net, jessicar@kdlaw.net, rdusablon@kdlaw.net

Teresa C Toriseva    justice@torisevalaw.com

Clair A Montroy, III    montroylaw@verizon.net

David W Zoll    david@toledolaw.com, amy@toledolaw.com

Melissa Dorman Matthews    mdorman@hdbdlaw.com, alopez@hdbdlaw.com

David B Krangle    dkrangle@alonsokrangle.com

Jason T Schneider    jason@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

Calle M Mendenhall    calle@freeseandgoss.com, regina@freeseandgoss.com

Spencer J Pahlke    spahlke@walkuplawoffice.com, lmccombe@walkuplawoffice.com, ssaephan@walkuplawoffice.com

Michael A Kelly    mkelly@walkuplawoffice.com, afreeman@walkuplawoffice.com

Steven James Boranian    sboranian@reedsmith.com, drothschild@reedsmith.com

Kimberly Waters Grant    kgrant@waynegrant.com

Wayne Grant    wgrant@waynegrant.com, jmunn@waynegrant.com

Brandon L Corl    bcorl@potts-law.com, nchambers@potts-law.com

Andres F Alonso    aalonso@alonsokrangle.com

Christopher Thomas Kirchmer    ckirchmer@pulf.com, alee@pulf.com, cguilbeau@pulf.com, dwest@pulf.com

Randal A Kauffman    rkauffman@hdhtex.com, jmanriquez@hdhtex.com

Hadley L Matarazzo    hmatarazzo@faraci.com, tzukoski@faraci.com

Kenneth Riley    kriley@frplegal.com

John Pinckney Harloe, III    john@freeseandgoss.com, Brenda@freeseandgoss.com, calle@freeseandgoss.com, regina@freeseandgoss.com, rich@freeseandgoss.com

Matthew D Davis    mdavis@walkuplawoffice.com, kbenzien@walkuplawoffice.com

Douglas Senger Saeltzer    dsaeltzer@walkuplawoffice.com, sstewart@walkuplawoffice.com

Michael Brandon Smith    bsmith@cssfirm.com, kackerman@cssfirm.com, lwheale@cssfirm.com

Stephen Grant Daniel    buck@howardnations.com, charles@howardnations.com

John Lacoste Langdoc    jlangdoc@baronbudd.com, awilson@baronbudd.com

S Ann Saucer    asaucer@baronbudd.com, awilson@baronbudd.com, glinsenb@baronbudd.com

Laura J Baughman    lbaughman@baronbudd.com, kmoore@baronbudd.com, mhaynie@baronbudd.com

Russell W Budd    rbudd@baronbudd.com, awilson@baronbudd.com, ralaniz@baronbudd.com

Felecia L Stern    stern@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Steven D Davis    sdavis@thlawyer.com, kelli@thlawyer.com, rose@thlawyer.com

Jon C Conlin    jconlin@corywatson.com, ivc@corywatson.com, lstovall@corywatson.com

Jeff R Gaddy    JGADDY@LEVINLAW.COM, KMAYO@LEVINLAW.COM, TGILBERT@LEVINLAW.COM

Sindhu Daniel    sdaniel@baronbudd.com, glinsenb@baronbudd.com, yrocha@baronbudd.com

Roland Karim Tellis    rtellis@baronbudd.com, jcampbell@baronbudd.com

Howard L Nations    charles@howardnations.com, alex.dailey@howardnations.com, buck@howardnations.com, shelley@howardnations.com

Rand P Nolen    rand_nolen@fleming-law.com, pam_myers@fleming-law.com

Moze Cowper    mcowper@cowperlaw.com

Daniel Seltz    dseltz@lchb.com

Monte Bond (Terminated)    mbond@tautfestbond.com, acarpenter@tautfestbond.com, kbarron@tautfestbond.com

Brian A Goldstein    brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

David P Matthews    dmatthews@dmlawfirm.com, lsantiago@dmlawfirm.com, matthewsivc@thematthewslawfirm.com, msalazar@dmlawfirm.com

H Forest Horne    hfh@m-j.com, sct@m-j.com

Jaclyn L Anderson    janderson@klwtlaw.com

Graham B LippSmith    glippsmith@klwtlaw.com, nsmith@klwtlaw.com

Jennifer Nolte Williams    jwilliams@jacksonallenfirm.com, bwiginton@jacksonallenfirm.com

Glen Elliot Turner    gturner@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Kirsten McNelly Bibbes    kbibbes@ongaropc.com, dpayne@ongaropc.com, kmikkelsen@ongaropc.com

David Raymond Ongaro    dongaro@ongaropc.com

William B Curtis    bcurtis@curtis-lawgroup.com, jgomez@curtis-lawgroup.com, mburt@curtis-lawgroup.com

Randall Seth Crompton    scrompton@allfela.com, tblasa@allfela.com

Robin P Lourie    rpl@wlr.net

Brian Keith Jackson    kj@rileyjacksonlaw.com, jbailey@rileyjacksonlaw.com, marymalea@rileyjacksonlaw.com

Ethan L Shaw    elshaw@shawcowart.com, scole@shawcowart.com

Matthew J Riley    mriley@shawcowart.com, scole@shawcowart.com

Justin W Fishback    jfishback@shawcowart.com, scole@shawcowart.com

Jeff Seklomridge (Terminated)    jseklomridge@millerfirmllc.com, kunderwood@millerfirmllc.com, tlitzenburg@millerfirmllc.com

Jesse Burl Chrisp    jesse@chrisplaw.com, heather@chrisplaw.com

Melissa Erin Mielke    mmielke@skikos.com, jtucci@skikos.com

David M Langevin    dave@westrikeback.com, kate@westrikeback.com, melanie@westrikeback.com, monal@westrikeback.com

Jennifer A Lenze    jlenze@lkmlawfirm.com, torres@lkmlawfirm.com

Jaime E Moss    moss@lkmlawfirm.com, torres@lkmlawfirm.com

Laurie E Kamerrer    kamerrer@lkmlawfirm.com

Nathan Buttars    nate@lowelawgroup.com, jonathan@lowelawgroup.com, kayelani@lowelawgroup.com

Jonathan D Peck    jonathan@lowelawgroup.com

David C DeGreeff    ddegreeff@wcllp.com, dconwell@wcllp.com

Todd E Hilton    hilton@stuevesiegel.com, joyce@stuevesiegel.com, mcclellan@stuevesiegel.com

Sherri L Plotkin    mdweck@rheingoldlaw.com

Matthew David Schultz    mschultz@levinlaw.com, tgilbert@levinlaw.com

Matthew J. McCauley    Mmccauley@yourlawyer.com, NEisner@yourlawyer.com

Philip Sholtz    phil@thedriscollfirm.com

Lucas James Ude    lucas@kelllampinlaw.com, rebecca@kelllampinlaw.com

J Mark Kell    Mark.Kell@KellLampinLaw.com, Rebecca@KellLampinLaw.com

Laura Lynne Voght    LVoght@attorneykennugent.com, KWinkleman@attorneykennugent.com

Rick Barreca    rbarreca@bernripka.com, dcoffey@bernripka.com, edougherty@bernripka.com, mcordner@bernripka.com, mnair@bernripka.com

Stephen Barnett Murray, Jr    smurrayjr@murray-lawfirm.com, aonstott@murray-lawfirm.com, kbeck@murray-lawfirm.com

David Alexander Onstott    aonstott@murray-lawfirm.com

Matthew Paul Skrabanek    paul@psbfirm.com

Nicholas Farnolo    Nfarnolo@napolilaw.com

Jonathan Hogins    jhogins@moodyrrlaw.com, renee@moodyrrlaw.com, will@moodyrrlaw.com

Jacob Edward Levy    jlevy@grayandwhitelaw.com, cjones@grayandwhitelaw.com, mwhite@grayandwhitelaw.com

Matthew Lee White    mwhite@grayandwhitelaw.com

Eric Roslansky    ivc@getjustice.com, eroslansky@getjustice.com, jshahady@getjustice.com

Brian E Tadtman    bet@petersonlawfirm.com

David M Peterson    dmp@petersonlawfirm.com

Nicholas Clevenger    nsc@petersonlawfirm.com, asr@petersonlawfirm.com

Shezad Malik    drmalik@shezadmalik.com, ryan@shezadmalik.com

Kristen K Barton    kbarton@gomeztrialattorneys.com, michelle@gomeztrialattorneys.com

Mark C Aubuchon    mark.aubuchon@kelllampinlaw.com

William M Berlowitz    Williamb@inebraska.com

William Michael Loughran    michael@angelowhitelaw.com, stephen@angelowhitelaw.com

Christian T Williams    cwilliams@dominalaw.com, efiling@dominalaw.com, kkw@dominalaw.com

Amy J Anderson    aanderson@jamlawyers.com, jmorris@jamlawyers.com

Everette Scott Verhine    scott@verhine.biz, lisa@verhine.biz

Robert Bruce Warner    BWarner@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Lynnette Simon Marshall    LMarshall@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Kelsey Louise Stokes    kelsey_stokes@fleming-law.com, adrian_martin@fleming-law.com

J Christopher Elliott    celliott@coloradolaw.net, allison.brown@coloradolaw.net, krysta.hand@coloradolaw.net

Brian Broussard Winegar    bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Jim Mac Perdue, Jr    jperduejr@perdueandkidd.com, bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Donald Hamilton Kidd    dkidd@perdueandkidd.com, cbatterson@perdueandkidd.com

M Michael Waters    mwaters@wjnklaw.com, selliott@wjnklaw.com

Kay L Van Wey    kay@vanweylaw.com, julie@vanweylaw.com,kerri@vanweylaw.com

Joshua D Christian    JChristian@christiananddavis.com, mmaloney@christiananddavis.com

Philip J Pendergrass, Jr    philip@schneiderhammers.com, abbie@schneiderhammers.com

Noah H Kushlefsky    NKUSHLEFSKY@KREINDLER.COM, jferraro@kreindler.com, lranieri@kreindler.com

Matthew Scott Mokwa    mmokwa@maherlawfirm.com, mrayser@maherlawfirm.com

Amorina P Lopez    alopez@lopezmchugh.com, bmeyers@lopezmchugh.com, mwass@lopezmchugh.com

Scott E Brady    scott@bohrerbrady.com, greta@bohrerbrady.com

Philip Bohrer    phil@bohrerbrady.com, shannon@bohrerbrady.com

Thomas Tucker Merrigan    tom@sweeneymerrigan.com, kimberly@sweeneymerrigan.com, tucker@sweeneymerrigan.com

Patrick T Fennell    Pfennell@Crandalllaw.com, Chargenrader@Crandalllaw.com, Rwood@Crandalllaw.com

Richard S Lewis    rlewis@hausfeld.com, adorsey@hausfeld.com, bbeard@hausfeld.com

Steven Rotman    srotman@hausfeld.com

Andrea Layne Stackhouse    layne@shraderlaw.com, jtrigo@shraderlaw.com

Julie S Ferraro    Jferraro@Kreindler.com

Dean A Goetz    dgoetz12@gmail.com

Jason S Morgan    jmorgan@mmlk.com, dwalker@mmlk.com

David J Guarnieri    dguarnieri@mmlk.com, dpritchard@mmlk.com

Michael S. Werner    MWerner@yourlawyer.com, NEisner@yourlawyer.com

Randall John Trost    RJTrost@TrostLaw.com, CBHancock@TrostLaw.com

Randall Troy Trost    RTTrost@TrostLaw.com, CBHancock@TrostLaw.com

Benjamin A Bertram    benbertram@bertramgraf.com, tiffany@bertramgraf.com

Karolina S Kulesza    kkulesza@lawdbd.com

Elizabeth Dudley    liz@lizdudleylaw.com

Nicholas P Scarpelli, Jr    scarpelli@carneylaw.com, durkin@carneylaw.com,kniffin@carneylaw.com

Raymond T Trebisacci    treblaw@comcast.net

Michael Frederick Decker    mdecker@lchb.com, shabonimana@lchb.com

Nathaniel Scearcy    nscearcy@potts-law.com

Rosemarie Riddell Bogdan    rrbivcbard@1800law1010.com, kawivcbard@1800law1010.com

Braden Beard    bbeard@hausfeld.com

Ashleigh E Raso    araso@meshbesher.com

Joshua Sean Kincannon    jkincannon@lomurrofirm.com, smiller@lomurrofirm.com

Mekel S Alvarez    malvarez@morrisbart.com

Betsy J Barnes    bbarnes@morrisbart.com, bkendrick@morrisbart.com, rroot@morrisbart.com

Karen Delcambre McCarthy    kmccarthy@morrisbart.com

Peter E Goss    pgoss@goss-lawfirm.com, jcampain@goss-lawfirm.com

Timothy David Hedrick    thedrick@rtlaw.com, gtaylor@rtlaw.com

Edward McCarthy, III    emccarthy@rtlaw.com, irodriguez@rtlaw.com

Joe A King, Jr    jking@mkhlawyers.com, tgrant@mkhlawyers.com

Kevin Meade Fitzgerald    kfitzgerald@fitz-lawgroup.com, csumner@fitz-lawgroup.com

