**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| MARIA B. SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>C.R. BARD INCORPORATED and<br>BARD PERIPHERAL VASCULAR<br>INCORPORATED,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:20-cv-00297-KG-KK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on June 5, 2020, and was attended by:

Plaintiff:

Keith L. Altman, Esq. (*pro hac vice* to be applied for)
Excolo Law, PLLC
26700 Lasher Road, Suite 401
Southfield, MI 48033
Telephone: (516) 456-5885
Email: kaltman@lawampmmt.com

Defendants:

David M. Barnes, Jr.
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue NW, Suite 900
Washington, DC 20001
Email: david.barnes@nelsonmullins.com

**NATURE OF THE CASE**

This is a product liability action involving the Denali® Vena Cava Filter, a prescription medical device manufactured, designed, and distributed by Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard" or "Defendants"). Plaintiff's Complaint alleges that the filter

implanted in her on March 16, 2015 was defectively and negligently designed and manufactured and that its warnings were inadequate. Plaintiff further contends that Bard breached implied warranties and made negligent misrepresentation regarding the Filter. As a result of the foregoing, Maria Sanchez contends that she had been injured. Bard denies all claims for relief.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: **At this time, Plaintiffs do not intend to amend their pleadings or join additional parties.**

Plaintiff should be allowed until **fourteen days (14) days after entry of the Scheduling Order** to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: **At this time, Defendants do not intend to amend their pleadings or join additional parties.**

Defendants should be allowed until **fourteen days (14) days after entry of the Scheduling Order** to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties are willing to further stipulate to the following facts: **In view of the recent remand of this action and the absence of case-specific discovery to date, the parties currently do not have enough information to stipulate to any facts or law at this time. The parties further note that the MDL Court determined that "All common fact discovery in these cases has now been completed … [t]hus courts receiving these cases need not be concerned with facilitating general fact discovery on remand or transfer." As discovery progresses the parties endeavor to work cooperatively to stipulate to issues of fact.**

## PLAINTIFF'S CONTENTIONS

Plaintiff adopts Defendant's historical review below. Plaintiff disagrees with Defendant that the warnings were adequate. More to the point, it is Plaintiff's position that Defendant's instructions for use failed to adequately describe the risk and provide adequate information for managing and mitigating the risk.

## DEFENDANTS' CONTENTIONS

In this action, Plaintiff alleges complications following the implantation of a Bard ("IVC") filter, a prescription, medical device that is implanted in the inferior vena cava. Plaintiff alleges to have had a Bard IVC filter placed in her inferior vena cava on or about March 16, 2015.

On August 17, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that centralization pursuant to 28 U.S.C. § 1407 was appropriate for cases involving allegations of defects in the various models of Bard's IVC filters. Thereafter, a multidistrict litigation proceeding ("MDL") was created before the Honorable David G. Campbell in the District of Arizona known as the *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641. The above-styled case was pending in the *In Re: Bard IVC Filters Products Liability Litigation*, MDL 2641.

On August 20, 2019, the MDL Court entered a *Suggestion of Remand and Transfer Order*. *See* Suggestion of Remand and Transfer Order (Doc. No. 6). As part of its *Suggestion of Remand and Transfer Order*, the MDL Court provided a history of the litigation (including that the parties had completed all common fact and expert discovery), summaries of bellwether cases, and the Court's rulings on various matters common to all cases. *See id.* at 6–31.

In its *Suggestion of Remand and Transfer Order*, the MDL Court provided, as Schedule B, a list of cases that "will be transferred to appropriate districts pursuant to 28 U.S.C. § 1404(a)." *See* Suggestion of Remand and Transfer Order (Doc. No. 6), at 2:2–4. The cases listed on Schedule

B were filed directly in MDL 2641 through use of a short form complaint that required Plaintiffs to identify the district where venue would be proper absent direct filing in MDL 2641. *See id.* at 3:26–4:2. The MDL Court further identified those Schedule B cases in which the parties agreed that the venue identified in the short form complaint was proper, (MDL Doc. 19798-4), or in which the parties agreed to venue in the district where the plaintiff was implanted with the filter and not to the venue identified in the short form complaint, (MDL Doc. 19798-5). *See id.*, at 4:6–17. The MDL Court determined that the cases listed on Schedule B should be transferred to the district identified in the short form complaint, or to the agreed-upon district where the plaintiff was implanted, pursuant to 28 U.S.C. § 1404(a). *See id.* at 4:10. The above-styled case is a Schedule B case in which the parties (at least at this stage) agree to venue in this Court.