Angela Joy Mason    angelamason@cochranfirm.com, amason@cochranfirm.com

Joseph D. Lane    JoeLane@Cochranfirm.com, JLane@Cochranfirm.com

T Aaron Stringer     aaron@lowelawgroup.com

Samuel Mason Wendt     sam@wendtlaw.com, micaela@wendtlaw.com

David L Grebel     grebel@ngklawfirm.com

Michael Stephen Kruse     kruse@ngklawfirm.com

Peyton P Murphy     Peyton@MurphyLawFirm.com, Jadonna@MurphyLawFirm.com, Kacia@MurphyLawFirm.com

Todd C Comeaux     TC@ComeauxLawFirm.com, Jadonna@MurphyLawFirm.com, Kacia@MurphyLawFirm.com

Henry Shere Queener, III     Hqueener@queenerlaw.com

Amir M Kahana     amk@kahanalaw.com, katherine@kahanalaw.com, samyu@kahanalaw.com, taylor@kahanalaw.com

Bill Bradley, Jr     bbradley@bdjlaw.com, erikam@bdjlaw.com, kgruner@bdjlaw.com

James B Tuttle     jbtesq@nycap.rr.com, barbparker@nycap.rr.com

K Camp Bailey     bailey-svc@bpblaw.com, amcginnis@bpblaw.com, hsantiago@bpblaw.com

Andrew S Groher     agroher@riscassidavis.com, sstokes@riscassidavis.com

Keith L Altman     kaltman@lawampmmt.com, pharma@excololaw.com

Joseph N Williams     jwilliams@rwp-law.com, eamos@rwp-law.com, mllewellyn@rwp-law.com

William F. Blankenship, III     bill@blankenshiplaw.com, jeanette@blankenshiplaw.com

John Reily Crone     john.crone@andruswagstaff.com, jenni.mobley@andruswagstaff.com

Carlyle Glenfield Varlack, Jr     carlylevarlack@hotmail.com

Clint Reed     IVC@johnsonlawgroup.com

Matthew B Moreland     mmoreland@becnellaw.com

Jennifer L Crose     jcrose@becnellaw.com, jcrose@gmail.com

Kevin P Klibert     kklibert@becnellaw.com

Eugene Arthur Arbaugh, Jr     rusty@arbaughlaw.com

Andrew Edward McGraw     amcgraw@levinlaw.com, mgriffin@levinlaw.com, tgilbert@levinlaw.com

Charles T Paglialunga     chuck@phlawfirm.com, amanda@phlawfirm.com, james.humann@phlawfirm.com

Melanie K Schmickle     pharma@swmklaw.com, alyssa@swmklaw.com, melanie@swmklaw.com

Daniel P Barton     dbarton@bartonlawgroup.com, lea@bartonlawgroup.com

Robert R Luke     legal@lukefirm.com, Lindsey@lukefirm.com

Michael J Walsh     mwalsh@walshwoodard.com, cculmone@walshwoodard.com, mmartineau@walshwoodard.com

Roger W Orlando     roger@OrlandoFirm.com

Brian D Weinstein     brian@weinsteincouture.com, service@weinsteincouture.com

Baird Brown    bairdbrownlaw@gmail.com

John Benjamin Black    bblack@sohjlaw.com

John Thomas Kirtley, III    jkirtley@lawyerworks.com, ivcfiling@lawyerworks.com, molvera@lawyerworks.com

Amy Collignon Gunn    agunn@simonlawpc.com, cgibbons@simonlawpc.com

Robert T Naumes, Jr    bnaumes@jeffreysglassman.com, jlamkin@jeffreysglassman.com

John G Simon    jsimon@simonlawpc.com

Andrew W Callahan    acallahan@flintfirm.com, brittany@flintfirm.com, kelly@flintfirm.com, susie@flintfirm.com

Brian Scott Katz    bkatz@flintfirm.com, nichole@brianskatz.com

Michael G Stag    mstag@smithstag.com, ilanier@smithstag.com, nmartin@smithstag.com, tcousans@smithstag.com

Merritt E Cunningham    mcunningham@smithstag.com, ilanier@smithstag.com, tcousans@smithstag.com

Jonathan M Sedgh    jsedgh@weitzlux.com, cpigot@weitzlux.com

Howard A Snyder    howard@howardsnyderlaw.com, hmartindale@gruberlawfirm.com

Daniel S Gruber    dgruber@gruberlawfirm.com, hmartindale@gruberlawfirm.com, rhernandez@gruberlawfirm.com

Anthony A Orlandi    aorlandi@bsjfirm.com, ecfprocessor@bsjfirm.com, mariahy@bsjfirm.com

Joey P Leniski, Jr    joeyl@bsjfirm.com, ecfprocessor@bsjfirm.com, mariahy@bsjfirm.com

Brielle Marie Hunt    bhunt@phelanpetty.com, dwood@phelanpetty.com

Michael G Phelan    mphelan@phelanpetty.com, bhunt@phelanpetty.com, dwood@phelanpetty.com

Bonnie Adele Kendrick    bkendrick@morrisbart.com

Thomas A Tarro, III    ttarro3rd@tarromarotti.com

Henry Gilbert Garrard, III    hgg@bbgbalaw.com, bb@bbgbalaw.com, btm@bbgbalaw.com, cbp@bbgbalaw.com, lbp@bbgbalaw.com, sws@bbgbalaw.com, tdt@bbgbalaw.com

Clifford Alan Rieders    crieders@riederstravis.com, dbueno@riederstravis.com

Basil A Adham    ivc@johnsonlawgroup.com

Mark R Nash    mark.nash@nelsonmullins.com

Josh B Wages    jbw@bbgbalaw.com, cbp@bbgbalaw.com,sws@bbgbalaw.com

James B Matthews, III    jbm@bbgbalaw.com, cbp@bbgbalaw.com, sws@bbgbalaw.com

Andrew J Hill, III    ajh@bbgbalaw.com, cbp@bbgbalaw.com, sws@bbgbalaw.com

Patrick H Garrard    phg@bbgbalaw.com, cbp@bbgbalaw.com, sws@bbgbalaw.com

Larry D Helvey    lhelvey@helveylaw.com, helveylaw.legalassistant@gmail.com

Jacob Alex Flint    jflint@flintfirm.com, kelly@flintfirm.com, susie@flintfirm.com

Jennifer A Moore    jmoore@gminjurylaw.com, moost@gminjurylaw.com

Dustin B Herman   dherman@spanglaw.com, ecampbell@spanglaw.com, sschebek@spanglaw.com

Stuart E Scott   sscott@spanglaw.com, ecampbell@spanglaw.com, sschebek@spanglaw.com

Peter J Brodhead   pbrodhead@spanglaw.com, ecampbell@spanglaw.com, sschebek@spanglaw.com

**2:15-md-02641-DGC Notice will be sent by other means to those listed below if they are affected by this filing:**

Aaron A Clark
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Alex Cameron Walker
Modrall Sperling Roehl Harris & Sisk PA
500 4th St. NW, Ste. 1000
Albuquerque, NM 87102

Amanda Montee
Montee Law Firm
P.O. Box 127
St. Joseph, MO 64502

Andrew J Trevelise
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Anthony James Urban
Urban Law
P.O. Box 890
Pottsville, PA 17901

Brian John Perkins
Meyers & Flowers LLC
3 N 2nd St., Ste. 300
St Charles, IL 60174

Bruce S Kingsdorf
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Catherine A Faught Pollard
Quarles & Brady LLP - Milwaukee, WI
411 E Wisconsin Ave., Ste. 2040
Milwaukee, WI 53202-4497

Chris Johnson

Christopher Brian Watt
Reed Smith LLP - Houston, TX
811 Main St., Ste. 1700
Houston, TX 77002

Christopher J Quinn

Driscoll Firm PC
211 N Broadway, Ste. 4050
St Louis, MO 63102

Craig D Henderson
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Craig E Hilborn
Hilborn & Hilborn
999 Haynes, Ste. 205
Birmingham, MI 48009

Daniel K Winters
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

David J Cooner
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

David J Walz
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

David W Ledyard
Strong Pipkin Bissell & Ledyard - Beamont, TX
595 Orleans, Ste. 1400
Beaumont, TX 77701

Dawn M Barrios
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Debra A Djupman
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Dennis P Mulvihill
Wright & Schulte - Cleveland, OH
23240 Chagrin Blvd.
Cleveland, OH 44122

Diana Rabeh
Reed Smith LLP - Wilmington, DE
1201 Market St., Ste. 1500
Wilmington, DE 19801

Diane Washington

E Terry Sibbernsen

Sibbernsen, Strigenz Law Firm - Omaha
1111 N 102nd Ct., Ste. 330
Omaha, NE 68114


Edna M Gray


Edward W Gerecke
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239


Elaine Sargeant


Elizabeth G Grimes
Law Offices of Michael A DeMayo LLP
P.O. Box 34426
Charlotte, NC 28234

Elizabeth Hosea Lemoine
Wick Phillips Gould & Martin LLP
3131 McKinney Ave., Ste. 100
Dallas, TX 75204

Elizabeth S Fenton
Chamberlain Hrdlicka
300 Conshohocken State Rd., Ste. 570
W Conshohocken, PA 19428

Ellen Relkin
Weitz & Luxenberg PC - New York, NY
700 Broadway, 5th Fl.
New York, NY 10003

Eric J Buhr
Reed Smith LLP - Los Angeles, CA
355 S Grand Ave., Ste. 2900
Los Angeles, CA 90071

Frederick R Hovde
Hovde Dassow & Deets LLC
Meridian Twr.
201 W 103rd St., Ste. 500
Indianapolis, IN 46290

Gary Robert Tulp
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101


Gary F Hamilton


Gerard C Kramer
Schmidt Ronca & Kramer PC
209 State St.
Harrisburg, PA 17101

Gregory D Bentley
Zonies Law LLC
1900 Wazee St., Ste.203
Denver, CO 80202


Hilary E Youngblood
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104


Jack Edward Urquhart
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403


Jacob W Plattenberger
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604


James Holt


James P Catalano
Nelson Mullins Riley & Scarborough LLP - Nashville, TN
1 Nashville Pl.
150 4th Ave. N, Ste. 1100
Nashville, TN 37219


Jamie Jean McKey
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204


Jane T Davis
Nelson Mullins Riley & Scarborough LLP - Charleston, SC
151 Meeting St., Ste. 600
Charleston, SC 29401


Janet Lynn White


Jennifer Ann Guidea
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650


Jennifer J Hageman
Ulmer & Berne LLP - Cincinnati, OH
600 Vine St., Ste. 2800
Cincinnati, OH 45202


Joan Anderson


Jody Lynn Rudman
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

John A Camp
Carlton Fields Jorden Burt - Miami, FL
100 SE 2nd St., Ste. 4200
Miami, FL 33131

John G Mitchell
Secrest Wardle
P.O. Box 5025
Troy, MI 48007-5025

John H Allen , III
Jackson Allen & Williams LLP
3838 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

John J Glenn
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

John Neumann Hickey
Law Offices of John N Hickey
20 W Front St.
Media, PA 19063

Jordan L Chaikin
Parker Waichman LLP - Bonita Springs, FL
27300 Riverview Center Blvd., Ste. 103
Bonita Springs, FL 34134

Joshua A Mankoff
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Joshua D Miller
Toriseva Law
1446 National Rd.
Wheeling, WV 26003

Joshua R Johnson
Babbitt & Johnson PA
1641 Worthington Rd., Ste. 100
W Palm Beach, FL 33402

Joshua S Whitley
Smyth Whitley
BB&T Plz.
234 Seven Farms Dr., Ste. 234
Charleston, SC 29492

Justin Ross Kaufman
Heard Robins Cloud LLP - Santa Fe, NM
505 Cerrillos Rd., Ste. A209
Santa Fe, NM 87501

Katherine Diven


Kathryn Snapka

Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Kelly Elswick-Hall
Masters Law Firm
181 Summers St.
Charleston, WV 25301

Kevin M Hara
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Kevin R Martin
Martin Law Offices SC
7280 S 13th St., Ste. 102
Oak Creek, WI 53154

Lawrence R Murphy , Jr
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Louisa O Kirakosian
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Mariann M Robison
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Mark A Sentenac
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Mathew R Doebler
Pribanic & Pribanic LLC
513 Court Pl.
Pittsburgh, PA 15219

Matthew John Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Melanie M Atha
Cabaniss Johnston Gardner Dumas & ONeal LLP
P.O. Box 830612
Birmingham, AL 35283-0612

Michael Ockerman
Hanna Campbell & Powell
3737 Embassy Pkwy., Ste. 100
Akron, OH 44333