It is Bard's position that the Plaintiff's claims are either barred, or are without merit, as a result of multiple defenses, including the fact that Bard disseminated legally adequate warnings and instructions concerning its filter products to learned intermediaries. As such, any claims of failure to warn against Bard are without merit. Bard further asserts that the risk of tilt, fracture, and migration were known and accepted risks associated with all IVC filters and were warned about by Bard in its Instructions for Use. Simply because a filter experiences complications does not mean it is defective.

## **PROVISIONAL DISCOVERY PLAN**

The Parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

## GENERAL STATEMENT REGARDING WITNESSES

Case-specific discovery in the above-styled case that was conducted before or during the time it was a part of MDL 2641 was minimal and limited to the submission of basic plaintiff and defense profile forms. Consequently, the parties will need to conduct case-specific discovery, including the collection of medical records and the taking of case-specific depositions (including the plaintiff, family members as needed, case-specific treating medical providers, Bard's sales representative and/or the sales representative's supervisor for the sale of the filter at issue here), exchange of case specific expert reports and depositions of certain of those case specific experts. If either party believes that additional case-specific fact witness depositions are needed, the parties agree to meet and confer regarding same.

## PLAINTIFF WITNESSES

Plaintiff identifies the following witnesses:

Plaintiff expects that Defendants list below will be adequate.

## DEFENSE WITNESSES

At this time, Bard does not have a sufficient basis upon which to identify all individuals who have information that Bard may use to support its claims or defenses. Subject to the foregoing, the following individuals are likely to have discoverable factual information that Bard may use to support its claims or defenses:

1. Plaintiff Maria Sanchez.

2. Representatives of the Presbyterian Rust Medical Center
2400 Unser Boulevard, SE
Rio Rancho, New Mexico 87124

These individuals implanted the Bard Filter in Maria Sanchez on March 16, 2015.

3. Any health care providers who have been or will be deposed in this action.

4. Any and all individuals with knowledge of Maria Sanchez's health history. Bard is in the process of requesting medical records relating to Maria Sanchez. Included in those medical records are the names of his numerous healthcare providers. Bard anticipates that additional healthcare providers for Maria Sanchez in the medical records that will be collected.

5. Any and all individuals designated or disclosed as witnesses by the Plaintiff.

6. Any individuals identified by any party or in documents produced by any party in initial disclosures or other discovery responses.

7. Any individuals identified by any party or in documents produced by any party in initial or supplemental disclosures or other discovery responses.

8. All custodians of records for any documents or materials produced by any third-parties.

9. All individuals that have been or will be deposed in this action.

10. Employees and formers employees of Bard and other witnesses who were deposed and/or testified during trial in the MDL or whose depositions were made available to the Plaintiff's Steering Committee. See Witness Exhibit, attached hereto as **Exhibit A**.

During the MDL the parties identified experts whose opinions are applicable to all cases. The experts identified by Bard during the MDL and the applicable reports are identified on the Expert Witness Exhibit, attached hereto as **Exhibit B**. Case specific experts will need to be retained

once fact discovery is commenced, and in particular once Maria Sanchez's medical records are obtained.

Bard reserves the right to supplement and/or amend this list during or at the close of discovery in this action and to call witnesses not listed in its initial disclosures or on court-ordered witness lists to the extent those witnesses will be called solely for impeachment. The names listed above should not be construed as an admission that any or all of the facts known to the individuals listed are legally relevant or admissible. Bard reserves all rights to raise appropriate legal challenges to the admissibility of their testimony.