Michael F Marlow

Johnson Miner Marlow Woodward & Huff PLLC
P.O. Box 667
Yankton, SD 57078-0667

Michael Joseph Ryan
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Michael L Armitage
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Michael Alan Gross


Nancy June Falls


Neilli M Walsh
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Neville H Boschert
Jones WalkerWaechter Poitevent Carrere & Denegre
P.O. Box 427
Jackson, MS 39205-0427

Nevin Christopher Brownfield
Ongaro PC
50 California St., Ste. 3325
San Francisco, CA 94108

Patrick T Clendenen
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Peter C Wetherall
Wetherall Group Limited
9345 W Sunset Rd., Ste. 100
Las Vegas, NV 89148

Peter Thomas Anderson
Ashcraft & Gerel LLP - Alexandria, VA
4900 Seminar Rd., Ste. 650
Alexandria, VA 22311

Raymond G Mullady , Jr
Nelson Mullins Riley & Scarborough LLP - Washington, DC
101 Constitution Ave. NW, Ste. 900
Washington, DC 20001

Raymond Joseph Kramer , III
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Rhett A McSweeney
McSweeney Langevin LLC
2116 2nd Ave. S
Minneapolis, MN 55404

Richard A Zappa
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Richard Allen Cohn
Aitken Aitken Cohn
P.O. Box 2555
Santa Ana, CA 92707

Richard E Vollertsen
Atkinson Conway & Gagnon Incorporated
420 L St., Ste. 500
Anchorage, AK 99501

Richard J Schicker
Schicker Law Firm
2809 S 160th St., Ste. 207
Omaha, NE 68130

Ricky L Boren
Hill Boren
P.O. Box 3539
Jackson, TN 38303-0539

Robert Diemer
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Robert R Hatten
Patten Wornom Hatten Diamonstein LC
12350 Jefferson Ave., Ste. 300
Newport News, VA 23602

Robert Williams Goldwater , III
Goldwater Law Firm PC
15849 N 71st St., Ste. 100
Scottsdale, AZ 85254

Roberts Clay Milling , II
Henry Spiegel Milling LLP
950 E Paces Ferry Rd., Ste. 2450
Atlanta, GA 30326

Ruth A Horvatich
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Sanjay Ghosh
Nelson Mullins Riley & Scarborough LLC - Atlanta, GA

Atlantic Station
201 17th St. NW, Ste. 1700
Atlanta, GA 30363

Sarah Mangum(Terminated)


Shelia Sloan


Steven James Skikos
Skikos Crawford Skikos & Joseph LLP
1 Sansome St., Ste. 2830
San Francisco, CA 94104

Tayjes Matthew Shah
Miller Law Firm LLC
108 Railroad Ave.
Orange, VA 22960

Thomas Flournay


Thomas Melone
Allco Renewable Energy Limited
14 Wall St., 20th Fl.
New York, NY 10005

Thomas A Kenefick , III
Law Office of Thomas A Kenefick III
73 Chestnut St.
Springfield, MA 01103

Thomas K Herren
Herren & Adams
148 N Broadway
Lexington, KY 40507

Tiffany L Roach Martin
MNodrall Sperling Roehl Harris & Sisk PA - Santa Fe, NM
P.O. Box 2168
Santa FE, NM 87103-2168

Timothy Pinegar


Timothy E Lengkeek
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Timothy John Freiberg
Freiberg Law Offices
4545 Springbrook Rd.
Rockford, IL 61114

Tor A Hoerman
TorHoerman Law LLC - Edwardsville, IL
101 W Vandalla St., Ste. 350

Edwardsville, IL 62025

Vickie J Traughber

Vivian M Quinn
Nixon Peabody LLP - Buffalo NY
Key Towers at Fountain Plaza
40 Fountain Plz., Ste. 500
Buffalo, NY 14202

W Bryan Smith
Morgan & Morgan PA - Memphis, TN
2600 One Commerce Sq.
Memphis, TN 38103

William H Carpenter
William H Carpenter Law Office Limited
P.O. Box 35070
Albuquerque, NM 87176-5070

William S Curtiss
Earthjustice Legal Defense Fund
180 Montgomery St
Ste 1725
San Francisco, CA 94104-4209

Wilnar Jeanne Julmiste
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

Zachary Logan Wool
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

DISTRICT OF ARIZONA

**Notice of Electronic Filing**

The following transaction was entered on 2/6/2017 at 3:33 PM MST and filed on 2/6/2017

| | |
|---|---|
| Case Name: | IN RE: Bard IVC Filters Products Liability Litigation |
| Case Number: | 2:15-md-02641-DGC |
| Filer: | |
| Document Number: | 4865(No document attached) |

**Docket Text:**

ORDER. The Court has reviewed the parties' briefing on issues in dispute with respect to Discovery Group 1. Docs. 4503, 4505, 4608, 4639. (In the future, responses and replies shall not be filed when the parties have each stated their positions in the initial filings, as here.) The Court concludes that limitations should not be placed on Plaintiffs' ex parte communications with treating physicians. The Court has reviewed cases cited by both sides, and finds that the weight of recent case law disfavors such limitations. See In re Xarelto (Rivaroxaban) Prods. Liab. Litig., MDL No. 2592, 2016 WL 915288 (E.D. La. Mar. 9, 2016); In re Testosterone Replacement Therapy Prods. Liab. Litig., MDL No. 2545, 2016 WL 929343 (N.D. Ill. Mar. 7, 2016); In re Benicar (Olmesartan) Prods. Liab. Litig., MDL No. 2026, 2016 WL 1370998 (D.N.J. Apr. 6, 2016). Cases imposing such limitations are older than these recent cases and generally lack analysis in support of the limitations they impose. See, e.g., In re Chantix (Varenicline) Prod. Liab. Litig., No. 2:09-CV-2039-IPJ, 2011 WL 9995561 (N.D. Ala. June 30, 2011); In re OrthoEvra Prod. Liab. Litig., No. 1:06-40000, 2010 WL 320064 (N.D. Ohio Jan. 20, 2010); In re Nuvaring Prod. Liab. Litig., No. 4:08MD1964 RWS, 2009 WL 775442 (E.D. Mo. Mar. 20, 2009). The Court finds the more recent decisions persuasive. The Court will adopt the disclosure requirements in the proposed case management order regarding ex parte communications. The Court also notes that it agrees with the Ninth Circuit's position in Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) ("a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment"). The parties have not briefed whether Goodman should apply in this MDL, but, if it does, the parties will not be permitted to present expert opinions that were not formed in the course of treatment unless those opinions were appropriately disclosed under Rule 26(a)(2). On another issue addressed in the briefing, the Court will not require that Defendants question treating physicians first. For treating physicians who would be called by Plaintiffs during their case in chief, "examination and cross-examination of a deponent proceed as they would at trial." Fed. R. Civ. P. 30(c)(1). The Court will adopt Plaintiffs' proposed order language on depositions of treating physicians. Finally, the Court will permit the deposition of one sales representative per case during Discovery Group 1. The Court concludes that such depositions will provide important information for bellwether selection, but that more than one deposition is not needed before selection. The Court will not impose the time or subject limits proposed by Defendants for the sales representative depositions. Signed by Judge David G Campbell on 2-6-17. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (DGC)

**2:15-md-02641-DGC Notice has been electronically mailed to:**

James R Condo     jcondo@swlaw.com, docket@swlaw.com, glass@swlaw.com

Robert B Carey     rob@hbsslaw.com, ecfphx@hbsslaw.com

Robert W Boatman    rwb@gknet.com, Karen.Trumpower@gknet.com, lincoln.combs@gknet.com, matt.boatman@gknet.com

Mark Stephen O'Connor    mark.oconnor@gknet.com, gay.blakesley@gknet.com

Turner Williamson Branch    tbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Joseph Paul Michael Angelo    joe@angelowhitelaw.com, stephen@angelowhitelaw.com

Clyde Talbot Turner    tab@tturner.com, jerrt@tturner.com,tiffany@tturner.com

David A Domina    ddomina@dominalaw.com, efiling@dominalaw.com,kkw@dominalaw.com

Sandy A Liebhard    liebhard@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Paul Lincoln Stoller    paul.stoller@gknet.com, deborah.yanazzo@gknet.com

Willard J Moody, Jr    will@moodyrrlaw.com, courtney@moodyrrlaw.com,renee@moodyrrlaw.com

Fred Thompson    fthompson@motleyrice.com

Shannon L Clark    slc@gknet.com, karin.scheehle@gknet.com, roberta.schmidt@gknet.com

Michael William Heaviside    mheaviside@hrzlaw.com, awright@hrzlaw.com

Leonard W Aragon    leonard@hbsslaw.com, amyn@hbsslaw.com, ecfphx@hbsslaw.com

Elizabeth C Helm    kate.helm@nelsonmullins.com

Christopher A Seeger    cseeger@seegerweiss.com

James A Morris, Jr    jmorris@jamlawyers.com, clozano@jamlawyers.com, rflores@jamlawyers.com, sgreenberg@jamlawyers.com

Michael T Gallagher    donnaf@gld-law.com

Eric M Terry    eric@thlawyer.com, kpostol@thlawyer.com, kstephens@thlawyer.com

Michael G Daly    mdaly@pbmattorneys.com

Mark R Niemeyer    niemeyer@ngklawfirm.com

Joe Kendall    jkendall@kendalllawgroup.com, administrator@kendalllawgroup.com, jrudman@kendalllawgroup.com

C Lincoln Combs    lincoln.combs@gknet.com, kelly.saltsman@gknet.com

David J Szerlag    dszerlag@gmail.com, wendy@pritzkerlaw.com

Charles Wade Miller    charles@hop-law.com, jchapman@hop-law.com,kay@hop-law.com

John H Gomez    john@gomeztrialattorneys.com

Annesley H DeGaris    adegaris@degarislaw.com, asapone@degarislaw.com

David R Ongaro    dongaro@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Anthony J Nemo    tnemo@meshbesher.com

Andrew L Davick    adavick@meshbesher.com

Elaine T Byszewski    Elaine@hbsslaw.com, chads@hbsslaw.com, jconte@hbsslaw.com

Thomas P Cartmell    tcartmell@wcllp.com, m.goldwasser@wcllp.com

Patricia Lynn Campbell    pcampbell@potts-law.com, nchambers@potts-law.com

Amanda Christine Sheridan    asheridan@swlaw.com, docket@swlaw.com, pritchey@swlaw.com

Michael Kevin Brown    mkbrown@reedsmith.com, vbarreto@reedsmith.com

Robert D Rowland    khubbard@ghalaw.com, lisal@ghalaw.com

Yvonne M Flaherty    ymflaherty@locklaw.com, bgilles@locklaw.com, rnzubiate@locklaw.com, sgpatchen@locklaw.com

Wendy R Fleishman    wfleishman@lchb.com, jleitnerzieff@lchb.com, kharding@lchb.com, mdecker@lchb.com

Leslie M Cronen    lcronen@bubalolaw.com, clwebb@bubalolaw.com, stucker@bubalolaw.com

John C Duane    jduane@motleyrice.com, clwhetstone@motleyrice.com, jhill@motleyrice.com, mhopkins@motleyrice.com

Donald A Migliori    dmigliori@motleyrice.com

Kara Trouslot Stubbs    stubbs@bscr-law.com

Samuel J Horovitz    shorovitz@rtlaw.com, drossier@rtlaw.com, sloomis@rtlaw.com

Charles R Houssiere, III    choussi@hdhtex.com, jmbrooks@hdhtex.com, jreznickova@hdhtex.com, rkauffman@hdhtex.com

Ellen A Presby    ellenpresby@nemerofflaw.com, gabrielcanto@nemerofflaw.com, lisadelgado@nemerofflaw.com

Max Freeman (Terminated)    mfreeman@millerweisbrod.com, aboone@millerweisbrod.com, crubin@millerweisbrod.com, mtrull@millerweisbrod.com, tnguyen@millerweisbrod.com

Richard W Schulte    rschulte@yourlegalhelp.com, cartim@yourlegalhelp.com, jgebelle@yourlegalhelp.com

Les Weisbrod (Terminated)    lweisbrod@millerweisbrod.com, btrujillo@millerweisbrod.com

Michael K Johnson    mjohnson@johnsonbecker.com, rfiebiger@johnsonbecker.com, sgray@johnsonbecker.com

Carrie R Capouellez    ccapouellez@lopezmchugh.com

Matthew Ramon Lopez    mlopez@lopezmchugh.com, agarrett@lopezmchugh.com, beast@lopezmchugh.com, mjones@lopezmchugh.com, mwass@lopezmchugh.com

Alexandra V Boone (Terminated)    aboone@millerweisbrod.com, mtrull@millerweisbrod.com