## **PROTECTIVE ORDER**

The parties agree that the Court should adopt the following MDL CMOs in this case:

a. November 10, 2015, (Stipulated Protective Order), MDL Dkt. No. 269;

b. December 12, 2015, Case Management/Pretrial Order 3 (Non-Waiver Order Pursuant to Rule 502(d) of the Federal Rules of Evidence), MDL Dkt No. 314;

c. January 5, 2016, Case Management Order No. 7 (Stipulation and Order Concerning Redactions of Material from Additional Adverse Event Reports, Complaints, and Other Documents), MDL Dkt. No. 401;

d. March 31, 2016, Case Management Order 9 (ESI Protocol), MDL Dkt. No. 1259;

e. May 5, 2016, Case Management Order 12 (Joint Record Collection), MDL Dkt. No. 1663;

f. June 21, 2016, Case Management Order 14 (Deposition Protocols), MDL Dkt. No. 2239; and

g. November 16, 2016, Amended Case Management Order No. 17 (Stipulation and Order Concerning Protective Order and Redactions of Material from Defendants'

Expedited ESI Production), MDL Dkt. No. 4015, with respect to the collection of medical, insurance, Medicare, Medicaid, prescription, and Social Security records. Plaintiff does not waive, and expressly reserves, any privileges by virtue of agreement to the application of this order.

## PLAINTIFF'S DOCUMENTS

Plaintiff identifies the following documents:

Plaintiffs do not expect to offer documents different than identified by Defendants below.

## DEFENDANTS' DOCUMENTS

All of the documents identified on the Document Exhibit, attached hereto as **Exhibit C**, were produced during the MDL and are available to Plaintiff through the MDL Plaintiffs' Steering Committee. In addition to the documents identified on the Document Exhibit, Bard refers to its exhibit lists in the cases that were set for trial in the MDL. Those can be found at docket numbers 10594, 11348, 12886 and 17397 in MDL.

Bard also identifies:

1. Documents identified by Plaintiff in disclosures.

2. Any documents collected from third parties that have been or that will be produced, including medical records for Plaintiff.

3. Any documents attached to any depositions that have been taken or that will be taken in this case and the MDL, including all exhibits to the depositions of the witnesses identified on the Witness Exhibit and the Expert Witness Exhibit.

4. Any documents and materials from Plaintiff's social media accounts.

5. Any documents relating to Plaintiff from the Social Security Administration, Medicare or Medicaid.

6.      Any documents or materials that have been referenced or listed on any of Bard's experts' reliance lists.

7.      Any documents and other material produced or provided by the Plaintiff or her agents or attorneys, whether formally or informally, during the course of discovery in this case.

8.      The applicable Instructions for Use for the filter at issue.

9.      The lot history record for the specific filter at issue in this action (to the extent it can be identified).

10.     Any additional documents produced by Bard as part of the MDL or that were made available for use in the MDL.

11.     Any additional documents produced by the Plaintiff as part of the MDL or that were made available for use in the MDL.

By listing any of the foregoing documents that it may use at trial, Bard does not concede that all such documents are admissible at trial and specifically reserves its right to object to the admissibility of any of them.

## **DISCOVERY PLAN**

Discovery will be needed on the following subjects: **The parties will need to conduct case-specific discovery on all issues raised in pleadings. The Parties agree that discovery in the above-styled case will only be case specific with two narrow exceptions per Judge Campbell's order in** *Caldera v. C. R. Bard, Inc., et al.***, 2:19-cv-04266-DGC, Doc. 8 (D. Ariz. Jan. 10, 2020), attached as Exhibit D: (a) Defendants shall timely supplement their disclosures of adverse event data; and (b) any new medical literature published since 2017 may be added to the reliance lists of general experts, and the general experts may expand**

**their trial testimony from the MDL to include a discussion of such new literature. With these narrow exceptions, discovery in this case will be limited to Plaintiff-specific issues.**

Initial disclosures shall be exchanged on or before **fourteen (14) days after the parties' Rule 26(f) conference**.