Eric Davis Holland    eholland@allfela.com, tblasa@allfela.com

Joseph A Osborne, Jr    josborne@oa-lawfirm.com, ggiovanni@oa-lawfirm.com, rbell@oa-lawfirm.com

Rolf T Fiebiger    rfiebiger@johnsonbecker.com, sgray@johnsonbecker.com

Gregory N McEwen    gmcewen@mcewenlaw.com, asteinberg@mcewenlaw.com, mschmid@mcewenlaw.com

John J Driscoll    john@thedriscollfirm.com, dawn@thedriscollfirm.com, tiffany@thedriscollfirm.com

Randi Alyson Kassan    rkassan@thesandersfirm.com

Genevieve M Zimmerman    gzimmerman@meshbesher.com, hsternquist@meshbesher.com, mbrylow@meshbesher.com

Jason P Johnston    jjohnston@meshbesher.com, araso@meshbesher.com, gzimmerman@meshbesher.com, hsternquist@meshbesher.com

Joseph Jacob Zonies     jzonies@zonieslaw.com, gbentley@zonieslaw.com, jcox@zonieslaw.com, sshaver@zonieslaw.com

Don K Ledgard     DLedgard@capretz.com, pmartinez@capretz.com

Brendan J Flaherty     brendan@pritzkerlaw.com, tania@pritzkerlaw.com

Kenneth W Pearson     kpearson@johnsonbecker.com, apeterson@johnsonbecker.com

Ahmed Samir Diab     adiab@gomeztrialattorneys.com, nstoneman@gomeztrialattorneys.com

T Matthew Leckman     mleckman@pbmattorneys.com, staylor@pbmattorneys.com

Donald P McKenna, Jr     don@hwnn.com, lynne@hwnn.com

M Blair Clinton     bclinton@hgdlawfirm.com

Stuart Goldenberg     slgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Marlene J Goldenberg     mjgoldenberg@goldenberglaw.com, csand@goldenberglaw.com

Margaret Moses Branch     mbranch@branchlawfirm.com, psanchez@branchlawfirm.com

Adam Tal Funk     afunk@branchlawfirm.com, ajz@meyers-flowers.com, cdb@meyers-flowers.com, kaz@meyers-flowers.com, kb@meyers-flowers.com, ksmith@branchlawfirm.com, psanchez@branchlawfirm.com

Michael B Leh     mleh@lockslaw.com, ahouchins@lockslaw.com

D Todd Mathews     todd@gorijulianlaw.com, masstortenotices@gorijulianlaw.com

Matthew Robert Boatman     matt.boatman@gknet.com

Michael P McGartland     mike@mcgartland.com, catherine@mcgartland.com, haley@mcgartland.com, stefani@mcgartland.com

David J Hodge     dhodge@mkhlawyers.com, lee@mkhlawyers.com

Angela M Higgins     higgins@bscr-law.com, mcarrillo@bscr-law.com

Tara T Tabatabaie     tara@sill-law.com, ashley@sill-law.com, david@sill-law.com

Mark Kevin Gray     Mgray@grayandwhitelaw.com, cjones@grayandwhitelaw.com

Joseph R Johnson     jjohnson@babbitt-johnson.com, dcodding@babbitt-johnson.com

James Albert Montee     jmontee@monteelawfirm.com, jimmontee@gmail.com

James P Cannon     jpc.atty@yahoo.com

Brandee J Kowalzyk     brandee.kowalzyk@nelsonmullins.com

Matthew B Lerner     matthew.lerner@nelsonmullins.com, carrie.brown@nelsonmullins.com, miche.boles@nelsonmullins.com

Richard B North, Jr     richard.north@nelsonmullins.com, mandy.evangelista@nelsonmullins.com, maria.turner@nelsonmullins.com

Ben C Martin     bmartin@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com, tarbon@bencmartin.com

Thomas William Arbon     tarbon@bencmartin.com, cguerra@bencmartin.com, jboyd@bencmartin.com

Matthew E Brown     matt.brown@nelsonmullins.com

Taylor Tapley Daly     taylor.daly@nelsonmullins.com

Julia Reed-Zaic     julia@hrzlaw.com, laura@hrzlaw.com, salbers@hrzlaw.com

Laura Elizabeth Smith     laura@hrzlaw.com, awright@hrzlaw.com

Ramon Rossi Lopez     rlopez@lopezmchugh.com, bmeyers@lopezmchugh.com, wespitia@lopezmchugh.com

Troy Alexander Brenes (Terminated)     tbrenes@breneslawgroup.com, jsabol@breneslawgroup.com

Kevin George Lohman     klohman@reedsmith.com, cspoon@reedsmith.com

Nathan Craig Van Der Veer     nate@frplegal.com, hgillis@frplegal.com

Richard Arthur Freese     rich@freeseandgoss.com, regina@freeseandgoss.com

Sheila M Bossier (Terminated)     sbossier@bossier-law.com, kthomas@bossier-law.com

Robert M Hammers, Jr     rob@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

James Frederick Rogers     jim.rogers@nelsonmullins.com, julia.norcia@nelsonmullins.com, kim.lanier@nelsonmullins.com

Matthew Ryan McCarley     mccarley@fnlawfirm.com, charlotte@fnlawfirm.com, vcanizales@fnlawfirm.com

Michael S Katz     mkatz@lopezmchugh.com

John A Dalimonte     johndalimonte@kdlaw.net, jessicar@kdlaw.net, rdusablon@kdlaw.net

Teresa C Toriseva     justice@torisevalaw.com

Sanjay Ghosh     sanjay.ghosh@nelsonmullins.com

Clair A Montroy, III     montroylaw@verizon.net

David W Zoll     david@toledolaw.com, amy@toledolaw.com

Melissa Dorman Matthews     mdorman@hdbdlaw.com, alopez@hdbdlaw.com

David B Krangle     dkrangle@alonsokrangle.com

Jason T Schneider     jason@schneiderhammers.com, abbie@schneiderhammers.com, philip@schneiderhammers.com

Calle M Mendenhall     calle@freeseandgoss.com, regina@freeseandgoss.com

Spencer J Pahlke     spahlke@walkuplawoffice.com, lmccombe@walkuplawoffice.com, ssaephan@walkuplawoffice.com

Michael A Kelly     mkelly@walkuplawoffice.com, afreeman@walkuplawoffice.com

Kevin M Hara     Khara@reedsmith.com

Steven James Boranian     sboranian@reedsmith.com, drothschild@reedsmith.com

Daniel C Burke (Terminated)     dburke@bernlieb.com, twollek@bernlieb.com

Kimberly Waters Grant     kgrant@waynegrant.com

Wayne Grant     wgrant@waynegrant.com, jmunn@waynegrant.com

Brandon L Corl     bcorl@potts-law.com, nchambers@potts-law.com

Andres F Alonso    aalonso@alonsokrangle.com

Christopher Thomas Kirchmer    ckirchmer@pulf.com, alee@pulf.com, cguilbeau@pulf.com, dwest@pulf.com

Randal A Kauffman    rkauffman@hdhtex.com, jmanriquez@hdhtex.com

Hadley L Matarazzo    hmatarazzo@faraci.com, tzukoski@faraci.com

Kenneth Riley    kriley@frplegal.com

John Pinckney Harloe, III    john@freeseandgoss.com, Brenda@freeseandgoss.com, calle@freeseandgoss.com, regina@freeseandgoss.com, rich@freeseandgoss.com

Matthew D Davis    mdavis@walkuplawoffice.com, kbenzien@walkuplawoffice.com

Douglas Senger Saeltzer    dsaeltzer@walkuplawoffice.com

Michael Brandon Smith    bsmith@cssfirm.com, gstanton@cssfirm.com, kackerman@cssfirm.com, lwheale@cssfirm.com

Stephen Grant Daniel    buck@howardnations.com, charles@howardnations.com

John Lacoste Langdoc    jlangdoc@baronbudd.com, awilson@baronbudd.com

S Ann Saucer    asaucer@baronbudd.com, awilson@baronbudd.com, glinsenb@baronbudd.com

Laura J Baughman    lbaughman@baronbudd.com, kmoore@baronbudd.com, mhaynie@baronbudd.com

Russell W Budd    rbudd@baronbudd.com, awilson@baronbudd.com, ralaniz@baronbudd.com

Felecia L Stern    stern@bernlieb.com, jkeller@bernlieb.com, twollek@bernlieb.com

Steven D Davis    sdavis@thlawyer.com, kelli@thlawyer.com, rose@thlawyer.com

Jon C Conlin    jconlin@corywatson.com, ivc@corywatson.com, lstovall@corywatson.com

Jeff R Gaddy    JGADDY@LEVINLAW.COM, KMAYO@LEVINLAW.COM, TGILBERT@LEVINLAW.COM

Sindhu Daniel    sdaniel@baronbudd.com, glinsenb@baronbudd.com, yrocha@baronbudd.com

Roland Karim Tellis    rtellis@baronbudd.com, jcampbell@baronbudd.com

Howard L Nations    charles@howardnations.com, alex.dailey@howardnations.com, buck@howardnations.com, shelley@howardnations.com

Rand P Nolen    rand_nolen@fleming-law.com, pam_myers@fleming-law.com

Moze Cowper    mcowper@cowperlaw.com

Daniel Seltz    dseltz@lchb.com

Monte Bond (Terminated)    mbond@tautfestbond.com, acarpenter@tautfestbond.com, kbarron@tautfestbond.com

Brian A Goldstein    brian.goldstein@cellinoandbarnes.com, denise.kinghorn@cellinoandbarnes.com, michael.williams@cellinoandbarnes.com

David P Matthews    dmatthews@dmlawfirm.com, lsantiago@dmlawfirm.com, matthewsivc@thematthewslawfirm.com, msalazar@dmlawfirm.com

H Forest Horne    hfh@m-j.com, sct@m-j.com

Jaclyn L Anderson    janderson@klwtlaw.com

Graham B LippSmith    glippsmith@klwtlaw.com, nsmith@klwtlaw.com

Jennifer Nolte Williams    jwilliams@jacksonallenfirm.com, bwiginton@jacksonallenfirm.com

John H Allen, III    tallen@jacksonallenfirm.com

Glen Elliot Turner    gturner@ongaropc.com, kmikkelsen@ongaropc.com, nward@ongaropc.com

Kirsten McNelly Bibbes    kbibbes@ongaropc.com, dpayne@ongaropc.com, kmikkelsen@ongaropc.com

David Raymond Ongaro    dongaro@ongaropc.com

William B Curtis    bcurtis@curtis-lawgroup.com, jgomez@curtis-lawgroup.com, mburt@curtis-lawgroup.com

Randall Seth Crompton    scrompton@allfela.com, tblasa@allfela.com

Robin P Lourie    rpl@wlr.net

Brian Keith Jackson    kj@rileyjacksonlaw.com, jbailey@rileyjacksonlaw.com, marymalea@rileyjacksonlaw.com

Ethan L Shaw    elshaw@shawcowart.com, scole@shawcowart.com

Matthew J Riley    mriley@shawcowart.com, scole@shawcowart.com

Justin W Fishback    jfishback@shawcowart.com, scole@shawcowart.com

Jeff Seldomridge (Terminated)    jseldomridge@millerfirmllc.com, kunderwood@millerfirmllc.com, tlitzenburg@millerfirmllc.com

Jesse Burl Chrisp    jesse@chrisplaw.com, heather@chrisplaw.com

Melissa Erin Mielke    mmielke@skikos.com, jtucci@skikos.com

David M Langevin    dave@westrikeback.com, kate@westrikeback.com, melanie@westrikeback.com, monal@westrikeback.com

Steven James Skikos    sskikos@skikos.com

Matthew John Skikos    mskikos@skikos.com

Jennifer A Lenze    jlenze@lkmlawfirm.com, torres@lkmlawfirm.com

Jaime E Moss    moss@lkmlawfirm.com, torres@lkmlawfirm.com

Laurie E Kamerrer    kamerrer@lkmlawfirm.com

Nathan Buttars    nate@lowelawgroup.com, jonathan@lowelawgroup.com, kayelani@lowelawgroup.com

Jonathan D Peck    jonathan@lowelawgroup.com

David C DeGreeff    ddegreeff@wcllp.com, dconwell@wcllp.com

Todd E Hilton    hilton@stuevesiegel.com, joyce@stuevesiegel.com, mcclellan@stuevesiegel.com

Sherri L Plotkin    mdweck@rheingoldlaw.com

Matthew David Schultz    mschultz@levinlaw.com, tgilbert@levinlaw.com

Matthew J. McCauley    Mmccauley@yourlawyer.com, NEisner@yourlawyer.com

Philip Sholtz    phil@thedriscollfirm.com

Lucas James Ude    lucas@kelllampinlaw.com, rebecca@kelllampinlaw.com

J Mark Kell     Mark.Kell@KellLampinLaw.com, Rebecca@KellLampinLaw.com

Laura Lynne Voght     LVoght@attorneykennugent.com, KWinkleman@attorneykennugent.com