Plaintiff will produce the completed Plaintiff Fact Sheet and related information utilized in the MDL **thirty (30) days after entry of the Court's Scheduling Order**. The Parties agree that the Plaintiff Fact Sheet, Request 2(q) is limited to the following: "Produce all screenshots of each type of social media used by you (including, but not limited to, Facebook, Twitter, Instagram, Vine, Snapchat, Tiktok, YouTube, LinkedIn) showing any and all 'posts' and/or 'messages' from the date of implantation to the present regarding your Filter." The Parties agree that the terms incorporated into the Plaintiff Fact Sheet form adopted in MDL 2641 and Federal Rules of Civil Procedure 26, 33, 34, and 37 shall apply to the completion and supplementation of the Plaintiff Fact Sheet. The parties agree that any additional case-specific written discovery such as Interrogatories or Requests for Production will be limited and targeted to the specific facts of this case.

Defendants will produce the Defendant's Fact Sheet and related information utilized in the MDL **thirty (30) days after service of Plaintiff's Fact Sheet**. The Parties agree that the terms incorporated into the Defendant Fact Sheet form adopted in MDL 2641 and Federal Rules of Civil Procedure 26, 33, 34, and 37 shall apply to the completion and supplementation of the Defense Fact Sheet. The parties agree that any additional case-specific written discovery such as Interrogatories or Requests for Production will be limited and targeted to the specific facts of this case.

Maximum of **25** interrogatories by Plaintiff to Defendants and maximum of **25** interrogatories by Defendants to Plaintiff.

Maximum of **25** requests for admission by Plaintiff to Defendants and maximum of **25** requests for admission by Defendants to Plaintiff.

Maximum of **50** requests for production of documents by Plaintiff to Defendants and maximum of **50** requests for production of documents by Defendants to Plaintiff.

Maximum of **7** depositions by Plaintiff and **7** by Defendants, exclusive of depositions of Plaintiff and case-specific experts.

All pretrial case-specific fact discovery authorized by the Federal Rules of Civil Procedure will be completed on or before **April 30, 2021**.

Other Items: **None at this time.**

## EXPERT DISCOVERY

Case-specific expert witness and deposition discovery dates will be as follows:

a. On or before **May 28, 2021**, Plaintiff will designate any case-specific expert witness he intends to call at trial and make disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B). This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

b. On or before **June 25, 2021**, Defendants will designate any case-specific expert witness they intend to call at trial and make disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B). This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

    c.    On or before **July 23, 2021**, Plaintiff will designate any case-specific rebuttal expert witness she intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

    d.    On or before **August 27, 2021**, Plaintiff's case-specific experts shall be deposed.

    e.    On or before **September 24, 2021**, Defendants' case-specific experts shall be deposed.

## PRETRIAL MOTIONS

All dispositive motions, except those under Rule 12(h)(2) or (3), will be filed on or before **November 30, 2021.**

All motions to exclude expert testimony shall be filed on or before **November 30, 2021**.

Plaintiff intends to file:

1. Dispositive Motions, as warranted by the facts/law.
2. Motions in Limine and *Daubert* motions, as warranted.
3. Other Motions as may be needed as discovery proceeds.

Defendants intend to file:

4. Dispositive Motions, as warranted by the facts/law.
5. Motions in Limine and *Daubert* motions, as warranted.
6. Other Motions as may be needed as discovery proceeds.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **approximately 15 days of trial** and request that the case be set for trial after **January 2022.** The parties request a pretrial conference at least 60 days prior to trial.

    \_\_\_\_\_ This is a non-jury case.
    __X__ **This is a jury case.**

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery of expert opinions. The parties request a settlement conference in **October 2020.**

## EXCEPTIONS

None.

Respectfully submitted,

EXCOLO LAW, PLLC

By: */s/ Keith Altman*
Keith L. Altman, Esq.
(*pro hac vice* to be applied for)
26700 Lasher Road, Suite 401
Southfield, MI 48033
Telephone: (516) 456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Alex Walker*
Alex C. Walker
P.O. Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, NM 87103-2168
Telephone: (505) 848-1800
awalker@modrall.com

NELSON MULLINS RILEY
& SCARBOROUGH LLP
Philip M. Busman (admitted *pro hac vice*)
101 Constitution Avenue NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2988
phil.busman@nelsonmullins.com

*Attorneys for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

WE HEREBY CERTIFY that on this 16th day of June, 2020, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Alex Walker*
　　Alex Walker

*W3771349.DOCX*