Rick Barreca     rbarreca@bernripka.com, dcoffey@bernripka.com, edougherty@bernripka.com, mcordner@bernripka.com, mnair@bernripka.com

Stephen Barnett Murray, Jr     smurrayjr@murray-lawfirm.com, aonstott@murray-lawfirm.com, kbeck@murray-lawfirm.com

David Alexander Onstott     aonstott@murray-lawfirm.com

Matthew Paul Skrabanek     paul@psbfirm.com

Nicholas Farnolo     Nfarnolo@napolilaw.com

Jonathan Hogins     jhogins@moodyrrlaw.com, renee@moodyrrlaw.com, will@moodyrrlaw.com

Jacob Edward Levy     jlevy@grayandwhitelaw.com, cjones@grayandwhitelaw.com, mwhite@grayandwhitelaw.com

Matthew Lee White     mwhite@grayandwhitelaw.com

Eric Roslansky     ivc@getjustice.com, eroslansky@getjustice.com, jshahady@getjustice.com

Brian E Tadtman     bet@petersonlawfirm.com

David M Peterson     dmp@petersonlawfirm.com

Nicholas Clevenger     nsc@petersonlawfirm.com, asr@petersonlawfirm.com

Shezad Malik     drmalik@shezadmalik.com, ryan@shezadmalik.com

Kristen K Barton     kbarton@gomeztrialattorneys.com

Mark C Aubuchon     mark.aubuchon@kelllampinlaw.com

William M Berlowitz     Williamb@inebraska.com

William Michael Loughran     michael@angelowhitelaw.com, stephen@angelowhitelaw.com

Christian T Williams     cwilliams@dominalaw.com, efiling@dominalaw.com, kkw@dominalaw.com

Amy J Anderson     sgreenberg@jamlawyers.com, clozano@jamlawyers.com, jmorris@jamlawyers.com, rflores@jamlawyers.com

Everette Scott Verhine     scott@verhine.biz, lisa@verhine.biz

Robert Bruce Warner     BWarner@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Lynnette Simon Marshall     LMarshall@wvpersonalinjury.com, PWhitlock@wvpersonalinjury.com

Kelsey Louise Stokes     kelsey_stokes@fleming-law.com, adrian_martin@fleming-law.com

J Christopher Elliott     celliott@coloradolaw.net, allison.brown@coloradolaw.net, krysta.hand@coloradolaw.net

Jim Mac Perdue, Jr     jperduejr@perdueandkidd.com, bwinegar@perdueandkidd.com, cbatterson@perdueandkidd.com

Donald Hamilton Kidd     dkidd@perdueandkidd.com, cbatterson@perdueandkidd.com

M Michael Waters     mwaters@wjnklaw.com, selliott@wjnklaw.com

Kay L Van Wey     kay@vanweylaw.com, julie@vanweylaw.comkerri@vanweylaw.com

Joshua D Christian    JChristian@christananddavis.com, mmaloney@christananddavis.com

Philip J Pendergrass, Jr    philip@schneiderhammers.com, abbie@schneiderhammers.com

Noah H Kushlefsky    NKUSHLEFSKY@KREINDLER.COM, jferraro@kreindler.com, lranieri@kreindler.com

Matthew Scott Mokwa    mmokwa@maherlawfirm.com, mrayser@maherlawfirm.com

Amorina P Lopez    alopez@lopezmchugh.com, bmeyers@lopezmchugh.com, mwass@lopezmchugh.com

Scott E Brady    scott@bohrerbrady.com, greta@bohrerbrady.com

Philip Bohrer    phil@bohrerbrady.com, shannon@bohrerbrady.com

Thomas Tucker Merrigan    tom@sweeneymerrigan.com, kimberly@sweeneymerrigan.com, tucker@sweeneymerrigan.com

Patrick T Fennell    Pfennell@Crandalllaw.com, Chargenrader@Crandalllaw.com, Rwood@Crandalllaw.com

Richard S Lewis    rlewis@hausfeld.com, adorsey@hausfeld.com, bbeard@hausfeld.com

Steven Rotman    srotman@hausfeld.com

Andrea Layne Stackhouse    layne@shraderlaw.com, jtrigo@shraderlaw.com

Julie S Ferraro    Jferraro@Kreindler.com

Dean A Goetz    dgoetz12@gmail.com

Jason S Morgan    jmorgan@mmlk.com, dwalker@mmlk.com

David J Guarnieri    dguarnieri@mmlk.com, dpritchard@mmlk.com

Michael S. Werner    MWerner@yourlawyer.com, NEisner@yourlawyer.com

Randall John Trost    RJTrost@TrostLaw.com, CBHancock@TrostLaw.com

Randall Troy Trost    RTTrost@TrostLaw.com, CBHancock@TrostLaw.com

Benjamin A Bertram    benbertram@bertramgraf.com, tiffany@bertramgraf.com

Karolina S Kulesza    kkulesza@lawdbd.com

Elizabeth Dudley    liz@lizdudleylaw.com

Nicholas P Scarpelli, Jr    scarpelli@carneylaw.com, durkin@carneylaw.com, kniffin@carneylaw.com

Raymond T Trebisacci    treblaw@comcast.net

Michael Frederick Decker    mdecker@lchb.com, shabonimana@lchb.com

Nathaniel Scearcy    nscearcy@potts-law.com

Edward Blizzard    eblizzard@blizzardlaw.com, bhauer@blizzardlaw.com, mclinton@blizzardlaw.com

Rosemarie Riddell Bogdan    rrbivcbard@1800law1010.com, kawivcbard@1800law1010.com

Braden Beard    bbeard@hausfeld.com

Ashleigh E Raso    araso@meshbesher.com

Joshua Sean Kincannon    jkincannon@lomurrofirm.com, smiller@lomurrofirm.com

Mekel S Alvarez    malvarez@morrisbart.com

Betsy J Barnes    bbarnes@morrisbart.com, bkendrick@morrisbart.com, rroot@morrisbart.com

Karen Delcambre McCarthy    kmccarthy@morrisbart.com

Peter E Goss    pgoss@goss-lawfirm.com, jcampain@goss-lawfirm.com

Timothy David Hedrick    thedrick@rtlaw.com, gtaylor@rtlaw.com

Edward McCarthy, III    emccarthy@rtlaw.com, irodriguez@rtlaw.com

Joe A King, Jr    jking@mkhlawyers.com, tgrant@mkhlawyers.com

Kevin Meade Fitzgerald    kfitzgerald@fitz-lawgroup.com, csumner@fitz-lawgroup.com

Angela Joy Mason    angelamason@cochranfirm.com, amason@cochranfirm.com

Joseph D. Lane    JoeLane@Cochranfirm.com, JLane@Cochranfirm.com

T Aaron Stringer    aaron@lowelawgroup.com

Samuel Mason Wendt    sam@wendtlaw.com, micaela@wendtlaw.com

David L Grebel    grebel@ngklawfirm.com

Michael Stephen Kruse    kruse@ngklawfirm.com, toth@ngklawfirm.com

Peyton P Murphy    Peyton@MurphyLawFirm.com, Jadonna@MurphyLawFirm.com, Kacia@MurphyLawFirm.com

Todd C Comeaux    TC@ComeauxLawFirm.com, Jadonna@MurphyLawFirm.com, Kacia@MurphyLawFirm.com

Henry Shere Queener, III    Hqueener@queenerlaw.com

Amir M Kahana    amk@kahanalaw.com, katherine@kahanalaw.com, samyu@kahanalaw.com, taylor@kahanalaw.com

Bill Bradley, Jr    bbradley@bdjlaw.com, erikam@bdjlaw.com, kgruner@bdjlaw.com

James B Tuttle    jbtesq@nycap.rr.com, barbparker@nycap.rr.com

K Camp Bailey    bailey-svc@bpblaw.com, amcginnis@bpblaw.com, hsantiago@bpblaw.com

Andrew S Groher    agroher@riscassidavis.com, sstokes@riscassidavis.com

Keith L Altman    kaltman@lawampmmt.com, pharma@excololaw.com

Joseph N Williams    jwilliams@rwp-law.com, eamos@rwp-law.com, mllewellyn@rwp-law.com

William F. Blankenship, III    bill@blankenshiplaw.com, jeanette@blankenshiplaw.com

John Reily Crone    john.crone@andruswagstaff.com, jenni.mobley@andruswagstaff.com

Carlyle Glenfield Varlack, Jr    carlylevarlack@hotmail.com

Clint Reed    IVC@johnsonlawgroup.com

Matthew B Moreland    mmoreland@becnellaw.com

Jennifer L Crose    jcrose@becnellaw.com, jcrose@gmail.com

Kevin P Klibert    kklibert@becnellaw.com

Eugene Arthur Arbaugh, Jr    rusty@arbaughlaw.com

Andrew Edward McGraw    amcgraw@levinlaw.com, mgriffin@levinlaw.com, tgilbert@levinlaw.com

Charles T Paglialunga    chuck@phlawfirm.com, amanda@phlawfirm.com, james.humann@phlawfirm.com

Melanie K Schmickle    pharma@swmklaw.com, alyssa@swmklaw.com, melanie@swmklaw.com

Daniel P Barton    dbarton@bartonlawgroup.com, lea@bartonlawgroup.com

Robert R Luke    legal@lukefirm.com, Lindsey@lukefirm.com

Michael J Walsh    mwalsh@walshwoodard.com, cculmone@walshwoodard.com, mmartineau@walshwoodard.com

Roger W Orlando    roger@orlandofirm.com, april@orlandofirm.com, scott@orlandofirm.com

Brian D Weinstein    brian@weinsteincouture.com, service@weinsteincouture.com

Baird Brown    bairdbrownlaw@gmail.com

John Benjamin Black    bblack@sohjlaw.com

John Thomas Kirtley, III    jkirtley@lawyerworks.com, ivcfiling@lawyerworks.com, molvera@lawyerworks.com

Amy Collignon Gunn    agunn@simonlawpc.com, cgibbons@simonlawpc.com

Robert T Naumes, Jr    bnaumes@jeffreysglassman.com, jlamkin@jeffreysglassman.com

John G Simon    jsimon@simonlawpc.com

Andrew W Callahan    acallahan@flintfirm.com, brittany@flintfirm.com, kelly@flintfirm.com, susie@flintfirm.com

Brian Scott Katz    bkatz@flintfirm.com, nichole@brianskatz.com

Michael G Stag    mstag@smithstag.com, ilanier@smithstag.com, nmartin@smithstag.com, tcousans@smithstag.com

Merritt E Cunningham    mcunningham@smithstag.com, ilanier@smithstag.com, tcousans@smithstag.com

Jonathan M Sedgh    jsedgh@weitzlux.com, cpigot@weitzlux.com

Howard A Snyder    howard@howardsnyderlaw.com, hmartindale@gruberlawfirm.com

Daniel S Gruber    dgruber@gruberlawfirm.com, hmartindale@gruberlawfirm.com, rhernandez@gruberlawfirm.com

Anthony A Orlandi    aorlandi@bsjfirm.com, mariahy@bsjfirm.com

Joey P Leniski, Jr    joeyl@bsjfirm.com, mariahy@bsjfirm.com

Brielle Marie Hunt    bhunt@phelanpetty.com, dwood@phelanpetty.com

Michael G Phelan    mphelan@phelanpetty.com, bhunt@phelanpetty.com, dwood@phelanpetty.com

Bonnie Adele Kendrick    bkendrick@morrisbart.com

Thomas A Tarro, III    ttarro3rd@tarromarotti.com

Henry Gilbert Garrard, III     hgg@bbgbalaw.com, lbp@bbgbalaw.com, tdt@bbgbalaw.com

Clifford Alan Rieders     crieders@riederstravis.com, dbueno@riederstravis.com

Basil A Adham     ivc@johnsonlawgroup.com

Mark R Nash     mark.nash@nelsonmullins.com

Josh B Wages     jbw@bbgbalaw.com, cbp@bbgbalaw.com,sws@bbgbalaw.com

James B Matthews, III     jbm@bbgbalaw.com, bb@bbgbalaw.com, btm@bbgbalaw.com

Andrew J Hill, III     ajh@bbgbalaw.com, cbp@bbgbalaw.com, sws@bbgbalaw.com

Patrick H Garrard     phg@bbgbalaw.com, cbp@bbgbalaw.com, sws@bbgbalaw.com

Larry D Helvey     lhelvey@helveylaw.com, helveylaw.legalassistant@gmail.com

Jacob Alex Flint     jflint@flintfirm.com, kelly@flintfirm.com, susie@flintfirm.com

Jennifer A Moore     jmoore@gminjurylaw.com, moost@gminjurylaw.com

Dustin B Herman     dherman@spanglaw.com, ecampbell@ecf.courtdrive.com, sschebek@ecf.courtdrive.com

Stuart E Scott     sscott@spanglaw.com, ecampbell@spanglaw.com, sschebek@spanglaw.com

Andrew F Kirkendall     akirkendall@kirkendalldwyer.com, cdu@kirkendalldwyer.com, rcosta@kirkendalldwyer.com

Alexander G Dwyer     adwyer@kirkendalldwyer.com, msclafani@kirkendalldwyer.com

Emily Ward Roark     emily@bryant.law, christina@bryant.law

Mark Edward Berns     berns@onderlaw.com, schoemehl@onderlaw.com

Gregory J Pals     greg@thedriscollfirm.com

Courtland Carter Chillingworth     cchillingworth@reedsmith.com

Barry JD Levy     bdl@oal-law.com, axf@oal-law.com, cas@oal-law.com

Debra J Humphrey     dhumphrey@bernllp.com, dcoffey@bernllp.com, edougherty@bernllp.com, kwan@bernllp.com, mcordner@bernllp.com

Philip M Busman     phil.busman@nelsonmullins.com, tracy.stanforth@nelsonmullins.com

Dennis Andrew Hom     dennis.hom@nelsonmullins.com

Andrew Joseph Rosenzweig     andrew.rosenzweig@nelsonmullins.com

Douglass Alan Kreis     dkreis@awkolaw.com, athane@awkolaw.com, croberts@awkolaw.com

Michael A Bottar     mab@bottarleone.com, smb@bottarleone.com, sriggi@bottarleone.com

Louis Francis Gilligan     lgilligan@kmklaw.com, mtrue@kmklaw.com

Roxell Ann Richards     rr@roxellrichards.com, Roxellrichards@gmail.com

Oluwaseun Adetoun Adeyemi     masstorts@roxellrichards.com

Mason Lee Boling     mboling@arkattorneys.com, kitty@arkattorneys.com

Sean T Keith    skeith@arkattorneys.com, kitty@arkattorneys.com

Joseph J Cappelli    jcappelli@bernllp.com, dcoffey@bernllp.com, dhumphrey@bernllp.com

Kevin J Boissoneault    kboisson@gallonlaw.com, mwiltshire@gallonlaw.com

Michael D Bell    mbell@gallonlaw.com, mwiltshire@gallonlaw.com

Jonathan M Ashton    jashton@gallonlaw.com, mwiltshire@gallonlaw.com

Michael C Schafle    MSchafle@greenlegalteam.com

Peter M Merrigan    peter@sweeneymerrigan.com

Jonathan Tucker Merrigan    tucker@sweeneymerrigan.com

**2:15-md-02641-DGC Notice will be sent by other means to those listed below if they are affected by this filing:**

Aaron A Clark
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Alex Cameron Walker
Modrall Sperling Roehl Harris & Sisk PA
500 4th St. NW, Ste. 1000
Albuquerque, NM 87102

Amanda Montee
Montee Law Firm
P.O. Box 127
St. Joseph, MO 64502

Andrew J Trevelise
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Anthony James Urban
Urban Law
P.O. Box 890
Pottsville, PA 17901

Bobby Saadian
Wilshire Law Firm PLC
3055 Wilshire Blvd., 12th Fl.
Los Angeles, CA 90010

Brian Broussard Winegar
Perdue & Kidd
510 Bering Dr., Ste. 550
Houston, TX 77057

Brian John Perkins
Meyers & Flowers LLC
3 N 2nd St., Ste. 300
St Charles, IL 60174

Bruce S Kingsdorf
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Catherine A Faught Pollard
Quarles & Brady LLP - Milwaukee, WI
411 E Wisconsin Ave., Ste. 2040
Milwaukee, WI 53202-4497

Chris Johnson

Christopher Brian Watt
Reed Smith LLP - Houston, TX
811 Main St., Ste. 1700
Houston, TX 77002

Christopher J Quinn
Driscoll Firm PC
211 N Broadway, Ste. 4050
St Louis, MO 63102

Craig D Henderson
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Craig E Hilborn
Hilborn & Hilborn
999 Haynes, Ste. 205
Birmingham, MI 48009

Daniel K Winters
Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

David J Cooner
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

David J Walz
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

David W Ledyard
Strong Pipkin Bissell & Ledyard - Beamont, TX
595 Orleans, Ste. 1400
Beaumont, TX 77701

Dawn M Barrios
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

Debra A Djupman
Reed Smith LLP - Philadelphia, PA
1717 Arch St., Ste. 3100
Philadelphia, PA 19103-7301

Dennis P Mulvihill
Wright & Schulte - Cleveland, OH
23240 Chagrin Blvd.
Cleveland, OH 44122

Diana Rabeh
Reed Smith LLP - Wilmington, DE
1201 Market St., Ste. 1500
Wilmington, DE 19801

E Terry Sibbernsen
Sibbernsen, Strigenz Law Firm - Omaha
1111 N 102nd Ct., Ste. 330
Omaha, NE 68114

Edna M Gray

Edward W Gerecke
Carlton Fields Jorden Burt PA - Tampa, FL
P.O. Box 3239
Tampa, FL 33601-3239

Elaine Sargeant

Elizabeth G Grimes
Law Offices of Michael A DeMayo LLP
P.O. Box 34426
Charlotte, NC 28234

Elizabeth Hosea Lemoine
Wick Phillips Gould & Martin LLP
3131 McKinney Ave., Ste. 100
Dallas, TX 75204

Elizabeth S Fenton
Chamberlain Hrdlicka
300 Conshohocken State Rd., Ste. 570
W Conshohocken, PA 19428

Ellen Relkin
Weitz & Luxenberg PC - New York, NY
700 Broadway, 5th Fl.
New York, NY 10003

Eric J Buhr
Reed Smith LLP - Los Angeles, CA
355 S Grand Ave., Ste. 2900
Los Angeles, CA 90071

Frederick R Hovde
Hovde Dassow & Deets LLC
Meridian Twr.

201 W 103rd St., Ste. 500
Indianapolis, IN 46290

Gary Robert Tulp
McCarter & English LLP - Newark, NJ
4 Gateway Ctr.
100 Mulberry St.
Newark, NJ 07101

Gary F Hamilton


Gerard C Kramer
Schmidt Ronca & Kramer PC
209 State St.
Harrisburg, PA 17101

Gerard M Parks


Gregory D Bentley
Zonies Law LLC
1900 Wazee St., Ste.203
Denver, CO 80202

Hilary E Youngblood
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Jack Edward Urquhart
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Jacob W Plattenberger
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

James P Catalano
Nelson Mullins Riley & Scarborough LLP - Nashville, TN
1 Nashville Pl.
150 4th Ave. N, Ste. 1100
Nashville, TN 37219

Jamie Jean McKey
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

Jane T Davis
Nelson Mullins Riley & Scarborough LLP - Charleston, SC
151 Meeting St., Ste. 600
Charleston, SC 29401

Janet Lynn White


Jennifer Ann Guidea

Reed Smith LLP - New York, NY
599 Lexington Ave., 30th Fl.
New York, NY 10022-7650

Jennifer J Hageman
Ulmer & Berne LLP - Cincinnati, OH
600 Vine St., Ste. 2800
Cincinnati, OH 45202

Joan Anderson


Jody Lynn Rudman
Kendall Law Group LLP
3232 McKinney Ave., Ste. 700
Dallas, TX 75204

John A Camp
Carlton Fields Jorden Burt - Miami, FL
100 SE 2nd St., Ste. 4200
Miami, FL 33131

John G Mitchell
Secrest Wardle
P.O. Box 5025
Troy, MI 48007-5025

John J Glenn
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

John Neumann Hickey
Law Offices of John N Hickey
20 W Front St.
Media, PA 19063

Jordan L Chaikin
Parker Waichman LLP - Bonita Springs, FL
27300 Riverview Center Blvd., Ste. 103
Bonita Springs, FL 34134

Joshua A Mankoff
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Joshua D Miller
Toriseva Law
1446 National Rd.
Wheeling, WV 26003

Joshua R Johnson
Babbitt & Johnson PA
1641 Worthington Rd., Ste. 100
W Palm Beach, FL 33402

Joshua S Whitley
Smyth Whitley
BB&T Plz.

234 Seven Farms Dr., Ste. 234
Charleston, SC 29492

Justin Ross Kaufman
Heard Robins Cloud LLP - Santa Fe, NM
505 Cerrillos Rd., Ste. A209
Santa Fe, NM 87501

Katherine Diven

Kathryn Snapka
Snapka Law Firm
P.O. Box 23017
Corpus Christi, TX 78403

Kelly Elswick-Hall
Masters Law Firm
181 Summers St.
Charleston, WV 25301

Kevin R Martin
Martin Law Offices SC
7280 S 13th St., Ste. 102
Oak Creek, WI 53154

Lawrence R Murphy , Jr
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Louisa O Kirakosian
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Louise Greene

Lynne Bonner

Mariann M Robison
Richards & Connor
525 S Main St., 12th Fl.
Tulsa, OK 74103

Mark A Sentenac
Reed Smith LLP - San Francisco, CA 2nd St.
101 2nd St., 18th Fl.
San Francisco, CA 94105

Mathew R Doebler
Pribanic & Pribanic LLC
513 Court Pl.
Pittsburgh, PA 15219

Melanie M Atha
Cabaniss Johnston Gardner Dumas & ONeal LLP
P.O. Box 830612

Birmingham, AL 35283-0612

Michael Ockerman
Hanna Campbell & Powell
3737 Embassy Pkwy., Ste. 100
Akron, OH 44333

Michael F Marlow
Johnson Miner Marlow Woodward & Huff PLLC
P.O. Box 667
Yankton, SD 57078-0667

Michael Joseph Ryan
Lopez McHugh LLP - Philadelphia, PA
1123 Admiral Peary Way, Quarters K
Philadelphia, PA 19112

Michael L Armitage
Waters Kraus & Paul
222 N Sepulveda Blvd., Ste. 1900
El Segundo, CA 90245

Michael Alan Gross

Nancy June Falls

Neilli M Walsh
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Neville H Boschert
Jones WalkerWaechter Poitevent Carrere & Denegre
P.O. Box 427
Jackson, MS 39205-0427

Nevin Christopher Brownfield
Ongaro PC
50 California St., Ste. 3325
San Francisco, CA 94108

Patrick T Clendenen
Nelson Mullins Riley & Scarborough LLP - Boston, MA
1 Post Office Sq.
Boston, MA 02109

Peter C Wetherall
Wetherall Group Limited
9345 W Sunset Rd., Ste. 100
Las Vegas, NV 89148

Peter J Brodhead
Spangenberg Shibley & Liber LLP
1001 Lakeside Ave. E, Ste. 1700
Cleveland, OH 44114

Peter Thomas Anderson

Ashcraft & Gerel LLP - Alexandria, VA
4900 Seminar Rd., Ste. 650
Alexandria, VA 22311

Raymond G Mullady , Jr
Nelson Mullins Riley & Scarborough LLP – Washington, DC
101 Constitution Ave. NW, Ste. 900
Washington, DC 20001

Raymond Joseph Kramer , III
Torhoerman Law LLC
234 S Wabash Ave., 7th Fl.
Chicago, IL 60604

Rhett A McSweeney
McSweeney Langevin LLC
2116 2nd Ave. S
Minneapolis, MN 55404

Richard A Zappa
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Richard Allen Cohn
Aitken Aitken Cohn
P.O. Box 2555
Santa Ana, CA 92707

Richard E Vollertsen
Atkinson Conway & Gagnon Incorporated
420 L St., Ste. 500
Anchorage, AK 99501

Richard J Schicker
Schicker Law Firm
2809 S 160th St., Ste. 207
Omaha, NE 68130

Ricky L Boren
Hill Boren
P.O. Box 3539
Jackson, TN 38303-0539

Robert Diemer
Davidovitz & Bennett
101 Montgomery St., Ste. 2550
San Francisco, CA 94104

Robert R Hatten
Patten Wornom Hatten Diamonstein LC
12350 Jefferson Ave., Ste. 300
Newport News, VA 23602

Robert Williams Goldwater , III
Goldwater Law Firm PC
15849 N 71st St., Ste. 100
Scottsdale, AZ 85254

Roberts Clay Milling , II
Henry Spiegel Milling LLP
950 E Paces Ferry Rd., Ste. 2450
Atlanta, GA 30326

Ruth A Horvatich
McGrath North Law Firm
First National Tower
1601 Dodge St., Ste. 3700
Omaha, NE 68102-1627

Sarah Mangum(Terminated)

Shelia Sloan

Tayjes Matthew Shah
Miller Law Firm LLC
108 Railroad Ave.
Orange, VA 22960

Thomas Melone
Allco Renewable Energy Limited
14 Wall St., 20th Fl
New York, NY 10005

Thomas A Kenefick , III
Law Office of Thomas A Kenefick III
73 Chestnut St.
Springfield, MA 01103

Thomas K Herren
Herren & Adams
148 N Broadway
Lexington, KY 40507

Tiffany L Roach Martin
MNodrall Sperling Roehl Harris & Sisk PA - Santa Fe, NM
P.O. Box 2168
Santa FE, NM 87103-2168

Timothy Pinegar

Timothy E Lengkeek
Young Conaway Stargatt & Taylor LLP
Rodney Sq.
1000 N King St.
Wilmington, DE 19801

Timothy John Freiberg
Freiberg Law Offices
4545 Springbrook Rd.
Rockford, IL 61114

Tor A Hoerman
TorHoerman Law LLC - Edwardsville, IL
101 W Vandalla St., Ste. 350
Edwardsville, IL 62025

Vickie J Traughber


Vivian M Quinn
Nixon Peabody LLP - Buffalo NY
Key Towers at Fountain Plaza
40 Fountain Plz., Ste. 500
Buffalo, NY 14202

W Bryan Smith
Morgan & Morgan PA - Memphis, TN
2600 One Commerce Sq.
Memphis, TN 38103

William H Carpenter
William H Carpenter Law Office Limited
P.O. Box 35070
Albuquerque, NM 87176-5070

William S Curtiss
Earthjustice Legal Defense Fund
180 Montgomery St
Ste 1725
San Francisco, CA 94104-4209

Wilnar Jeanne Julmiste
Anderson Glenn LLC
2201 NW Corporate Blvd., Ste. 100
Boca Raton, FL 33431

Zachary Logan Wool
Barrios Kingsdorf & Casteix LLP
1 Shell Sq.
701 Poydras St., Ste. 3650
New Orleans, LA 70139-3650

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-2641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 21**<br><br>**(Discovery Protocols for Discovery Group 1)** |

Pursuant to Case Management Order No. 11 [Doc. 1662], Case Management Order No. 18 [Doc. 3685], and Case Management Order No. 19 [Doc. 4311], the Court enters this Case Management Order No. 21 regarding the discovery to be conducted for cases in Discovery Group 1.

## I. DEPOSITION PROTOCOLS GENERALLY

**A.** Case Management Order No. 14 shall apply to Discovery Group 1.

**B.** The additional protocols of this Case Management Order shall also apply to Discovery Group 1.

**C.** Pursuant to Case Management Order No. 11, Section V.A.3 and Case Management Order No. 18, Section B, the Parties will provide discovery protocols applicable to Bellwether Group 1 by no later than April 28, 2017.

## II. DEPOSITIONS PERMITTED

**A.** Prior to April 10, 2017, the Parties may take the following depositions in each case that is part of Discovery Group I:

    1. The principal Plaintiff and any loss-of-consortium plaintiff;

2. The spouse or significant family member of the Plaintiff if there is no loss-of-consortium plaintiff;

3. The implanting physician;

4. One additional treating physician as selected by Defendants; and

5. No more than one sales representative and/or supervisor as selected by Plaintiffs.

B. Examination of treating physicians.

1. By no later than February 15, 2017, Plaintiffs shall identify the physicians whom they have a good faith belief they would call as witnesses in their case in chief for each of the Discovery Group 1 cases. By no later than February 24, 2017, Defendants shall identify any physician not identified by Plaintiffs whom they have a good faith belief they would call in their case in chief for each of the Discovery Group 1 cases.

2. For any physician deposed in Discovery Group 1:

a. Plaintiffs' counsel shall be the first examiner for any physician Plaintiffs have identified by February 15, 2017 as a witness they would call in their case in chief; and

b. Defendants' counsel shall be the first examiner for any physician Defendants have identified by February 24, 2017 as a witness they would call in their case in chief.

C. Nothing in this Order is intended to limit additional fact discovery in cases selected for inclusion in Bellwether Group 1.

III. **PROTOCOLS RELATING TO TREATING PHYSICIANS**

A. **Ex Parte Communications with Treating Physicians**

1. Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

       2.     Plaintiffs' counsel may communicate *ex parte* with treating physicians.

**B.**    **Disclosure of Documents Prior to Depositions of Treating Physicians**

       1.     If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition.

       2.     For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

           a.     at least 24 hours prior to the meeting, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

           b.     as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment.

       3.     At least five (5) days prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent,

other than the physician's records of treatment. The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

Dated this 6th day of February, 2017.

_David G. Campbell_
David G. Campbell
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 23** |

The Court held a 9th case management conference on May 3, 2017. The conference addressed ongoing matters identified in the parties' joint report. Doc. 5708. The following matters were decided.

**A.     Deadline for Expert Depositions.**

The Court extended the deadline for completing expert depositions to **July 31, 2017**.

**B.     Bellwether Cases.**

The Court heard oral arguments on which cases should be selected for bellwether trials. After considering the parties' arguments and their detailed submissions, the Court selects the following five bellwether cases: Mulkey, Hyde, Jones, Kruse, and Booker.

The Court will not choose a sixth bellwether case at this time. The Court finds that Nelson, a strong candidate, is very similar to Jones, and therefore may not provide the range of information hoped for from bellwether trials. The Court finds Peterson to be a strong candidate, but selecting Peterson would mean that 33% of the bellwether trials involve open surgeries when only 6% of the cases in this MDL involve such surgeries, making the overall mix less than fully representative. Tinlin presents the same issue as

Peterson, and also involves an extremely ill plaintiff who would be required to travel from out of state and endure the rigors of trial. For reasons stated on the record, the Court does not view King or Mixson as helpful bellwether cases. The DeWitt case includes some uncertainty due to surgery scheduled this month, but may be a candidate when the sixth case is selected.

The Court will select the sixth bellwether case from Discovery Group 1 after two bellwether trials have been completed.[1] Because each bellwether trial will last up to three weeks, and the Court has a full docket to manage in the interim, it is likely that trials of the bellwether cases will spread over more than one year. Thus, there will be time to complete the case-specific discovery and motion practice for a sixth bellwether trial after two bellwether trials have been completed. In choosing the sixth case, the Court will take into account the results of the first two trials and will endeavor to select a case that will produce the most representative bellwether trials possible from Discovery Group 1.

Plaintiffs want to re-depose doctors in the Hyde case. The parties should address this issue in the joint status report they present for the next status conference. The parties should include relevant examples of testimony or objections from the depositions of Hyde's doctors to illustrate their respective positions.

**C.    *Daubert* and Summary Judgment Motions.**

By **August 21, 2017**, the parties shall file *Daubert* motions and any motions for summary judgment on the five bellwether cases identified above. Responses shall be filed by **September 22, 2017**. Replies shall be filed by **October 13, 2017**.[2]

**D.    Science Day.**

The Court will likely schedule a science day during the next status conference. The science day will be held shortly before oral arguments on the *Daubert* and summary judgment motions.

---

[1] Although the Court declines to order the trials now, it may make sense to try Jones and Booker first in order to facilitate a more informed selection of the sixth case.

[2] This schedule is a bit longer than the parties proposed, due to the large number of possible motions the parties described during the case management conference.

- 2 -

**E.      Defendants' Preemption Motion.**

The Court declines to accept Plaintiffs' proposal that this motion be briefed initially solely on the law.  A decision on law-only arguments would not be possible until late June at the earliest, and may need to be followed by discovery and re-briefing.  Such potential delay would be unwise in light of the demands on the parties and the Court that will arise this fall due to the *Daubert* and summary judgment motions.

The Court will allow Plaintiffs to depose Mr. Carr and Mr. Van Vleet on matters addressed in Defendants' summary judgment motion.  These depositions shall not exceed four hours each.  The Court also concludes that Plaintiffs should be permitted to present expert opinions in opposition to Defendants' preemption motion, if they choose.  Because the parties did not address a possible schedule for production of relevant expert opinions and depositions of those experts, the Court is unable to set a specific schedule.  The Court directs the parties to confer and agree, if possible, on a procedure and schedule for completing the Carr and Van Vleet depositions and necessary expert discovery, followed by completion of briefing on the preemption motion.  The parties shall include a briefing schedule for Defendants' motion to seal documents related to the preemption motion.  The parties should present their agreement to the Court, or their respective positions if they are unable to agree, by **May 12, 2017**.  The Court will review the parties' submissions and set an appropriate schedule.

**F.      Other Matters.**

1.      The Court will set a date for remanding mature cases at a future status conference.  The cases cannot be remanded until *Daubert* motions are decided, and the amount of time required to decide those motions is presently unclear.

2.      The Court agreed that Dr. Desai may be deposed on **June 6, 2017** in the *Barazza* class action.

3.      The parties indicated that there may be between 17 and 20 *Daubert* motions filed in August.  If so, the Court will not be able to decide all of those motions before the

1    end of this year.[3]  The Court hopes to have them all decided by year's end.  This will

2    permit bellwether trials to begin in early 2018.

3         4.    The parties and the Court discussed changes to the proposed bellwether

4    protocol.  If the parties have not already done so, they shall submit a revised version to

5    the Court promptly.

6         5.    The Court will hold another case management conference on **July 13, 2017**

7    **at 4:00 p.m.**  The dial-in information for the case management conference is:  888-240-

8    3210, access code: 2194741.  The parties on the phone are reminded to mute their phones

9    once connected to the conference call line to minimize the amount of background noise.

10   The parties shall provide a joint status report by **July 7, 2017**.

11        Dated this 5th day of May, 2017.

12

13

14

15   _____

16                David G. Campbell
                 United States District Judge

17

18

19

20

21

22

23

24

25

26

27   ---

     [3] As the current chair of the Committee on Rules of Practice and Procedure for the
     federal courts, the undersigned must attend six meetings outside Arizona in September,
28   October, and November.  This travel schedule, plus the Court's regular docket, means the
     Court will not be able to decide this volume of *Daubert* and summary judgment motions
     within a month or two.

- 4 -

1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE DISTRICT OF ARIZONA**

10  IN RE: Bard IVC Filters Products Liability        No. MDL 15-2641-PHX DGC
    Litigation,
11                                                    CASE MANAGEMENT ORDER
                                                      NO. 23
12
                                                      **(Discovery Protocols for Bellwether**
13                                                    **Group 1)**

14

15          Pursuant to Case Management Order No. 11 [Doc. 1662], No. 18 [Doc. 3685],

16  No. 19 [Doc. 4311], No. 20 [Doc. 4335], and No. 21 [Doc. 4866], the Court enters this

17  Case Management Order No. 23 regarding discovery to be conducted specific to the cases

18  in Bellwether Group 1.

19  **I.      DEPOSITION PROTOCOLS GENERALLY**

20          A.      Case Management Order No. 14 shall apply to Bellwether Group 1.

21          B.      The additional protocols of this Case Management Order shall also apply to

22                  Bellwether Group 1 as provided herein.

23  **II.     FACT WITNESS DEPOSITIONS PERMITTED**

24          A.      Commencing three (3) days after the Court's selection of the Bellwether

25                  Group 1 cases, the Parties may each take not more than five depositions of

26                  case relevant fact (non-expert) witnesses in each case that is part of

27                  Bellwether Group I. These depositions may include Bard present or former

employees only if the depositions will likely produce probative evidence that could not reasonably have been obtained during general discovery.

B.    The parties may exceed this number by mutual agreement or Order of the Court.

C.    The parties shall make a good faith effort to identify the case relevant fact witnesses they intend to depose in each case in accordance with Section II.A. above, and exchange lists of those witnesses by May 12, 2017.

D.    Thereafter, the parties shall make a good faith effort, on a rolling basis, and in accordance with Section II.A. above, to identify any additional case relevant witnesses they intend to depose, as soon as those witnesses become known to them or they determine the need to depose the witness.

E.    Should either party object to the taking of a deposition proposed by the other party, including objecting that one or more of the identified case specific depositions are disproportionate to the needs of the case (even if the requesting party has not exceeded the numerical limitation set forth in Section II.A. above), the parties will meet and confer on that issue, and failing resolution, shall notify the Court of their need for a ruling on the propriety of deposing such witness(es).

F.    Examination of treating physicians.

1.    By no later than five (5) days following the Court's selection of Bellwether Group 1, Plaintiffs shall supplement the list they provided pursuant to CMO 21 of physicians whom they have a good faith belief they would call as witnesses in their case in chief for each Bellwether Group 1 case. By no later than ten (10) days thereafter, Defendants shall supplement the list they provided pursuant to CMO 21 of physicians not identified by Plaintiffs whom Defendants have a

good faith belief they would call in their case in chief for each Bellwether Group 1 case.

2.     For any physician deposed in Bellwether Group 1:

    a. Plaintiffs' counsel shall be the first examiner for any physician Plaintiffs identified in response to Paragraph II.B.1 of CMO 21 or they have identified timely under Para. II. B. 1 to this Order; and

    b. Defendants' counsel shall be the first examiner for any physician Defendants identified in response to Paragraph II.B.1 of CMO 21 or they have identified timely under Para. II. B. 1 to this Order.

## III.   PROTOCOLS RELATING TO TREATING PHYSICIANS

### A.   Ex Parte Communications with Treating Physicians

1.     Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

2.     Plaintiffs' counsel may communicate *ex parte* with treating physicians.

### B.   Disclosure of Documents Prior to Depositions of Treating Physicians

1.     If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition, those five days to include and count weekends and holidays.

2.     For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

a. at least 24 hours prior to the meeting, counting weekends and holidays, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

b. as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment.

3. At least five (5) days, counting weekends and holidays, prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent, other than the physician's records of treatment. The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

## IV.   EXPERT WITNESS DEPOSITIONS

A. Commencing on June 20, 2017 and no later than July 30, 2017, the parties may take the depositions of all case specific expert witnesses disclosed for Bellwether Group 1 cases, limited to their case specific opinions if those witnesses are also experts previously disclosed as general MDL experts.

V. **TRIAL DEPOSITIONS**

     A.    For good cause shown, and either by stipulation of the Parties or order of the Court, trial preservation testimony of previously deposed witnesses will be permitted.

    Dated this 18th day of May, 2017.

 

_David G. Campbell_ *(signature)*

—————————————————————

David G. Campbell
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-2641-PHX DGC<br><br>AMENDED<br><br>CASE MANAGEMENT ORDER NO. 24<br><br>**(Discovery Protocols for Bellwether Group 1**) |

Pursuant to Case Management Order No. 11 [Doc. 1662], No. 18 [Doc. 3685], No. 19 [Doc. 4311], No. 20 [Doc. 4335], and No. 21 [Doc. 4866], the Court enters this Case Management Order No. 24 regarding discovery to be conducted specific to the cases in Bellwether Group 1.

## I.    DEPOSITION PROTOCOLS GENERALLY

A.    Case Management Order No. 14 shall apply to Bellwether Group 1.

B.    The additional protocols of this Case Management Order shall also apply to Bellwether Group 1 as provided herein.

## II.    FACT WITNESS DEPOSITIONS PERMITTED

A.    Commencing three (3) days after the Court's selection of the Bellwether Group 1 cases, the Parties may each take not more than five depositions of case relevant fact (non-expert) witnesses in each case that is part of Bellwether Group I. These depositions may include Bard present or former

employees only if the depositions will likely produce probative evidence that could not reasonably have been obtained during general discovery.

B.   The parties may exceed this number by mutual agreement or Order of the Court.

C.   The parties shall make a good faith effort to identify the case relevant fact witnesses they intend to depose in each case in accordance with Section II.A. above, and exchange lists of those witnesses by May 12, 2017.

D.   Thereafter, the parties shall make a good faith effort, on a rolling basis, and in accordance with Section II.A. above, to identify any additional case relevant witnesses they intend to depose, as soon as those witnesses become known to them or they determine the need to depose the witness.

E.   Should either party object to the taking of a deposition proposed by the other party, including objecting that one or more of the identified case specific depositions are disproportionate to the needs of the case (even if the requesting party has not exceeded the numerical limitation set forth in Section II.A. above), the parties will meet and confer on that issue, and failing resolution, shall notify the Court of their need for a ruling on the propriety of deposing such witness(es).

F.   Examination of treating physicians.

1.   By no later than five (5) days following the Court's selection of Bellwether Group 1, Plaintiffs shall supplement the list they provided pursuant to CMO 21 of physicians whom they have a good faith belief they would call as witnesses in their case in chief for each Bellwether Group 1 case.  By no later than ten (10) days thereafter, Defendants shall supplement the list they provided pursuant to CMO 21 of physicians not identified by Plaintiffs whom Defendants have a

1        good faith belief they would call in their case in chief for each
2        Bellwether Group 1 case.

3    2.    For any physician deposed in Bellwether Group 1:

4    a. Plaintiffs' counsel shall be the first examiner for any physician
5    Plaintiffs identified in response to Paragraph II.B.1 of CMO 21 or
6    they have identified timely under Para. II. B. 1 to this Order; and

7    b. Defendants' counsel shall be the first examiner for any physician
8    Defendants identified in response to Paragraph II.B.1 of CMO 21
9    or they have identified timely under Para. II. B. 1 to this Order.

## III. PROTOCOLS RELATING TO TREATING PHYSICIANS

### A. Ex Parte Communications with Treating Physicians

1. Defendants are prohibited from communicating *ex parte* with Plaintiffs' treating physicians.

2. Plaintiffs' counsel may communicate *ex parte* with treating physicians.

### B. Disclosure of Documents Prior to Depositions of Treating Physicians

1. If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition, those five days to include and count weekends and holidays.

2. For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

a. at least 24 hours prior to the meeting, counting weekends and holidays, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

b. as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment.

3. At least five (5) days, counting weekends and holidays, prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent, other than the physician's records of treatment. The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

## IV.   EXPERT WITNESS DEPOSITIONS

A. Commencing on June 20, 2017 and no later than July 30, 2017, the parties may take the depositions of all case specific expert witnesses disclosed for Bellwether Group 1 cases, limited to their case specific opinions if those witnesses are also experts previously disclosed as general MDL experts.

1    **V.**    <u>**TRIAL DEPOSITIONS**</u>

2          A.     For good cause shown, and either by stipulation of the Parties or order of the

3   Court, trial preservation testimony of previously deposed witnesses will be permitted.

4

5         Dated this 19th day of May, 2017.

6

7

8                                   _David G. Campbell_

9                                  David G. Campbell
                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC |
| | **CASE MANAGEMENT ORDER NO. 25** |
| | **(Bellwether Group 1 Amended Discovery Schedule)** |

Pursuant to the stipulation of the parties to amend the discovery schedule for the cases in Bellwether Group 1,

**IT IS ORDERED** amending the Bellwether Discovery Schedule, the new schedule is as follows:

| Action | Date/deadline |
|---|---|
| Plaintiffs' case-specific expert disclosures | June 5, 2017 |
| Defendants' case-specific expert | July 3, 2017 |
| Case-specific rebuttal expert disclosures for Bellwether Group 1 | July 17, 2017 |
| Deadline for completion of additional case-specific medical witness depositions for Bellwether Group 1 | August 7, 2017 |
| Deadline for case-specific expert | August 7, 2017 |
| Deadline for completion of additional case-specific discovery other than medical witness depositions for Bellwether Group 1 | August 15, 2017 |

This Order amends and replaces the dates set forth in Case Management Order No. 20 with respect to the same deadlines for Bellwether Group 1.

Dated this 6th day of June, 2017.

David G. Campbell
United States District Judge

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8    IN RE:  Bard IVC Filters Products Liability          No. MDL 15-02641-PHX DGC
9    Litigation,
                                                          **CASE MANAGEMENT ORDER**
10                                                        **NO. 26**
11
12
13
14          The Court held a tenth case management conference on July 13, 2017.   The
15   conference addressed ongoing matters identified in the parties' joint report.   Doc. 6599.
16   The following matters are decided.
17          **A.      Dr. Henry Deposition.**
18          In order to decide whether Dr. Henry should be re-deposed, the Court must decide
19   whether the objections asserted in his first deposition were appropriate.   On or before
20   **July 28, 2017**, the parties shall file memoranda, not to exceed 12 pages, addressing the
21   following issues:  (1) Does Federal Rule of Evidence 501 apply to the privilege asserted
22   by Dr. Henry's counsel?  (2) If so, what state law supplies the rule of decision within the
23   meaning of Rule 501?   (3) Does the applicable state law support the objection and
24   instruction made by Dr. Henry's attorney?  (4) Even if the instruction and objection were
25   appropriate in the normal case, does assertion of the learned intermediary defense mean
26   that the objection and instruction should not be permitted?
27
28

**B.      Proposed Deposition of Dr. Altonaga.**

Case Management Order No. 24 addressed fact depositions in bellwether cases: "These depositions may include Bard present or former employees only if the depositions will likely produce probative evidence that could not reasonably have been obtained during general discovery."  Doc. 5883 at 1-2.  After considering the parties' arguments, the Court concludes that the evidence Plaintiffs now seek to elicit from Dr. Altonaga could reasonably have been obtained during general discovery.  Plaintiffs do not seek facts unique to any of the bellwether cases, but instead to obtain Bard information that existed at the time of the design, sale, and use of the various filters at issue in the bellwether cases.  While bellwether cases had not been identified during general discovery, Plaintiffs clearly understood that most of the cases in this MDL concern the G2-series or Eclipse filters, and could have deposed Dr. Altonaga during general discovery regarding facts related to those filters and the years in which they were offered for sale.  As a result, the requirement of CMO 24 is not satisfied and the Court will not permit Plaintiffs to depose Dr. Altonaga as part of bellwether-case discovery.

**C.      Communications Among Plaintiffs' Experts.**

The Court and parties held a discussion regarding the discoverability of communications between Plaintiffs' experts, with the Court attempting to provide some guidance on its interpretation of Rule 26(b)(4).  Plaintiffs shall produce communications among their experts to Defendants.  If Plaintiffs conclude that any such communications are properly withheld, they shall provide Defendants with a privilege log that identifies the specific basis on which Plaintiffs' conclude that the communications are protected under Rule 26(b).  If the parties have disagreements after this production has occurred, they should place a conference call to the Court for a resolution.

**D.      Preemption Motion Briefing.**

The Court sets the following schedule for completion of briefing on Defendants' preemption motion for summary judgment:

- Plaintiffs' experts on preemption shall be disclosed by **July 21, 2017**;
- Defense experts on preemption, if sought by Defendants and allowed by the Court after a conference call, shall be disclosed by **August 4, 2017**;
- Preemption experts shall be deposed by **August 18, 2017**;
- Plaintiffs' response to Defendants' motion shall be filed by **September 1, 2017**;
- Defendants' reply shall be filed by **September 22, 2017**.

Defendants' motion to seal exhibits will be briefed on the following schedule:

- Defendants' amended motion to seal shall be filed on or before **July 28, 2017**;
- Plaintiffs' response shall be filed on or before **August 28, 2017**;
- Defendants' reply shall be filed on or before **September 13, 2017**.

### E. Class Certification Hearing.

The Court will allow 45 minutes per side for oral argument at the class certification hearing on **August 11, 2017**. The Court does not expect this to be an evidentiary hearing.

### F. Next Case Management Conference and Science Day.

The next case management conference will be held on **October 5, 2017, at 10:00 a.m.** The parties shall file a joint report seven days before the conference.

A science day will also be held on **October 5, 2017.** The Court will set aside two hours per side for science presentations.

### G. Motions to Disqualify Experts.

Plaintiffs shall respond to the recently filed motion to disqualify Drs. Vogelzang and Desai by **July 28, 2017**. Defendants shall file a reply by **August 4, 2017**. The Court will endeavor to review this motion before the class certification hearing on August 11, 2017.

**H.     Bellwether Trial Issues.**

The Court and the parties discussed preparation for and scheduling of bellwether trials.  The Court advised the parties that it cannot know whether bellwether trials will be possible in the first quarter of 2018 until it sees the volume and substance of the *Daubert* motions and motions for summary judgment to be filed in late August.  The Court and parties will address the scheduling of bellwether trials on October 5, 2017.

The Court advised the parties that it may be very difficult for the Court to conduct all six bellwether trials within a 12 or 18 month period, given the Court's docket and administrative responsibilities.  The Court raised the possibility of enlisting other judges to try some of the bellwether cases.  If such an approach were taken, the trials probably could be scheduled over the course of a year or 18 months, dates could be blocked out, and the other judges could be identified.  The parties should address this issue in the joint report to be filed before the conference on October 5, 2017.

The Court advised the parties of its practices regarding a final pretrial conference and motions in limine.  The Court also stated that it would be willing to entertain the possibility of juror questionnaires.

**I.     Other Matters.**

The Court and parties discussed choice of law issues that might arise in the bellwether cases.  The Court asked the parties to discuss this issue and see if they can agree on a method for briefing.  It may be that such briefing needs to occur as part of the summary judgment briefing, particularly since a choice of law will not be necessary unless the law of the possible jurisdictions is in conflict on specific points raised in the summary judgment briefing.  If the parties need the Court's guidance on this matter before summary judgment briefs are filed, they may place a telephone call to the Court.

The Court will also require the parties to discuss bellwether summary judgment motions before they are filed on August 21, 2017.  The purpose of such discussion will be to identify claims that Plaintiffs intend to assert in each of the bellwether cases and arguments Defendants intend to make with respect to such claims.  The parties should

1    endeavor to focus and streamline the briefing wherever possible.  If issues are to be

2    addressed that apply to some or all of the bellwether cases, they should be briefed only

3    once.  The parties should also endeavor to make the statements of fact as efficient as

4    possible.

5         Dated this 14th day of July, 2017.

6

7

8

9                                                _____

10                                                 David G. Campbell
                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28